```
                  UNITED STATES DISTRICT COURT               Send
                  CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
                      CIVIL MINUTES - GENERAL
```

Case No.   <u>CV 04-8425 GPS(Ex)</u>            Date:  <u>May 23, 2008          </u>

Title:   <u>*Log Cabin Republicans v. United States et al.*                    </u>
========================================================================
PRESENT:        THE **HONORABLE GEORGE P. SCHIAVELLI**,   JUDGE

   <u>    Jacob Yerke    </u>                      <u>   Not Present   </u>
         Courtroom Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
Not Present                             Not Present

**PROCEEDINGS:   Order Staying Action in Light of Ninth Circuit's May 21, 2008 Decision in *Witt v. Department of Air Force*, et al. (In Chambers)**

   This case involves a facial constitutional challenge by Plaintiff Log Cabin Republicans ("LCR" or "Plaintiff") to the military's current "Don't Ask/ Don't Tell" Policy ("DADT Policy").[1]  Plaintiff alleges the DADT Policy violates the following three constitutional rights: (1) the right to privacy under the Due Process clause of the Fifth Amendment; (2) the right to equal protection under the Fifth Amendment; and (3) freedom of speech and expression under the First Amendment.

   Pending before this Court is a second motion to dismiss filed by Defendants United States of America and Secretary of Defense Robert Gates ("Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  In the alternative, Defendants move to dismiss the action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  A hearing was held on June 18, 2007.

   This Court was aware that the Ninth Circuit had heard oral argument in *Witt v. Department of Air Force, et al.,* No. 06-35644 in November 2007 and an opinion was imminent.  Accordingly, anticipating that Ninth Circuit precedent on the issues, and on which this Court would rely in formulating its ruling, could be impacted, the Court held its determination in abeyance.

   On May 21, the Ninth Circuit issued the opinion in *Witt v. Department of Air Force, et al.,* No. 06-35644, slip op. (9th Cir. May 21, 2008), and, as the Court anticipated, the opinion does undermine the precedential impact of

---

   [1]   This policy is codified at 10 U.S.C. § 654 as well as Department of Defense regulations and directives.

MINUTES FORM 11                          Initials of Deputy Clerk<u> JY     </u>
CIVIL - GEN

prior Circuit decisions. Indeed, none of those decisions applied the intermediate level of scrutiny enunciated by the Court in *Witt*.

Assuming the *Witt* decision becomes final, additional briefing will, of course, be required to assess its impact on the present proceedings. However, anticipating that *en banc* relief will be requested and *certiorari* possibly sought, the Court does not wish to require the parties to undertake that briefing until the future impact of the three-judge panel determination in *Witt* is settled.

Accordingly, the submission of the motion is **VACATED,** and further proceedings in this action are **STAYED** pending the final disposition in *Witt*.

**IT IS SO ORDERED.**