1   DAN WOODS (SBN: 78638)
    PATRICK HUNNIUS (SBN: 174633)
2   EARLE MILLER (SBN: 116894)
    PATRICK J. HAGAN (SBN: 266237)
3   WHITE & CASE LLP
    633 W. Fifth Street, Suite 1900
4   Los Angeles, CA  90071-2007
    Telephone:  (213) 620-7700
5   Facsimile:  (213) 452-2329
    Email:       dwoods@whitecase.com
6   Email:       phunnius@whitecase.com
    Email:       emiller@whitecase.com
7   Email:       phagan@whitecase.com

8   Attorneys for Plaintiff
    Log Cabin Republicans
9
                UNITED STATES DISTRICT COURT
10
                CENTRAL DISTRICT OF CALIFORNIA
11

12  LOG CABIN REPUBLICANS, a non-        Case No.  CV 04-8425 VAP (Ex)
    profit corporation,
13                                       **JOINT STIPULATION RE
                                         PLAINTIFF'S MOTION TO
14          Plaintiff,                   COMPEL PRODUCTION OF
                                         DOCUMENTS**
15          v.
                                         Date:         March 15, 2010
16  UNITED STATES OF AMERICA and         Time:         10:00 a.m.
    ROBERT M. GATES, SECRETARY           Courtroom: 2
17  OF DEFENSE, in his official capacity,
18          Defendants.                  Discovery Cutoff:    Mar. 15, 2010
                                         Pretrial Conference: June 7, 2010
19                                       Trial:               June 14, 2010

20                                       **<u>DISCOVERY MATTER</u>**
21

22

23

24

25

26

27

28

## Table of Contents

I.    INTRODUCTORY STATEMENTS ......................................................... 1

      A. PLAINTIFF'S INTRODUCTORY STATEMENT ...................................... 1

      B. DEFENDANTS' INTRODUCTORY STATEMENT ................................... 4

II.   THE REQUESTS, THE RESPONSES, AND THE PARTIES'
      ARGUMENTS .............................................................................. 6

      A. CATEGORY I: DEFENDANTS' REFUSAL TO PRODUCE ANY
         DOCUMENTS [REQUESTS NO. 2, 4] ...................................... 7

         DOCUMENT REQUESTS AND RESPONSES .......................... 5

         PLAINTIFF'S ARGUMENT RE CATEGORY I ......................... 6

         DEFENDANTS' ARGUMENT RE CATEGORY I ....................... 7

      B. CATEGORY II: LIMITED PRODUCTION OF REQUESTED
         DOCUMENTS BASED ON THE "DELIBERATIVE PROCESS"
         PRIVILEGE [REQUESTS 32, 33, 34, 43, 44, 45, 47, 54, 55] ................ 13

         DOCUMENT REQUESTS AND RESPONSES .......................... 13

         PLAINTIFF'S ARGUMENT RE CATEGORY II: ...................... 15

         DEFENDANT'S ARGUMENT RE CATEGORY II: .................... 23

      C. CATEGORY III: LIMITED PRODUCTION OF REQUESTED
         DOCUMENTS TO ONLY THOSE WITHIN THE DEPARTMENT
         OF DEFENSE [REQUESTS NO. 56, 58] ..................................... 24

         DOCUMENT REQUESTS AND RESPONSES .......................... 24

         PLAINTIFF'S ARGUMENT RE CATEGORY III ...................... 27

         DEFENDANT'S ARGUMENT RE CATEGORY III ..................... 29

- i -

LOSANGELES 852169 (2K)

D. CATEGORY IV: LIMITED PRODUCTION OF REQUESTED
DOCUMENTS BASED ON ATTORNEY-CLIENT PRIVILEGE
AND/OR WORK-PRODUCT DOCTRINE [REQUESTS NO. 38,
39, 40].............................................................................................30

DOCUMENT REQUESTS AND RESPONSES .....................................32

PLAINTIFF'S ARGUMENT RE CATEGORY IV.................................33

DEFENDANT'S ARGUMENT RE CATEGORY IV ..............................33

**Appendixes**

1. Civil Trial Scheduling Order July 24, 2009 (Dkt. 92)

2. Reporter's Transcript of Proceedings July 6, 2009

3. Reporter's Transcript of Proceedings November 16, 2009

- ii -

1    Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37-2.1, the parties hereby

2  submit the following joint stipulation regarding Plaintiff Log Cabin Republicans'

3  Motion to Compel Defendant United States of America and Robert M. Gates,

4  Secretary of Defense ("Defendants") to produce documents responsive to Plaintiff's

5  First Set of Requests to Produce Documents, Nos. 2, 4, 32, 33, 34, 38, 39, 40, 43,

6  44, 45, 46, 47, 54, 55, 56, and 58 ("Document Requests").

7    The parties met and conferred on November 18, 2009, but were unable to

8  resolve their disagreements.  As noted below, Defendants disagree that Plaintiff has

9  satisfied its obligations under Local Rule 37-1.

10                                   **I.**

11                   **INTRODUCTORY STATEMENTS**

12

13  **A.    PLAINTIFF'S INTRODUCTORY STATEMENT**

14    This case challenges the constitutionality of the federal statute and

15  Department of Defense regulations collectively known as Don't Ask, Don't Tell

16  (the "Policy").

17    In June 2009, this Court entered its Order Denying in Part and Granting in

18  Part Defendants' Motion to Dismiss.  Dkt. No. 83.  The Court thereafter set a

19  scheduling conference to identify the scope and timing of discovery.  In the parties'

20  joint Rule 26(f) statement made in preparation for the scheduling conference,

21  Plaintiff described several topics on which it would seek discovery:

22    • Discharge of service members under the Policy;

23    • The frequency with which the Policy has been applied or enforced during

24      peacetime as compared to periods of war;

25    • Instances in which members of the U.S. military have served and fought

26      side by side with forces from other nations that allow lesbian and gay

27      personnel to serve openly;

28    • The disproportionate impact of the Policy on women in the U.S. military;

- 1 -

- Instances in which members of the U.S. military have worked closely with personnel from the U.S. Central Intelligence Agency, National Security Agency, Federal Bureau of Investigation, and other entities which prohibit discrimination on the basis of sexual orientation;

- The formulation of, advocacy for, or enactment of the Policy.

At the scheduling conference, the Court stated that it was "inclined to think that the topics that the plaintiff has set forth in terms of discovery, in terms of areas in which it wants to do discovery, seem appropriate." Transcript of Proceedings, July 6, 2009, p. 6, lines 13-15 (attached to this Stipulation as Appendix 2). The Court then ruled, over Defendants' objection, that "Plaintiff is entitled to conduct discovery in this case to develop the basis for its facial challenge." Dkt. No. 91 (July 24, 2009 Minute Order Denying Defendants' Request Regarding Discovery) (In Chambers).

On September 15, 2009, Plaintiff propounded on Defendants its First Set of Requests for Production of Documents. These requests tracked the topics that Plaintiff had set forth in the scheduling conference statement.

Defendants served no response whatsoever to the requests by the October 20 deadline, and did not request any extension of time to respond. Instead, Defendants filed a motion under 28 U.S.C. § 1292(b) for leave to file an interlocutory appeal of the Court's June 9, 2009 order on the motion to dismiss, coupled with a request for stay of discovery. Defendants' motion was heard on November 16, 2009 and thereafter denied on November 24, 2009. At the hearing, the Court gave short shrift to Defendant's specious position that their mere filing of a request for stay of discovery was sufficient to preserve objections to the discovery. Transcript of Proceedings, November 16, 2009, p. 5, line 3 – p. 7, line 1 (attached to this Stipulation as Appendix 3).

On November 18, 2009, Plaintiff's and Defendants' counsel met and conferred regarding Defendants' failure to respond to the requests in an attempt to

- 2 -

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

1    reach an overall resolution of the requests for production.  Plaintiff was willing to

2    negotiate such a resolution despite Defendants' having failed to serve any responses

3    and thereby having waived any objections.  The parties were unable to reach such

4    an overall resolution, though Plaintiff did agree in principle to limit the scope of

5    certain requests if a total resolution could be achieved.

6           On January 12, 2010, 84 days <u>after</u> the deadline for responses to the First

7    Request for Production of Documents, Defendants finally served responses and

8    purported objections.  The responses and objections repudiated in part even the

9    proposed limitations that had been discussed and tentatively agreed at the meet and

10   confer.  The production so far has been limited in both relevance and scope, and is

11   generally limited to statistical information regarding former servicemembers

12   discharged pursuant to the Policy.[1]

13          This motion to compel covers 17 of the 79 requests that Plaintiff served.

14   Defendants' objections or claims of privilege fall into one or more of the following

15   types:

16               1) complete refusal to provide discovery;

17               2) limited production of requested documents based on the so-called

18                  "deliberative process" privilege;

19               3) limited production of requested documents based on a refusal to

20                  produce documents outside the possession of the Department of

21                  Defense;

22               4) limited production of requested documents based on belated assertion

23                  of the attorney-client or work product privileges.

24          Because Defendants failed to serve any timely responses whatsoever, and did

25   not request or obtain an extension of the response date, each of these objections has

26

27   [1]  Of the roughly 7,000 pages of documents the Government produced, virtually
28       none are substantive documents of the type requested.

- 3 -

LOS ANGELES 852169 (2K)

1   been waived.  Moreover, the boilerplate objections of "overbreadth" and "undue

2   burden" asserted in their untimely responses and objections to Plaintiff's document

3   request lack specifics and are insufficient to excuse their failure to comply with the

4   discovery process.

5       Furthermore, as discussed below, Defendants' objections based on the so-

6   called "deliberative process" privilege fail, because the privilege does not apply to

7   post-decisional or non-deliberative or factual communications, and must be invoked

8   by the agency head.

9       Finally, Defendants' unilateral limitation of discovery to documents located

10  within the Department of Defense is unsupported by law.  Defendants should be

11  ordered to provide all responsive documents within the custody of the United States

12  government, regardless where within the Executive Branch such documents may

13  happen to reside.

14  **B.    DEFENDANTS' INTRODUCTORY STATEMENT**

15      On November 18, 2009, counsel for the parties met to discuss Plaintiff's

16  First Set of Document Requests.  This meeting occurred after the Government

17  lodged objections to the type of discovery contemplated by Plaintiff, both at the

18  Rule 26(f) conference in this case and in other filings.  In an attempt to reach a

19  mutual accommodation regarding the requests, counsel for the parties went

20  through each of Plaintiff's seventy-nine requests and reached agreements on the

21  vast majority of them.  On January 12, 2009, the Government produced over

22  7,000 pages of responsive documents, and accompanied that production with

23  objections and responses to Plaintiff's requests, a privilege log, and a letter.  In

24  the letter, the Government noted that the parties had successfully resolved a

25  number of discovery issues and invited Plaintiff's counsel to call about any issues

26  that remained after the production in the hope that those issues too could be

27  resolved.

28

- 4 -

1    But Plaintiff's counsel did not call about any remaining discovery issues.

2    Instead, on February 13, Plaintiff's Counsel sent an email to Government counsel

3    stating that Plaintiff would be filing a motion to compel the production of

4    documents and attaching Plaintiff's portion of the required Joint Stipulation.

5    Plaintiff's motion to compel is premature and violates both the spirit and letter of

6    Local Rule 37-1.  Plaintiff has broken the document requests at issue into four

7    categories.  As pertains to the requests in Category II, Plaintiff argues that

8    Defendants have improperly asserted the deliberative process privilege over

9    responsive documents.  If Plaintiff's counsel had conferred with Government

10    counsel before proceeding with this motion, however, they would have learned

11    that the Government is only withholding one subset of documents on deliberative

12    process grounds that would be responsive to the ten requests in Category II.  A

13    call from Plaintiff's counsel would have allowed the parties to significantly

14    narrow, if not eliminate, the contested issue related to the Category II requests.

15    In addition to being premature and in violation of the Local Rules, many of

16    the requests that form the basis for Plaintiff's motion concern documents that are

17    well outside the bounds of appropriate discovery.  The requests in Category I

18    seek "drafts" of the statute and implementing regulations and have been

19    propounded for the exclusive purpose of probing whether the statute was enacted

20    and implemented with an animus toward gay and lesbian service members.  Both

21    Supreme Court and Ninth Circuit precedent prohibits attempts to probe the

22    motivations of Congress and the Executive in passing statutes and promulgating

23    regulations.  Indeed, the Ninth Circuit has addressed this issue in connection with

24    DADT and found that two operational bases- privacy and the need to address sexual

25    tension-negate any claim of prejudice or animus.

26    As to the Category III requests, Plaintiff challenges the Government's

27    refusal to conduct a government-wide search for responsive documents beyond the

28    agency charged with administering the statute, the Department of Defense (the

- 5 -

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

1  "DOD"). At its core, Plaintiff's facial challenge to the statute and implementing

2  regulations is a suit against the DOD, and not any other arm or instrumentality of

3  the Government.  The Government's search is thus entirely reasonable, and one

4  that should be upheld by the Court.

5       Lastly, as to the Category IV requests, the documents Plaintiff seeks are

6  protected as attorney work-product.  The requests in this category are also overly

7  broad and unduly burdensome.  Responding to Document Requests No. 39 and 40,

8  for example, would require searching the folders of every attorney at the DOD,

9  Department of Justice, and the federal government at large.  Even if this type of

10 search is possible, it is highly impractical and is unlikely to yield relevant,

11 discoverable documents.

12      The discovery issues in Plaintiff's motion to compel should have been resolved

13 or at least narrowed by the parties before this motion was filed.  As it stands,

14 Plaintiff's motion to compel is premature, violates the Local Rules, and is

15 contrary to controlling Supreme Court and Ninth Circuit law.  Accordingly, the

16 Government respectfully requests that Plaintiff's motion to compel be denied.

## II.

## THE REQUESTS, THE RESPONSES, AND THE PARTIES' ARGUMENTS

19      For the Court's convenience and ease of reference, the Requests for

20 Production of Documents at issue in this motion are grouped in the following four

21 categories:

22  • Category I: Requests to which Defendants responded they "will not

23    produce responsive documents" [Requests Nos. 2, 4];

24  • Category II: Requests to which Defendants "object … to the extent [they]

25    call[. . .] for drafts, which are inherently deliberative and thus privilege"

26    (i.e., Defendants are withholding otherwise responsive documents based

27    on the deliberative process privilege) [Requests Nos. 32, 33, 34, 43, 44,

28    45, 47, 54, 55];

- 6 -

1   • Category III: Requests as to which Defendants "object … to the extent
2   [they] call for documents that are not in the possession of the Department
3   of Defense" [Requests Nos. 56, 58];
4   • Category IV: Requests as to which Defendants object based on their
5   contention the requests "inappropriately call[. . .] for the production of
6   documents subject to the attorney-client privilege and attorney work-
7   product doctrine." [Requests Nos. 38, 39, 40].

8

9   **A.    CATEGORY I: DEFENDANTS' REFUSAL TO PRODUCE ANY**
10  **DOCUMENTS [REQUESTS NO. 2, 4]**

11

12  DOCUMENT REQUEST NO. 2:
13      All drafts of the Policy.
14  RESPONSE TO DOCUMENT REQUEST NO. 2:
15      Defendants object to this request, as it is currently drafted, as overly broad
16  and unduly burdensome.  Accordingly, the parties have met and conferred and
17  Plaintiff has agreed to limits its requests to drafts housed at the Pentagon.
18      Defendants object to this request, even in its narrowed form, because
19  requesting "drafts of the Policy" calls for discovery of deliberative documents,
20  which are subject to privilege.  In addition, the request is not reasonably calculated
21  to lead to the discovery of admissible evidence relating to Plaintiff's facial
22  challenge to the Policy.  To the extent that Plaintiff requests the production of bills
23  considered by Congress, they are publically available.
24      Based on the specific and general objections set forth above, Defendants will
25  not produce documents in responses to this request.
26  DOCUMENT REQUEST NO. 4:
27      All Documents referring or relating to the drafting of the DOD Directives
28  1332.14, 1332.30, and 1304.26.

- 7 -

1    RESPONSE TO DOCUMENT REQUEST NO. 4:

2         Defendants object to this request, as it is currently drafted, as overly broad

3    and unduly burdensome.  Accordingly, the parties have met and conferred and

4    Plaintiff has agreed to limit its request to drafts of the listed DOD regulations or

5    documents relating to the process of drafting those regulations that are housed at the

6    Pentagon.

7         Defendants object to this request, even in its narrowed form, because by

8    requesting drafts and documents relating to the drafting process, the request calls

9    for the discovery of deliberative documents, which are subject to privilege. In

10   addition, the request is not reasonably calculated to lead to the discovery of

11   admissible evidence relating to Plaintiff's facial challenge to the Policy.

12        Based on the specific and general objections set forth above, Defendants will

13   not produce responsive documents to this request.

14   **PLAINTIFF'S ARGUMENT RE CATEGORY I:**

15        **1.    Defendant's Objections Are Untimely and Are Therefore**

16              **Waived**

17        Where a party fails to file timely objections to discovery requests, that failure

18   constitutes a waiver of any objections which a party might have to the requests.

19   Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005).

20   Objections must be filed in the original discovery responses, not in other pleadings,

21   motions, or proceedings. Id. at 410.

22        Here, Defendants failed to object, assert a privilege, or even respond to the

23   First Request for Production of Documents by October 20, 2009, the deadline for a

24   response under Fed. R. Civ. P. 34(b)(2)(A).  In fact, their original response was not

25   served until January 12, 2010, 84 days beyond the deadline.  Therefore, all of

26   Defendants' objections and assertions of privilege are waived for their failure to

27   respond, object, or assert any privilege in a timely manner.

28

- 8 -

LOS ANGELES 852169 (2K)

1  **2.  General Objections for Discovery as Overly Broad,**

2  **Burdensome, or Oppressive, Will Not Alone Constitute a**

3  **Successful Objection.**

4  Defendants also state that the requests are "over broad" and "unduly

5  burdensome." Defendants do not describe in any further detail what the supposed

6  burden entails.

7  Vague objections to the scope and burden of requests are insufficient to

8  excuse a respondent's non-compliance with the discovery process. <u>Ramirez v.</u>

9  <u>County of Los Angeles</u>, 231 F.R.D. 407, 409, (C.D. Cal. 2005), <u>citing</u> <u>Allianz Ins.</u>

10  <u>Co. v. Surface Specialties, Inc.</u>, No. Civ.A.03-2470-CM-DJW, 2005 WL 44534, *2

11  (D. Kan. Jan. 7, 2005) ("The familiar litany of general objections, including overly

12  broad, burdensome, or oppressive, will not alone constitute a successful objection

13  to an interrogatory, nor will a general objection fulfill the objecting party's burden

14  to explain its objections."). To the extent that Defendants base their objections on

15  the burden of the requests, or limit discovery on that basis, their objections and

16  limitations are insufficient to relieve them of the duty to produce even if the

17  requests were overbroad, which they plainly are not. The Requests are narrowly

18  tailored to call for specific documents or sets of documents, and should be

19  compelled.

20  **3.  The Deliberative Process Privilege Must Be Invoked By the**

21  **Agency Head, Which Was Not Done Here**

22  Plaintiff incorporates its arguments on this point as set forth in connection

23  with Category II, at pp. 21 below.

24  **DEFENDANTS' ARGUMENT RE CATEGORY I:**

25  **1.  The Documents Plaintiff Seeks Are Protected by the**

26  **Deliberative Process Privilege**

27  In Document Requests No. 2 and 4, Plaintiff seeks "drafts of the policy" and

28  "documents referring or relating to the drafting of the DOD Directives." The

- 9 -

LOS ANGELES 852169 (2K)

1   documents in this category are protected by the deliberative process privilege.  The

2   privilege exists to allow "agencies freely to explore possibilities, engage in internal

3   debates, or play devil's advocate without fear of public scrutiny" by protecting from

4   discovery agency documents that are predecisional and deliberative.  Lahr v.

5   National Transp. Safety Bd., 569 F.3d 964, 979 (9th Cir. 2009) (quoting Assembly

6   of Cal. v. U.S. Dep't of Commerce, 968 F.2d 916, 920 (9th Cir.1992).  The Ninth

7   Circuit recently reaffirmed what it means for a document to be both predecisional

8   and deliberative and provided a telling list of the types of documents subject to the

9   privilege:

10
11
12
13
14
15
16

> A "predecisional" document is one prepared in order to
> assist an agency decision maker in arriving at his decision,
> and may include recommendations, *draft documents*,
> proposals, suggestions, and other subjective documents
> which reflect the personal opinions of the writer rather
> than the policy of the agency.  A predecisional
> document is a part of the "deliberative process," if the
> disclosure of the materials would expose an agency's
> decision making process in such a way as to
> discourage candid discussion within the agency and
> thereby undermine the agency's ability to perform its
> functions.

17  Lahr, 569 F.3d at 979 (quoting Assembly of Cal., 968 F.2d at 920) (emphasis

18  added).  Plaintiff's document requests seek the very type of documents that the

19  deliberative process privilege is meant to protect: drafts and other predecisional

20  documents that reveal how the policy and implementing regulations were

21  formulated.  Because the documents Plaintiff seeks are protected by the

22  deliberative process privilege, Plaintiff's motion to compel should be denied.

23      Plaintiff makes the specious argument that documents created after the

24  DADT statute was passed in 1993 are not protected by the deliberative process

25  privilege because they are not predecisional.  Yet Plaintiff's argument ignores the

26  fact that after Congress enacted the DADT statute, decisions about how the statute

27  should be implemented were left to the DOD. Deliberative documents that were

28

- 10 -

1    created during the formulation of the DOD's implementing regulations are clearly

2    predecisional and protected by the deliberative process privilege.

3        Plaintiff also argues that DOD cannot assert the deliberative process

4    privilege because it has not offered the declaration of an agency head.  Before the

5    Government is put to the time and effort of formally asserting privilege in this

6    case, Plaintiff's demands must be adequately bolstered by a showing of

7    relevance and good cause.  See generally, Freeman v. Seligson, 405 F.2d 1326,

8    133 8-39 (D.C. Cir. 1969).  Plaintiff's failure to properly "meet and confer"

9    regarding the documents pursuant to Local Rule 37-1 precludes any such showing

10    here.  To the extent Plaintiff moves forward and seeks to compel the production of

11    such documents, the Government will supply an appropriate declaration in support

12    of the privilege at that time.

13    **2**       **Plaintiff's Document Requests are Inappropriate Under**

14              **Binding Supreme Court Case Law**

15        Plaintiff's purpose in seeking these documents is also improper.  Plaintiff

16    seeks these documents to probe the motivations of the political branches in

17    enacting the statute and promulgating the directives and regulations implementing

18    the statute.  Well-established Supreme Court precedent squarely provides that

19    inquiry into the subjective motives of members of Congress is a "hazardous

20    matter" and that courts will not strike down an otherwise constitutional statute on the

21    basis of an alleged illicit motive." United States v. O'Brien, 391 U.S. 367, 383-84

22    (1968); Board of Educ. of the Westside Community Schools v. Mergens, 496

23    U.S. 226, 249 (1990) (in evaluating constitutionality of statute, "what is relevant

24    is the legislative purpose of the statute, not the possibly religious motives of the

25    legislators who enacted the law") (emphasis in original); Las Vegas v. Foley, 747

26    F.2d 1294, 1298 (9th Cir. 1984) (same).  The same is true of attempts to probe the

27    motivations of the Executive Branch. See e.g., Village of Arlington Heights v.

28    Metropolitan Hous. Dev. Corp., 429 U.S. 252, 268 n.18 (1977) ("judicial

- 11 -

1  inquiries into legislative or executive motivation represent a substantial intrusion
2  into the workings of other branches of government"). In light of the controlling
3  case law, discovery into such areas is per se improper.

4         This is particularly so here, where the Court has already ruled that Plaintiff's
5  substantive due process challenge is governed by rational basis. At the Rule 26(f)
6  conference, Plaintiff's counsel conceded that Plaintiff's burden is to "prove that
7  there is no rational basis" for the policy. Rule 26(f) Conference, July 6, 2009, pg.
8  11. Discovery concerning "whether there's a bad basis" is therefore outside the
9  scope of appropriate discovery. See id. Indeed, the Ninth Circuit in Philips v.
10  Perry, 106 F.3d 1420, 1429 (9th Cir. 1997), confronted the argument that the
11  Government's justifications for the DADT policy-concerns about privacy and
12  sexual tension were based on prejudice, and expressly rejected that argument and
13  recognized that such considerations were valid operational concerns. Plaintiff's
14  attempt to probe the motivations of Congress and the Executive in order to show
15  prejudice through the type of discovery sought in Category I is, therefore, not likely
16  to lead to the discovery of admissible evidence.

17        **3.    Defendants Acted Reasonably and Have Not Waived Their**
18                          **Objections or Privileges**

19        Plaintiff's waiver argument is without any basis. As noted, the
20  Government's objection to discovery that seeks to probe the animus of the
21  political branches was stated (indeed argued) in the Rule 26(f) conference and in
22  filings before the Government's objections and responses were due under Rule
23  34. Although ignored by the Plaintiff, the Ninth Circuit has explicitly rejected a
24  *per se* waiver rule, see Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist.
25  Court, 408 F.3d 1142, 1149 (9th Cir. 2005), ruling instead that questions of waiver
26  are governed by a "holistic reasonableness analysis" in which courts are to look at
27  the specific circumstances of each case and make a "case-by-case determination."
28  Id. In the context of this case, the Government acted reasonably in refusing to

- 12 -

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

1   produce documents that seek to probe the intent of the political branches, or to

2   otherwise probe deliberative processes.

3   **B.   CATEGORY II: LIMITED PRODUCTION OF REQUESTED**

4   **DOCUMENTS BASED ON THE "DELIBERATIVE PROCESS"**

5   **PRIVILEGE [REQUESTS 32, 33, 34, 43, 44, 45, 47, 54, 55]**

6   DOCUMENT REQUEST NO. 32:

7         All studies, reports, or other documents relied upon, presented to or

8   considered, consulted or reviewed by Defendants in connection with the formation

9   of the rules, policies, and guidelines set forth in the Act and the DOD Regulations.

10  RESPONSE TO DOCUMENT REQUEST NO. 32:

11        Defendants object to this request, as it is currently drafted, as overly broad

12  and unduly burdensome. Accordingly, the parties have met and conferred and

13  Plaintiff has agreed to limit its request to documents housed at the Pentagon that

14  were consulted during the formation of the rules, policies, and guidelines set forth

15  in the Act and the DOD Regulations.

16        Defendants object to this request to the extent that it calls for documents that

17  are deliberative and thus privileged.

18        Subject to the specific and general objections set forth above, Defendants

19  will produce documents responsive to Plaintiff's narrowed request that are housed

20  at the Pentagon.

21  DOCUMENT REQUEST NO. 33:

22        All studies, reports or recommendations of the "working group of senior

23  officers in the Department of Defense" referred to in the Policy Memorandum,

24  including drafts of each study, report, or recommendation and each document

25  concerning any such study report, or recommendation.

26  RESPONSE TO DOCUMENT REQUEST NO. 33:

27        Defendants object to this request, as it is currently drafted, as overly broad

28  and unduly burdensome. Accordingly, the parties have met and conferred and

- 13 -

LOSANGELES 852169 (2K)

1  Plaintiff has agreed to limit its request to documents created by the "working group

2  of senior offices in the Department of Defense," referred to in the Policy

3  Memorandum, during the formation of the Act or regulations.

4      Defendants object to this request to the extent it calls for drafts, which are

5  inherently deliberative and thus privileged.

6      Subject to the specific and general objections set forth above, Defendants

7  will produce documents responsive to Plaintiff's narrowed request that are housed

8  at the Pentagon.

9  DOCUMENT REQUEST NO. 34:

10     All studies, report, or recommendations of the DOD staff working group

11  responsible for drafting the DOD Regulations.

12  RESPONSE TO DOCUMENT REQUEST NO. 34:

13     Defendants object to this request, as it is currently drafted, as overly broad

14  and unduly burdensome. Accordingly, the parties have met and conferred and

15  Plaintiff has agreed to limit its request to documents created by the DOD staff

16  working group responsible for drafting the DOD regulations, during the

17  formation of the regulations.

18     Defendants object to this request to the extent it calls for drafts, which are

19  inherently deliberative and thus privileged.

20     Subject to the specific and general objections set forth above, Defendants

21  will produce documents responsive to Plaintiff's narrowed request that are housed

22  at the Pentagon.

23  DOCUMENT REQUEST NO 43:

24     All reports, interim reports, and drafts or summaries of reports prepared by

25  the United States GAO concerning United States Armed Forces personnel and

26  homosexual conduct or homosexual orientation, including but not limited to the

27  reports entitled "Homosexuals in the Military: Policies and Practices of Foreign

28  Countries," "Defense Force Management: DOD's Policy on Homosexuality," and

- 14 -

1   "Financial Costs and Loss of Critical Skills Due to DOD's Homosexual Conduct

2   Policy Cannot be Completely Estimated. The referenced documents can be found

3   at: http://archive.gao.gov/t2pbat5/149440.pdf,

4   http://archive.gao.gov/d33t10/146980.pdf, and

5   http://www,gao.govinew.items/d05299.pdf.

6   RESPONSE TO DOCUMENT REQUEST NO. 43:

7          Defendants object to this request, as it is currently drafted, as overly broad

8   and unduly burdensome. Defendants also object to this request to the extent that it

9   calls for drafts and other deliberative materials. In addition, Defendants object to

10  this request to the extent that it call for documents that are in the possession of the

11  Government Accountability Office, which is an investigative arm of Congress. Rule

12  34 does not require us to search for produce documents from outside of the

13  Department of Defense. By its terms, Fed. R. Civ. P. 34 applies only to parties—not

14  non-parties, and thus "may [not] be used to discover matters from a nonparty."

15  Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985); see also Viera v.

16  Woodford, 258 Fed. Appx. 924, 2007 WL 4357761 at *1 (9th Cir. 2007). While the

17  United States may be named as a party to this action under section 702

18  Administrative Procedure Act ("APA"), any action under that section must result

19  from "agency action" and any injunctive relief sought may only be issued against

20  the "Federal Officer or officers" responsible for compliance. Because the

21  Department of Defense, not Congress or any other governmental agency or

22  instrumentality, is charged with administering 10 U.S.C. § 654 and the applicable

23  regulations, discovery obligations do not reach beyond that Department.

24         In light of these objections, the parties met and conferred, and Plaintiff

25  agreed to reexamine this request and provide Defendants with clarification at a later

26  date. Plaintiff has since informed Defendants that it is unwilling to clarify or narrow

27  its request.

28

- 15 -

1    Subject to the specific and general objections set forth above, Defendants

2    will produce documents housed at the Pentagon that contain analysis or studies of

3    reports prepared by the United States GAO concerning United States Armed Forces

4    personnel and homosexual conduct or homosexual orientation.

5    DOCUMENT REQUEST NO. 44:

6    All reports, interim reports, and drafts or summaries of reports prepared by

7    the RAND Corporation's (RAND") National Defense Research Institute concerning

8    United States Armed Forces personnel and homosexual conduct or homosexual

9    orientation, including but not limited to a report entitled "Sexual Orientation and

10   U.S. Military Personnel Policy: Options and Assessment."

11   RESPONSE TO DOCUMENT REQUEST NO. 44:

12   Defendants object to this request, as it is currently drafted, as overly broad

13   and unduly burdensome. Accordingly, the parties have met and conferred and

14   Plaintiff has agreed to limit its request to the RAND reports, drafts of the RAND

15   reports, and documents that contain analysis or studies of the RAND reports.

16   Defendants object to this request to the extent it calls for drafts, which are

17   inherently deliberative and thus privileged. The RAND reports, moreover, appear to

18   be within Plaintiff's possession and will not be produced again by Defendants. The

19   referenced document can be found, in parts, at:

20   http://www.rand.org/pubs/monograph_reports/2009/MR323partl.pdf,

21   http://www.rand.org/pubs/monograph_reports/2009/MR323part2.pdf, and

22   http://www.rand.org/pubs/monograph_reports/2009/MR323part3.pdf.

23   Subject to the specific and general objections set forth above, Defendants

24   will produce documents housed at the Pentagon that contain analysis or studies of

25   the RAND reports concerning United States Armed Forces personnel and

26   homosexual conduct or homosexual orientation.

27

28

- 16 -

LOSANGELES 852169 (2K)

1  DOCUMENT REQUEST NO. 45:

2      All Documents concerning reports, interim reports, and drafts or summaries

3  of reports prepared by RAND's National Defense Research Institute, including but

4  not limited to, all correspondence and communications between RAND and

5  Defendants regarding the nature, scope and focus of "Sexual Orientation and U.S.

6  Military Personnel Policy," "Individual Characteristics and Unit Performance: A

7  Review of Research and Methods," and all other reports prepared by RAND.

8  RESPONSE TO DOCUMENT REQUEST NO. 45:

9      Defendants object to this request, as it is currently drafted, as overly broad

10  and unduly burdensome. Accordingly, the parties have met and conferred and

11  Plaintiff has agreed to limit its request to communications between RAND's

12  National Defense Research Institute and the Department of Defense regarding the

13  reports listed in the request.

14      Defendants object to this request to the extent it calls for interim reports,

15  drafts, or summaries which are deliberative and thus privileged.

16      Subject to the specific and general objections set forth above, Defendants

17  will produce correspondence housed at the Pentagon between RAND and the

18  Department of Defense concerning the reports listed in the request.

19  DOCUMENT REQUEST NO. 46:

20      All reports, interim reports, and drafts or summaries of reports produced by

21  or in countries other than the United States that were commissioned, requested, or

22  consulted by the United States Army Research Office and that concern homosexual

23  conduct or homosexual orientation within the armed forces of such countries,

24  including but not limited to the report entitled "Homosexuality and Armed Forces

25  in the Netherlands" produced by the Dutch Foundation on Armed Forces and

26  commissioned by the European Research Office of the United States Army. The

27  referenced document can be found at: http://www.dtic.mil/cgi-

28

- 17 -

LOSANGELES 852169 (2K)

1  bin/GetTRDoc?AD=ADA350707&Location—U2&doc—G etTRDoc.pdf on pages

2  34-53.

3  RESPONSE TO DOCUMENT REQUEST NO. 46:

4       Defendants object to this request, as it is currently drafted, as overly broad

5  and unduly burdensome. Accordingly, the parties have met and conferred and

6  Plaintiff has agreed to limit its request to responsive documents housed at the

7  Pentagon.

8       Defendants object to this request to the extent it calls for interim reports,

9  drafts, or summaries which are deliberative and thus privileged.

10       Subject to the specific and general objections set forth above, Defendants

11  will produce documents responsive to Plaintiff's narrowed request that are housed

12  at the Pentagon.

13  DOCUMENT REQUEST NO 47:

14       All reports, interim reports, and drafts or summaries of reports relating to

15  countries other than the United States' experience with, consideration of, or

16  evaluation of military service by individuals with a homosexual orientation or by

17  individuals who engage in homosexual conduct.

18  RESPONSE TO DOCUMENT REQUEST NO. 47:

19       Defendants object to this request, as it is currently drafted, as overly broad

20  and unduly burdensome. Accordingly, the parties met and conferred, and Plaintiff

21  agreed to limit its request to responsive documents housed at the Pentagon. Plaintiff

22  has since reneged on its agreement and has informed Plaintiff that it is no longer

23  willing to limit its request to documents in the possession of the Department of

24  Defense.

25       Defendants object to this request to the extent it calls for interim reports,

26  drafts, or summaries which are deliberative and thus privileged. Defendants also

27  object to this request to the extent that it call for documents that are not in the

28  possession of the Department of Defense. Rule 34 does not require us to search for

- 18 -

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

1   or produce documents from outside of the Department of Defense. By its terms,

2   Fed. R. Civ. P. 34 applies only to parties—not non-parties, and thus "may [not] be

3   used to discover matters from a nonparty." Hatch v. Reliance Ins. Co., 758 F.2d

4   409, 415 (9th Cir. 1985); see also Viera v. Woodford, 258 Fed. Appx. 924, 2007

5   WL 4357761 at *1 (9th Cir. 2007). While the United States may be named as a

6   party to this action under section 702 Administrative Procedure Act ("APA"), any

7   action under that section must result from "agency action" and any injunctive relief

8   sought may only be issued against the "Federal Officer or officers" responsible for

9   compliance. Because the Department of Defense, not Congress or any other

10  governmental agency, is charged with administering 10 U.S.C. § 654 and the

11  applicable regulations, discovery obligations do not reach beyond that Department.

12      Subject to the specific and general objections set forth above, Defendants

13  will produce certain documents housed at the Pentagon that relate to countries other

14  than the United States' experience with, consideration of, or evaluation of military

15  service by individuals with a homosexual orientation or by individuals who engage

16  in homosexual conduct.

17  DOCUMENT REQUEST NO 54:

18      The "Report of the Board Appointed to Prepare and Submit

19  Recommendation to the Secretary of the Navy for the Revision of Policies,

20  Procedures and Directive Dealing with Homosexuals" (the "Crittenden Report"),

21  any drafts of the Crittenden Report, and any Documents concerning the Crittenden

22  Report.

23  RESPONSE TO DOCUMENT REQUEST NO. 54:

24      Defendants object to this request as overly broad and unduly burdensome.

25  Accordingly, the parties have met and conferred, and Plaintiff has agreed to limit its

26  request to documents housed at the Pentagon that contain studies or analysis of the

27  Crittenden report.

28

- 19 -

LOSANGELES 852169 (2K)

1   Defendants object to this request to the extent it calls for drafts, which are
2   inherently deliberative and thus privileged. The requested document, moreover,
3   appears to be within Plaintiff's possession and will not be produced again by
4   Defendants. The referenced document can be found at:
5   http://www.lonelygods.com/res/crittenderureport.pdf.
6   Subject to the specific and general objections set forth above, Defendants
7   will produce documents housed at the Pentagon that contain studies or analysis of
8   the Crittenden report.
9   DOCUMENT REQUEST NO 55:
10   All reports, research, or analyses prepared or undertaken by the Defense
11   Personnel Security Research and Education Center that concern United States
12   Forces personnel and homosexual conduct or homosexual orientation, and drafts of
13   such reports, research or analyses, and any Documents concerning such reports,
14   research or analyses.
15   RESPONSE TO DOCUMENT REQUEST NO. 55:
16   Defendants object to this request as overly broad and unduly burdensome.
17   Accordingly, the parties have met and conferred but have been unable to
18   reach a compromise as to the scope of this request.
19   Defendants also object to this request to the extent it calls for interim reports,
20   drafts, or summaries, which are deliberative and thus privileged.
21   Subject to the specific and general objections set forth above, Defendants
22   will produce certain documents that contain reports, research, or analyses prepared
23   or undertaken by the Defense Personnel Security Research and Education Center
24   that concern United States Forces personnel and homosexual conduct or
25   homosexual orientation.
26
27
28

- 20 -

1    **PLAINTIFF'S ARGUMENT RE CATEGORY II:**

2           **1.**        **Defendant's Objections Are Untimely and Are Therefore**

3                    **Waived**

4          Plaintiff incorporates its arguments on this point as set forth in connection

5    with Category I, at pp. 8, above.

6           **2.**        **General Objections for Discovery as Overly Broad,**

7                    **Burdensome, or Oppressive, Will Not Alone Constitute a**

8                    **Successful Objection.**

9          Plaintiff incorporates its arguments on this point as set forth in connection

10   with Category I, at pp. 9, above.

11          **3.**        **The Deliberative Process Privilege Does Not Apply to**

12                   **Post-Decisional Communications or to Non-Deliberative**

13                   **or Factual Communications, and Must Be Invoked by the**

14                   **Agency Head**

15         Defendants object to producing documents responsive to these requests based

16   on the deliberative process privilege, a qualified executive privilege that protects

17   certain communications involved in government deliberations about the

18   development of policy. See Mobil Oil Corp. v. Dep't of Energy, 520 F. Supp. 414,

19   416 (N.D.N.Y. 1981).  Their reliance on the privilege is inapposite for three

20   reasons: first,  the privilege only applies to pre-decisional communications or

21   documents, and thus cannot justify the exclusion of documents after the Policy's

22   adoption in 1993; second, the information must be actually deliberative, and not

23   merely comment on the statute or regulation in question; and third, the privilege

24   must be invoked by the agency head, or designated subordinate, upon personal

25   review of the documents in question, a showing which has not been made here.  Id.

26

27

28

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

1        a.     <u>The Deliberative Privilege Only Applies to Predecisional</u>

2                   <u>Communications, Terminating With the Adoption of the Policy</u>

3       The deliberative process privilege applies only to advice, opinions,

4 recommendations, and other information which is "pre-decisional." <u>Id.</u>

5 Information is "predecisional" if it "precedes, in temporal sequence, the decision to

6 which it relates," rather than "postdecisional memoranda setting forth the reason for

7 an agency decision already made." <u>Hopkins v. U.S. Dep't of Hous. and Urban Dev.</u>,

8 929 F.2d 81, 84 (2d Cir. 1991).

9       The operative decision in question is the adoption of DADT in 1993. Thus,

10 only certain deliberative material transmitted prior to that time may be protected by

11 the deliberative privilege. Here, however, Defendants claim that *every* draft

12 document requested, regardless both of its content and whether it was written after

13 the Policy was enacted, is subject to deliberative process privilege protection.

14 However, the privilege simply does not apply to documents written after the 1993

15 adoption of the Policy; they are postdecisional, not predecisional.

16        b.     <u>The Information Privileged by the Deliberative Process Privilege Must</u>

17                   <u>Be Actual Deliberative Communications Among Policy Executives,</u>

18                   <u>not Factual Information</u>

19       The deliberative process privilege functions to protect only truly deliberative

20 material in order to safeguard the quality and integrity of government decisions.

21 <u>See</u> <u>Mobil</u>, 520 F. Supp. at 416. Deliberative documents are those "related to

22 processes by which policies are formulated." <u>Hopkins</u>, 929 F.2d at 84.

23 Documents that are factual in nature, and not deliberative, are exempted from the

24 privilege. <u>Id.</u>

25       Here, Defendants state generally and without specificity that the requested

26 documents are privileged under the deliberative process. However, it is

27 *Defendants'* burden to establish the applicability of the privilege. Many of the

28 documents responsive to these requests are likely not deliberative; it is highly likely

- 22 -

1    that the government is asserting its blanket privilege claim over memoranda and

2    other documents describing facts relevant to an extant policy rather than

3    deliberation.  Any such documents would not be protected by the deliberative

4    process privilege, and cannot be exempted from discovery on that basis.  Neither

5    Plaintiff nor the Court can be sure, however, because Defendants have not asserted

6    the privilege with *any* specificity.  At a minimum, Defendants should be ordered to

7    immediately produce a privilege log specifying, document by document, the bases

8    for their deliberative privilege claim.

9         c.     The Deliberative Process Privilege Must Be Invoked by the Agency

10                  Head, Which Was Not Done Here

11         The deliberative process privilege must be invoked by the head of the agency

12    which has control over the communications in question, or by a subordinate chosen

13    by the head of the agency.  Hopkins,  929 F.2d at 84.  The agency claiming the

14    privilege must provide "precise and certain" reasons for asserting confidentiality

15    over the requested information.  Id.

16         Here, Defendants make no showing that Secretary Gates, the head of the

17    Department of Defense, or his personally appointed subordinate, personally

18    reviewed the documents for which the privilege is asserted, nor has there been a

19    showing that Secretary Gates personally requested that any documents at all be

20    protected by the deliberative process privilege.  Furthermore, Defendants offer no

21    reasons at all to explain their assertion of the privilege. The Court, therefore, has no

22    information on which to determine whether the privilege applies.  For this reason,

23    and the reasons discussed above in this section, Defendants' assertion of the

24    deliberative process privilege is inappropriate procedurally and substantively.

25    **DEFENDANT'S ARGUMENT RE CATEGORY II:**

26         **1.    Plaintiffs' Motion is Premature and Should be Denied**

27         With respect to the documents identified in Category II of Plaintiff's motion,

28    Plaintiff's motion to compel is premature and violates both the spirit and letter of

- 23 -

1  Local Rule 37-1.  As noted, the Government has only identified one subset of

2  documents that is responsive to the ten requests identified by Plaintiff that it

3  intends to assert is subject to the deliberative process privilege – internal

4  memoranda concerning reports issued by the Personnel Security Research and

5  Education Center.

6      A pre-motion call from Plaintiff's counsel could have allowed for discussion

7  of the one subset of documents withheld in this "category" on deliberative process

8  grounds.  Yet, the call was not made and now the parties and the court must

9  resolve through motion practice matters that could and should be resolved

10  through the continued cooperative efforts of the parties.  Plaintiff's failure to

11  properly confer pursuant to Rule 37-1 alone is grounds to deny this portion of

12  Plaintiff's motion.  <u>See</u> <u>So v. Land Base LLC</u>, 2009 WL 2407954, *2 (C.D. Cal.

13  2009) (dismissing motion for, *inter alia*, failure to comply with Local Rule 37).

14      **2.**    **The Documents Plaintiff Seeks Are Protected by the Deliberative**

15          **Process Privilege**

16      Defendants incorporate their arguments on this point as set forth in

17  Category I.

18      **3.**    **Defendants Acted Reasonably and Have Not Waived Their**

19          **Objections or Privileges**

20      Defendants incorporate their arguments on this point as set forth in Category I.

21  **C.**    **CATEGORY III: LIMITED PRODUCTION OF**

22          **REQUESTED DOCUMENTS TO ONLY THOSE**

23          **WITHIN THE DEPARTMENT OF DEFENSE**

24          **[REQUESTS NO. 56, 58]**

25  <u>DOCUMENT REQUEST NO. 56:</u>

26      All reports, research, or analyses prepared or undertaken by the office of the

27  Surgeon General that concern United States Armed Forces personnel and

28  homosexual conduct or homosexual orientation.

- 24 -

1    RESPONSE TO DOCUMENT REQUEST NO. 56:

2         Defendants object to this request to the extent that it call for documents that

3    are in the possession of the Office of the Surgeon General, which is part of the

4    Department of Health and Human Services.  Rule 34 does not require us to search

5    for or produce documents from outside of the Department of Defense. By its terms,

6    Fed. R. Civ. P. 34 applies only to parties—not non-parties, and thus "may [not] be

7    used to discover matters from a nonparty." Hatch v. Reliance Ins. Co., 758 F.2d

8    409, 415 (9th Cir. 1985); see also Viera v. Woodford, 258 Fed. Appx. 924, 2007

9    WL 4357761 at *1 (9th Cir. 2007).  While the United States may be named as a

10   party to this action under section 702 Administrative Procedure Act ("APA"), any

11   action under that section must result from "agency action" and any injunctive relief

12   sought may only be issued against the "Federal Officer or officers" responsible for

13   compliance.  Because the Department of Defense, not Congress or any other

14   governmental agency, is charged with administering 10 U.S.C. § 654 and the

15   applicable regulation, discovery obligations do not extend beyond that Department.

16        In light of these objections, the parties met and conferred, and Plaintiff

17   agreed to reexamine this request and provide Defendants with clarification at a later

18   date.  Plaintiff has since informed Defendants that it is unwilling to clarify or

19   narrow its request.

20        Subject to the specific and general objections set forth above, Defendants

21   will produce documents housed at the Pentagon that contain reports, research, or

22   analyses prepared or undertaken by the office of the Surgeon General that concern

23   United States Armed Forces personnel and homosexual conduct or homosexual

24   orientation.

25   DOCUMENT REQUEST NO. 58:

26        All public statements made by the Defendants (dating from January 1, 2003

27   to the present), including but not limited to speeches, presentations, reports, and

28   press releases, on the subject of United States Armed Forces personnel and

- 25 -

LOSANGELES 852169 (2K)

1   homosexual conduct or homosexual orientation, and all drafts or prior version of

2   those public statements.

3   RESPONSE TO DOCUMENT REQUEST NO. 58:

4        Defendants object to this request, as it is currently drafted, as overly broad

5   and unduly burdensome.  Defendants object to this request to the extent that it call

6   for documents that are not in the possession of the Department of Defense. Rule 34

7   does not require us to reach outside of the Department of Defense — to Congress,

8   or to other agencies such as the Departments of Justice and Health and Human

9   Services, that are not parties to this action — for responsive documents. By its

10  terms, Fed. R. Civ. P. 34 applies only to parties—not non-parties, and thus "may

11  [not] be used to discover matters from a nonparty." Hatch v. Reliance Ins. Co., 758

12  F.2d 409, 415 (9th Cir. 1985); see also Viera v. Woodford, 258 Fed. Appx. 924,

13  2007 WL 4357761 at *1 (9th Cir. 2007).  While the United States may be named as

14  a party to this action under section 702 Administrative Procedure Act ("APA"), any

15  action under that section must result from "agency action" and any injunctive relief

16  sought may only be issued against the "Federal Officer or officers" responsible for

17  compliance.  Because the Department of Defense, not Congress or any other

18  governmental agency, is charged with administering 10 U.S.C. § 654 or applicable

19  regulation, discovery obligations do not reach beyond that Department.

20       In light of these objections, the parties met and conferred, and Plaintiff

21  agreed to reexamine this request and provide Defendants with clarification at a later

22  date.  Plaintiff has since informed Defendants that it is unwilling to clarify or

23  narrow this request.

24       Defendants will not produce documents pursuant to this request absent

25  clarification and narrowing.  Defendants also note that "public statements" are

26  publically available and can be readily accessed by Plaintiff.

27

28

- 26 -

LOSANGELES 852169 (2K)

1  **PLAINTIFF'S ARGUMENT RE CATEGORY III:**

2        **1.**      **Defendant's Objections Are Untimely and Are Therefore**

3              **Waived**

4        Plaintiff incorporates its arguments on this point as set forth in connection

5  with Category I, at pp. 8, above.

6        **2.**      **General Objections for Discovery as Overly Broad,**

7              **Burdensome, or Oppressive, Will Not Alone Constitute a**

8              **Successful Objection.**

9        Plaintiff incorporates its arguments on this point as set forth in connection

10  with Category I, at pp. 9, above.

11        **3.**      **The Administrative Procedure Act Does Not Absolve**

12              **Defendants from the Obligation to Produce Responsive**

13              **Documents, Regardless Where Within the Executive**

14              **Branch of the Government They May Be Located**

15        Defendants' invocation of Section 702 of the Administrative Procedure Act

16  to limit the scope of discovery only to the Department of Defense is mistaken for

17  two reasons: first, this suit was not brought under the Administrative Procedure

18  Act, so it cannot apply to limit discovery; and second, the Administrative Procedure

19  Act does not function to insulate agencies of the United States from the discovery

20  process when the United States is a named defendant.

21        a.      The Administrative Procedure Act Does Not Apply

22        Defendants assert, citing no authority, that they need not search for or

23  produce documents that are in the Government's possession but are fortuitously

24  housed in executive branch departments other than the Department of Defense.

25  Although the United States is a named defendant herein, Defendants claim that the

26  Administrative Procedure Act applies to limit discovery only to the Department of

27  Defense in this case.  This claim is meritless; the Administrative Procedure Act

28  does not apply in any way.  The Administrative Procedure Act governs the way in

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

1   which administrative agencies of the federal government may propose and establish

2   regulations, and broadly authorizes judicial review of an agency's actions.  Here,

3   however, Plaintiff seeks review of both the Department of Defense's regulations

4   and actions under the Policy, and also the federal statute that authorizes those

5   regulations and actions.  To obtain relief, Plaintiff has brought a claim against both

6   the Secretary of Defense and the United States as named Defendants.  Because the

7   APA cannot and does not authorize or otherwise affect claims against the United

8   States, it is inapplicable here, and cannot apply to limit discovery.

9         b.   <u>Even if Applicable, the Administrative Procedure Act Does Not</u>

10              <u>Exclude the United States as Party to the Lawsuit, and Therefore All</u>

11              <u>United States Agencies and Representatives Must Comply With the</u>

12              <u>Discovery Process</u>

13         Defendants claim that the Administrative Procedure Act applies to limit

14   discovery to the Department of Defense, and excludes from the scope of discovery

15   anything housed outside DOD offices.  Even if the APA applied to this case, it

16   would not absolve agencies and representatives of the U.S. other than the

17   Department of Defense of their responsibilities to comply with the Federal Rules of

18   Civil Procedure.

19         Fed. R. Civ. P. 34 states that "a party may serve on any other party a request

20   [for documents] within the scope of Rule 26(b)."  A party may discover all

21   reasonably obtainable information within the responding party's possession,

22   custody, or control, where control may be established by the existence of a

23   principal-agent relationship.  <u>Tyler v. Suffolk County</u>, 256 F.R.D. 34, 37 (D. Mass.

24   2009).  Here, the United States is a party to the suit, and as such, all its agents,

25   agencies, representatives, and officers are subject to the requirements of Rule 34.

26   Thus, all information in the custody, possession, or control of the United States or

27   any of its agencies, agents, or representatives is discoverable.  Cf. <u>Harvey</u>

28   <u>Aluminum v. NLRB</u>, 335 F.2d 749, 745-55 (9th Cir. 1964) (witness statements

- 28 -

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

1   discoverable regardless what agency or department of the United States have

2   possession of them).

3          Defendants base their objection on a tortured reading of a facially irrelevant

4   section of the APA authorizing judicial review of a U.S. agency's actions, 5 U.S.C.

5   § 702 ("A person suffering legal wrong because of agency action, or adversely

6   affected or aggrieved by agency action within the meaning of a relevant statute, is

7   entitled to judicial review thereof."). Nothing in the APA contemplates that the

8   United States, a named party in this suit, does not have to comply with its

9   responsibilities as a defendant. Nor does any part of the APA insulate any or all of

10  the United States' agencies or representatives from the control of the federal

11  government.

12  **DEFENDANT'S ARGUMENT RE CATEGORY III:**

13        1.      **The Government Properly Limited Its Search to the DOD**

14        Plaintiff has not identified a waiver of sovereign immunity in this case, but

15  courts in the Ninth Circuit have applied the waiver of sovereign immunity found in

16  the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, to Constitutional

17  claims seeking nonmonetary relief. See, e.g., The Presbyterian Church v. United

18  States, 870 F.2d 518, 525 n. 9 ("This court has previously held that the 1976

19  amendment to § 702 waives sovereign immunity not only for suits brought under §

20  702 itself, but for constitutional claims brought under the general federal-question

21  jurisdiction statute, 28 U.S.C. § 1331." (citations ommitted)). While the United

22  States may be named as a party to this action under section 702 of the

23  Administrative Procedure Act (the "APA"), any action under that section must

24  result from "agency action" and any injunctive relief sought may only be issued

25  against the "Federal Officer or officers" responsible for compliance. Because the

26  DOD, not Congress or any other governmental agency, is charged with

27  administering 10 U.S.C. § 654 and the applicable regulations, discovery obligations

28  do not reach beyond that Department. Plaintiff's position that its suit, based on

- 29 -

LOSANGELES 852169 (2K)

1   actions taken by the DOD, permits government-wide discovery is illogical and
2   unsupported by law. In addition, because the DADT policy applies exclusively
3   to the DOD, documents housed outside of the DOD are unlikely to be relevant to
4   Plaintiff's claims in this case.

5       2.      **The Documents Plaintiff Seeks Are Protected by the Deliberative**
6               **Process Privilege**

7   Defendants incorporate their arguments on this point as set forth in
8   Category I.

9       3.      **Defendants Acted Reasonably and Have Not Waived Their**
10              **Objections or Privileges**

11  Defendants incorporate their arguments on this point as set forth in Category I.

12  **D.      CATEGORY IV: LIMITED PRODUCTION OF**
13  **        REQUESTED DOCUMENTS BASED ON ATTORNEY-**
14  **        CLIENT PRIVILEGE AND/OR WORK-PRODUCT**
15  **        DOCTRINE [REQUESTS NO. 38, 39, 40]**

16  DOCUMENT REQUEST NO. 38:

17  The Defensibility Memorandum and all drafts or prior versions of that
18  Memorandum.

19  RESPONSE TO DOCUMENT REQUEST NO. 38:

20  The parties have met and conferred, and Plaintiff has agreed to limit this
21  request to drafts and implemented iterations of the Defensibility Memorandum.

22  Defendants object to this request to the extent it calls for drafts, which are
23  inherently deliberative and thus privileged.  The requested document, moreover,
24  appears to be within Plaintiff's possession and will not be produced again by
25  Defendants.  The referenced document can be found at:
26  http://dont.stanford.edu/regulations/RenoMemo.htm.

27

28

- 30 -

LOSANGELES 852169 (2K)

1    Subject to the specific and general objections set forth above, Defendants

2  will produce versions of the Defensibility Memorandum that were implemented and

3  are housed at the Pentagon.

4  DOCUMENT REQUEST NO. 39:

5    All Documents prepared by the Attorney General of the United States, any

6  attorney or any other employee of the DOD or the Department of Justice, or any

7  attorney for Defendants concerning United States Armed Forces personnel and

8  homosexual conduct or homosexual orientation, other than documents solely

9  concerning specific servicemembers.

10 RESPONSE TO DOCUMENT REQUEST NO. 39:

11    Defendants object to this request, as it is currently drafted, as overly broad

12 and unduly burdensome. Accordingly, the parties have met and conferred but

13 Plaintiff has refused to narrow its request.

14    Defendants object to this request as overly broad and unduly burdensome. In

15 addition, it inappropriately calls for the production of documents subject to the

16 attorney-client privilege and attorney work-product doctrine.

17    Defendants also object to this request to the extent that it calls for

18 documents prepared by the Attorney General or from the Department of Justice.

19 Rule 34 does not require us to search for or produce documents from outside of

20 the Department of Defense.  By its terms, Fed. R. Civ. P. 34 applies only to

21 parties—not non-parties, and thus "may [not] be used to discover matters from a

22 nonparty." Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985); *see also*

23 Viera v. Woodford, 258 Fed. Appx. 924, 2007 WL 4357761 at *1 (9th Cir. 2007).

24 While the United States may be named as a party to this action under section 702

25 Administrative Procedure Act ("APA"), any action under that section must result

26 from "agency action" and any injunctive relief sought may only be issued against

27 the "Federal Officer or officers" responsible for compliance.  Because the

28 Department of Defense, not Congress or any other governmental agency, is

- 31 -

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

1   charged with administering 10 U.S.C. § 654 and the applicable regulations,

2   discovery obligations do not reach beyond that Department.

3       Subject to the specific and general objections set forth above, Defendants

4   will produce documents housed at the Pentagon concerning United States Armed

5   Forces personnel and homosexual conduct or homosexual orientation, other than

6   documents solely concerning specific service members.

7   DOCUMENT REQUEST NO. 40:

8       All Documents relating to Lawrence v. Texas, 593 U.S. 558 (2003) and its

9   effect or lack of effect on the Policy, the implementation of the Policy, or the

10  legality of the Policy.

11  RESPONSE TO DOCUMENT REQUEST NO. 40:

12      Defendants object to this request, as it is currently drafted, as overly broad

13  and unduly burdensome.  In addition, this request inappropriately calls for the

14  production of documents subject to the attorney-client privilege and attorney

15  work-product doctrine.

16      Defendants also object to this request to the extent that it calls for documents

17  that are not in the possession of the Department of Defense.  Rule 34 does not

18  require us to search for or produce documents from outside of the Department of

19  Defense. By its terms, Fed. R. Civ. P. 34 applies only to parties—not non-

20  parties, and thus "may [not] be used to discover matters from a nonparty." Hatch

21  v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985); see also Viera v. Woodford,

22  258 Fed. Appx. 924, 2007 WL 4357761 at *1 (9th Cir. 2007).  And while the

23  United States may be named as a party to this action under section 702

24  Administrative Procedure Act ("APA"), any action under that section must

25  result from "agency action" and any injunctive relief sought may only be issued

26  against the "Federal Officer or officers" responsible for compliance.  Because

27  the Department of Defense, not Congress or any other governmental agency, is

28

- 32 -

LOSANGELES 852169 (2K)

1  charged with administering 10 U.S.C. § 654 and the applicable regulations,

2  discovery obligations do not reach beyond that Department.

3       In light of these objections, the parties met and conferred and Plaintiff

4  agreed to reexamine this request and provide Defendants with clarification at a later

5  date.  Plaintiff has since informed Defendants that it is unwilling to clarify or

6  narrow its request.

7       Subject to the specific and general objections set forth above, Defendants

8  will produced non-privileged, responsive documents housed at the Pentagon.

9  **PLAINTIFF'S ARGUMENT RE CATEGORY IV:**

10       Defendants assert objections to the document requests in this category based

11  on the same asserted grounds of overbreadth and undue burden, deliberative

12  process privilege, and discovery limitation to the Department of Defense as they

13  asserted to the other requests set forth above.  Plaintiff incorporates its arguments

14  on those points as set forth in connection with Categories I-III above.  Defendants

15  also assert objections based on the attorney-client privilege and the attorney work

16  product doctrine, though they provided no privilege log listing documents to which

17  these privileges purportedly apply.  Those objections should also be overruled,

18  since they were not timely asserted and have therefore been waived.

19  **DEFENDANT'S ARGUMENT RE CATEGORY IV:**

20      **1.**    **The Requests in Category IV Call for Privileged Documents**

21              **and Are Unduly Burdensome**

22       The document requests in Category IV seek privileged documents and are

23  unduly burdensome.  Document Request No. 38 seeks "all drafts or prior

24  versions" of a memorandum that was created in the Department of Justice (the

25  "DOJ").  The drafts and prior versions of the memorandum contain deliberations

26  that predate the ultimate decision that was set forth in the memorandum.

27  Document Requests No. 39 seeks "all documents" prepared by attorneys for the

28  DOD, DOJ and the government at large, concerning service members and

- 33 -

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

homosexual conduct.  Document Request No. 40 calls for "all documents relating to Lawrence v. Texas, 593 U.S. 558 (1993), and its effect or lack of effect on the Policy."  These requests call for documents that are protected under the attorney work product doctrine.  Moreover, they are unduly burdensome.  Even if it were possible to search the files of every government attorney, such a search would be impractical and unlikely to yield discoverable information.

### 2. The Documents Plaintiff Seeks Are Protected by the Deliberative Process Privilege

Defendants incorporate their arguments on this point as set forth in Category I.

### 3. Defendants Acted Reasonably and Have Not Waived Their Objections or Privileges

Defendants incorporate their arguments on this point as set forth in Category I.

Dated:    February 22, 2010          WHITE & CASE LLP


By:/s/Patrick O. Hunnius
————————————————
Patrick O. Hunnius
Attorneys for Plaintiff
Log Cabin Republicans


Dated:    February 22, 2010          U.S. DEPARTMENT OF JUSTICE


By:/s/ Paul G. Freeborne
————————————————
Paul G. Freeborne
Attorneys for Defendants
United States of America and
Robert M. Gates, Secretary of Defense

- 34 -

JOINT STIPULATION RE PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS