| | |
|---|---|
| 1 | DANIEL J. WOODS (SBN: 78638) |
| 2 | PATRICK HUNNIUS (SBN: 174633)<br>WHITE & CASE LLP |
| 3 | 633 W. Fifth Street, Suite 1900<br>Los Angeles, CA  90071-2007 |
| 4 | Telephone:  (213) 620-7700<br>Facsimile:   (213) 452-2329 |
| 5 | Email:       dwoods@whitecase.com<br>Email:       phunnius@whitecase.com |
| 6 | Attorneys for Plaintiff |
| 7 | Log Cabin Republicans |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOG CABIN REPUBLICANS, a non-profit corporation,<br><br>                 Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA and ROBERT M. GATES, SECRETARY OF DEFENSE, in his official capacity,<br><br>                 Defendants. | Case No.  CV 04-8425 VAP (Ex)<br><br>**STIPULATION RE PRIVACY ACT CONFIDENTIALITY**<br><br>Date:         N/A<br>Time:        N/A<br>Courtroom: N/A<br><br>Discovery Cutoff:    Mar. 15, 2010<br>Pretrial Conference: Feb. 22, 2010<br>Trial:                      June 14, 2010<br><br>**DISCOVERY MATTER** |

LOSANGELES 851976 (2K)                                  STIPULATION RE PRIVACY ACT CONFIDENTIALITY

1  Pursuant to Fed. R. Civ. P. 37(a) and Local Rules 7.1 and 52-4.1, Plaintiff
2  Log Cabin Republicans ("Plaintiff") and Defendants United States of America and
3  Robert M. Gates, Secretary of Defense ("Defendants" and, collectively with
4  Plaintiff, the "Parties") hereby enter into the Stipulation ("Stipulation") set forth
5  below in light of the following facts:

6      A.    In 2004, Plaintiff filed this challenge to the federal statute and
7  Department of Defense regulations known as Don't Ask, Don't Tell.

8      B.    On September 15, 2009, Plaintiff propounded on Defendants its First
9  Set of Requests for Production of Documents (the "Document Requests").

10      C.    On January 12, 2010, Defendants served their responses and objections
11  to the Document Requests.

12      D.    Document Request No. 73 ("Request No. 73") asked Defendants to
13  produce "[a]ll Documents relating to any servicemembers' having demonstrated
14  during a discharge proceeding all of the elements listed in 10 U.S.C. §
15  654(b)(1)(A)-(E)." In response to Request No. 73, Defendants stated that:

> Defendants object to this request as overly broad, unduly
> burdensome and, to the extent it calls for the production of
> individual servicemembers' files, subject to the Privacy Act.
> Accordingly the parties have met and conferred but have been
> unable to reach an agreement as to the scope of this request.
>
> Subject to the specific and general objections set forth
> above, Defendants will produce, to the extent reasonably
> possible, documents relating to any servicemembers' having
> demonstrated during a discharge proceeding all of the elements
> listed in 10 U.S.C. § 654(b)(1)(A)-(E) and upon the entry of an
> appropriate Privacy Act protective order [(the "Order")].

24      E.    Plaintiff, on the one hand, and Defendants, on the other hand, have
25  agreed to enter into this Stipulation in order to resolve Defendants' objection to
26  Request No. 73.

NOW THEREFORE, in consideration of the foregoing, the Parties, through their undersigned counsel, hereby agree as follows:

1. Defendants are authorized to release government records and other information covered by the Privacy Act, 5 U.S.C. § 552a (the "Privacy Act"), that are relevant to the claims or defenses of any party to this action within the meaning of Federal Rule of Civil Procedure 26(b) as set forth herein without obtaining the prior written consent of the individuals to whom such records or information pertain.

2. Also included within the scope of this Stipulation are government records and other information currently in the possession of Defendants that contain names, home addresses, and home telephone numbers of individuals.

3. Those documents that Defendants identify as containing information subject to the Privacy Act or containing names, home addresses, and home telephone numbers of individuals are hereinafter referred to as "Covered Documents." All information subject to the Privacy Act and names, home addresses, and home telephone numbers of individuals solely derived from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, are hereinafter referred to as "Covered Information." Document summaries, statistical compilations, or other summaries of Covered Documents or Covered Information that do not contain information by which specific individuals can be identified (whether by name, social security number, symbol, description, or other form of personal identification) are not covered by this Stipulation.

4. Covered Documents and Covered Information may be used only for the purposes of this civil action and any appeals thereof. All Covered Documents and all copies thereof must be returned to Defendants or their counsel within 60 days after the termination of this civil action and any appeals thereof. Any pleadings or other court filings created or filed by Plaintiff that contain Covered Information and are retained by Plaintiff as part of its litigation files remain subject

1  to the terms of this Stipulation.  Any other documents created by Plaintiff, or
2  anyone working with Plaintiff or on its behalf, that contain Covered Information
3  must be destroyed by Plaintiff or returned to Plaintiff within 60 days after the
4  termination of this civil action and any appeals thereof.  Plaintiff will certify to
5  Defendants' counsel after the termination of this civil action and any appeals
6  thereof that such documents have been returned or destroyed.

7       5.    Covered Documents shall be marked by Defendants prior to
8  production as "PRODUCED SUBJECT TO PROTECTIVE ORDER", "SUBJECT
9  TO PROTECTIVE ORDER", or contain a similar marking.  For any Covered
10 Documents, such as computer data, whose medium makes such stamping
11 impracticable, the diskette case and any accompanying paper or e-mail cover letter
12 shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER",
13 "SUBJECT TO PROTECTIVE ORDER", or contain a similar marking.  Answers
14 to interrogatories by Defendants, if any, that contain protected information derived
15 from records subject to the Privacy Act also shall be marked "PRODUCED
16 SUBJECT TO PROTECTIVE ORDER", "SUBJECT TO PROTECTIVE
17 ORDER", or contain a similar marking.  Except as provided in paragraph 6 below,
18 no person who obtains access to Covered Documents or Covered Information
19 pursuant to this Stipulation shall disclose those records or that information without
20 further order of the Court.

21      6.    Plaintiff may only disclose Covered Documents and Covered
22 Information to (a) the Court and its personnel, including court reporters; (b) the
23 attorneys of record for the parties and persons regularly in the employ of such
24 attorneys who have a need for Covered Documents or Covered Information in the
25 performance of their duties; (c) employees of Defendants; (d) Board members of
26 Plaintiff; (e) experts or other consultants retained by any party to the above-
27 captioned matter and only if necessary for their expert opinion and/or testimony; (f)
28 any potential witness or deposed witness as needed for the purposes of this civil

action, including any appeals thereof; and (g) any mediator retained by the Parties. Any disclosure by Plaintiff or anyone working with Plaintiff or on its behalf shall be made only for litigation purposes related to this civil action and any appeals thereof.

7.  Any person listed in paragraph 6 (except those listed in paragraphs (a), (b), (c) and (d)) to whom disclosure of Covered Documents or Covered Information is to be made must sign the Acknowledgment of Privacy Act Protective Order attached hereto as Exhibit "A" before disclosure.

8.  Plaintiff shall not disclose Covered Documents or Covered Information to any persons except to those indicated in paragraph 6 without obtaining the prior express written approval of Defendants. If Defendants do not consent to disclosure, then Plaintiff may, on motion, seek modification of the Order from the Court.

9.  All individuals to whom Covered Documents and Covered Information are disclosed by Plaintiff shall return any and all records and copies thereof in their custody, possession, or control to Plaintiff upon termination of this civil action, including any appeals thereof or when they are no longer assigned or retained to work on this case, whichever comes earlier.

10.  Those portions of any filings with the Court that include Covered Documents or Covered Information shall be made under seal. Those portions of any depositions in which any such information is revealed shall be placed under seal.

11.  The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's assertion that the materials are or are not covered by this Stipulation.

| | | |
|---|---|---|
| Dated: | March 2, 2010 | WHITE & CASE LLP |

By:/s/ Patrick Hunnius
Patrick Hunnius
Attorneys for Plaintiff
Log Cabin Republicans

| | | |
|---|---|---|
| Dated: | March 2, 2010 | UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION, FEDERAL PROGRAMS BRANCH |

By:/s/ Paul Freeborne
Paul Freeborne
Attorneys for Defendants
United States of America and Robert M. Gates, Secretary of Defense