1  DANIEL J. WOODS (SBN: 78638)
   PATRICK HUNNIUS (SBN: 174633)
2  WHITE & CASE LLP
   633 W. Fifth Street, Suite 1900
3  Los Angeles, CA  90071-2007
   Telephone: (213) 620-7700
4  Facsimile:  (213) 452-2329
   Email:      dwoods@whitecase.com
5  Email:      phunnius@whitecase.com

6  Attorneys for Plaintiff
   Log Cabin Republicans
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 | LOG CABIN REPUBLICANS, a non-profit corporation, | Case No.  CV 04-8425 VAP (Ex)
11 |                                                  | **[PROPOSED] ORDER RE PRIVACY ACT CONFIDENTIALITY**
12 |                Plaintiff,                        |
13 |       v.                                         | Date:      N/A
14 | UNITED STATES OF AMERICA and                     | Time:      N/A
   | ROBERT M. GATES, SECRETARY                       | Courtroom: N/A
15 | OF DEFENSE, in his official capacity,            |
16 |                Defendants.                       | Discovery Cutoff: Mar. 15, 2010
   |                                                  | Pretrial Conference: Feb. 22, 2010
17 |                                                  | Trial:              June 14, 2010

18                                                    **DISCOVERY MATTER**

Having considered the Stipulation ("Stipulation") between Plaintiff Log Cabin Republicans ("Plaintiff") and Defendants United States of America and Robert M. Gates, Secretary of Defense ("Defendants" and, collectively with Plaintiff, the "Parties") to resolve Defendants' objection to Document Request No. 73 in the Plaintiff's First Set of Requests for Production of Documents (the "Document Requests"), and finding good cause therefore,

IT IS HEREBY ORDERED that

1. Defendants are authorized to release government records and other information covered by the Privacy Act, 5 U.S.C. § 552a (the "Privacy Act"), that are relevant to the claims or defenses of any party to this action within the meaning of Federal Rule of Civil Procedure 26(b) as set forth herein without obtaining the prior written consent of the individuals to whom such records or information pertain, including government records and other information currently in the possession of Defendants that contain names, home addresses, and home telephone numbers of individuals.

2. Covered Documents[1] and Covered Information may be used only for the purposes of this civil action and any appeals thereof. All Covered Documents

---

[1] Those documents that Defendants identify as containing information subject to the Privacy Act or containing names, home addresses, and home telephone numbers of individuals are hereinafter referred to as "Covered Documents." All information subject to the Privacy Act and names, home addresses, and home telephone numbers of individuals solely derived from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, are hereinafter referred to as "Covered Information." Document summaries, statistical compilations, or other summaries of Covered Documents or Covered Information that do not contain information by which specific individuals can be identified (whether by name, social security number, symbol, description, or other form of personal identification) are not covered by the Stipulation.

1  and all copies thereof must be returned to Defendants or their counsel within 60
2  days after the termination of this civil action and any appeals thereof.  Any
3  pleadings or other court filings created or filed by Plaintiff that contain Covered
4  Information and are retained by Plaintiff as part of its litigation files remain subject
5  to the terms of this Order.  Any other documents created by Plaintiff, or anyone
6  working with Plaintiff or on its behalf, that contain Covered Information must be
7  destroyed by Plaintiff or returned to Plaintiff within 60 days after the termination of
8  this civil action and any appeals thereof.  Plaintiff will certify to Defendants'
9  counsel after the termination of this civil action and any appeals thereof that such
10 documents have been returned or destroyed.

11       3.    Covered Documents shall be marked by Defendants prior to
12 production as "PRODUCED SUBJECT TO PROTECTIVE ORDER", "SUBJECT
13 TO PROTECTIVE ORDER", or contain a similar marking.  For any Covered
14 Documents, such as computer data, whose medium makes such stamping
15 impracticable, the diskette case and any accompanying paper or e-mail cover letter
16 shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER",
17 "SUBJECT TO PROTECTIVE ORDER", or contain a similar marking.  Answers
18 to interrogatories by Defendants, if any, that contain protected information derived
19 from records subject to the Privacy Act also shall be marked "PRODUCED
20 SUBJECT TO PROTECTIVE ORDER", "SUBJECT TO PROTECTIVE
21 ORDER", or contain a similar marking.  Except as provided in paragraph 4 below,
22 no person who obtains access to Covered Documents or Covered Information
23 pursuant to this Order shall disclose those records or that information without
24 further order of the Court.

25       4.    Plaintiff may only disclose Covered Documents and Covered
26 Information to (a) the Court and its personnel, including court reporters; (b) the
27 attorneys of record for the parties and persons regularly in the employ of such
28 attorneys who have a need for Covered Documents or Covered Information in the

- 3 -

performance of their duties; (c) employees of Defendants; (d) Board members of Plaintiff; (e) experts or other consultants retained by any party to the above-captioned matter and only if necessary for their expert opinion and/or testimony; (f) any potential witness or deposed witness as needed for the purposes of this civil action, including any appeals thereof; and (g) any mediator retained by the Parties. Any disclosure by Plaintiff or anyone working with Plaintiff or on its behalf shall be made only for litigation purposes related to this civil action and any appeals thereof.

5. Any person listed in paragraph 4 (except those listed in paragraphs (a), (b), (c) and (d)) to whom disclosure of Covered Documents or Covered Information is to be made must sign the Acknowledgment of Privacy Act Protective Order attached hereto as Exhibit "A" before disclosure.

6. Plaintiff shall not disclose Covered Documents or Covered Information to any persons except to those indicated in paragraph 4 without obtaining the prior express written approval of Defendants. If Defendants do not consent to disclosure, then Plaintiff may, on motion, seek modification of this Order from the Court.

7. All individuals to whom Covered Documents and Covered Information are disclosed by Plaintiff shall return any and all records and copies thereof in their custody, possession, or control to Plaintiff upon termination of this civil action, including any appeals thereof or when they are no longer assigned or retained to work on this case, whichever comes earlier.

8. Those portions of any filings with the Court that include Covered Documents or Covered Information shall be made under seal. Those portions of any depositions in which any such information is revealed shall be placed under seal.

9. The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's assertion that the materials are or are not covered by this Order.

10. Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

11. This Order does not constitute a ruling on the question of whether any particular record is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any record, other than objections based on the Privacy Act; <u>provided that</u> if Defendants assert an objection based on the Privacy Act that Plaintiff disputes, Plaintiff retains the right to file a motion seeking an order to compel disclosure of the subject information. In the event such a motion is filed, this Order shall not constitute a ruling on to the challenged objection until the motion to disclose the subject information has been decided.

DATED: _____, 2010    _____
                                Hon. Virginia A. Phillips
                                United States District Judge

Respectfully Submitted by:
WHITE & CASE LLP
DANIEL J. WOODS (SBN: 78638)
PATRICK O. HUNNIUS (State Bar No. 174633)
633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007

Attorneys for Plaintiff
Log Cabin Republicans