TONY WEST
Assistant Attorney General
ANDRE BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail:  paul.freeborne@ usdoj.gov

*Attorneys for Defendants United States*
*of America and Secretary of Defense*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| LOG CABIN REPUBLICANS, | No. CV04-8425 VAP (Ex) |
| Plaintiff, | DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT |
| v. | |
| UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense, | DATE: April 26, 2010 |
| | TIME: 2:00 p.m. |
| Defendants. | BEFORE: Judge Phillips |

Filed herewith:
1. Notice of Motion and Motion for Summary Judgment
2. Memorandum of Points And Authorities in support of Motion for Summary Judgment
3. Statement of Uncontroverted Fact and Conclusions of Law
4. Appendix
5. Proposed Order

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1

2      **NOTICE IS HEREBY GIVEN** that on April 26, 2010, at 2:00 p.m. in the

3 Courtroom of the Honorable Virginia A. Phillips, United States District Judge,

4 Defendants United States and Secretary of Defense (hereafter "Defendants"), by

5 and through counsel, will move for summary judgment.  The motion will be based

6 upon these moving papers, the attached Memorandum of Points and Authorities in

7 support of the Motion, a Statement of Uncontroverted Facts and Conclusions of

8 Law, and upon such other and further arguments, documents, and grounds as may

9 be advanced in the future.

10      The Log Cabin Republicans ("LCR") challenge the constitutionality of the

11 statute (10 U.S.C. § 654) and the Department of Defense's ("DoD's") implement-

12 ing regulations prohibiting homosexual conduct in the military, commonly known

13 as the "Don't Ask, Don't Tell" ("DADT") policy.  LCR filed this action in 2004.

14 On March 21, 2006, this Court held that LCR had failed to establish that it had

15 associational standing to challenge the DADT policy.  The Court dismissed

16 without prejudice, giving LCR an opportunity through an amended complaint to

17 identify at least one "active member" who had been harmed by the policy.  LCR

18 designated two such purported "active members," John Alexander Nicholson and,

19 anonymously, John Doe.  Discovery has now shown that Mr. Nicholson was not a

20 member of LCR when this action commenced and that he has never been a bona

21 fide or active member of LCR.  LCR has failed to demonstrate, moreover, that

22 John Doe has bona fide active membership or, as importantly, that John Doe has

23 suffered any harm whatsoever as a consequence of DADT.  LCR, therefore, has

24 failed to carry its burden of establishing standing, and this action cannot proceed.

25      On June 9, 2009, this Court dismissed LCR's equal protection claim, but

26 ruled that LCR's substantive due process and an aspect of LCR's  First

27 Amendment claims survived a motion to dismiss.  In that 2009 Order, the Court

28

DEFENDANTS' NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT     -2-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  ruled that LCR's due process claim is a facial challenge governed by the most

2  deferential form of review – rational basis.  To survive summary judgment under

3  such a challenge, LCR has the burden of negating each of the constitutional

4  applications of the statute and must show that Congress could not rationally have

5  reached the policy judgments reflected in the statute.  In *Philips v. Perry*, 106 F.3d

6  1420 (9th Cir. 1997), the Ninth Circuit already has observed that Congress and the

7  military could have rationally found that the DADT policy is necessary to "further

8  military effectiveness by maintaining unit cohesion, accommodating personal

9  privacy and reducing sexual tension."  *Id.* at 1429.  LCR now has failed to carry its

10 burden of showing that these applications are invalid or that Congress could not

11 have rationally reached the conclusions that it did.  Because LCR cannot make the

12 required showing, Defendants are entitled to summary judgment with respect to

13 LCR's substantive due process challenge to the DADT policy.

14     Defendants are also entitled to summary judgment with respect to LCR's

15 remaining First Amendment claim.  While the Court recognized, in its 2009 Order,

16 that Section 654 was consistent with the First Amendment to the extent it permits

17 the military to use statements as admissions of a propensity to engage in

18 homosexual acts, the Court ruled that "[d]ischarge on the basis of statements not

19 used as admissions of a propensity to engage in 'homosexual acts' would appear to

20 be discharge on the basis of speech rather than conduct, an impermissible basis."

21 (Doc. 83 at 23).  The Court thus suggested that the statute was unconstitutional to

22 the extent it required the military to discharge service members based on

23 statements other than when those statements were used as an admission of a

24 propensity to engage in homosexual acts.  Therefore, the Court concluded that it

25 could not "determine from the face of" LCR's complaint "whether Nicholson was,

26 or Doe could yet be, discharged based on statements" that were used for such a

27 purpose.  *Id.*

28

DEFENDANTS' NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT          -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    Discovery has confirmed that Mr. Nicholson was discharged because his

2    statement that he was gay constituted an admission of his propensity to engage in

3    homosexual acts, a presumption that he chose not to rebut.   Mr. Nicholson, thus,

4    indisputably was not discharged on the basis of a statement not used as an

5    admission of a propensity to engage in homosexual acts.  As for John Doe, whether

6    or not he is an active member of LCR, he remains an active member of the

7    military; he has not been discharged.  LCR has failed to demonstrate that any

8    action has been taken against John Doe on any basis whatsoever, let alone any

9    basis related to the DADT.  There is nothing in the record to establish that any

10   statement made by or about John Doe has been used for any purpose.  The claims

11   the Court allowed LCR to seek to cure and pursue through an amended complaint,

12   therefore, are wholly unsupported by any record evidence, and Defendants are

13   entitled to summary judgment on all remaining claims.

14        This Motion is made following the conference of counsel pursuant to L.R. 7-

15   3, which took place by telephone on Wednesday, March 17, and Thursday, March

16   18, 2010.

17   Dated: March 29, 2010                    Respectfully submitted,

18

19                                            TONY WEST
                                             Assistant Attorney General

20                                            ANDRÉ BIROTTE, JR
                                             United States Attorney

21                                            JOSEPH H. HUNT
22                                            Director

23                                            VINCENT M. GARVEY
                                             Deputy Branch Director

24

25

26

27

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   /s/ Paul G. Freeborne
    PAUL G. FREEBORNE
2   W. SCOTT SIMPSON
    JOSHUA E. GARDNER
3   RYAN B. PARKER
    Trial Attorneys
4   U.S. Department of Justice,
    Civil Division
5   Federal Programs Branch
    20 Massachusetts Ave., N.W.
6   Room 6108
    Washington, D.C.  20044
7   Telephone: (202) 353-0543
    Facsimile: (202) 616-8202
8   paul.freeborne@usdoj.gov

9   *Attorneys for Defendants United
    States of America and Secretary of*
10  *Defense*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT                -5-