TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail:  paul.freeborne@ usdoj.gov

*Attorneys for Defendants United States of America and Secretary of Defense*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| LOG CABIN REPUBLICANS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense,<br><br>　　　　　Defendants. | No. CV04-8425 VAP (Ex)<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>DATE: April 26, 2010<br><br>TIME: 2:00 p.m.<br><br>BEFORE: Judge Phillips |

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    The Court's tentative ruling concluding that Log Cabin Republicans ("LCR") failed to meet its burden of establishing standing is correct and properly disposes of this action.

Although LCR "suggests" that its right to sue as an associational plaintiff is based on the date of the filing of the first amended complaint, and not the date the action commenced on October 12, 2004 (Doc. 161 at 2: 7), the Court properly recognized that LCR had the burden of establishing that "at least one of its members had standing to sue in his or her own right as of the date this action commenced" (April 21, 2010 Tentative Minute Order, at 7).  Indeed, the case law makes clear, consistent with the Court's tentative ruling, that the "standing of the *original* plaintiff is assessed at the time of the *original* complaint, even if the complaint is later amended." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.* 402 1198, 1202 n.3 (Fed. Cir. 2005) (emphasis in original).   Because it is now undisputed that John Alexander Nicholson was not a member when this action commenced in 2004, LCR cannot carry its burden, and Defendants are entitled to summary judgment.

LCR can not carry its burden to establish standing on the basis of an anonymous John Doe.  First, as the Court correctly noted, LCR has failed to adduce any evidence that Doe was actually a member of LCR at the time LCR filed its initial complaint.  LCR now concedes that it has no evidence that John Doe was a member when this action was commenced (Doc. 161 at 4: 16-18).  Second, to ensure associational standing is established, the Court ordered LCR to "identify, *by name*, at least one of its members injured by the ["Don't Ask, Don't Tell"] policy if it wishes to proceed with this action" (Doc. 24, at 17: 9-10) (emphasis added). LCR's after-the-fact attempt to manufacture standing should be rejected.  LCR had the opportunity to come forward with a named member, as ordered, but failed to do so.  Accordingly, the identification of an anonymous "member" fails as a matter of

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT                     -1-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

law.  LCR has urged the prompt resolution of this matter.  The Court should thus now promptly dismiss this action pursuant to its tentative ruling.

## I.

## LCR CANNOT MANUFACTURE ASSOCIATIONAL STANDING AFTER THE ACTION IS COMMENCED

LCR does not assert any harm to itself; it instead purports to bring this constitutional challenge to a duly enacted statute based upon asserted harm to its members.  To properly proceed with its challenge, LCR must meet the requirements of associational standing set forth in *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1977), including the requirement that "its **members** . . . are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit."  *Id*. at 342 (quoting *Warth v. Seldin*, 422 U.S. 490, 511 (1975)) (emphasis added).  This inquiry is "especially rigorous when reaching the merits of [a] dispute would force [the court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional."  *Raines v. Byrd*, 521 U.S. 811, 819-20 (1997).  The Supreme Court has thus recognized that "'the law of Art. III standing is built on a single basic idea–the idea of separation of powers[,]'" and "[i]n light of this overriding and time-honored concern about keeping the Judiciary's power within its proper constitutional sphere, [a court] must put aside the natural urge to proceed directly to the merits of [a] dispute and to 'settle' it for the sake of convenience and efficiency." *Id.* at 820 (quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984)).  Before this action can proceed, the Court "must [thus] carefully inquire as to whether [LCR has] met [its] burden of establishing that [its] claimed injury is personal, particularized, concrete, and otherwise judicially cognizable." *Id.*

The Court's tentative ruling is correct in recognizing that LCR "must [but has failed to] demonstrate that at least one of its members had standing to sue in his

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

-2-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

or her own right as of the date this action commenced" – on October 12, 2004 (April 21, 2010 Tentative Minute Order, at 7). The tentative ruling correctly and properly cites to, among other cases, the Supreme Court's decision in *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.*, 528 U.S. 167 (2000), which recognized that before a claim can proceed based upon associational standing there must be a showing that LCR "had Article III standing at the outset of the litigation." *Id.* at 180. Nothing in the Court's March 22, 2006 Order (Doc. 24) or in the cases relied upon by LCR in its supplemental memorandum allow LCR to file suit and then later attempt to manufacture standing by identifying individuals not among LCR's membership on October 12, 2004.

LCR's contention that the "dismissal" of its original complaint and the filing of the first amended complaint "rendered the original complaint of no legal effect and obsolete" is wrong as a matter of fact and law. (Doc. 161 at 19-20). Rather, the Court's March 22, 2006 Order allowed LCR to file an amended complaint correcting the defect in LCR's original complaint, which failed "to identify a single individual who is (1) an active member of the LCR; (2) has served or currently serves in the Armed Forces; and (3) has been injured by the policy" (Doc. 24: 12-14). The Order did so by ordering LCR "to identify, by name, at least one of its members injured by the subject policy if it wishes to proceed with this action" (*id.* at 17: 9-10) based upon LCR's assertion in its October 12, 2004 Complaint that it "represents members already separated or discharged from the Armed Forces pursuant to the policy" (*id.* at 17 n. 7 (citing paragraph 9 of Complaint)). The Court did ***not*** dismiss the action, as LCR suggests (Doc. 161 2: 2-6). Simply put, this "action" was not "commenced" when LCR amended its complaint – it was "commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

It is well-established, moreover, that the existence of federal jurisdiction "'depends on the facts *as they exist when the complaint is filed*.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.4 (1992) (quoting *Newman Green, Inc.*

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

-3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  v. *Alfonzo-Larrin*, 490 U.S. 826, 830 (1989)) (emphasis in original) (plurality op)
2  "It cannot be," as LCR asserts, that standing may be based upon facts "that did not
3  exist at the outset." *Id*.  Rather, "[t]he initial standing of the *original* plaintiff is
4  assessed at the time of the *original* complaint, even if the complaint is later
5  amended." *Schreiber Foods, Inc.*, 402 F.3d at 1202 n.3 (emphasis in original).
6  Federal litigants thus cannot, as LCR has attempted to do here, scramble to fix
7  jurisdictional defects by manufacturing jurisdiction after the commencement of
8  their original action.  *See Lujan*, 504 U.S. at 571 n.4 (rejecting contention that
9  government's participation in the lawsuit itself could be a basis for standing);
10 *Grupo Dataflux* v. *Atlas Global Group, L.P.*, 541 U.S. 567, 574-75 (2004) (change
11 in party's citizenship after suit is filed cannot cure lack of diversity jurisdiction
12 when original suit filed); *Perry* v. *Village of Arlington Heights*, 186 F.3d 826, 830
13 (7th Cir. 1999) ("[b]ecause standing goes to the jurisdiction of a federal court to
14 hear a particular case, it must exist at the commencement of the suit"; "It is not
15 enough for Perry to attempt to satisfy the requirements of standing as the case
16 progresses.  The requirements of standing must be satisfied from the outset and in
17 this case, they were not.").

18        The cases on which LCR relies are not to the contrary.  In contrast to this
19 action, the cases cited by LCR involve the addition of new plaintiffs, new claims,
20 or new allegations in an amended complaint, and an analysis of whether standing
21 exists in light of those changes.[1]  *See County of Riverside v. McLaughlin*, 500 U.S.
22 44 (1991) (new plaintiffs added by amended complaint); *Thomas v. Mundell*, 572
23 F.3d 756 (9th Cir. 2009) (new plaintiffs); *Bochese v. Town of Ponce Inlet*, 405 F.3d

---

[1] Significantly, LCR, which remains the one and only plaintiff from the date this action commenced in October 2004, seeks to create jurisdiction through the amendment of its complaint.  LCR provides no authority for such a proposition and, indeed, the authority is to the contrary.  "Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment." James Wm. Moore, 3 Moore's Federal Practice § 15.14[3], at 15-40 (2010).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT                -4-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

964, 977-78 (11th Cir. 2005) (new claims); *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004) (new plaintiff); *Jadwin v. County of Kern*, No.1:07-CV-00026-0WW-DLB, 2009 WL 2424565 (E.D. Cal. August 6, 2009) (new parties, claims, and allegations);[2] *Kerr Corp. v. 3M Co.*, 2006 WL 6005803, at *2 (W.D. Wis. 2006) (new counterclaim asserted in amended answer).[3]  Indeed, the Sixth Circuit in *Lynch* – one of the cases on which LCR places reliance in its supplemental memorandum – *declined* to hold that the "operative pleading" was the third amended complaint, stating that "[a] careful reading of *County of Riverside* demonstrates that the second amended complaint was important because it was that complaint which named 'three additional plaintiffs' who were 'still in custody' at the time the complaint was filed, and who were the plaintiffs found to have standing by the Court." 382 F.3d at 647.

Here, by contrast, there is and always has been only one plaintiff, the Log Cabin Republicans, which must show its standing, if at all, through its membership as of the date it filed the original complaint. Defendants have no quarrel with the concept, set forth in the cases cited by LCR, that a party must establish its standing as of the date when it becomes a plaintiff. That, in fact, is exactly what LCR has failed to do, and it is precisely why summary judgment for Defendants is required.[4]

---

[2] Nevertheless, plaintiffs' motion to file the second amended complaint (Attachment 1 hereto) indicates that the pleading added new claims and allegations and added additional defendants to an existing claim.

[3] *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263 (11th Cir. 2003), another of LCR's cases, is inapposite for a different reason. There the issue was whether the plaintiff – which sought organizational standing in its own right rather than associational standing through its members – had shown a sufficient likelihood of future injury to seek prospective relief. In that context, the court observed that the operative pleading was the most recent complaint setting forth the most up-to-date factual allegations.

[4] Even if the Court were to conclude that LCR could establish standing based upon the date of the filing of the first amended complaint, LCR still cannot establish standing based upon Mr. Nicholson. As we explained in our motion for summary judgment, it is undisputed that Mr.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

-5-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## II.

## **UNDER NO CIRCUMSTANCES DOES JOHN DOE CONFER STANDING**

Perhaps recognizing this well-established body of law, LCR now asserts that John Doe "was a Log Cabin member before October 12, 2004" (Doc. 161 at 12-13). While this contention implies that LCR recognizes that its associational standing to sue is determined at the commencement of the litigation, its assertion is legally and factually flawed. As discussed, the Court's March 22, 2006 Order specifically and unequivocally ordered LCR to "identify, *by name*, at least one of its members injured by the ["Don't Ask, Don't Tell"] policy if it wishes to proceed with this action" (Doc. 24, at 17: 9-10) (emphasis aded). LCR cannot thus rely upon the anonymous John Doe to confer standing; this is true regardless of when Doe became a member of LCR.

Remarkably, LCR asserts, without any factual basis, that John Doe "was a Log Cabin member before October 12, 2004" (Doc. 161 at 4: 12-13), but in the same breath concedes that it lacks evidence to support that assertion. *See id.* at 4: 16-18 ("Log Cabin is attempting to locate" evidence to support assertion). At the summary judgment stage, LCR "can no longer rest on . . . 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed. R. Civ. P. 56(e)" to establish its standing. *Lujan*, 504 U.S. at 561. This showing is especially rigorous where, as here, LCR purports to sue on behalf of "*someone else*." *Id.* at 562 (emphasis in original). LCR's failure to identify by name a member that could sue in his own right at the time of the initial complaint by this point puts an end to the matter. LCR has no right to spring further evidence upon Defendants at the

---

Nicholson never paid dues to LCR before the filing of the first amended complaint on April 28, 2006, or even before his deposition in this case on March 15, 2010 (Doc. 141 at 5; Nicholson Dep. at 9:14-10:7, Mar. 15, 2010, Exhibit 2 to Doc. 136), and, accordingly, was not a member of LCR at the time of the first amended complaint based upon LCR's own articles of incorporation.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

-6-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

April 26, 2010 hearing, especially when any such evidence would have been within its control at the time of the filing of initial complaint. The time for any such new evidence has long passed.

## CONCLUSION

LCR's supplemental memorandum only serves to further reinforce why the Court's tentative ruling is correct, and why this action is the very type of action for which the Court should refrain from proceeding under its Article III powers. Facial challenges such as the one LCR brings here are "disfavored," because they "run contrary to the fundamental principle of judicial restraint" and "threaten to short circuit the democratic process." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008). That is particularly true here, where LCR has failed to establish the minimum requirements of associational standing. For all of these reasons, and those set forth in Defendants' memorandum in support of summary judgment, Defendants are entitled to summary judgment.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

-7-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

| | |
|---|---|
| Dated: April 23, 2010 | Respectfully submitted, |
| | TONY WEST<br>Assistant Attorney General |
| | ANDRÉ BIROTTE, JR<br>United States Attorney |
| | JOSEPH H. HUNT<br>Director |
| | VINCENT M. GARVEY<br>Deputy Branch Director |
| | /s/ *Paul G. Freeborne*<br>PAUL G. FREEBORNE<br>W. SCOTT SIMPSON<br>JOSHUA E. GARDNER<br>RYAN B. PARKER<br>Trial Attorneys<br>U.S. Department of Justice,<br>Civil Division<br>Federal Programs Branch<br>20 Massachusetts Ave., N.W.<br>Room 6108<br>Washington, D.C.  20044<br>Telephone: (202) 353-0543<br>Facsimile: (202) 616-8202<br>paul.freeborne@usdoj.gov |
| | *Attorneys for Defendants United States of America and Secretary of Defense* |

DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543