TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@ usdoj.gov

*Attorneys for Defendants United States
of America and Secretary of Defense*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| LOG CABIN REPUBLICANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense,<br><br>Defendants. | No. CV04-8425 VAP (Ex)<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING ISSUES RELATING TO TENTATIVE RULING REGARDING PLAINTIFF'S STANDING |

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# INTRODUCTION

On April 26, 2010, the Court heard oral argument on its tentative ruling finding that Plaintiff Log Cabin Republicans ("LCR") lacks associational standing to sue because it has failed to carry its burden of establishing that it had a "member" who could have sued in his or her own right at the time this action commenced on October 12, 2004. The Court questioned whether *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and *Loux v. Ray*, 375 F.2d 55 (9th Cir. 1967), create an exception to the rule that standing must exist when an action is first brought. As explained below, neither decision creates such an exception. The Court's tentative ruling is thus correct in recognizing that LCR must establish standing on October 12, 2004.

LCR has failed to carry that burden. LCR's latest attempt to establish standing is through a declaration from C. Martin Meekins, former counsel in this case. While the declaration attempts to establish LCR's associational standing through an anonymous member – "John Doe" – such an attempt fails to comply with the Court's March 22, 2006 Order requiring LCR to identify **by name** one member of LCR who could have sued in his or her own right. That order is the law of the case and there is no basis to reexamine that ruling, which the Court specifically acknowledged in its June 9, 2009 Order. *See* Doc. 83 ("[t]he plain text of the [March 22, 2006] Order . . . requires Plaintiff to **name** a current member of Plaintiff association[.]") (emphasis added). This is particularly true given that this suit involves a facial challenge brought by an association to the constitutionality of a duly enacted statute.

To the extent the Court decides to revisit the March 22, 2006 Order, the Meekins declaration should be stricken pursuant to Rule 37(c)(1). LCR did not disclose Mr. Meekins as an individual likely to have discoverable information in its Rule 26(a)(1) initial disclosures and, indeed, did not disclose him until well after the close of discovery. Furthermore, even if the Court considers the Meekins declaration, summary judgment is still proper because the declaration does not satisfy LCR's burden to show that Doe was a member on October 12, 2004, as Meekins does not say

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING   -1-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

when, if ever, Doe was placed on LCR's membership list or when Meekins transferred Doe's purported payment of dues to LCR. To the extent the Court determines that the Meekins' declaration creates a genuine factual dispute, however, Defendants have a right to probe that dispute through a deposition. Finally, under no circumstances should the Court proceed to a consideration of the merits until LCR satisfies its threshold burden of establishing associational standing necessary to confer jurisdiction upon the Court.

## ARGUMENT

### I. *COUNTY OF RIVERSIDE* AND *LOUX* DO NOT ALTER LCR'S BURDEN TO ESTABLISH STANDING ON OCTOBER 12, 2004

As set forth in Defendants' response (Doc. 162) to LCR's supplemental memorandum regarding the Court's tentative ruling, the Court properly recognized that LCR had the burden of establishing that "at least one if its members had standing to sue in his or her own right as of the date this action commenced" (April 21, 2010 Tentative Minute Order, at 7). During the hearing, the Court questioned whether *County of Riverside,* 500 U.S. 44, or *Loux*, 375 F.2d 55, alters that analysis. As explained below, neither case does so.

*County of Riverside* makes clear that standing to bring any claim must be established at the time the claim is brought. In *County of Riverside*, named plaintiff McLaughlin filed a class action lawsuit alleging that he was being held without probable cause. 500 U.S. at 48. The County brought a motion to dismiss, and McLaughlin, recognizing that his claims likely had been mooted by his release from jail, filed a second amended complaint adding three new plaintiffs, individually and as class representatives, all of whom remained in custody. *Id.* at 48-49.

In determining whether the new plaintiffs had standing, the Supreme Court examined the facts as they existed at the time the second amended complaint was filed because that is when the **new plaintiffs** first asserted their claims: "The County does not dispute that, at the time the second amended complaint was filed, **plaintiffs**

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING -2-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**James, Simon, and Hyde** had been arrested without warrants and were being held in custody without receiving a probable cause determination, prompt or otherwise." *Id.* at 51 (emphasis added).[1]  Significantly, the Court did not include McLaughlin in its analysis of the facts as they existed at the filing of the second amended complaint because he initially had standing at the time of the initial complaint.

*County of Riverside* does not disturb LCR's obligation to establish associational standing at the "outset of the litigation." *Friends of Earth v. Laidlaw Environ. Servs.*, 528 U.S. 167, 180 (2000).  That McLaughlin's claims were subsequently mooted by his release from prison, and he had to rely upon class representatives who suffered injury subsequent to the filing of the complaint, does not impact LCR's burden here. "In a class action, standing is satisfied *if at least one named plaintiff* meets the requirements" of Article III standing. *Bates v. United Parcel Serv.*, 511 F.3d 974, 985 (9th Cir. 2007) (emphasis added), citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001); *see also Casey v. Lewis*, 4 F.3d 1516, 1520, 1524 (9th Cir. 1993) (noting that absence of *any* class representative at the pleadings stage with injury-in-fact precludes exercise of subject-matter jurisdiction).  Here, by contrast, LCR is the only plaintiff, and must demonstrate that it had standing when the action commenced on October 12, 2004.

The Ninth Circuit's opinion in *Loux* also does not alter LCR's burden to establish standing on October 12, 2004.  *Loux* does not even address standing, nor even dismissal for subject-matter jurisdiction under Rule 12(b)(1).  In *Loux*, a pro se

---

[1] LCR makes much of the Supreme Court's statement in *County of Riverside* that the second amended complaint was the "operative pleading." *Id.* at 48.  Yet standing analysis depends on when claims were brought, not whether a complaint is the "operative pleading."  "A careful reading of *County of Riverside* demonstrates that the second amended complaint was **important not because it was the operative pleading but because it was the complaint which named three additional plaintiffs** who were still in custody at the time the complaint was filed, and who were the plaintiffs found to have standing by the Court." *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004) (quotations omitted) (emphasis added); *see also Saleh v. Fed. Bureau of Prisons*, 2009 WL 3158120,*5 (D. Colo. 2009).

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING            -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

inmate originally sued both the state and several prison officials for damages. 375 F.2d at 56-57. The district court dismissed the plaintiff's claim under Rule 12(b)(6) for failure to state a claim, and the plaintiff filed an amended complaint naming only the State of Washington as a defendant. *Id.* at 57. In addition to filing an amended complaint, the plaintiff also submitted certain other documents, including one designated as a "motion for a new trial." *Id.* The district court treated the "motion for a new trial" as one seeking reconsideration of its earlier ruling dismissing the case, and dismissed the plaintiff's amended complaint. *Id.* The Ninth Circuit reversed the district court's dismissal and held that the district court "misconceived the purpose of the document denominated 'Motion for a New [T]rial,'" and that the plaintiff was actually seeking a trial on the amended complaint. *Id.*

It was in this context that the Ninth Circuit held that "[w]hen the trial court dismissed the original complaint, it did not dismiss the action," and that "plaintiff could file an amended complaint as a matter of right under Rule 15(a)." *Id.* The Ninth Circuit further explained that, in the context of amending a complaint to properly state a cause of action, "[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent," and that "[b]y filing an amended complaint, plaintiff waives any error in the ruling to the original complaint." *Id.*[2] The Court said nothing about standing. *Loux* thus does not address LCR's burden to

---

[2] The cases cited in *Loux* confirm that the case has nothing to do with standing. For example, in *Bullen v. De Bretteville*, 239 F.2d 824 (9th Cir. 1956), two plaintiffs made claims in the original complaint, but only one of the two plaintiffs asserted claims in the amended complaint. The district court, however, awarded relief to the plaintiff who was not included in the amended complaint. On appeal, the Ninth Circuit rejected plaintiff's argument that the defect in the amended complaint was cured by the original complaint, holding that "[o]nce amended, the original no longer performs any function as a pleading and cannot be utilized to aid a defective amendment." *Id.* at 833. Similarly, in *Nisbet v. Van Tuyl*, 224 F.2d 66 (7th Cir. 1955), the defendant claimed that summary judgment was warranted based upon material omissions contained in plaintiff's original complaint that were later corrected in the amended complaint. The Seventh Circuit rejected the defendant's argument, and held that "[t]he prior pleading is in effect withdrawn as to all matters not restated in the amended pleading . . ." *Id.* at 71.

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING      -4-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

establish its associational standing from the time it commenced suit on October 12, 2004.

## II. LCR HAS FAILED TO CARRY ITS STANDING BURDEN HERE

Despite being afforded numerous opportunities to establish standing, LCR has failed to do so by identifying by name one "member" who would have had standing to bring this lawsuit when filed on October 12, 2004. In its latest effort to remedy this fatal flaw, LCR has now (only hours before the hearing) offered the declaration of Meekins, by which it has attempted to establish LCR's associational standing through the anonymous "Lt. Col. John Doe" (Doc. 163). For a number of reasons, the Court should reject LCR's latest attempt to manufacture standing.

### A. LCR Must Identify A Member By Name

Having failed to establish standing through the only member it named, Mr. Nicholson, LCR cannot rely upon the anonymous "John Doe" alone to confer standing. The Court's March 21, 2006 order required LCR to "identify **by name**, at least one of its members injured by the subject policy if it wishes to proceed with this action." (Doc. No. 24, at 17:8-10) (emphasis added). The Court should not revisit this decision.

"As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (citation omitted). "[W]hen the law of the case doctrine is applied by a court to its own prior decisions . . . the doctrine is properly characterized as discretionary in nature." *See* Moore's Federal Practice § 134.21[1] (3d ed. 2003).[3] The Ninth Circuit has explained that, under the law of the case doctrine, a district court "is ordinarily precluded from reexamining an issue

---

[3] *See also U.S. v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004) ("The law of the case doctrine precludes a court from reconsidering an issue that it has already resolved. Issues that a district court determines during pretrial motions become law of the case") (footnote omitted).

DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING ISSUES RELATING TO TENTATIVE RULING REGARDING PLAINTIFF'S STANDING

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING         -5-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

previously decided by the same court . . . in the same case." *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004). "The doctrine is 'a judicial intervention designed to aid in the efficient operation of court affairs,'" and "serves to advance the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided." *Id.* at 948-49 (citations omitted). Although application of the law of the case under these circumstances is "discretionary," *id.* at 949, that discretion is not without limits.

The Ninth Circuit has held that it is an abuse of discretion for the court to depart from its prior rulings in the absence of one of the following five circumstances: "1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) manifest injustice otherwise would occur." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (reversing district court's departure from law of the case). None of the five exceptions apply here.

First, the 2006 Order was not "clearly erroneous." In that Order, the Court expressly considered and rejected the confidentiality concerns raised by LCR in disclosing the identity of one of its members, holding that "there have been numerous challenges to the military's policy on homosexuality where individual servicemen and women have openly identified themselves as plaintiffs" (Doc. 24, at 16: 8-9), and these challenges "demonstrate that here, as in other situations in the country's history, individuals who believe their Constitutional rights have been violated will step forward to legally challenge the perceived injustice despite the potential consequences of being identified in a lawsuit." *Id.* at 17:3-7. The Order further explained that "the Court is not convinced that the threat of investigation or discharge justifies the failure to identify a member having standing to assert the claims presented in this action" (*id.* at 17: 6-7), and noted that "[t]he Court finds LCR's confidentiality argument even less persuasive considering the organization claims to represent members *already* separated or discharged from the Armed Forced pursuant to the policy." *Id.* at 17 n.

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING                -6-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

7. Indeed, the 2006 Order is particularly persuasive when considering the fact that LCR is bringing a *facial* constitutional challenge based upon associational standing. Basing such a challenge upon the standing of an anonymous Doe plaintiff would stretch the "Case or Controversy" requirement of Article III to its logical breaking point. Accordingly, the first exception to the law of the case doctrine is inapplicable.

Second, there has been no intervening change in the law relevant to the issue of proceeding anonymously for purposes of associational standing that would justify departure from the 2006 Order. Third, because this case has not gone up on appeal, the factor related to the evidence on remand being "substantially different" does not apply by its own terms. Fourth, there are no other changed circumstances that exist justifying departure from the 2006 Order.

Finally, no manifest injustice would occur by adhering to the Court's 2006 Order. Indeed, in purported compliance with that Order, LCR identified Mr. Nicholson, a service member discharged under the policy, as an LCR member. Although discovery has conclusively proven that Mr. Nicholson was, in fact, not a member – either at the time of the original complaint or at the time of LCR's amended complaint – that is a problem of LCR's own making. LCR has repeatedly claimed that it has members who have been discharged under the policy, and, as the Court previously held, LCR could have named a member just as in the "numerous challenges" to the policy by individuals who believe their constitutional rights have been violated. Doc. 24 at 16:8-10. Because LCR has failed to meet its burden to establish standing, despite ample opportunity to do so, Defendants are entitled to summary judgment.

### B. The Meekins Declaration Should Be Stricken

Even if the Court reconsiders its prior ruling and allows LCR to proceed with an anonymous member, it should strike the Meekins declaration pursuant to Rule 37(c)(1) because LCR failed to identify him either in its Rule 26(a) initial disclosures (attached hereto), or otherwise make his identity known during the course of

discovery in this case. Where a party fails to provide information or identify a witness under Rules 26(a) or (e), that party is prohibited from using that witness to supply evidence on a motion, including an opposition to summary judgment, unless the party can demonstrate a substantial justification for its failure or otherwise demonstrate that its failure was harmless. *See* Fed. R. Civ. P. 37(c)(1); *see Garcia v. Qwest Corp.*, No. 07-99, 2008 WL 4531657, *5 (D. Ariz. Oct. 3, 2008) (holding that plaintiff was precluded from relying upon witnesses to support opposition to summary judgment where plaintiff failed to identify witness in initial disclosures).

The deadlines for disclosure contained in the Federal Rules and in scheduling orders are "to be taken seriously," and compliance with Rule 26 is "essential, both as a matter of fairness to litigants and as a matter of orderly procedure during the series of interdependent scheduled events which occur in the final phases of discovery, motion work and trial preparation." *Garcia*, 2008 WL 4531657, at *2 (quoting *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994)). "Exclusion is the ordinary remedy" for non-disclosure of witnesses. *Hagan v. California Forensic Med. Group*, No. CIV-S-07-1095, 2009 WL 689740, at *3 (E.D. Cal. Mar. 5, 2009). The Ninth Circuit has upheld the district court's exclusion of a witness that was not disclosed until after the close of discovery, particularly where the other party did not have the opportunity to depose the witness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).[4] Because, under the circumstances, LCR cannot meet its burden of establishing that its failure to disclose Mr. Meekins until after the close of discovery was substantially justified or otherwise harmless, the Court should strike the Meekins declaration.

---

[4] *See also Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) (upholding district court's exclusion of previously unidentified witness); *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopeic, Inc.*, No. 2:06-cv-2879, 2008 WL 2441067 (E.D. Cal. June 13, 2008) (excluding expert witness who were not properly disclosed in Rule 26(a) disclosures); *Hagan*, 2009 WL 689740, at *4 (excluding declarations in support of opposition to summary judgment from previously undisclosed witnesses).

### C. Summary Judgment Is Appropriate Even if The Court Considers Meekins' Declaration

Even if the Court considers the Meekins declaration, LCR has not created a genuine issue of fact regarding its standing to sue. If the Court were to accept as true everything in the Meekins declaration at the summary judgment stage, *see Lujan v. Defenders of Wildlife*, 504 U.S. 563, 561 (1992), the declaration still does not establish standing. Meekins states in his declaration that Doe gave him the "money to pay his [LCR] membership dues *before* the original complaint was filed in this matter." *See* Doc. No. 163, 1:27-2:1 (emphasis in original). He then declares that he "transferred these funds to [LCR]." *Id.* at 2:1. Absent from Meekins' declaration is any indication as to **when** he allegedly transferred Doe's alleged payment to LCR, purportedly making Doe a member of LCR. Indeed, the declaration implies that Meekins transferred the payment received from Doe to LCR only after the Complaint had been filed, and that Doe was not placed on LCR's membership list prior to the complaint (indeed, it is not clear that he was *ever* placed on the list). Moreover, although Meekins was a member of the Board, Meekins was outside counsel to LCR at the time, and the Meekins declaration states only that **Meekins, not LCR or even other Board Members,** "considered 'John Doe' to be a member of Log Cabin Republicans prior to the date the initial complaint was filed." Doc. 163, at 2:2-3. A statement that counsel "considered" Doe to be a member cannot suffice. LCR has the burden of establishing standing, *Schmier v. United States Ct. of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002), and has failed to do so here.[5]

---

[5] In the alternative, if the Court concludes that the Meekins' declaration is both admissible and creates a triable issue of fact then, at a minimum, Defendants are entitled to depose Mr. Meekins about his declaration. As explained above, the Meekins declaration raises more questions than it answers about whether Mr. Doe was actually a member of LCR on October 12, 2004. Moreover, LCR's choice not to submit a new declaration from John Doe himself, but rather to rely entirely upon a generalized declaration from a previously undisclosed witness raises additional questions about the timing of John Doe's purported membership in LCR (and thus LCR's standing). In addition, discovery in this case has confirmed that there are

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING

-9-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

### D. If Summary Judgment Is Denied, This Court Should Hold A Hearing on the Question of Standing

Finally, to the extent the Court concludes that there is a genuine issue of material fact in dispute regarding LCR's standing, the Court should bifurcate proceedings and resolve the issue of LCR's standing before considering the merits of LCR's facial constitutional challenge. *See Sepulveda v. Pacific Maritime Assoc.*, 878 F.2d 1137, 1138 (9th Cir. 1989) (bifurcating trial to resolve issue of plaintiffs' standing before addressing the merits of plaintiffs' claims); *Greener v. Cadle Co.*, 298 B.R. 82, 86 (N.D. Tex. 2003) (noting that bankruptcy court "bifurcated the underlying bankruptcy action, so that it could resolve the issue of standing before it tried the merits of the adversary claim."); *In re Allan S. Katz*, No. 98-C-4860, 1999 WL 14485, at *1 (N.D. Ill. Jan. 6, 1999) (holding evidentiary hearing on standing prior to adjudicating merits). Only that approach reflects proper respect for the requirement that a Court assure itself of Article III standing before addressing the merits.

### CONCLUSION

For the reasons set forth in the Court's tentative ruling and the March 22, 2006 Order, the Court should grant Defendants summary judgment based upon LCR's failure to demonstrate standing.

---

legitimate reasons to question statements made in the declarations tendered by LCR. It was only through the depositions of Terry Hamilton, LCR's National Chairman, and Mr. Nicholson, that Defendants discovered that Nicholson was, in fact, **not** a member of LCR – either at the time of the original or amended complaint. Probing the gaps in the Meekins declaration may well reveal similar deficiencies. And given that the standing issue here goes to the Court's very power to hear the case, there is no justification for letting these deficiencies remain unexplored. In any case, the Court should not proceed to a consideration of the merits prior to resolving the issue of LCR's standing. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING      -10-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

| | |
|---|---|
| Dated: May 3, 2010 | Respectfully submitted, |
| | TONY WEST<br>Assistant Attorney General |
| | ANDRÉ BIROTTE, JR<br>United States Attorney |
| | JOSEPH H. HUNT<br>Director |
| | VINCENT M. GARVEY<br>Deputy Branch Director |
| |   */S/ Paul G. Freeborne*<br>PAUL G. FREEBORNE<br>W. SCOTT SIMPSON<br>JOSHUA E. GARDNER<br>RYAN B. PARKER<br>Trial Attorneys<br>U.S. Department of Justice,<br>Civil Division<br>Federal Programs Branch<br>20 Massachusetts Ave., N.W.<br>Room 6108<br>Washington, D.C. 20044<br>Telephone: (202) 353-0543<br>Facsimile: (202) 616-8202<br>paul.freeborne@usdoj.gov |
| | *Attorneys for Defendants United States of America and Secretary of Defense* |

DEFENDANTS' SUPPLEMENTAL BRIEF
ADDRESSING ISSUES RELATING TO TENTATIVE
RULING REGARDING PLAINTIFF'S STANDING

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543