TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@usdoj.gov

*Attorneys for Defendants United States of America and Secretary of Defense*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LOG CABIN REPUBLICANS,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense,<br>Defendants. | No. CV04-8425 VAP (Ex)<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF ON STANDARD OF REVIEW |

# TABLE OF CONTENTS

**page**

INTRODUCTION . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 3

I. The Court Should Defer Adjudicating the Constitutional Challenge to DADT Based upon Recent Legislative Events . . . . . . . . 3

II. The Court Already Has Correctly Ruled That the *Witt* Standard Does Not Apply . . . . . . . . . . 6

III. Assuming Heightened Scrutiny Were Applied, the Standard in *Beller* Controls and Requires Judgment in Favor of Defendants . . . . . . . . . . 9

IV. LCR Cannot Satisfy its Burden under a Facial Challenge Regardless of the Standard of Review Applied by the Court . . . . . . 12

V. Because the Only "Evidence" Appropriate for Consideration in this Case Is the Statute and Legislative History, a Trial Concerning LCR's Facial Constitutional Challenge Is Unwarranted . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . 14



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# TABLE OF AUTHORITIES

## CASES

*Beller v. Middendorf*, 632 F.2d 788 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bowers v. Hardwick*, 478 U.S. 186 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cook v. Gates*, 528 F.3d 42 (1st Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..10, 11,12

*FCC v. Beach Commc'n*, 508 U.S. 307 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Goldman v. Weinberger*, 475 U.S. 503 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 14

*Holmes v. California Army National Guard*, 124 F.3d 1126 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kremens v. Bartley*, 431 U.S. 119 (1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lawrence v. Texas*, 539 U.S. 558 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Leyva v. Certified Grocers of Ca. Ltd.*, 593 F.2d 857 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S. Ct. 1324 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Philips v. Perry*, 106 F.3d 1420 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rostker v. Goldberg*, 453 U.S. 57 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sell v. United States*, 539 U.S. 166 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Spector Motor Services v. McLaughlin*, 323 U.S. 101 (1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*U.S. v. Vilches-Navarrete*, 523 F.3d 1 (1st Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

*United States v. Raines*, 362 U.S. 17 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Salerno*, 481 U.S. 739 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

*Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Witt v. Department of the Air Force*, 527 F.3d 806 (9th Cir. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**STATUTES**

10 U.S.C. § 654. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**INTRODUCTION**

Pursuant to the Court's Order of May 27, 2010, *see* Doc. 170 at 26, defendants submit this supplemental brief addressing the potential application of the standard of review set forth in *Witt v. Dep't of the Air Force*, 527 F.3d 806 (9th Cir. 2008), to plaintiff Log Cabin Republicans' ("LCR's") facial challenge to the "Don't Ask, Don't Tell" ("DADT") statute, 10 U.S.C. § 654, and implementing regulations.

First, at the outset, defendants urge this Court to defer any ruling as to the applicability of the *Witt* standard to LCR's facial challenge and, indeed, to stay all further proceedings in this case because the political branches have taken concrete steps to facilitate repeal of the DADT statute. On May 27, 2010, consistent with the strong policy views of the Administration, a majority of the House of Representatives and a majority of the Senate Armed Services Committee voted in support of a measure to repeal the statute upon the issuance of a written certification (signed by the President, the Secretary of Defense, and the Chairman of the Joint Chiefs of Staff) stating, *inter alia*, that the Department of Defense had completed its review of implementation of repeal, that the necessary policies and regulations have been prepared, and the implementation of those policies and regulations is consistent with standards of military readiness, military effectiveness, unit cohesion, and recruiting and retention. In light of these developments, principles of constitutional avoidance and respect for the coequal branches of government militate in favor of a stay of proceedings pending completion of the process already undertaken by the political branches. Indeed, this is particularly true where, as here, a plaintiff brings a facial constitutional challenge. Accordingly, the Court should await the outcome of the process in which the political branches are now engaged before deciding the constitutional question presented.



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Second, should the Court decide to proceed notwithstanding these legislative developments, it already has correctly ruled in its June 9, 2009 Order that the Ninth Circuit "explicitly" limited the three-part analysis set forth in *Witt* to as-applied challenges, and that LCR's facial challenge is therefore governed by rational basis, not heightened review. *See* Doc. 83 at 17. There is no basis to reconsider that ruling, which was and remains correct. Indeed, the Ninth Circuit could not have been more clear on that score. The Court of Appeals stated: "[W]e hold that this heightened scrutiny analysis is as-applied rather than facial. 'This is the preferred course of adjudication since it enables courts to avoid making unnecessarily broad constitutional judgments.'" *Witt*, 527 F.3d at 819 (quoting *City of Cleburne v. Cleburne Living Ctr., Inc*., 473 U.S. 432, 447 (1985)). *Witt*'s heightened scrutiny standard thus has no application here.

Third, even if the Court were now to subject the DADT statute to some form of heightened review beyond rational basis review, the Ninth Circuit previously has considered and rejected, under intermediate scrutiny, a facial substantive due process challenge to the prior, more restrictive version of the policy. *See Beller* v. *Middendorf*, 632 F.2d 788, 810-11 (9th Cir. 1980) (Kennedy, J.). Because *Witt* does not disturb the analysis employed in *Beller* with respect to facial challenges, the *Beller* standard, not the as-applied *Witt* standard, is binding. Because LCR's substantive due process challenge to the DADT statutory policy would fail under the *Beller* analysis, defendants are entitled to summary judgment as a matter of law.

Finally, to the extent the Court nonetheless decides incorrectly to apply the *Witt* as-applied test in its entirety to LCR's facial challenge, a trial concerning that facial challenge is unnecessary and inappropriate. As settled Supreme Court precedent makes clear, whether under rational basis review or some form of heightened scrutiny, reliance on expert witnesses to undermine the military judgment of Congress is inappropriate. Under our constitutional scheme, it is not



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

for the judiciary to determine whether and to what extent the facts underlying that military judgment have changed. Such a determination is one for the political branches, which are actively engaged in precisely such an analysis.

## ARGUMENT

### I. The Court Should Defer Adjudicating the Constitutional Challenge to DADT Based upon Recent Legislative Events

The Court should defer ruling on whether LCR's facial challenge to DADT is governed by the standard of review set forth in *Witt,* because the political branches have taken concrete steps to facilitate repeal of the DADT statute.

At the July 6, 2009 status conference, *see* Doc. 105-2 at 4-5, the Court asked the parties to make it aware of any legislative developments regarding possible repeal of the DADT statute. The Court should be aware that on May 27, 2010, a majority of the House of Representatives and a majority of the Senate Armed Services Committee voted to add to the fiscal 2011 defense authorization bill a measure to repeal the DADT statute. Repeal would be effective upon the issuance of a written certification (signed by the President, the Secretary of Defense, and the Chairman of the Joint Chiefs of Staff) stating, *inter alia*, that the Department of Defense has completed its Comprehensive Review on the Implementation of a Repeal of 10 U.S.C. § 654 (currently expected to be completed in December 2010), and that –

(A) the President, the Secretary of Defense, and the Chairman of the Joint Chiefs of Staff have considered the recommendations contained in the report and the report's proposed plan of action;

(B) the Department of Defense has prepared the necessary policies and regulations to exercise the discretion provided by the repeal of § 654; and

(C) the implementation of necessary policies and regulations pursuant to the discretion provided by the repeal of § 654 is consistent with the standards of

military readiness, military effectiveness, unit cohesion, and recruiting and retention of the Armed Forces.

The House and Senate bills contain identical language and are attached hereto as Exhibits 1 and 2, respectively, for the Court's convenience and review.

In light of the potential passage of this legislation and the written certifications by the Executive Branch, for several reasons the Court should defer resolving LCR's facial constitutional challenges to DADT.

First, courts should not decide constitutional issues if they can reasonably avoid doing so. *See Spector Motor Servs. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable."); *U.S. v. Vilches-Navarrete*, 523 F.3d 1, 10 n.6 (1st Cir. 2008) ("The maxim that courts should not decide constitutional issues when this can be avoided is as old as the Rocky Mountains and embedded in our legal culture for about as long.").

As the Supreme Court explained in rejecting a constitutional challenge to a statute that subsequently had been repealed: "Constitutional adjudication being a matter of 'great gravity and delicacy,' we base our refusal to pass on the merits on "the policy rules often invoked by the Court 'to avoid passing prematurely on constitutional questions. Because (such) rules operating in 'cases confessedly within (the Court's) jurisdiction' . . . they find their source in policy rather than purely constitutional considerations.'" *Kremens v. Bartley*, 431 U.S. 119, 128 (1977) (citations omitted).

The principle articulated in *Kremens* applies with equal force in this case, where LCR brings a facial challenge. It is well-established that "[a] facial challenge to a legislative Act is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). A

finding of facial invalidity, therefore, is the most sweeping constitutional pronouncement a court can make. It is thus a judgment that courts should refrain from making unless the need to do so "is unavoidable." *Spector Motor Servs.,* 323 U.S. at 105. Indeed, the Ninth Circuit recognized as much in *Witt* itself, noting that facial challenges invite "'unnecessarily broad constitutional judgments.'" *Witt*, 527 F.3d at 819 (internal citation omitted). Here, where one house of Congress has passed legislation to repeal DADT and the other house is moving forward with repeal, there is plainly no unavoidable necessity to render judgment on the facial validity of DADT. Because a service member separated between now and the effective date of any legislation repealing DADT could bring an as-applied challenge to a DADT-compelled separation, adjudication of LCR's facial challenge is both avoidable and premature.

Second, the Ninth Circuit has recognized that a court may properly stay a case to allow the resolution of independent proceedings that may bear on the case. *Leyva v. Certified Grocers of Ca. Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."). Here, because the results of the legislative proceedings may render this case moot, the Court should stay this case and avoid unnecessarily adjudicating the contested constitutional questions.

Third, deferring ruling on LCR's facial constitutional challenge is in the best interest of the parties, the Court, the public, and the military. *See Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (in determining whether to grant a stay, courts should consider the interests of the parties, the public, and the court). LCR has stated that, if this case



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

proceeds to trial, it intends to call seven expert witnesses and tentwelve fact witnesses, and introduce over 3,000 pages of documents as trial exhibits.[1] Deferring ruling on LCR's facial constitutional claim would potentially save the parties and the Court from expending considerable time and resources on pretrial motions, trial preparation, trial, and any potential post-trial briefing concerning the constitutionality of a statute that may be repealed.

Finally, the public and military also have an interest in having Congress and the Executive Branch, rather than the Court, decide this issue. The Supreme Court has articulated both constitutional and institutional reasons for allowing Congress, rather than the courts, to make decisions regarding the military. *Rostker v. Goldberg*, 453 U.S. 57, 66 (1981) ("Not only is the scope of Congress' constitutional power in this area broad, but the lack of competence on the part of the courts is marked."). Indeed, the repeal provision before Congress contains a series of specific requirements that will ensure that the potential repeal of DADT is implemented efficiently and in a manner that takes into account the results of the study by the military working group.

In light of these recent legislative developments, the Court should defer ruling on LCR's facial constitutional challenge to allow the political branches to properly consider whether the implementation of a repeal would be consistent with the standards of military readiness, military effectiveness, and unit cohesion.

## II. The Court Already Has Correctly Ruled That the *Witt* Standard Does Not Apply

Should this Court nevertheless decide to consider LCR's facial challenge in these unusual circumstances, it should adhere to its prior ruling that the standard of review set forth in *Witt* governs only as-applied – not facial – challenges. *See*

[1] Because evidence is inappropriate in a facial challenge to a federal statute, defendants intend to file at the appropriate time motions *in limine* to exclude LCR's expert witnesses, lay testimony (whether provided live at trial or through deposition designation), and trial exhibits.



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Doc. 83 at 15-17. The *Witt* standard referenced in the Court's Order of May 27, 2010, is the same standard and language that the Court discussed in its earlier June 9, 2009 Order. *Compare* Doc. 83 at 15:12-18 *with* Doc. 177 at 26:11-14 (quoting same text from *Witt*, 527 F.3d at 819). The Court correctly noted that "[i]n the same discussion" in *Witt* where this standard is set forth, the "Ninth Circuit . . . **explicitly** 'h[e]ld that this heightened scrutiny analysis is as-applied rather than facial . . . .'" *See* Doc. 83 at 15:22-23 (quoting *Witt*, 527 F.3d at 819) (emphasis added). This conclusion is indisputably correct, and there is no basis to revisit the Court's earlier ruling in this regard. Nor is there any basis to now reconsider the Court's recognition that the Ninth Circuit's decision in *Witt* "clearly limits the heightened scrutiny standard it announces to [as-applied] challenges." *See* Doc. 83 at 16: 17-18. This Court's ruling that LCR cannot "rely upon *Witt*'s heightened scrutiny standard" and must instead show that the policy violates rational basis review, *see* Doc. 83 at 17:1-3, is correct and should be applied at the summary judgment stage if the Court decides not to stay the litigation.

Critical to the Ninth Circuit's analysis in *Witt* was its conclusion that the modified analysis employed in *Sell v. United States*, 539 U.S. 166 (2003), must be "as-applied rather than facial." *See* Witt, 527 F.3d at 819. The Ninth Circuit thus made clear that challenges to the DADT statute under heightened scrutiny must be as-applied and conducted through an "individualized balancing analysis." *Witt*, 527 F.3d 821. The court in *Witt* emphasized that the application of the second and third *Sell* factors requires an "as-applied" challenge tied "specifically" to the circumstances of an individual. *Id*. at 821. It is "[o]nly then [that] DADT [can] be measured against the . . . constitutional standard" adopted in *Witt*. *Id*.



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

The Ninth Circuit insisted upon such an as-applied application of heightened scrutiny because courts otherwise would be pressed, as here, to make "unnecessarily broad constitutional judgments." *Id*. at 819 (citations omitted).[2] Applying the three-part *Witt* test equally to both facial and as-applied challenges would contravene the core rationale for the *Witt* test, as well as Supreme Court precedent recognizing that facial challenges to statutes such as the DADT statute are disfavored. *See Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 452 (2008). Because "[c]laims of facial invalidity often rest on speculation . . . they raise the risk of 'premature interpretation of statutes on the basis of factually barebones records.'" *Id*. at 450 (quoting *Sabri v. United States*, 541 U.S. 600, 609 (2004)). "Facial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'" *Id*. (quoting *Ashwander v. TVA*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring)); *accord United States v. Raines*, 362 U.S. 17, 21(1960). Permitting facial challenges to proceed, moreover, "threaten[s] to short circuit the

---

[2] Because of the Ninth Circuit's recognition in this regard, defendants continue to contend that LCR's facial challenge cannot continue after the Ninth Circuit's decision in *Witt*. First, the *Witt* panel was careful to note that only "as-applied" substantive due process challenges to the statute can proceed. *See* Doc. 77 at 5-7 (citing and quoting *Witt*). Because LCR makes a facial challenge to the statute, its substantive due process challenge cannot proceed as a matter of law. And second, unlike the situation in *Witt*, which was brought by an individual, LCR seeks to establish associational standing to challenge the statute. *See* Doc. 77 at 7-8. Because *Witt* now makes clear that substantive due process challenges require the involvement of an individual, however, LCR cannot satisfy its burden of establishing associational standing; associational standing is precluded as a matter of law where the involvement of an individual is required. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 342-343 (1977) ("so long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction").



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution." *Wash. State Grange*, 552 U.S. at 451. Accordingly, binding Ninth Circuit precedent requires that, in adjudicating LCR's substantive due process challenge, the Court should refrain from applying the *Witt* standard altogether and, instead apply rational basis review.[3]

## III. Assuming Heightened Scrutiny Were Applied, the Standard in *Beller* Controls and Requires Judgment in Favor of Defendants

Assuming the Court were now to adopt some form of heightened scrutiny in analyzing LCR's facial substantive due process challenge, the Ninth Circuit's binding decision in *Beller v. Middendorf*, 632 F.2d 788 (9th Cir. 1980), would apply, not the standard of review set forth in the *Witt* case.

In *Beller*, the Ninth Circuit rejected a facial substantive due process challenge to the more restrictive policy that preceded the DADT statute. *See id.* at 810-11. In evaluating that prior policy, the court assumed for the sake of argument that a heightened constitutional level of scrutiny applied to it. *See id.* at 810. The court nonetheless upheld the policy even under that assumption, emphasizing that the military's identity as the employer was "crucial" to its decision to reject plaintiffs' facial substantive due process challenge, because the

[3] The first *Witt* factor – whether the statute advances "an important governmental interest" – applies equally whether the analysis is facial or as applied. Although the Ninth Circuit in *Witt* remanded that case to the district court to develop a factual record on the application of the second and third prongs "as applied to Major Witt," 527 F.3d at 821, the Court of Appeals concluded that DADT satisfies the first factor of the *Witt* analysis. As the *Witt* panel observed, "[i]t is clear that the government advances an important governmental interest. DADT concerns the management of the military, and judicial deference to . . . congressional exercise of authority is at its apogee when legislative action under the congressional authority to raise and support armies and make rules and regulations for their governance is challenged." 527 F.3d at 821 (quoting *Rostker*, 453 at 70).



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

"Supreme Court has repeatedly held that constitutional rights must be viewed in light of the special circumstances and needs of the armed forces." *Id.*

*Beller* remains good law in the context of a *facial* constitutional challenge. Indeed, although the Ninth Circuit in *Witt* concluded that *Beller* had been overruled by subsequent Supreme Court precedent <u>involving as-applied challenges</u> and thus that *Beller* did not foreclose an <u>as-applied challenge</u> to the DADT statute, *see* 527 F.3d at 819-20 & n.9, *Witt* did <u>not</u> abrogate *Beller*'s holding that facial challenges to the military's more restrictive version of DADT would fail. *See id.* at 820 (noting that "in *Beller* we explicitly declined to perform an as-applied analysis"). And a facial challenge is the only type of challenge brought here.[4]

The Ninth Circuit's facial substantive due process analysis in *Beller* is entirely consistent with the post-*Lawrence* facial due process analysis employed by the First Circuit in *Cook v. Gates*, 528 F.3d 42 (1st Cir. 2008). In *Cook*, the First Circuit rejected a facial substantive due process challenge to DADT. *Id.* at 56. The court held that the *Lawrence* Court "made it abundantly clear that there

---

[4] In holding that plaintiff's complaint stated a viable facial substantive due process claim, this Court relied on Justice Kennedy's opinion in *Lawrence* v. *Texas*, 539 U.S. 558 (2003). *Lawrence* sustained a substantive due process challenge to a statute that criminalized homosexual conduct among consenting civilian adults, thus overruling *Bowers* v. *Hardwick*, 478 U.S. 186 (1986), which had reached the opposite conclusion for a similar criminal statute. *Id.* at 578. This Court reasoned that *Lawrence* implicitly overruled *Holmes* v. *California Army National Guard*, 124 F.3d 1126, 1136 (9th Cir. 1997), because *Holmes* had relied on *Bowers* in rejecting a substantive due process challenge to DADT. *See* Doc. 83 at 17-18. But *Lawrence* does not undermine the reasoning on which then-Judge Kennedy relied 23 years earlier to reject the facial substantive due process challenge in the *Beller* case. *Beller* concluded that the issue presented in *Lawrence* – that is, whether the government may criminalize homosexual conduct done in the privacy of the home by consenting civilian adults – is distinct from the issue in this case – that is, whether Congress may require those serving in the military to refrain from engaging in homosexual conduct. *Beller* stated that other "cases might require resolution of the question whether there is a right to engage in this conduct in at least some circumstances." 632 F.2d at 810. "The instant cases," the court observed in *Beller*, "are not ones in which the state seeks to use its criminal processes to coerce persons to comply with a moral precept even if they are consenting adults acting in private without injury to each other." *Id.*

are many types of sexual activity that are beyond the reach of that opinion," and that DADT "includes such other types of sexual activities." *See id.*

As in *Beller*, the First Circuit in *Cook* recognized that deference to Congress in military matters is "well-established." *Id.* at 57 ("It is unquestionable that judicial deference to congressional decision-making in the area of military affairs heavily influences the analysis and resolution of constitutional challenges that arise in this context"). This measure of deference is to be accorded regardless of the standard of review that applies. In *Goldman v. Weinberger*, 475 U.S. 503 (1986), for example, a serviceman who was both an Orthodox Jew and an ordained rabbi challenged an Air Force regulation preventing him from wearing his yarmulke while in uniform, claiming that the regulation infringed upon his First Amendment freedom of exercise and religious belief. The Court declined to second-guess the military's judgment that requiring servicemembers to wear only authorized headgear promoted military discipline and readiness, recognizing that "when evaluating whether military needs justify a particular restriction on religiously motivated conduct, courts must give great deference to the professional judgment of military authorities concerning the relative importance of a particular military interest." *Id.* at 507. The Supreme Court thus rejected plaintiff's First Amendment challenge and held that its "review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society." *Id*. at 507. The appellate courts in *Beller* and *Cook* recognized the management of the military as an important government interest, and the Ninth Circuit has reaffirmed that important governmental interest in *Witt*. *See Witt*, 527 F.3d at 821.

Accordingly, even if this Court were to decide to forgo rational-basis review and apply a higher standard of scrutiny, it is bound by the standard recognized in *Beller*. Under that standard, defendants are entitled to summary judgment.



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## IV. LCR Cannot Satisfy its Burden under a Facial Challenge Regardless of the Standard of Review Applied by the Court

As noted above, a facial challenge "is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *Salerno*, 481 U.S. at 745.

In fact, as the First Circuit held, there are undoubtedly applications of DADT that are constitutional. *See Cook*, 528 F.3d at 56. Accordingly, any facial challenge must fail.

Moreover, given (1) the extensive findings contained in DADT's legislative history, and (2) the substantial deference this Court owes to those findings particularly in the context of military affairs, LCR cannot discharge its heavy burden of establishing a facial substantive due process violation, regardless of the standard of review applied.

The Ninth Circuit already has observed that Congress in 1993 could have found that the DADT policy "further[s] military effectiveness." *Philips v. Perry*, 106 F.3d 1420, 1429 (9th Cir. 1997). The Ninth Circuit in *Philips* concluded that the Court of Appeals could not say that "the Navy's concerns are based on 'mere negative attitudes, or fear, unsubstantiated by factors which are properly cognizable' by the military," nor could it say that the rationale for the policy "lacks any 'footing in the realities' of the Naval environment in which Philips served." *Id.* (quoting *Cleburne*, 473 U.S. at 448). Because the Ninth Circuit's determination in this regard would apply equally to a case governed by rational basis or a case governed by some form of heightened review, LCR cannot satisfy its burden of proof under its facial challenge regardless of the standard of review.



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## V. Because the Only "Evidence" Appropriate for Consideration in this Case Is the Statute and Legislative History, a Trial Concerning LCR's Facial Constitutional Challenge Is Unwarranted

In its May 27, 2010 Order, this Court granted defendants leave to file "any further supporting evidence" in support of their summary judgment motion. *See* Doc. 170 at 27. Regardless of the level of scrutiny the Court ultimately employs in this case, however, the question of DADT's constitutionality should be decided as a matter of law without reference to evidence adduced through discovery. Accordingly, a trial on LCR's facial constitutional challenge is inappropriate.

In its opposition to summary judgment, LCR relies heavily upon expert witnesses and a host of documents – many of which post-date the enactment of DADT. As an initial matter, the Supreme Court has made abundantly clear that a legislative choice subject to the rational basis test "is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *FCC v. Beach Commc'n*, 508 U.S. 307, 315 (1993). LCR's reliance on expert witnesses and numerous documents is therefore particularly inappropriate.

Moreover, the Supreme Court has rejected reliance upon expert testimony to support a constitutional challenge to military policy. *See Goldman*, 475 U.S. at 509. As noted above, in *Goldman*, an Air Force colonel challenged on First Amendment Free Exercise grounds an Air Force regulation banning the wearing of a yarmulke while in uniform. *Id.* at 504. As in this case, the plaintiff in *Goldman* sought to introduce expert testimony to contradict the Air Force's rationale for the ban. *Id.* at 509. The Supreme Court rejected that notion out of hand, finding expert testimony to have no relevance in the context of a constitutional challenge to military policy, and held that "[w]hether or not expert witnesses may feel that religious exceptions to [the air force regulation] are desirable is quite beside the point. The desirability of dress regulations in the military is decided by the



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

appropriate military officials, and they are under no constitutional mandate to abandon their considered professional judgment." *Id.*[5] As in *Goldman*, the legislative history in this case reflects the substantial congressional and military deliberation on this issue, and LCR's attempt to contradict that deliberation through the submission of expert testimony should be rejected given the deference owed to Congress and the military in this area.

In short, it is inappropriate for courts to pass on the constitutional validity of a duly enacted federal statute governing military matters based on judicial assessments that the facts underlying Congress's military judgments have changed. Instead, it is up to the political branches to determine whether changed circumstances warrant a change in military policy – something they are actively undertaking at this time. Accordingly, defendants respectfully submit that conducting a trial regarding LCR's facial constitutional claims is unnecessary, as there are no legally relevant facts that could be adduced beyond the statute and legislative history.[6]

## CONCLUSION

For the foregoing reasons, the Court should defer ruling on LCR's challenge to allow the political branches to properly consider whether the implementation of a repeal of the policy would be consistent with the standards of military readiness,

---

[5] Similarly, in the context of a First Amendment challenge to the federal bankruptcy statute, the Supreme Court earlier this year rejected the notion that the government must adduce evidence before banning misleading advertising, instead crediting "[e]vidence in the congressional record demonstrating a pattern of" misleading conduct. *Milavetz, Gallop & Milavetz, P.A.* v. *United States*, 130 S. Ct. 1324, 1340 (2010).

[6] While defendants respectfully disagree with the Court's conclusions regarding standing in its Order of May 27, 2010, any trial in this case should be limited to the question of LCR's standing, as to which there remain one or more "genuine issues of fact." *See* Doc. 170 at 21. Standing is a fundamental, threshold basis for plaintiff's cause of action, and it is the Court's institutional obligation to ensure that it has subject-matter jurisdiction before it proceeds to the merits.



UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

military effectiveness, and unit cohesion. If the Court declines to do so, it should apply rational basis review to LCR's facial constitutional challenge, and grant defendants' motion for summary judgment. To the extent the Court concludes that heightened scrutiny applies, it should apply the standard articulated in *Beller* and grant defendants' motion for summary judgment, particularly given that LCR brings only a facial challenge to the statute.

Dated: June 9, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

ANDRÉ BIROTTE, JR
United States Attorney

JOSEPH H. HUNT
Director

VINCENT M. GARVEY
Deputy Branch Director

*/S/ Paul G. Freeborne*
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
Trial Attorneys
U.S. Department of Justice,
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Room 6108
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8202
paul.freeborne@usdoj.gov

*Attorneys for Defendants United States of America and Secretary of Defense*