TONY WEST
Assistant Attorney General
ANDRE BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail:  paul.freeborne@ usdoj.gov

*Attorneys for Defendants United States
of America and Secretary of Defense*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| LOG CABIN REPUBLICANS, | No. CV04-8425 VAP (Ex) |
| Plaintiff, | DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS |
| v. | |
| UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense, | DATE: June 28, 2010 |
| Defendants. | TIME:  2:30 p.m. |
| | BEFORE: Judge Phillips |

Filed herewith:

1. Notice of Motion and Motion *in Limine* to Exclude Certain of Plaintiff's Exhibits
2. Memorandum of Points and Authorities
3. Exhibit 1: Defendants' Objections to Plaintiff's Exhibit List
4. Proposed Order

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## NOTICE OF MOTION AND MOTION IN LIMINE
## TO EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS

**NOTICE IS HEREBY GIVEN** that on June 28, 2010, at 2:30 p.m. in the Courtroom of the Honorable Virginia A. Phillips, United States District Judge, Defendants United States and Secretary of Defense (collectively, "Defendants"), by and through counsel, will move *in limine* under Federal Rules of Evidence 402, 403 and 802 to exclude certain proposed exhibits that Plaintiff intends to offer into evidence at trial. The motion will be based upon these moving papers, the attached Memorandum of Points and Authorities in support of the Motion, and upon such other and further arguments, documents, and grounds as may be advanced in the future.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by telephone on June 8, 2010.

Dated: June 18, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

ANDRÉ BIROTTE, JR
United States Attorney

JOSEPH H. HUNT
Director

VINCENT M. GARVEY
Deputy Branch Director


/s/ Ryan B. Parker
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
Trial Attorneys

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

## TABLE OF AUTHORITIES

2

## CASES

3

*AAMCO Transmissions, Inc. v. Baker*,
   591 F. Supp. 2d 788 (E.D. Pa. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

4

5

*Adams v. Teck Cominco Alaska, Inc.*,
   231 FRD 578 (D. Alaska) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

6

*Ake v. General Motors Corp.*,
   942 F. Supp. 869 (W.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

7

8

*Albee v. Continental Tire North Am., Inc.*,
   No. 09-1145, 2010 WL 1729092 (E.D. Cal. Apr. 27, 2010) . . . . . . . . . . . 9

9

*Alexie v. United States*,
   No. 3:05-cv-00297, 2009 WL 160354 (D. Alaska Jan. 21, 2009) . . . . . . . 16

10

11

*Baker v. Delta Airlines, Inc.*,
   6 F.3d 632 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12

*Banks v. U.S.*,
   78 Fed. Cl. 603 (Fed. Cl. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

13

14

*Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*,
   247 F.3d 79 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

15

*Branco v. Life Care Centers of Am., Inc.*,
   No. 05-1139, 2006 WL 4484727 (W.D. Wash. May 4, 2006) . . . . . . . . . . 9

16

17

*Bromberg v. U.S.*,
   389 F.2d 618 (9th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18

*Cook v. Gates*,
   528 F.3d 42 (1st Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

19

20

*Costantino v. Herzog*,
   203 F.3d 164 (2d Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

21

*FCC v. Beach Commc'ns*,
   508 U.S. 307 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22

23

*Fireman's Fund Ins. Co. v. U.S.*,
   No. 04-1692, 2010 WL 2197532 (Fed. Cl. May 26, 2010) . . . . . . . . . . . 16

24

*Fong v. American Airlines, Inc.*,
   626 F.2d 759 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

25

26

*Gable v. Patton*,
   142 F.3d 940 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

27

*Gibson v. County of Riverside*,
   181 F.Supp.2d 1057 (C.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Goldman v. Weinberger*,
  475 U.S. 503 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gonzales v. Carhart*,
  550 U.S. 124 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Green v. Baca*,
  226 F.R.D. 624 (C.D. Cal 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Howard v. U.S. Dep't of Def.*,
  354 F.3d 1358 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jimenez v. Hernandez*,
  No. 06-1501, 2009 WL 921289 (D.P.R. Mar. 31, 2009) . . . . . . . . . . . . . 16

*Kuntz v. Sea Eagle Diving Adventures Corp.*,
  199 F.R.D. 665 (D. Haw. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Law v. National Collegiate Athletic Association*,
  185 F.R.D. 324 (D.Kan.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Lizotte v. Praxair, Inc.*,
  640 F.Supp.2d 1335 (D. Wash. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Logan v. City of Pullman*,
  392 F. Supp. 2d 1246 (E.D. Wash. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Los Angeles News Service v. CBS Broadcasting, Inc.*,
  305 F.3d 924 (9th Cir. 2002), *as amended by* 313 F.3d 1093
  (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Luce v. U.S.*,
  469 U.S. 38 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*MDK, Inc. v. Village of Grafton*,
  277 F. Supp. 2d 943 (E.D. Wisc. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McCullen v. Coakley*,
  573 F. Supp. 2d 382 (D. Mass. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Montalvo-Huertas v. Rivera-Cruz*,
  885 F.2d 971 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Morgan v. Plano Independent School Dist.*,
  No. 04-447, 2007 WL 397494 (E.D. Tex. Feb. 1, 2007) . . . . . . . . . . . . . . 8

*Opuku-Boateng v. State of Cal.*,
  95 F.3d 1461 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Paddack v. Dave Christensen, Inc.*,
  745 F.2d 1254 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

*Palmerin v. City of Riverside*,
   794 F.2d 1409 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pittsburgh Press Club v. U.S.*,
   579 F.2d 751 (3d Cir.  1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rostker v. Goldberg*,
   453 U.S. 57 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sanitation & Recycling Indust., Inc. v. City of New York*,
   928 F. Supp. 407 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Schneider v. Revici*,
   817 F.2d 987 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Shimozono v. The May Dep't Stores Co.*,
   No. 00-4261, 2002 WL 34373490 (C.D. Cal. Nov.20, 2002) . . . . . . . . . . 10

*Shoen v. Shoen*,
   5 F.3d 1289 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sigler v. American Honda Motor Co.*,
   532 F.3d 469 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re Slatkin*,
   525 F.3d 805 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Smart v. Ashcroft*,
   401 F.3d 119 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sternhagen v. Dow Co.*,
   108 F. Supp. 2d 1113 (D. Mont.  1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Sugar Asssoc. v. McNeil-PPC, Inc.*,
   No. 04-10077, 2008 WL 4755611 (C.D. Cal. Jan. 7, 2008) . . . . . . . . . . . 4, 5

*Televisa, S.A. De C.V. v. Univision Communications, Inc.*,
   635 F. Supp. 2d 1106 (C.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Trepel v. Roadway Exp., Inc.*,
   194 F.3d 708 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*U.S. v. An Article of Drug*,
   661 F.2d 742 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*U.S. v. Connors*,
   825 F.2d 1384 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*U.S. v. Fowlie*,
   24 F.3d 1059 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*U.S. v. Hughes*,
   535 F.3d 880 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

*U.S. v. Jackson,*
    84 F.3d 1154 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*U.S. v. Lujan,*
    504 F.3d 1003 (9th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

*U.S. v. Martinez,*
    588 F.3d 301 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*U.S. v. Raines,*
    362 U.S. 17 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. v. Salerno,*
    481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*U.S. v. Sanchez-Lima,*
    161 F.3d 545 (9th cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*U.S. v. Valdez-Soto,*
    31 F.3d 1467 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*U.S. v. Vallejo,*
    237 F.3d 1008 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*U.S. v. Washington,*
    106 F.3d 983 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Utah Women's Clinic, Inc. v. Leavitt,*
    844 F. Supp. 1482 (D. Utah 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Vance v. Bradley,*
    440 U.S. 93 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Western & Southern Life Ins. Co. v. State Bd.,*
    451 U.S. 648 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wash. State Grange v. Wash. State Republican Party,*
    552 U.S. 442 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.,*
    259 F.3d 1101 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATUTES

10 U.S.C. 654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rule16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Rule 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rule 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 22

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS    -5-

# FEDERAL RULES OF EVIDENCE

Rule 703 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Rule 801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

Rule 807 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 17, 19

# LEGISLATIVE HISTORY

S. Rep. 103-112, at 288 (1993)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# MISCELLANEOUS

7 James Wm. Moore et al., *Moore's Federal Practice* § 37.22[2][a]
(3d ed. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Wright & Victor James Gold, Federal Practice and Procedure: Evidence
§ 6273 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS       -6-

**INTRODUCTION**

Plaintiff Log Cabin Republicans ("LCR") has brought a facial substantive due process challenge to the federal statute, 10 U.S.C. § 654, and implementing regulations that comprise the military's policy on homosexual conduct, commonly known as "Don't Ask, Don't Tell" ("DADT").  Because LCR brought a facial, rather than as-applied, challenge, it faces a heavy burden.  "A facial challenge to a legislative Act is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."  *U.S. v. Salerno*, 481 U.S. 739, 745 (1987).  LCR seeks to meet this burden by, among other things, introducing over 300 exhibits identified on its exhibit list.  Yet, LCR's efforts in this regard are misguided.

LCR's facial constitutional challenge present the Court with legal, not factual questions.[1]  *See U.S. v. Lujan*, 504 F.3d 1003, 1006 (9th Cir.2007) ("[T]he constitutionality of a federal statute [is] a question of law that we review de novo.").  But evidence is only relevant if it makes "the existence of **any fact that is of consequence**" more or less probative.  *See* Fed. R. of Evid. ("FRE") 401.  As LCR's facial claim raises a purely legal issue, there are no facts that are of consequence contained within LCR's proposed exhibits.  Thus, LCR's proposed exhibits are not legally relevant or otherwise admissible.  *See* FRE 402 ("Evidence which is not relevant is not admissible.").

In addition, LCR has identified a number of exhibits that it produced to the defendants less than a week ago.  Pursuant to Federal Rule of Civil Procedures 37(c)(1), the Court should exclude these late-identified exhibits, as LCR cannot

---

[1] Although LCR's facial substantive due process claim does not raise factual issues, there remain genuine issues of fact in dispute regarding whether LCR has standing to bring its suit, as the Court recognized in its May 27 Order.  *See* Dkt. No. 170, pp. 19, 21.  Accordingly, defendants have not lodged relevancy objections to certain exhibits that they believe LCR intends to use to establish its standing to sue.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
establish a substantial justification for its untimely production, and defendants would be prejudiced at this late stage in the litigation.

3
4
5
6
7
8
9
10
Finally, even if evidence outside the statute and legislative history otherwise was legally relevant to the resolution of LCR's facial constitutional challenge, many of the documents LCR seeks to enter as exhibits contain hearsay or multiple levels of hearsay. *See* FRE 801(c), 805. The hearsay statements contained within LCR's proposed exhibits are not subject to any of the exceptions to the hearsay rule and, accordingly, are inadmissible. *See* FRE 802, 805. For each of these reasons, as set forth more fully below, the Court should grant the defendants' motion *in limine*.[2]

11
## **BACKGROUND**

12
13
14
15
16
17
LCR has listed over 300 exhibits on its draft proposed exhibit list. Conceptually, LCR's proposed exhibits can be separated into five basic categories. The first category of exhibits contain documents that were created by groups or individuals who actively advocate for the repeal of DADT (collectively, the "Advocacy Exhibits"). This category includes documents prepared by advocacy groups such as the Palm Center and Servicemembers Legal Defense Network, and

18
19
20
21
22
23
24
25
26
27
28
---

[2] Defendants have lodged specific objections to individuals exhibits identified in LCR's exhibit list, and those objections are reflected in Exhibit 1 to this motion. This motion *in limine* addresses certain of the defendants' objections common to a number of exhibits. To the extent this motion does not address a specific exhibit where defendants have lodged an objection, defendants in no way have waived their objections to those exhibits.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS   -2-

by individuals such as Aaron Belkin and Nathaniel Frank, two of LCR's experts in this case,[3] as well as books (and book chapters)[4] and journal/law review articles.[5]

The second category of exhibits includes articles from newspapers, magazines, and blogs; unofficial transcripts from television programs; and documents containing or analyzing poll results (collectively, the "Media and Polling Exhibits").[6]

The third category of exhibits includes documents created by government contractors (the "Contractor Exhibits").[7]

The fourth category of exhibits contain documents that were not previously disclosed to defendants and which, in large part, relate to the particular facts and circumstances of individual service members who were discharged under DADT.[8]

Finally, the fifth category of exhibits includes the remainder of LCR's exhibits, such as, among other things, LCR's experts' reports, email exchanges by non-parties, non-party letters, articles, and other documents that do not fall within the other four categories.

As set forth below, the majority of the documents in each of these five categories are irrelevant to the issues before the Court and, in many instances,

[3]   These exhibits include exhibit numbers 10, 12, 13, 15, 16, 17, 21, 22, 25, 26, 31, 58, 60 69, 77, 79, 80, 81, 220, 223, 233, 240, 251, 261, 264, 273, 274, 277, 278, 279, 280, 311, and 333.

[4]   The book and book chapter exhibits include numbers 20, 27, 30, 34, 43, 53, 54, 56, 62, 153, 155, 162, 163, 164, 177, 178, 209, 210, 219, 225, 226, 227, 243, 282, 283, 300, and 301.

[5]   These include exhibit numbers 18, 35, 52, 67, 78, 161, 169, 218, 224, 241, 242, 278, and 307

[6]   The exhibits that fall within this second category include exhibit numbers 11, 32, 44, 168, 259, 260, 272, 293, 294, 296, 297, 299, 302, 303, 304, 310, 313, 314, 316, 317, and 336.

[7]   The exhibits that fall within this third category include numbers 69, 70, 71, 72, 73, 74, 101, 172, 193, 199, 212, 231, and 290.

[8]   These exhibits include 40, 41, 110A, 111-129, 131-151, 255, and 256.

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS        -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

contain inadmissible hearsay and hearsay within hearsay.  Accordingly, the Court

should grant the defendants' motion *in limine*.

**ARGUMENT**

**I.    Legal Standards**

  **A.    Motions *In Limine***

A motion *in limine* "refer[s] to any motion, whether made before or during

trial, to exclude anticipated prejudicial evidence before the evidence is actually

offered."  *Sugar Asssoc. v. McNeil-PPC, Inc.*, No. 04-10077, 2008 WL 4755611

(C.D. Cal. Jan. 7, 2008) (citing *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984)).

A motion *in limine* is a recognized method under Fed. R. Civ. P. 16 for obtaining a

pretrial order simplifying issues for trial and "ruling in advance on the

admissibility of evidence."  Fed. R. Civ. P. 16(c)(2)(A) & (C).  In fact, the Court

has a duty to exercise its power to exclude testimony or evidence in appropriate

cases because motions *in limine* enable the Court to define the issues, facts, and

theories actually in contention and to weed out extraneous issues.  The Ninth

Circuit has recognized that motions *in limine* are "useful tools to resolve issues

which would otherwise 'clutter up' the trial."  *Palmerin v. City of Riverside*, 794

F.2d 1409, 1413 (9th Cir. 1986).  Indeed, pretrial rulings on "critical evidentiary

questions permit the trial to be conducted more efficiently and effectively."  *Id.*

(citation omitted).

  **B.    Relevancy**

Under the Federal Rules, evidence must be relevant to be admissible.  FRE

402.  "Evidence is relevant if it has 'any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence.'"  *Baker v. Delta Airlines, Inc.*, 6

F.3d 632, 641 (9th Cir. 1993) (quoting FRE 401).  "The particular facts of the case

determine the relevancy of a piece of evidence."  *U.S. v. Vallejo*, 237 F.3d 1008,

1015 (9th Cir. 2001).  LCR has the burden of establishing by a preponderance of

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS     -4-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

the evidence that each of its proposed exhibits is relevant.  *U.S. v. Connor*s, 825 F.2d 1384, 1390 (9th Cir. 1987); *Sugar Assoc.*, 2008 WL 4755611, at *1 (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

### C.   Hearsay

A statement offered in evidence to prove the truth of the matter asserted is not admissible absent one of the exceptions contained in FRE 803 or 804.  *See* FRE 801 & 802.  In addition, hearsay within hearsay is inadmissible unless "each part of the combined statements conform with an exception to the hearsay rule" set forth in FRE 803 or 804.  *See* FRE 805.  LCR has the burden of establishing that a particular hearsay exception applies to each level of hearsay contained within the exhibits it seeks to introduce at trial.  *See Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924 (9th Cir. 2002), *as amended by* 313 F.3d 1093 (9th Cir. 2002).

## II.   LCR Cannot Meet Its Burden Of Establishing The Relevancy of Most of Its Proposed Exhibits

### A.   Evidence Outside Of The Statute And Legislative History Is Inappropriate In A Facial Constitutional Challenge

LCR seeks to introduce approximately 300 exhibits at trial.  The overwhelming majority of these exhibits are in support of LCR's facial substantive due process challenge to DADT.  Indeed, it is apparent that LCR intends to use these exhibits to challenge the wisdom and logic of Congress in enacting DADT – both at the time of enactment, and since enactment under a "continuing rationality" theory.[9]  As discussed in defendants' summary judgment and supplemental

---

[9]  As explained in defendants' motion for summary judgment, the DADT policy must be reviewed at the time of its enactment and is not subject to challenge on the ground of changed circumstances.  *See*, *e.g.*, *U.S. v. Jackson*, 84 F.3d 1154, 1161 (9th Cir. 1996); *Montalvo-Huertas v. Rivera-Cruz*, 885 F.2d 971, 977 (1st Cir. 1989) ("evaluating the continued need for, and suitability of, legislation of this genre is exactly the kind of policy judgment that the rational

(continued...)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   briefing, as well as below, LCR's intended use of exhibits for this purpose,

2   regardless of the level of scrutiny employed by the Court, is wholly inappropriate

3   in resolving LCR's facial constitutional challenge.

4       For the reasons previously identified by the Court in its June 9, 2009 Order

5   (Dkt. No. 83, p. 16) and by defendants in their summary judgment and

6   supplemental briefing, LCR's facial constitutional challenge properly is governed

7   by rational basis review.  The Supreme Court has made abundantly clear that a

8   legislative choice subject to the rational basis test "is not subject to courtroom fact-

9   finding and may be based on rational speculation unsupported by evidence or

10  empirical data."  *FCC v. Beach Commc'ns*, 508 U.S. 307, 315 (1993).  The proper

11  analysis instead asks whether the legislature "*rationally could have believed*" that

12  the conditions of the statute would promote its objective.  *W. & S. Life Ins. Co. v.

13  State Bd.*, 451 U.S. 648, 671-72 (1981) (emphasis in original).  Rational basis

14  review, moreover, "is not a license for courts to judge the wisdom, fairness, or

15  logic of legislative choices."  *Beach Commc'ns*, 508 U.S. at 313.  Rather, "those

16  challenging the legislative judgment must convince the court that the legislative

17  facts on which the classification is apparently based could not reasonably be

18  conceived to be true by the governmental decisionmaker."  *Vance v. Bradley*, 440

19  U.S. 93, 111 (1979).  That is not what LCR has sought to do here by the exhibits it

20  wishes to introduce at trial.

21

22  _____

23      [9](...continued)

24  basis test was designed to preclude.").  Courts have found that even where Congress has
    determined that a previous enactment is no longer necessary, that finding does not render the

25  statute unconstitutional.  *Smart v. Ashcroft*, 401 F.3d 119, 123 (2d Cir. 2005); *Howard v. U.S.
    Dep't of Def.*, 354 F.3d 1358, 1361-62 (Fed. Cir. 2004).  Accordingly, LCR's exhibits that post-

26  date the enactment of DADT and which LCR seeks to use in an effort to establish that
    circumstances have changed since 1993 (*e.g.,* recent polling data; the recent views of certain

27  former military official, recent analyses of foreign militaries) are legally irrelevant and,
    accordingly, should be excluded.

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS     -6-

Even if the Court were to apply a heightened level of scrutiny, the Supreme Court has rejected reliance upon evidence outside of the statute and legislative history to support a constitutional challenge that is governed by heightened review. *See Goldman v. Weinberger*, 475 U.S. 503, 509 (1986) (rejecting expert testimony in context of constitutional challenge to military policy regarding the wearing of yarmulka, and holding that such evidence has no relevance in the context of a constitutional challenge to military policy). The Court's holding in *Goldman* is especially pertinent here, for, like the plaintiff in that case, LCR challenges a policy regarding the military, to which the courts must accord "great deference." *Goldman*, *id.* at 507; *see Rostker v. Goldberg*, 453 U.S. 57, 64-65 (1981) ("[J]udicial deference to . . . congressional exercise of authority is at its apogee when legislative action under the congressional authority to raise and support armies and make rules and regulations for their governance is challenged.").

Thus, regardless of the level of scrutiny the Court ultimately adopts, because the facial constitutionality of DADT is a question of law, consideration of "facts" beyond the statute and legislative history is inappropriate. *See U.S. v. Lujan*, 504 F.3d 1003, 1006 (9th Cir.2007) ("[T]he constitutionality of a federal statute [is] a question of law that we review de novo."); *Gable v. Patton*, 142 F.3d 940, 944 (6th Cir. 1998) ("Because the four provisions are challenged with regard to facial constitutionality, thus implicating only issues of law, neither Plaintiff nor Defendants contest the appropriateness of summary judgment."); *MDK, Inc. v. Village of Grafton*, 277 F. Supp. 2d 943, 947 (E.D. Wisc. 2003) ("A facial challenge alleges that the law cannot constitutionally be applied to anyone, ***no matter what the facts of the particular case may be***.") (emphasis added) (citing *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 133 n.10 (1992); *Sanitation & Recycling Indust., Inc. v. City of New York*, 928 F. Supp. 407 (S.D.N.Y. 1996) ("a facial challenge is made in a 'factual vacuum'; any factual determinations are ***irrelevant***") (emphasis added) (quoting *Gen. Offshore Corp. v.*

1  *Farrelly*, 743 F.Supp. 1177, 1187 (D.V.I 1990)).  Thus, a "facial challenge must

2  challenge the ***language*** rather than the ***application and enforcement*** of a statute."

3  *See Utah Women's Clinic, Inc. v. Leavitt*, 844 F. Supp. 1482, 1488 (D. Utah 1994)

4  (emphasis added), *dismissed in part, reversed in remanded in part on other*

5  *grounds*, 75 F.3d 564 (10th Cir. 1996).

6      Accordingly, in deciding LCR's facial claims, the Court "***must be careful***

7  ***not to go beyond the statute's facial requirements*** and speculate about

8  'hypothetical' or 'imaginary' cases."  *Wash. State Grange v. Wash. State*

9  *Republican Party*, 552 U.S. 442, 449-50 (2008) (citing *U.S. v. Raines*, 362 U.S. 17,

10  22 (1960)) (emphasis added).  It is precisely for this reason that courts have

11  rejected the submission of evidence in consideration of a facial constitutional

12  challenge.  *See McCullen v. Coakley*, 573 F. Supp. 2d 382, 386-87 (D. Mass. 2008)

13  (rejecting parties' requests to adopt various findings of fact, and holding that

14  "[w]hile this information may be important to Plaintiffs' as-applied challenge, it is

15  largely irrelevant to the facial challenge."); *Morgan v. Plano Independent School*

16  *Dist.*, No. 04-447, 2007 WL 397494, *3 (E.D. Tex. Feb. 1, 2007) (rejecting on

17  relevancy grounds affidavit in support of challenge to facial validity of policy).[10]

18      Because LCR's facial constitutional claim present only legal questions, there

19  are no "facts of consequence" in this action and the proposed exhibits it intends to

20  offer into evidence in support of its constitutional claim are irrelevant under FRE

21  402 as a matter of law.  Accordingly, the Court should grant defendants' motion in

---

[10]  Indeed, because LCR is challenging the DADT statute, the exhibits it has identified
that ***pre-date*** the enactment of the statute (and the legislative hearings), are legally irrelevant
under FRE 402.  Accordingly, these exhibits, which include Ex. 152, 154, 156, 165, 166, 167,
170, and173, should be excluded.

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS      -8-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  *limine.  See Bromberg v. U.S.*, 389 F.2d 618, 618 (9th Cir. 1968) (affirming

2  exclusion of irrelevant exhibits).[11]

3  **B.    Exhibits Reflecting The Facts Of Individual Service Members'**

4  **Discharges Under DADT Are Legally Irrelevant In A Facial**

5  **Constitutional Challenge**

6      On Saturday, June 12, 2010, LCR made available for inspection and copying

7  approximately 50 documents that reflect the records of various service members

8  who were discharged under DADT (and whom LCR disclosed months after the

9  close of discovery as potential witnesses).  LCR has informed the defendants that it

10  seeks to introduce these exhibits (and present testimony from the service members

11  associated with these exhibits) in an attempt to demonstrate that DADT does not

12  further its stated purposes.[12]  These proposed exhibits should be excluded for

13  multiple reasons.

14  ─────────────────

15  [11]  To the extent LCR contends that the Court somehow already has ruled upon this issue
16  because the Court allowed discovery in this case, LCR is mistaken.  On July 24, 2009, the Court
ruled, over defendants' objections, that LCR was entitled to seek certain discovery in this case.
17  *See* Dkt. No. 91.  That ruling, however, in no way establishes that LCR's proposed exhibits are
otherwise relevant or admissible for purposes of trial. *See Branco v. Life Care Centers of Am.,*
18  *Inc.*, No. 05-1139, 2006 WL 4484727, *2 (W.D. Wash. May 4, 2006) ("'Relevance' under
26(b)(1) is defined more broadly than relevance for evidentiary purposes, and discoverable
19  information need not be admissible at trial.") (citing *Shoen v. Shoen*, 5 F.3d 1289, 1299-300 (9th
Cir. 1993); *Albee v. Continental Tire North Am., Inc.*, No. 09-1145, 2010 WL 1729092, *7 (E.D.
20  Cal. Apr. 27, 2010) (recognizing distinction between admissibility at trial and discoverability); 7
James Wm. Moore et al., *Moore's Federal Practice* § 37.22[2][a] (3d ed. 2007) ("[T]he standard
21  for determining whether information is relevant for purposes of pretrial discovery is *substantially
broader* than the standard for relevance during trial.").  *Compare* FRE 26(b)(1) ("Relevant
22  information need not be admissible at the trial if the discovery appears reasonably calculated to
lead to the discovery of admissible evidence.") *with* FRE 401 ("'Relevant evidence' means
23  evidence having any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the
24  evidence.").  Accordingly, the fact that the Court previously allowed LCR to conduct discovery
in this case in no way resolves the issue of whether any of LCR's exhibits are admissible for
25  purposes of trial under FRE 401 and 402.

26

27  [12]  The admissibility of LCR's six unimtely identified service members is addressed in
defendants' separate *in limine* to exclude lay witness testimony.
28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

First, these exhibits should be excluded because LCR failed to timely disclose them.  Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial unless the failure was substantially justified or is harmless."  Given the express language of this provision, the Ninth Circuit has found these sanctions to be "self-executing" and "automatic" unless the non-disclosing party shows that its failure to disclose was "'substantially justified or harmless.'"  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting advisory committee note to Fed. R. Civ. P. 37); *see Shimozono v. The May Dep't Stores Co.*, No. 00-4261, 2002 WL 34373490, at *17-19 (C.D. Cal. Nov. 20, 2002) (excluding trial witness not properly disclosed); *Adams v. Teck Cominco Alaska, Inc.*, 231 FRD 578 (D. Alaska) (excluding from trial exhibits that were not properly produced during discovery under Rule 37(c)(1)).  Here, there is no justification for LCR's failure to properly and timely identify these exhibits that it intends to submit at trial to establish its claims, and there can be little dispute that defendants are prejudiced by this untimely disclosure.[13]

Second, even if the Court were to disregard LCR's failure to comply with the Rules, these exhibits are legally irrelevant to a *facial* challenge to DADT. Testimony regarding how a statute has been ***applied*** is patently irrelevant and inappropriate in a ***facial*** challenge.  As noted already, the Supreme Court has made clear that courts must not "go beyond the statute's facial requirements" in adjudicating facial challenges.  *Wash. State Grange*, 552 U.S. at 449-50.  "[I]t is neither [the court's] obligation nor within [the court's] traditional institutional role

---

[13]   In addition to failing to timely disclose the documents reflecting the discharges of particular service members, LCR also made available for the first time on June 12, 2010 the following exhibits:  Ex. 193; 199; 201; 202; 203; 275; 281; 292; 308; 318; 320; and 335. Accordingly, the Court should exclude these exhibits under FRCP 37(c)(1).

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS    -10-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

to resolve questions of constitutionality with respect to each potential situation that might develop." *Gonzales v. Carhart*, 550 U.S. 124, 168 (2007) (considering a facial substantive due process challenge).  Indeed, even if LCR's proposed exhibits theoretically were to show that the discharge of these particular members did not further DADT's stated purposed, that in no way supports the conclusion that DADT is *facially* unconstitutional.

## III.    Many of LCR's Proposed Exhibits Contain Inadmissable Hearsay

Even if the LCR's proposed exhibits related to its facial constitutional challenge otherwise were relevant under FRE 402, many of LCR's exhibits contain inadmissible hearsay – and in many instances – hearsay within hearsay.  Because these statements – which plainly are being offered for the truth of the matter asserted – do not fall within any of the exceptions to the hearsay rule, LCR's proposed exhibits containing inadmissible hearsay should be excluded.  *See* FRE 802.

### A.    The Media and Polling Exhibits Are Inadmissible Under FRE 802 and 805

LCR seeks to introduce a host of newspaper articles and polls.  LCR's purpose in seeking to introduce these exhibits is to establish that the attitudes of the general public, certain former military officials, and the military more generally have changed since the enactment of DADT in 1993 and are now supportive of a repeal of the statute.  Beyond the irrelevance of such evidence in a ***facial*** constitutional challenge, these exhibits plainly are being offered for the truth of the matter asserted (*e.g.*, that attitudes regarding open homosexuality in the military have, in fact, changed since 1993) and, accordingly, are inadmissible hearsay.

As a Central District of California Court recently explained, "[g]enerally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted.  Even when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

hearsay exception, their repetition in the newspaper creates a hearsay problem. Thus, statements in newspapers often constitute double hearsay." *Green v. Baca*, 226 F.R.D. 624, 637-38 (C.D. Cal 2005).  In this case, the articles and transcripts of television programs that LCR seeks to introduce contain out-of-court statements concerning, among other things, the views of former military leaders.  Indeed, in most of the articles, the authors have included quotations or statements from other, non-military individuals.  These statements are hearsay within hearsay and, accordingly, are inadmissible under FRE 805. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The polling exhibits LCR seeks to introduce similarly constitute inadmissible hearsay.  As the Ninth Circuit has observed, "[p]olls generally raise complicated hearsay problems because they report what pollsters say the persons polled said." *Opuku-Boateng v. State of Cal.*, 95 F.3d 1461, 1471 n.18 (9th Cir. 1996).  LCR's Polling Documents suffer from this exact hearsay problem.  They contain out-of-court statements from pollsters reporting on out-of-court statements from persons who were polled.  Because the statements of the pollster and of the polled persons are both offered to prove the truth of the matter asserted –the opinion of the surveyed group– they are hearsay and hearsay within hearsay, respectively.

Moreover, LCR cannot show that its Polling Documents fall within the residual exception. *See Pittsburgh Press Club v. U.S.*, 579 F.2d 751, 758 (3d Cir. 1978) ("The proponent of [polling] evidence, of course, has the burden of establishing [the] elements of admissibility.").  To satisfy the "circumstantial guarantees of trustworthiness" requirement of Rule 807, LCR must prove that the poll it seeks to introduce was conducted in accordance with generally accepted principles. *Gibson v. County of Riverside*, 181 F.Supp.2d 1057, 1067 (C.D. Cal. 2002) (Timlin, J.) (citing *Pittsburgh Press Club*, 579 F.2d 751, 758).  In *Gibson*, the Court looked to standards articulated by the Third Circuit to determine whether a poll was conducted in accordance with accepted principles:

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

A proper universe must be examined and a representative sample must be chosen; the persons conducting the survey must be experts; the data must be properly gathered and accurately reported. It is essential that the sample design, the questionnaires and the manner of interviewing meet the standards of objective surveying and statistical techniques. Just as important, the survey must be conducted independently of the attorneys involved in the litigation. The interviewers or sample designers should, of course, be trained, and ideally should be unaware of the purposes of the survey or the litigation. A fortiori, the respondents should be similarly unaware.

*Gibson*, 181 F. Supp. 2d at 1067-68 (quoting *Pittsburgh Press Club*, 579 F.2d 751, 758).[14]  LCR cannot show that the Zogby Poll (Ex. 11) meets these standards and has not identified a witness who is qualified to do so.  In addition, the Zogby Poll was commissioned by the Palm Center, an organization that actively advocates for the repeal of DADT.  As such, the poll is not objective and lacks the circumstantial guarantees of trustworthiness required by FRE 807.

## B.    The Contractor Exhibits Contain Hearsay and Are Not Party Admissions

LCR also seeks to introduce as exhibits reports prepared by government contractors regarding the United States military or the militaries of foreign countries.  LCR intends to introduce these reports to prove the truth of the conclusions and observations in the reports.  Accordingly, LCR's Contractor Exhibits constitute inadmissible hearsay.  *See* FRE 802.  Indeed, many of these

---

[14] This approach is consistent with the guidance contained in the 1972 Committee notes to Federal Rule of Evidence 703, which counsels courts faced with determining whether public opinion polls are admissible to focus on the techniques that were employed in administering the polls.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  reports also contain quotations or statements from non-parties, which are hearsay

2  within hearsay.  *See* FRE 805.

3      Under FRE 801(d)(2), if a party's own statements are offered against it,

4  those statements are not hearsay.  Indeed, if certain conditions are met, statements

5  from third parties can be considered party admissions.  *See* FRE 801(d)(2)(B), (C),

6  and (D).  The statements in LCR's Contractor Documents, however, do not meet

7  the necessary conditions to constitute party admissions and, accordingly, are

8  inadmissible.

9      First, pursuant to FRE 801(d)(2)(B), if a party adopts or manifests a belief in

10  the truthfulness of a third party statement, that statement may be accepted as a

11  party admission.  As LCR cannot establish that defendants have adopted or

12  manifested a belief in the truthfulness of the statements in the Contractor

13  Documents, FRE 801(d)(2)(B) does not apply.

14      Second, under FRE 801(d)(2)(C) and (D), statements made by a party's

15  agent can be considered party admissions if the agent had authority to speak for the

16  party or made the statement within the scope of its agency or employment.  The

17  party asserting that a statement is admissible under FRE 801(d)(2)(C) or (D) has

18  the burden of showing either that the third party had authority to speak for the

19  party or that the third party's statement was made within the scope of its agency or

20  employment.  *See* FRE 801(d)(2) Committee Notes, 1997 Amendment; *see, e.g.,*

21  *Lizotte v. Praxair, Inc.*, 640 F.Supp.2d 1335, 1339 (D. Wash. 2009) ("The

22  proponent of the [FRE 801(d)(2)(D)] evidence has the burden of proving the

23  foundational agency requirement by a preponderance of the evidence.").  LCR

24  cannot meet that burden here.

25      None of the Contractor Documents contains any evidence that the

26  contractors who created the documents were authorized to speak for the

27  Department of Defense or were entitled to do so within the scope of its agency.

28  Indeed, several of the Contractor Documents contain unambiguous disclaimers that

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS    -14-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

the contents of the documents represent the views of the authors and not the sponsoring federal agency.  For example, LCR seeks to introduce an exhibit entitled "Update of the U.S. Research Institute's Longitudinal Research Data Base of Enlisted Personnel."  *See* Ex. 172.  The document was created by a contractor for the Army Research Institute for the Behavioral and Social Sciences ("ARI") and contains on its title page an express statement that the document does ***not*** represent the position of the Department of the Army: "The views, opinions and findings in this report are those of the author(s) and should not be construed an official Department of the Army position, policy, or decision unless so designated by other authorized documents."  Other of the Contractor Documents contain similar disclaimers.[15]

As there is no evidence that the contractors who created the Contractor Documents had authority to speak on behalf of defendants or that they spoke on behalf of defendants as part of their agency or employment, and several of the documents contain explicit statements to the contrary, LCR cannot meet its burden of showing that the Contractor Documents are party admissions.

### C.    The Advocacy and Miscellaneous Documents Are Inadmissible Under FRE 802 and 805

The Advocacy and Miscellaneous Exhibits also contain out-of-court statements offered to prove the truth of the matters asserted.  The Advocacy Exhibits purport to identify problems with DADT or the reasons Congress provided for enacting it.  LCR plans to offer these documents to prove what they

---

[15]  LCR seeks to introduce another exhibits prepared by a contractor for the ARI entitled, "Perspectives on Organizational Change in the Canadian Forces."  *See* Ex. 70.  The title page of the documents contains the following disclaimer:  "The findings in this report are not to be construed as an official Department of the Army position, unless so designated by other authorized documents."  The author further states in an introduction to the document that "[a]ny errors of fact, omissions of pertinent details, or misrepresentation of the information available are the sole responsibility of the author."

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS      -15-

1  assert: that Congress should have weighed differently the factors it considered in

2  enacting DADT.  LCR also plans to offer the Miscellaneous Documents, which

3  include emails, letters, and an article, to prove the truth of the matters asserted.  As

4  such, these documents constitute inadmissible hearsay.  *See* FRE 802.

5      Additionally, most of the Advocacy and Miscellaneous Exhibits reference or

6  quote statements made by third parties, and LCR is seeking to introduce these

7  statements for the truth of the matter asserted.  As explained above, these

8  statements are hearsay within hearsay and, accordingly, are inadmissible under

9  FRE 805.[16]

10  **III.   LCR's Proposed Exhibits Are Not Admissible Under Any Hearsay**

11          **Exceptions**

12      At the summary judgment stage, LCR claimed that many of the documents it

13  included in its voluminous Appendix (and which it now seeks to admit at trial as

14  exhibits) were subject to various exceptions to the hearsay rule.  Specifically, LCR

15  contended that many of its exhibits were admissible as learned treatises under FRE

16  _____

17      [16]  A number of LCR's exhibits that fall into the "Miscellaneous" category are also rife

18  with hearsay.  For example, LCR has identified the reports of each of its six expert witnesses.
    *See* LCR Exs. 2, 23, 29, 33, 45, 50, 51 (cv for Ember-Herbert), 59.  These reports are hearsay

19  and are not subject to any hearsay exception.  *See Alexie v. United States*, No. 3:05-cv-00297,
    2009 WL 160354, at *1 (D. Alaska Jan. 21, 2009); *Sigler v. American Honda Motor Co.*, 532

20  F.3d 469, 479-80 (6th Cir. 2008) (recognizing that expert reports are inadmissible hearsay);
    *Jimenez v. Hernandez*, No. 06-1501, 2009 WL 921289, at *2 (D.P.R. Mar. 31, 2009) (holding

21  that "[e]xpert reports are inadmissible hearsay," and that "any expert opinions . . . must be
    elicited at trial through the testimony of the expert witnesses themselves, not their reports."); *Ake*

22  *v. General Motors Corp.*, 942 F. Supp. 869, 877-78 (W.D.N.Y. 1996) ("The report is his
    opinion.  [The expert] may testify about some things in the report, but the report itself is

23  inadmissible.").  Nor are these reports admissible under the residual exception to the hearsay
    rule.  *See Fireman's Fund Ins. Co. v. U.S.*, No. 04-1692, 2010 WL 2197532, *45 (Fed. Cl. May

24  26, 2010) (holding that experts reports are not admissible under residual exception); *Alexie*, 2009
    WL 160354, at *1 ("[S]uch reports cannot meet the requirement of Fed. R. Evid. 807(b), because

25  the expert's live direct testimony is at least equally probative."), *but cf. Televisa, S.A. De C.V. v.*

26  *Univision Communications, Inc.*, 635 F. Supp. 2d 1106, 1109-10 (C.D. Cal. 2009) (allowing for
    admission of expert report under residual exception to hearsay rule where expert was unavailable for trial

27  because of perceived ethical conflict).

28

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS   -16-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

803(18), apparently based upon the fact that LCR's seven expert witnesses relied upon the documents.  LCR also contended that many of its exhibits fell within the "residual" hearsay exception under FRE 807.  LCR has the burden of showing that its proposed exhibits are admissible, a burden that it cannot meet here.  *See, e.g., Logan v. City of Pullman*, 392 F. Supp. 2d 1246, 1253 (E.D. Wash. 2005) ("As the proponent of the hearsay evidence, Plaintiffs bear the burden of proving its admissibility.").  Because none of the hearsay exceptions apply, LCR's proposed hearsay exhibits should be excluded.

**A.    LCR's Proposed Exhibits Are Not Admissible As "Learned Treatises" Under FRE 803(18)**

The learned treatise exception does not apply to LCR's proposed exhibits for at least three reasons.  First, the learned treatises exception states on its face that it does not allow documents to be admitted as exhibits:  "If admitted, the ***statements*** may be read into evidence but may not be ***admitted*** as exhibits."  FRE 803(18) (emphasis added); *U.S. v. An Article of Drug*, 661 F.2d 742, 745-46 (9th Cir. 1981) (holding that while an expert may read excerpts of learned treatises into evidence, the treatises themselves may not be admitted as exhibits).  The explicit language of FRE 803(18), therefore, forecloses LCR's argument that its hearsay reports may be admitted as learned treatises.

Second, "for a learned treatise to be admitted as documentary evidence, it must be established as a reliable authority by the testimony of the expert who relied upon it or to whose attention it was called."  *Banks v. U.S.*, 78 Fed. Cl. 603, 648 n. 75 (Fed. Cl. 2007) (citing FRE 803(18)).  Because the documents LCR intends to introduce have not been established as reliable authorities by its experts, either in their reports or at their depositions, they are not subject to admission under FRE 803(18).

Third, many of the documents LCR seeks to offer as exhibits do not qualify as learned treatises by their plain terms.  The Committee Notes to FRE 803(18)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

explain that a "treatise is written primarily and ***impartially*** for professionals, subject to scrutiny and exposure for inaccuracy, with the reputation [of the writer] at stake." *See, e.g., Costantino v. Herzog*,  203 F.3d 164, 173 (2d Cir.2000) (applying standard from FRE 803(18) Committee Notes);  *U.S. v. Martinez*,  588 F.3d 301, 312 (6th Cir. 2009) (same).  The Advocacy Exhibits clearly do not fit this description.  Advocacy groups like the Palm Center and Servicemembers Legal Defense Network issue reports to further their political agendas.  Such reports are not written primarily for professionals, or subject to scrutiny and exposure for inaccuracy and are not impartial.  *See Martinez*, 588 F.3d at 312 (holding that video did not constitute a learned treatise because it was prepared for litigation purposes, it was not subject to peer review or public scrutiny, and it was not written "primarily for professioanls ... with the reputation of the writer at stake"); *Schneider v. Revici*, 817 F.2d 987, 991 (2d Cir. 1987) (rejecting book as learned treatise that was written by the defendant).  Rather, they are prepared to support the groups' purpose to advocate for the repeal of DADT.  Reports written by individual advocates, like LCR's expert witnesses Aaron Belkin and Nathaniel Frank, are subject to the same evidentiary shortcomings.

The Media Exhibits are not treatises either, as they are not necessarily impartial, and are clearly not written for professionals.  In addition, there is no evidence that the Contractor or Miscellaneous Documents qualify as learned treatises.  LCR's proposed exhibits do not qualify as learned treaties under FRE 803(18) and should not be admitted under that exception.[17]

---

[17]  Nor are these exhibits independently admissible simply because LCR's experts rely upon these exhibits in offering their opinions.  Although FRE 703 permits experts to rely upon inadmissible evidence in certain situations, that evidence cannot be admitted to prove the truth of what it asserts.  *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1262 (9th Cir. 1984).  Nor does FRE 703 permit expert testimony to be used "as a pretense for the admission of otherwise inadmissible and unreliable hearsay."  *Trepel v. Roadway Exp., Inc.*, 194 F.3d 708, 721 (6th Cir.

(continued...)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**B.   LCR's Exhibits are not Admissible Under the Residual Exception**

Nor are LCR's exhibits admissible under FRE 807.  The residual exception, which allows courts to admit hearsay documents that are not admissible under any of the other exceptions, "is to be used rarely and in exceptional circumstances." *Fong v. American Airlines, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980).  LCR bears a "heavy burden" of establishing the applicability of FRE 807.  *See U.S. v. Washington*, 106 F.3d 983, 1001-02 (D.C. Cir. 1999).  LCR cannot meet its heavy burden of establishing such circumstances in this case.

"Hearsay evidence sought to be admitted under Rule 807 must have circumstantial guarantees of trustworthiness equivalent to the listed exceptions to the hearsay rule." *U.S. v. Sanchez-Lima*, 161 F.3d 545, 547 (9th cir. 1998) (citing *U.S. v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir.1994)).[18]  Furthermore, the statements must (1) be evidence of a material fact; (2) be more probative on the point for

---

[17](...continued)
1999).  "Rule 703 does not authorize admitting hearsay on the pretense that it is the basis for expert opinion when, in fact, the expert adds nothing to the out-of-court statements other than transmitting them to the jury."  29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure: Evidence § 6273 (1997).  "In such a case, Rule 703 is simply inapplicable and the usual rules regulating the admissibility of evidence control." *Id.* ; *see also Law v. National Collegiate Athletic Association*, 185 F.R.D. 324, 341 (D.Kan.1999) ("The NCAA basically presented [the expert] as a channeler, seeking to present non-expert, otherwise inadmissible hearsay through the mouth of an economist.").

[18]   In determining whether there are guarantees of trustworthiness, courts apply a "totality of the circumstances test," including whether: (1) the declarant was known and named; (2) the statement was made under oath; (3) the declarant knew assertions were subject to cross-examination; (4) the statement was based upon personal knowledge; (5) the declarant had a motivation to lie; (6) the statement was corroborated; (7) the declarant was qualified to make the statement; (8) the declarant made a prior inconsistent statement; (9) the statement was videotaped; (10) the proximity of time between the events described and the statement; (11) the statement is prepared in anticipation of litigation; and (12) the statement's spontaneity. *See Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 113 (3d Cir. 2001) (first seven factors); *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 799 (E.D. Pa. 2008) (remaining factors).

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS   -19-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

which it is offered than any other evidence which the proponent can procure

through reasonable efforts; (3) serve the general purposes of the Rules of Evidence

and the interests of justice by its admission into evidence, and (4) the proponent

must provide notice to the other party before trial.  *Id.*; *In re Slatkin*, 525 F.3d 805,

812 (9th Cir. 2008).

LCR's proposed exhibits do not come close to meeting these requirements.

As an initial matter, the documents LCR has identified contain run-of-the-mill

hearsay statements that lack guarantees of trustworthiness equivalent to the listed

exceptions to the hearsay rule.[19]  Absent such guarantees, LCR's documents do not

fall within the residual exception.  Moreover, as discussed above, LCR's proposed

exhibits – which LCR seeks to introduce to establish a facial substantive due

process violation – are not evidence of material facts.  As LCR's facial challenges

present purely legal issues, there are no factual issues that are material to LCR's

claims.  Indeed, many of LCR's proposed exhibits are cumulative of the

information that Congress considered in enacting DADT.[20]  *See U.S. v. Hughes*,

---

[19]  One illustrative example of the type of run-of-the-mill hearsay statements LCR seeks to admit is Plaintiff's Exhibit 294, an editorial from the Washington Post entitled "Bigotry that Hurts Our Military."  The editorial contains out-of-court statements from the author who, in turn, references out-of-court statements from others, some of whom he refers to only as some unnamed "Senior leaders."  Similarly, Exhibit 302, a transcript of "The Rachel Maddow Show," is another prime example of the type of routine hearsay statements LCR seeks to introduce.  The document contains out-of-courts statements that Ms. Maddow made during her television program. Some of Ms Maddow's statements refer to statements made by other individuals, including a statement made by another individual while appearing on another television program.  These statements are representative of the vast amount of routine hearsay statements, many of which are from unnamed sources, that LCR seeks to admit through its identified exhibits.

[20]  For example, in connection with the enactment of DADT, the House and Senate Armed Services Committees conducted 14 days of hearings, heard testimony from more than 50 witnesses, traveled to military facilities to investigate the issue, and heard from witnesses with a wide range of views and various backgrounds, "including the Secretary of Defense, the Chairman of the Joint Chiefs of Staff, military and legal experts, enlisted personnel, officers, and

(continued...)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

535 F.3d 880, 882-83 (8th Cir. 2008) (holding that cumulative evidence is not properly admitted under residual hearsay exception).  Finally, admitting LCR's hearsay documents would prejudice defendants, by allowing unreliable evidence to be used against them without the ability to cross-examine the hearsay declarants, and would run contrary to the purposes of the Rules of Evidence and the interests of justice.  *See, e.g., U.S. v. Valdez-Soto*, 31 F.3d 1467, 1471-72 (9th Cir. 1994) (holding that statements possessed requisite degree of reliability to be admissible under residual exception where hearsay declarant was subject to cross-examination); *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 668 (D. Haw. 2001) (same); *Sternhagen v. Dow Co.*, 108 F. Supp. 2d 1113 (D. Mont. 1999) (holding that hearsay declarant's statement lacked indicia of reliability where he was uanvailable for cross-examination, the declarant had an interest in presenting facts most favorable to his side as an initial party to the lawsuit, and the hearsay statement was not spontaneous).  At bottom, LCR cannot show that its documents meet the criteria to be admitted under the residual exception, and the rare and exception circumstances that warrant application of the exception do not exist here.[21]

_____

[20](...continued)

public policy activists."  *See Cook v. Gates*, 528 F.3d 42, 58-59 (1st Cir. 2008).  Among the information Congress considered in enacting DADT was the experience of foreign militaries.  *See* S. Rep. 103-112, at 288 (1993), 1993 WL 286446.  It is apparent that LCR, through the submission of exhibits reflecting the experience of foreign militaries, is seeking to question the wisdom of Congress regarding its judgement in 1993 considering the relative relevance of that foreign military experience.  Exhibits that fall within this category, and which should be excluded, include, among others: Ex. 2, 13, 18, 22, 23, 33, 69, 70, 71, 72, 77, 78, 79, 80, 83, 212, 217, 229, 259, 263, 290 and 300.

[21]  In addition, based upon LCR's witness list, *see* Dock. No. 173, it is apparent that LCR will be unable to lay a proper foundation for many of its proposed exhibits, including establishing through witness testimony that the overwhelming majority of documents it seeks to admit are authentic, relevant, and otherwise admissible.

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS     -21-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## CONCLUSION

LCR's facial challenges present the Court with one issue: whether DADT is constitutional as a matter of law.  Because the only issue before the Court is a legal question, LCR cannot meet its burden of establishing that its proposed exhibits are relevant or otherwise admissible.  Even if the Court were to determine that LCR's proposed exhibits were relevant, LCR has failed to timely identify and produce a number of its exhibits and, therefore, these exhibits should be excluded under Federal Rule of Civil Procedure 37(c)(1).  Finally, many of LCR's proposed exhibits contain inadmissible hearsay statements (or hearsay within hearsay), and are not subject to any hearsay exception.  Accordingly, the Court should grant defendants' motion *in limine* regarding LCR's proposed exhibits.

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS   -22-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Dated: June 18, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

ANDRÉ BIROTTE, JR
United States Attorney

JOSEPH H. HUNT
Director

VINCENT M. GARVEY
Deputy Branch Director

/s/Ryan B. Parker

PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
Trial Attorneys
U.S. Department of Justice,
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Room 6108
Washington, D.C.  20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8202
paul.freeborne@usdoj.gov
Attorneys for Defendants United
State of America and Secretary of
Defense

DEFENDANTS' MOTION *IN LIMINE* TO
EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS    -23-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543