TONY WEST
Assistant Attorney General
ANDRE BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 353-0543
Facsimile:  (202) 616-8460
E-mail:  paul.freeborne@usdoj.gov

*Attorneys for Defendants United States
of America and Secretary of Defense*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| LOG CABIN REPUBLICANS,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense,<br><br>            Defendants. | No. CV04-8425 VAP (Ex)<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE LAY WITNESS TESTIMONY<br><br>DATE:  June 28, 2010<br><br>TIME:  2:30 p.m.<br><br>BEFORE:  Judge Phillips |

Filed herewith:
1.    Notice of Motion and Motion *in Limine* to Exclude Lay Witness Testimony
2.    Memorandum of Points and Authorities
3.    Attachments 1 through 9
4.    Proposed Order

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2

<u>**NOTICE OF MOTION AND MOTION *IN LIMINE***</u>

<u>**TO EXCLUDE LAY WITNESS TESTIMONY**</u>

3

4

5

6

7

8

9

10

**NOTICE IS HEREBY GIVEN** that on June 28, 2010, at 2:30 p.m., in the Courtroom of the Honorable Virginia A. Phillips, United States District Judge, Defendants United States of America and the Secretary of Defense (collectively, "Defendants"), by and through counsel, will move *in limine* to exclude certain lay witness testimony that Plaintiff intends to offer into evidence at trial.  The Motion will be based upon these moving papers, the attached Memorandum of Points and Authorities in support of the Motion, and upon such other and further arguments, documents, and grounds as may be advanced in the future.

11

12

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place by telephone on June 8, 2010.

13

Dated: June 18, 2010

14

Respectfully submitted,

15

16

TONY WEST
Assistant Attorney General

17

ANDRÉ BIROTTE, JR
United States Attorney

18

19

JOSEPH H. HUNT
Director

20

VINCENT M. GARVEY
Deputy Branch Director

21

22

/s/ W. Scott Simpson

23

24

PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER

25

26

27

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Trial Attorneys
U.S. Department of Justice,
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Room 6108
Washington, D.C.  20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8202
paul.freeborne@usdoj.gov

*Attorneys for Defendants United States of America and Secretary of Defense*

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                                    -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## <u>TABLE OF CONTENTS</u>

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.     Plaintiff Failed to Disclose the Identities of Eight
       of its Lay Witnesses as Required by the Rules . . . . . . . . . . . . . . . . . 6

II.    All of the Contemplated Lay Witness Testimony Regarding
       the Merits Is Irrelevant in this Facial Challenge . . . . . . . . . . . . . . . . 8

III.   Presenting Testimony by *Six* Former Service
       Members Would Constitute "Needless Presentation
       of Cumulative Evidence" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV.    The Designated Testimony of the 30(b)(6) Witnesses
       Is Irrelevant to the Extent it Constitutes the Personal
       Views of the Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V.     At Least Three Specific Areas Inquired into in the
       30(b)(6) Depositions Are Irrelevant . . . . . . . . . . . . . . . . . . . . . . . . 15

       A.     Testimony Regarding Research and Developments
              that Occurred After Enactment of 10 U.S.C. § 654
              Is Irrelevant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

       B.     Testimony Regarding Enlistment Waivers for
              Convicted Felons Is Irrelevant . . . . . . . . . . . . . . . . . . . . . . 17

       C.     Testimony Regarding the Experiences of Foreign
              Militaries Is Irrelevant . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

VI.    Certain of the Specific Questions and Answers
       Designated by the Plaintiff Are Also Inadmissible
       for Various Reasons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# TABLE OF AUTHORITIES

<u>CASES</u>                                                    <u>PAGE(S)</u>

*Brazos River Auth. v. GE Ionics, Inc.*,
    469 F.3d 416 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*City of Las Vegas v. Foley*,
    747 F.2d 1294 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Detoy v. City & County of San Francisco*,
    196 F.R.D. 362 (N.D. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Equity Lifestyle Props., Inc. v. County of San Luis Obispo*,
    548 F.3d 1184 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*FCC v. Beach Communications*,
    508 U.S. 307 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 10

*Falchenberg v. New York State Dep't of Educ.*,
    642 F. Supp. 2d 156 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Goldman v. Weinberger*,
    475 U.S. 503 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Gonzales v. Carhart*,
    550 U.S. 124 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Great American Ins. Co. v. Vegas Constr. Co.*,
    251 F.R.D. 534 (D. Nev. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hunt v. Washington State Apple Adver. Comm'n*,
    432 U.S. 333 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*MDK, Inc. v. Village of Grafton*,
    277 F. Supp. 2d 943 (E.D. Wis. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Medic Alert Found. U.S., Inc. v. Corel Corp.*,
    43 F. Supp. 2d 933 (N.D. Ill. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Metro Broadcasting, Inc. v. FCC*,
    497 U.S. 547 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Philips v. Perry*,
    106 F.3d 1420 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rostker v. Goldberg*,
    453 U.S. 57 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sanitation & Recycling Indus., Inc. v. City of New York*,
    928 F. Supp. 407 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -ii-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

*Shimozono v. May Dep't Stores Co.*, No. 00-4261 WJR (AJWx),
2002 WL 34373490 (C.D. Cal. Nov. 20, 2002) . . . . . . . . . . . . . . . . . . . . . . 6

*Sugar Ass'n, Inc. v. McNeil-PPC, Inc.*, No. CV 04-10077 DSF (Rzx),
2008 WL 4755611 (C.D. Cal. Jan. 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Turner Broadcasting Sys., Inc. v. FCC*,
520 U.S. 180 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Bynum*,
327 F.3d 986 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Connors*,
825 F.2d 1384 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Hooton*,
662 F.2d 628 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Ives*,
609 F.2d 930 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Jackson*,
84 F.3d 1154 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Vance v. Bradley*,
440 U.S. 93 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Washington State Grange v. Washington State Republican Party*,
552 U.S. 442 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Western & S. Life Ins. Co. v. State Bd. of Equalization*,
451 U.S. 648 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


STATUTES

10 U.S.C. § 504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 17, 18

10 U.S.C. § 654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim


FEDERAL RULES OF CIVIL PROCEDURE

Rule 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Rule 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Rule 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 19

Rule 33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY
-iii-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2

Rule 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

3

## FEDERAL RULES OF EVIDENCE

4

Rule 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

5

Rule 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14

6

Rule 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7

8

## LEGISLATIVE HISTORY

9

S. Rep. No. 103-112 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**INTRODUCTION**

This is a facial constitutional challenge to 10 U.S.C. § 654, known as Don't Ask, Don't Tell ("DADT"), and the Court has previously held that rational basis review applies here. Plaintiff Log Cabin Republicans ("LCR") intends to offer into evidence at trial the testimony of *fourteen* lay witnesses – eleven of them live and three of them by deposition. Six of the proposed witnesses are former military service members who were discharged under DADT; three are current officers of LCR; two are either former officers of LCR or former counsel to the organization; and three (those whose testimony LCR seeks to present by deposition) were designated by Defendants to be deposed under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

The testimony of *twelve* of these lay witness – or, alternatively, portions of their testimony – should be excluded for various reasons.[1] First, LCR failed to reveal the identity of *eight* of these witnesses in either its initial disclosures or its responses to Defendants' interrogatories, and did not otherwise make known the identity of these individuals during discovery. Thus, the testimony of these eight witnesses should be excluded for this reason alone. *See* Fed. R. Civ. P. 26(a)(1)(A)(i), 37(c)(1).

Second, since this is a facial constitutional challenge, any "courtroom fact-finding" would be inappropriate, and *all* evidence on the merits beyond the statute and legislative record should be excluded (that is, all testimony not going solely to LCR's standing). *FCC v. Beach Communications*, 508 U.S. 307, 315 (1993). This is especially true regarding the six former service members, who, based on information provided informally by counsel for LCR, are expected to

---

[1] Defendants do not move to exclude Terry Hamilton or Philip Bradley as witnesses. LCR identified them during discovery, and their testimony goes to standing rather than to the merits. Defendants also do not move to exclude the testimony of Alexander Nicholson *on the issue of standing*, because he was also properly identified to the Defendants. This motion does, however, apply to any merits-related testimony by Mr. Nicholson.

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

offer testimony regarding the circumstances surrounding their discharges under DADT.  Since this is a facial challenge to DADT, any testimony regarding the *application* of the statute to an individual would be irrelevant under Federal Rule of Evidence 402 and should be excluded as such.  Third, to the extent the Court were to accept testimony from any former service members, testimony from the *six* such persons identified by LCR would be cumulative.

Fourth, regarding the three 30(b)(6) witnesses, portions of the designated testimony constitute the personal testimony of the witnesses rather than the testimony of the organizational deponent under Rule 30(b)(6) – because the questions either exceeded the permissible scope of the deposition notice or explicitly sought the witness's personal views – and should be excluded as irrelevant.  Fifth, assuming *any* testimony in this facial challenge were otherwise appropriate, portions of the designated 30(b)(6) testimony are irrelevant for the additional reason that the questions sought information on subjects that have no bearing on the constitutionality of DADT – specifically, research and other developments that occurred after Congress enacted the statute; the circumstances in which the U.S. military allows a person to enlist despite a prior felony conviction; and the experiences of foreign militaries that permit open service by gays and lesbians.

Finally, certain of the individual questions posed during the 30(b)(6) depositions are otherwise objectionable, such as for lack of foundation, and the testimony given in response to those questions should be excluded on that basis. Those specific objections are noted in Attachments 7, 8, and 9 hereto.

For these reasons, most of LCR's contemplated lay witness testimony, as set forth in greater detail further below, should be excluded from the evidence at trial.

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                        -2-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**BACKGROUND**

LCR has filed its "Trial Witness List," which includes the following lay witnesses (Doc. 173).[2]  Based on the summary judgment briefing in this case and on other information provided by counsel for LCR, Plaintiff apparently intends to offer each witness in the capacity indicated below:

| | |
|---|---|
| Mike Almy | Former service member |
| Jenny Kopfstein | Former service member |
| Anthony Loverde | Former service member |
| J. Alexander Nicholson III | Former service member |
| Joseph Christopher Rocha | Former service member |
| Stephen Vossler | Former service member |
| Philip Bradley | LCR board member |
| Craig Engle | Outside counsel to LCR |
| Jamie Ensley | President of LCR Georgia chapter |
| Terry Hamilton | LCR national chairman |
| C. Martin Meekins | Former LCR board member and former outside counsel to LCR |
| Jamie Scott Brady | 30(b)(6) witness |
| Dennis Drogo | 30(b)(6) witness |
| Paul Gade | 30(b)(6) witness |

Except for the 30(b)(6) witnesses, only three of these witnesses were identified by name during the discovery period in this case:  Alexander Nicholson, who was identified as a potential lay witness in LCR's initial disclosures (Attachment 1 hereto) and in response to Defendants' interrogatory seeking the identify of "each person likely to have information relating to your case"

---

[2] In addition to the lay witnesses addressed in this motion, LCR's Trial Witness List includes seven proposed expert witnesses, whose intended testimony is addressed in Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses.

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

(Attachment 2 hereto); Terry Hamilton, who was also identified in response to the above-quoted interrogatory; and Philip Bradley, who was identified during Mr. Hamilton's deposition as knowing the identity of "John Doe," the anonymous "member" upon whom LCR relies for standing.  Neither under Rule 26(a) or 26(e) nor in response to Defendants' discovery requests did LCR ever identify the other lay witnesses nor state the contemplated subjects of their testimony.  In an email on June 7, 2010, after the close of discovery, counsel for LCR stated for the first time that the six former service members listed above were expected to testify "about the circumstances surrounding their discharges pursuant to DADT" (Attachment 4 hereto).

The 30(b)(6) witnesses listed above – Jamie Scott Brady, Dennis Drogo, and Paul Gade – were identified pursuant to a notice of deposition served by LCR on the Defendants, seeking testimony on seventeen subjects (Doc. 118-2).  Ruling on a motion to compel filed by LCR, the Court ordered Defendants to produce one or more persons to testify regarding ten of those subjects, but denied LCR's motion as to the other seven matters (Doc. 127).  For example, the Court did not permit LCR to inquire about "Defendants' contention that [DADT] is rationally related to a legitimate purpose," or "[s]tatistics regarding discharges from 1994 through the present pursuant to [DADT]," or "[t]he fiscal effect of [DADT].".

Defendants designated three 30(b)(6) witnesses to address the subjects permitted by the Court:  Lt. Col. Jamie Scott Brady was designated to address items 1, 2, 3, 4, 7, 10, 15, and 17 in LCR's deposition notice (Doc. 118-2); Dr. Paul Gade was designated to address item 6 (related to "the experience of the armed forces of nations other than the United States with military service by individuals with a homosexual orientation"); and Mr. Dennis Drogo was designated to address item 14 (related to Defendants' implementation of 10 U.S.C. § 504, which permits enlistment of persons convicted of felonies in some circumstances).  Plaintiff deposed all three witnesses under Rule 30(b)(6), and has now designated portions

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -4-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    of the Brady and Drogo depositions, and nearly all of the Gade deposition, for trial

2    under Rule 32(a) (Attachment 5 hereto).

3    <u>**ARGUMENT**</u>

4         LCR failed to identify eight of its witnesses to the Defendants as required by

5    the rules, and those witnesses should be excluded for that reason alone.

6    Additionally, from a more substantive standpoint, the testimony of *all* of LCR's

7    witnesses, except testimony regarding standing, should be excluded as irrelevant in

8    this facial challenge to a statute.  The proponent of evidence bears the burden of

9    showing that it is both relevant and admissible, and LCR cannot do so as to the

10   testimony addressed in this motion.  *See United States v. Connor*s, 825 F.2d 1384,

11   1390 (9th Cir. 1987); *Sugar Ass'n, Inc. v. McNeil-PPC, Inc.*, No. CV 04-10077

12   DSF (Rzx), 2008 WL 4755611, at *1 (C.D. Cal. Jan. 7, 2008) (citing *Bourjaily v.*

13   *United States*, 483 U.S. 171, 175 (1987)).

14        Furthermore, assuming any extra-legislative evidence were deemed relevant

15   here, the testimony of LCR's lay witnesses should be excluded, either entirely or in

16   part, for *other* reasons as stated in the following tables and as further explained

17   below:

18                          Former military service members

19   Mike Almy                    Not properly identified; cumulative

20   Jenny Kopfstein                            "

21   Anthony Loverde                            "

22   Joseph C. Rocha                            "

23   Stephen Vossler                            "

24   Alexander Nicholson          Testimony regarding discharge irrelevant in facial

25                                challenge

26

27                          Persons connected with LCR

28   Craig Engle        LCR outside counsel   Not properly identified; cumulative

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

| Jamie Ensley | Pres. of Ga. chapter | Not properly identified; cumulative |
| C. Martin Meekins | Former board member and outside counsel | Not properly identified; cumulative |

30(b)(6) witnesses[3]

| Jamie Scott Brady | Irrelevant; some testimony also personal |
| Dennis Drogo | Irrelevant; some testimony also personal |
| Paul Gade | Some testimony personal or otherwise irrelevant |

## I.    Plaintiff Failed to Disclose the Identities of Eight of its Lay Witnesses as Required by the Rules

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."  Given the express language of this provision, the Ninth Circuit has found these sanctions to be "self-executing" and "automatic" unless the non-disclosing party shows that its failure to disclose was "substantially justified or harmless." *Yeti by Molly Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting advisory committee note to Fed. R. Civ. P. 37); *see Shimozono v. May Dep't Stores Co*., No. 00-4261 WJR (AJWx), 2002 WL 34373490, at *17-19 (C.D. Cal. Nov. 20, 2002) (excluding trial witnesses not properly disclosed).

---

[3] In addition to the bases for exclusion referred to in this table regarding the 30(b)(6) witnesses (and in addition to the overall irrelevance of extra-legislative evidence in a facial challenge), Defendants have other objections to specific questions posed to these three witnesses, as noted in Attachments 7, 8, and 9 hereto.

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -6-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   Here, there is no justification for LCR's failure to properly and timely

2   identify *eight* of its *eleven* lay witnesses (excluding the 30(b)(6) witnesses).  Nor

3   can there be any serious question about prejudice:  Defendants were denied the

4   opportunity to depose these non-disclosed witnesses during the discovery period,

5   and thus to prepare adequately for their testimony at trial.  Accordingly, for this

6   reason alone, the Court should exclude in their entirety the testimony of all

7   witnesses not properly and timely identified.

8   <u>Former military service members</u>

9   Other than Alexander Nicholson, LCR did not provide the names of the

10   military service members it intended to call at trial (Mike Almy, Jenny Kopfstein,

11   Anthony Loverdel, Joseph Christopher Rocha, and Stephen Vossler) until May 17,

12   2010, after Defendants had contacted counsel for LCR about the need to conduct a

13   Rule 16 conference (Attachment 3 hereto).  Even then, the addresses and telephone

14   numbers required by Rule 26(a)(1)(A)(i) were not provided until June 7, 2010

15   (Attachment 4 hereto).  As this Court has said, "where a party fails to disclose the

16   identity of a witness required by either Rule 26(a) or otherwise requested during

17   discovery without substantial justification, the party may not later rely on evidence

18   from that witness . . . to support its claims or defenses" (Doc. 170 at 7-8).

19   Based on pre-motion consultation with counsel for LCR (Attachment 3),

20   LCR may argue that these former service members were "identified" in Plaintiff's

21   initial disclosures, which stated that LCR intended to call "[f]ormer service

22   members who have been discharged from the military under DADT" (Attachment

23   1).  Rule 26(a) requires, however, that contemplated witnesses be identified ***by***

24   ***name***; thus, a mere reference to a category of witnesses is not sufficient.  LCR may

25   also assert that Defendants can now depose these individuals before trial

26   (Attachment 3).  But Defendants should not be pressed into taking six depositions

27   while attempting to prepare for trial, as a remedy to LCR's refusal to comply with

28   its discovery obligations under Rules 26(a) and (e) and Rule 33.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Persons connected with LCR

LCR submitted the declarations of Craig Engle, Jamie Ensley, and C. Martin Meekins during the summary judgment briefing (Docs 144, 146, 163), in an effort to establish standing.  Those witnesses, however, were never identified under Rule 26(a) or in response to Defendants' interrogatories.  Defendants acknowledge this Court's holding that Rule 26(a) did not require disclosure of Mr. Meekins (Doc. 170), but respectfully continue to believe that these witnesses should have been so disclosed.[4]

## II.   All of the Contemplated Lay Witness Testimony Regarding the Merits Is Irrelevant in this Facial Challenge

All of LCR's contemplated lay witness testimony *on the merits* should be excluded in this facial challenge to a federal statute pursuant to Federal Rule of Evidence 402.  Such testimony would be irrelevant regardless of the applicable standard of review.

This Court already has determined that rational basis review is the correct standard for LCR's facial constitutional challenge (Doc. 83 at 14-18).  In rational basis review of legislative action, the government need only show that the legis-lature "*rationally could have believed*" that the statute in question would promote its objectives.  *Western & S. Life Ins. Co. v. State Bd. of Equalization*, 451 U.S. 648, 671-72 (1981) (emphasis in original); *see Philips v. Perry*, 106 F.3d 1420, 1424-29 (9th Cir. 1997) (government has no obligation to produce evidence to sustain DADT).  A legislative choice subject to the rational basis test "*is not subject to courtroom fact-finding* and may be based on rational speculation unsup-ported by evidence or empirical data."  *FCC v. Beach Communications*, 508 U.S. 307, 315 (1993) (emphasis added).  Rational basis review "is not a license for

---

[4] The parties have reached an agreement in principle, not yet finalized in writing, under which LCR will remove Craig Engle from its witness list in exchange for Defendants' stipulation to the authenticity and admissibility of the exhibit to Mr. Engle's declaration (Doc. 144).

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -8-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

courts to judge the wisdom, fairness, or logic of legislative choices." *Id.* at 313. Rather, "those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker." *Vance v. Bradley*, 440 U.S. 93, 111 (1979).

"Courtroom fact-finding" in the context of rational basis review is especially inappropriate where Congress has made its own express findings based on an extensive legislative record. Courts "must pay close attention to . . . the fact-finding of Congress" and must give its decisions "great weight" on questions of fact that underlie constitutional issues. *Metro Broadcasting, Inc. v. FCC*, 497 U.S. 547, 569 (1990), *overruled on other grounds, Adarand Constructors, Inc. v. Peña*, 515 U.S. 200 (1995). The Judiciary owes substantial deference to its co-equal Branch's legislative findings, both "out of respect for [Congress'] authority to exercise the legislative power" and because Congress "is far better equipped than the judiciary to amass and evaluate the vast amounts of data bearing upon legislative questions." *Turner Broadcasting Sys., Inc. v. FCC*, 520 U.S. 180, 195-96 (1997) (internal quotation marks omitted). Whether conflicting evidence may exist in the record is irrelevant: "The Constitution gives to Congress the role of weighing conflicting evidence in the legislative process." *Id.* at 199.

In this case, Plaintiff challenges statutory judgments reached after extensive congressional hearings. Congress held "detailed hearings" over several days regarding open homosexuality in the military, conducted a field visit to a naval facility, and heard testimony from persons on all sides of the debate. *See* S. Rep. No. 103-112, at 263, 268-70 (1993), *available at* 1993 WL 286446, at **181, **187-89. Based on its "weighing [of this] conflicting evidence," *see Turner Broadcasting Sys., Inc.*, 520 U.S. at 199, Congress made fifteen express findings explaining the legislative judgment embodied in the current statute. 10 U.S.C. § 654(a).

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -9-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   Notwithstanding this extensive legislative record and this Court's holding

2   that LCR's challenge is subject to rational basis review, Plaintiff asks the Court to

3   hear and consider testimony on the merits from six former military service

4   members and three 30(b)(6) designees of the Department of Defense.  Receiving

5   any such testimony in the context of this case, however, would constitute inappro-

6   priate "courtroom fact-finding" and would violate well-established principles

7   requiring deference to congressional fact-finding and congressional judgment.  *See*

8   *Beach Communications*, 508 U.S. at 315.

9       Moreover, given that this is a facial challenge to a statute, any testimony on

10  the merits would be inappropriate even if this Court were to apply a *heightened*

11  level of scrutiny.  As the Ninth Circuit has observed, "a facial challenge to the

12  constitutionality of a statute is a question of law," *United States v. Bynum*, 327

13  F.3d 986, 990 (9th Cir. 2003); thus, "[i]n determining whether a law is facially

14  invalid, [a court] must be careful not to go beyond the statute's facial

15  requirements."  *Washington State Grange v. Washington State Republican Party*,

16  552 U.S. 442, 449-50 (2008); *accord MDK, Inc. v. Village of Grafton*, 277

17  F. Supp. 2d 943, 947 (E.D. Wis. 2003) ("A facial challenge alleges that the law

18  cannot constitutionally be applied to anyone, no matter what the facts of the

19  particular case may be.") (citing *Forsyth County v. Nationalist Movement*, 505 U.S.

20  123, 133 n.10 (1992)); *Sanitation & Recycling Indus., Inc. v. City of New York*, 928

21  F. Supp. 407, 419 n.8 (S.D.N.Y. 1996) ("[A] facial challenge is made in a 'factual

22  vacuum'; any factual determinations are irrelevant").  Indeed, the Supreme Court

23  has specifically rejected reliance on evidence outside the statute and legislative

24  history to support a constitutional challenge under heightened review.  *See*

25  *Goldman v. Weinberger*, 475 U.S. 503, 509-10 (1986) (rejecting expert testimony

26  in First Amendment challenge to military policy regarding the wearing of

27  yarmulka, and holding that such evidence has no relevance in the context of a

28  constitutional challenge to military policy).  The Court's holding in *Goldman* is

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY          -10-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

especially pertinent here, for, like the plaintiff in that case, LCR challenges a policy regarding the military, to which the courts must accord "great deference." *Goldman*, *id*. at 507; *see Rostker v. Goldberg*, 453 U.S. 57, 64-65 (1981) ("[J]udicial deference to . . . congressional exercise of authority is at its apogee when legislative action under the congressional authority to raise and support armies and make rules and regulations for their governance is challenged.").

Furthermore, testimony on the merits from the six former military service members on LCR's witness list would be particularly inappropriate here. Counsel for LCR has indicated that these individuals will be called to testify "about the circumstances surrounding their discharges pursuant to DADT" (Attachment 4 hereto). Plaintiff's proposed findings of fact and conclusions of law describe four of these former service members and their discharges in detail, asserting that they are "examples of how DADT does not further its stated purposes" (Attachment 6 hereto at 35). But no such "examples" are appropriate in a *facial* challenge to a statute. Testimony regarding how a statute has been ***applied*** is patently irrelevant and inappropriate in a ***facial*** challenge. For example, whether the application of DADT in a given instance furthers the statute's purposes is irrelevant to the statute's facial validity. As noted already, the Supreme Court has made clear that courts must not "go beyond the statute's facial requirements" in adjudicating facial challenges. *Washington State Grange*, 552 U.S. at 449-50. "It is neither [the court's] obligation nor within [the court's] traditional institutional role to resolve questions of constitutionality with respect to each potential situation that might develop." *Gonzales v. Carhart*, 550 U.S. 124, 168 (2007) (considering a facial substantive due process challenge).

LCR's intent to present the testimony of former service members  "about the circumstances surrounding their discharges" also contradicts its own assertion of associational standing in this case. To establish associational standing, LCR must demonstrate as a threshold matter that "neither the claim asserted nor the relief

requested requires the participation of individual members [of the plaintiff organi-zation] in the lawsuit." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).  Although it is unknown whether any of the former service members except Alexander Nicholson is a member of LCR, if Plaintiff believes that deciding its claims requires presenting "as-applied" testimony, then LCR would appear to lack associational standing under the *Hunt* test.  LCR cannot have it both ways:  purporting to pursue a facial challenge under associational standing, while at the same time presenting testimony that would be appropriate only in an as-applied challenge.

Accordingly, on this basis alone, the Court should exclude in their entirety the testimony of Mike Almy, Jenny Kopfstein, Anthony Loverde, Joseph Christopher Rocha, Stephen Vossler, Jamie Scott Brady, Dennis Drogo, and Paul Gade.  The Court should also exclude, for the same reason, any testimony of J. Alexander Nicholson III that goes to the merits rather than solely to LCR's standing.

### III.    Presenting Testimony by *Six* Former Service Members Would Constitute "Needless Presentation of Cumulative Evidence"

Under Federal Rule of Evidence 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by . . . considerations of . . . needless presentation of cumulative evidence."  Cumulative evidence is evidence that "replicates other admitted evidence."  *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979).  A district court has "broad discretion" to exclude cumulative evidence under this Rule.  *United States v. Hooton*, 662 F.2d 628, 636 (9th Cir. 1981).

In this facial constitutional challenge, LCR seeks to present six witnesses to testify regarding how the challenged statute has been applied to them.  Assuming any "as-applied" testimony were appropriate or relevant at all, there is no conceiv-able reason why the Court would need to hear the stories of six discharged service

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN L MINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -12-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3

members.  Especially in the context of this facial challenge, such a parade of service members would be a paradigm of the "needless presentation of cumulative evidence."

4
5
6
7
8

Accordingly, assuming the Court accepts testimony by any of the former service members designated as lay witnesses by LCR (Mike Almy, Jenny Kopfstein, Anthony Loverde, J. Alexander Nicholson III, Joseph Christopher Rocha, or Stephen Vossler), only one such witness should be heard regarding the application of DADT.[5]

9
10

## IV.   The Designated Testimony of the 30(b)(6) Witnesses Is Irrelevant to the Extent it Constitutes the Personal Views of the Witnesses

11
12
13
14
15
16
17
18
19
20
21
22
23
24

Rule 30(b)(6) of the Federal Rules of Civil Procedure allows a party to seek the deposition of a governmental agency or other organization on matters described "with reasonable particularity" in the notice or subpoena.  The organization designates one or more persons to testify on its behalf regarding those matters, setting out "the matters on which each person designated will testify."  The persons so designated are to "testify about information known or reasonably available to the organization."  "The testimony of a Rule 30(b)(6) designee represents the knowledge of the [entity], not of the individual deponents."  *Great American Ins. Co. v. Vegas Constr. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (internal quotation marks omitted); *accord Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("[A] rule 30(b)(6) designee does not give his personal opinions, but presents the [designating entity's] 'position' on the topic.").  By the same token, if a deposing party asks questions beyond the scope of a Rule 30(b)(6) notice, the answers to those questions do not bind the entity being deposed and are

25
26
27
28

---

[5] Aside from testimony on the merits regarding the application of DADT, Defendants understand that five of the individuals on LCR's witness list are expected to provide testimony going to standing – that is, Philip Bradley, Craig Engle, Jamie Ensley, Terry Hamilton, and Alexander Nicholson.  To the extent the testimony of any of these witnesses is cumulative, it, too, should be excluded on that basis.

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -13-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

treated as the "answers or opinions" of the witness as an individual.  *See Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 365-67 (N.D. Cal. 2000); *accord Falchenberg v. New York State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent.").

In the three depositions conducted in this case under Rule 30(b)(6), counsel for LCR asked numerous questions outside the permitted area or areas for which each witness had been designated, including questions regarding topics as to which the Court had expressly denied LCR's motion to compel (Doc. 127).  For example, Lt. Col. Brady was asked, "Are you aware of any report or study of the number of women officers discharged under Don't Ask, Don't Tell"? (Attachment 7 hereto at 40:1-3), which falls under item 12 in the notice of deposition ("Statistics regarding discharges . . . pursuant to [DADT]"), as to which the Court expressly denied LCR's motion to compel (Doc. 127).  Additionally, two of the witnesses, Lt. Col. Brady and Dr. Gade, were expressly asked about their "personal" views on a number of matters.  For example, Lt. Col. Brady was asked his "personal opinion" about whether knowing that a fellow service member was gay would affect his working relationship with such person or would cause him personal concerns about privacy (Attachment 7 at 248:22-258:6).

Under the Federal Rules of Evidence, evidence is irrelevant if it has no "tendency to make the existence of any fact that is of consequence to the determi-nation of the action more probable or less probable."  *See* Fed. R. Evid. 401.  "Evidence which is not relevant is not admissible."  *See* Fed. R. Evid. 402.  This action is a facial challenge to the constitutionality of the Don't Ask, Don't Tell policy.  Thus, the personal views of Defendants' 30(b)(6) designees are of no "consequence to the determination of [this] action."  *See Medic Alert Found. U.S., Inc. v. Corel Corp.*, 43 F. Supp. 2d 933, 936 n.2 (N.D. Ill. 1999) ("Information

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -14-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

about this incident is outside the scope of plaintiff's Rule 30(b)(6) witness, and no corroborating evidence is presented.  It is therefore inadmissible.").  Testimony beyond the scope of the areas into which the Court permitted LCR to inquire under Rule 30(b)(6), and testimony responding to questions about a witness's personal views, constitute the witness's personal testimony rather than the testimony of the Defendants and is, therefore, irrelevant and inadmissible.

The deposition testimony that should be excluded on this basis is marked in the transcripts attached hereto:  Attachment 7 (Jamie Scott Brady), Attachment 8 (Dennis Drogo), and Attachment 9 (Paul Gade).[6]

## V.    At Least Three Specific Areas Inquired into in the 30(b)(6) Depositions Are Irrelevant

LCR's designations of testimony from the 30(b)(6) depositions include (1) testimony regarding research and other developments that occurred after the enactment of DADT, (2) testimony regarding the circumstances in which the U.S. military will allow a person to enlist despite a prior felony conviction, and (3) testimony regarding the experiences of foreign militaries in permitting service by openly homosexual service members.  Even if evidence beyond the legislative record were otherwise relevant in this case, testimony on each of these three subjects would be irrelevant, for the reasons set forth below.  Thus, this testimony should be excluded for these additional reasons.

The 30(b)(6) testimony that should be excluded on these bases is marked in Attachments 7, 8, and 9 hereto.  All of the designated testimony of Dennis Drogo and Paul Gade falls into either the second or the third category, respectively.

---

[6] Given that the present motion does not cite the testimony in these depositions for their content, Defendants believe that Local Rule 32-1 is inapplicable as to this motion.  In any event, in light of LCR's designation of the deposition testimony under Fed. R. Civ. P. 32, the original transcripts are currently being marked pursuant to Local Rule 16-2.7 and will be lodged no later than the first day of trial under Local Rule 32-1, unless the Court first grants this motion *in limine*.

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -15-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**A.    Testimony Regarding Research and Developments that Occurred After Enactment of 10 U.S.C. § 654 Is Irrelevant**

As noted above, this Court has held that rational basis review applies here (Doc. 83 at 14-18). The precedent in this Circuit is very clear that rational basis review of a statute turns on conditions that existed when the law was enacted – that is, "whether the enacting body could have rationally believed *at the time of enactment* that the law would promote its objective." *Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1194 (9th Cir. 2008) (emphasis added, internal quotation marks omitted); *see United States v. Jackson*, 84 F.3d 1154, 1161 (9th Cir. 1996) (rejecting challenge to 100:1 difference between sentences for crack and powder cocaine possession notwithstanding that Sentencing Commission had recently recommended eliminating difference). Under rational basis review, "[t]he relevant governmental interest is determined by objective indicators as taken from the face of the statute, the effect of the statute, comparison to prior law, facts surrounding enactment of the statute, the stated purpose, and the record of proceedings." *City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984). Thus, classifications subject to rational basis review are not subject to challenge based on changed circumstances, and the issue in this case is whether Congress could have believed, when it enacted 10 U.S.C. § 654 in 1993, that the statute was rationally related to legitimate governmental interests.

In light of this aspect of rational basis review, any testimony regarding research or developments that occurred after the enactment of Section 654 is irrelevant. For example, Lt. Col. Brady was asked extensively about reports and polls that post-dated the enactment of DADT. Similarly, Dr. Gade was asked about any research regarding the experiences of foreign militaries that post-dated enactment of the statute.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**B.    Testimony Regarding Enlistment Waivers for Convicted Felons Is Irrelevant**

Section 504(a) of Title 10, U.S. Code provides:

No person who . . . has been convicted of a felony, may be enlisted in any armed force.  However, the Secretary concerned may authorize exceptions, in meritorious cases, for the enlistment of . . . persons convicted of felonies.

One of the topics on which LCR sought 30(b)(6) testimony was "[t]he history . . . development . . . adoption, and implementation . . . of the United States Armed Forces' . . . policy regarding moral waivers of prior felony convictions" (Doc. 127) – that is, the circumstances in which the military would allow a person to enlist despite a prior felony conviction pursuant to the second sentence of Section 504(a). Defendants designated Mr. Dennis Drogo to address this topic, and the testimony that LCR has now designated from Mr. Drogo's deposition includes this topic.

As noted already, the issue in this case is the constitutionality of Congress' decision in 1993 to require the discharge of service members who have engaged in homosexual acts or who demonstrate a propensity or intent to engage in homo-sexual acts.  10 U.S.C. § 654.  Resolution of this issue turns on the governmental interests behind that enactment and the statute's relationship to those interests – that is, the government's interests in foreclosing continued service by such members and the extent to which the DADT statute serves those interests.

In this constitutional analysis, the circumstances under which the military may permit someone to enlist despite a felony conviction are irrelevant, regardless of the standard of review to be applied here.  The government's interests in fore-closing enlistment by convicted felons, as expressed in Section 504, are entirely different from, and unrelated to, the interests on which Congress relied or could have relied in enacting Section 654.  Presumably, Plaintiff's intent is to argue that the government should allow gays and lesbians to remain in the military if it allows

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -17-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    some convicted felons to enlist.  But that comparison is a policy argument for

2    Congress rather than a constitutional argument for the courts; as a constitutional

3    matter, each statute must be judged on its own terms, based on the governmental

4    interests behind each enactment.  Furthermore, any such argument would go to the

5    statutes themselves, and not to the "development . . . adoption, and implementation

6    . . . of the United States Armed Forces' . . . policy" regarding enlistment waivers

7    under Section 504.

8        Accordingly, all of the designated testimony by Dennis Drogo – all of which

9    deals with this subject – should be excluded, without regard to the standard of

10   review applied in this case.

11       **C.    Testimony Regarding the Experiences of**

12            **Foreign Militaries Is Irrelevant**

13       During hearings on the bill that became 10 U.S.C. § 654, Congress heard

14   extensive testimony regarding the experiences of foreign militaries in relation to

15   service by gays and lesbians.  An entire hearing was devoted to that subject, at

16   which the Senate Armed Services Committee heard testimony from "Dr. Charles

17   Moskos, Professor of Sociology at Northwestern University; Dr. David Segal,

18   Professor of Sociology at the University of Maryland; Dr. Judith Stiehm,

19   [Professor] of Political Science at Florida International University; and Lt. Gen.

20   Calvin Waller, U.S. Army (retired)."  *See* S. Rep. No. 103-112 (1993), at 269,

21   *available at* 1993 WL 286446, at **188.  Having heard that testimony and

22   considered the applicability of foreign military experiences to that of the United

23   States, Congress reached the policy judgment now embodied in the DADT statute.

24   *See id.* at 288, *available at* 1993 WL 286446, at **205-06 ("[W]hile the foreign

25   experience is worth monitoring, it does not provide a relevant basis for permitting

26   gays and lesbians to serve openly in the armed forces of the United States.").

27       Notwithstanding that congressional testimony and judgment, item 6 in

28   LCR's notice of deposition under Rule 30(b)(6) sought testimony regarding

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

"[r]eports, studies or analyses conducted by or on behalf of Defendants relating to the experience of the armed forces of nations other than the United States with military service by individuals with a homosexual orientation or by individuals who engage in homosexual conduct" (Doc. 118-2).  Defendants designated Dr. Paul Gade to address this topic, and LCR has now designated most of Dr. Gade's deposition for trial under Rule 32.

Given that Congress considered the experiences of foreign militaries, however, LCR's contemplated presentation of evidence on that subject appears to be simply an attempt to challenge the wisdom of the policy determination embodied in 10 U.S.C. § 654.  Congress having already considered evidence on this subject in 1993 – evidence that can now be reviewed in the record of the congressional hearings – no evidence presented to this Court on the same subject is relevant to the validity of Congress's policy determination.

Accordingly, all of the designated testimony by Paul Gade – all of which deals with the experiences of foreign militaries – should be excluded, regardless of the standard of review to be applied here.

## VI.   Certain of the Specific Questions and Answers Designated by the Plaintiff Are Also Inadmissible for Various Reasons

In addition to the bases set forth above for excluding all or part of the deposition testimony designated by LCR, certain portions of the testimony should be excluded for other reasons specific to the given question and answer. Specifically, certain questions were vague, argumentative, called for speculation, or lacked an adequate foundation regarding the witness's knowledge.  The deposition testimony that should be excluded on any such basis is marked, with an indication of the basis or bases for the exclusion, in Attachments 7, 8, and 9 hereto.

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LIMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -19-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

## CONCLUSION

2      For the foregoing reasons, Defendants respectfully request that the Court

3  grant Defendants' motion *in limine* and exclude the above-described testimony of

4  lay witnesses.

5  Dated:  June 18, 2010                    Respectfully submitted,

6                                           TONY WEST
                                           Assistant Attorney General
7
                                           ANDRÉ BIROTTE, Jr.
8                                          United States Attorney

9                                          JOSEPH H. HUNT
                                           Director
10
                                           VINCENT M. GARVEY
11                                         Deputy Branch Director

12
                                           /s/ W. Scott Simpson
13                                         _____
                                           PAUL G. FREEBORNE
14                                         W. SCOTT SIMPSON
                                           JOSHUA E. GARDNER
15                                         RYAN B. PARKER
                                           Trial Attorneys
16                                         U.S. Department of Justice
                                           Civil Division
17                                         Federal Programs Branch
                                           Post Office Box 883
18                                         Washington, D.C. 20044
                                           Telephone:  (202) 353-0543
19                                         Facsimile:  (202) 616-8460
                                           E-mail:  paul.freeborne@usdoj.gov
20
                                           *Attorneys for Defendants United*
21                                         *States of America and Secretary of*
                                           *Defense*
22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION
AND MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                       -20-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543