TONY WEST
Assistant Attorney General
ANDRE BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@ usdoj.gov

*Attorneys for Defendants United States*
*of America and Secretary of Defense*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| LOG CABIN REPUBLICANS, | No. CV04-8425 VAP (Ex) |
| Plaintiff, | DEFENDANTS' PRETRIAL MEMORANDUM OF CONTENTIONS OF FACT AND LAW |
| v. | |
| UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense, | Pretrial Conf.: June 28, 2010 |
| Defendants. | Trial: July 13, 2010 |
| | Honorable Virginia A. Phillips |

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**page**

I. CLAIMS AND DEFENSES (16-4.1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Summary of Plaintiff's Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Elements Required to Establish Plaintiff's Claims . . . . . . . . . . . . . . 2

        1.    Associational Standing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.    Burden of Proof Regarding Facial Due Process
             Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        3.    Burden of Proof Regarding Facial First Amendment
             Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    Key Evidence in Opposition to Plaintiff's Claims . . . . . . . . . . . . . . 9

    D.    Summary Statement of Affirmative Defenses . . . . . . . . . . . . . . . . . 12

    E.    Elements Required to Establish Defendants' Affirmative
        Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    F.    Brief Description of Evidence in Support of Affirmative
        Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    G.    Third Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    H.    Anticipated Evidentiary Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    I.    Issues of Law Which are Germane to the Case . . . . . . . . . . . . . . . . 13

II.    BIFURCATION OF ISSUES (16-4.3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

III.    JURY TRIAL (16-4.4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.    ATTORNEYS' FEES (16-4.5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V.    ABANDONMENT OF ISSUES (16-4.6) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# TABLE OF AUTHORITIES

## CASES

*ESN, LLC v. Cisco Sys., Inc.,*
685 F. Supp. 2d 631 (E.D. Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Allan S. Katz,*
No. 98-C-4860, 1999 WL 14485 (N.D. Ill. Jan. 6, 1999) . . . . . . . . . . . . . 13

*Friends of the Earth, Inc. v. Laidlaw Envtl. Serv.,*
528 U.S. 167, 145 L. Ed. 2d 610, 120 S. Ct 693 (2000) . . . . . . . . . . . . . . . 3

*Gable v. Patton,*
142 F.3d 940 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gilligan v. Morgan,*
413 U.S. 1, 37 L. Ed. 2d 407, 93 S. Ct. 2440 (1973) . . . . . . . . . . . . . . . . . 7

*Goldman v. Weinberger,*
475 U.S. 503, 89 L. Ed. 2d 478, 106 S. Ct. 1310 (1986) . . . . . . . . . . . . . . 10

*Greener v. Cadle Co.,*
298 B.R. 82 (N.D. Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Heller v. Doe,*
509 U.S. 312, 125 L. Ed. 2d 257, 113 S. Ct. 2637 (1993) . . . . . . . . . . . . . 10

*Holmes v. California Army Nat. Guard,*
124 F.3d 1126 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hunt v. Washington State Apple Adver. Comm'n,*
432 U.S. 333, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977) . . . . . . . . . . . 3, 8, 12

*Lawrence v. Texas,*
539 U.S. 558 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Lehnhausen v. Lake Shore Auto Parts Co.,*
410 U.S. 356, 35 L. Ed. 2d 351, 93 S. Ct. 1001 (1973) . . . . . . . . . . . . . . . 10

*Lujan v. Defenders of Wildlife,*
504 U.S. 555, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992) . . . . . . . . . . . . . 2

*MDK, Inc. v. Village of Grafton,*
277 F. Supp. 2d 943 (E.D. Wisc. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McCullen v. Coakley,*
573 F. Supp. 2d 382 (D. Mass. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Morgan v. Plano Independent School Dist.,*
No. 04-447, 2007 WL 397494 (E.D. Tex. Feb. 1, 2007) . . . . . . . . . . . . . . 12

*Philips v. Perry,*
106 F.3d 1420 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW

ii

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

*Pruitt v. Cheney,*
  963 F.2d 1160 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rumsfeld v. Forum for Academic & Inst. Rights, Inc.,*
  547 U.S. 47, 164 L. Ed. 2d 156, 126 S. Ct. 1297 (2006) . . . . . . . . . . . . . . 6

*Sanitation & Recycling Indust., Inc. v. City of New York,*
  928 F. Supp. 407 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Schmier v. U.S. Court of Appeals,*
  279 F.3d 817 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Sepulveda v. Pacific Maritime Assoc.,*
  878 F.2d 1137 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Skaff v. Meridien N. Am. Beverly Hills, LLC,*
  506 F.3d 832 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Steel Co. v. Citizens for a Better Environment,*
  523 U.S. 83, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998) . . . . . . . . . . . . . . 13

*United States v. Lujan,*
  504 F.3d 1003 (9th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. O'Brien,*
  391 U.S. 367, 20 L. Ed. 2d 672, 88 S. Ct. 1673 (1968) . . . . . . . . . . . . . . . 6

*United States v. Salerno,*
  481 U.S. 739, 95 L. Ed. 2d 697, 107 S. Ct 2095 (1987) . . . . . . . . . . . . . . 5

*Utah Women's Clinic, Inc. v. Leavitt,*
  844 F. Supp. 1482 (D. Utah 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Vance v. Bradley,*
  440 U.S. 93, 59 L. Ed. 2d 171, 99 S. Ct. 939 (1979) . . . . . . . . . . . . . . . . 10

*Wash. State Grange v. Wash. State Republican Party,*
  552 U.S. 442, 170 L.Ed.2d 151, 128 S.Ct. 1184 (2008) . . . . . . . . . . . . . . 11

*Washington Legal Found. v. Legal Found. of Washington,*
  271 F.3d 835 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Western & Southern Life Ins. Co. v. State Bd. of Equalization,*
  451 U.S. 648, 68 L. Ed. 2d 514, 101 S. Ct. 2070 (1981) . . . . . . . . . . . . 5, 6

*Witt v. Dep't of Air Force,*
  527 F.3d 806 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

**STATUTES**

10 U.S.C. § 654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW

iii

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# REGULATIONS

D.C. Code § 29-301.05 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

D.C. Code § 29-301.12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

D.C. Code § 29-301.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# FEDERAL RULES OF CIVIL PROCEDURE

Rule 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# LEGISLATIVE HISTORY

U.S. Const. art. III, § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW

iv

1    Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule

2    16-4 of the Rules of the Central District of California, and this Court's pretrial

3    order, defendants United States and Secretary Robert M. Gates submit the

4    following, Pretrial Memorandum of Contentions of Fact and Law.  As set forth in

5    defendants' supplemental brief addressing the standard of review (Doc. 172), the

6    Court should stay proceedings in light of Congress' concrete steps toward a repeal

7    of the "Don't Ask, Don't Tell" statute ("DADT"), 10 U.S.C. § 654.  As also

8    explained in defendants' supplemental brief, no trial is necessary or appropriate on

9    plaintiff's facial challenge.  To the extent the Court nonetheless proceeds to trial,

10   defendants state the following:

## I.

## CLAIMS AND DEFENSES (16-4.1)

**A.    Summary of Plaintiff's Claims**

The Log Cabin Republicans ("LCR"), a membership organization,

challenges the constitutionality of the statute (10 U.S.C. § 654) and the Department

of Defense's ("DoD's") implementing regulations prohibiting homosexual conduct

in the military, commonly known as the DADT policy, under the Due Process

Clause and the First Amendment.[1]

The Court has previously held that LCR's facial due process challenge is

subject to rational basis review (Doc. 83 at 16:27-17:4), the most deferential form

of constitutional review, and that determination is indisputably correct.

Accordingly, LCR has the burden of establishing that, at the time of enactment,

Congress could not rationally have concluded that DADT furthered the objectives

Congress had identified.  In addition, the Court previously has held that the DADT

statute was consistent with the First Amendment to the extent it permitted the

_____

[1] On June 9, 2009, the Court dismissed LCR's equal protection challenge to the statute (Doc. 83 at 18:16-20:17).

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  military to use statements as admissions of a propensity to engage in homosexual

2  conduct.  (Doc. 83 at 21:4-22:27).  The Court further held, however, that

3  "[d]ischarge on the basis of statements not used as admissions of a propensity to

4  engage in 'homosexual acts' would appear to be discharge on the basis of speech

5  rather than conduct, an impermissible basis."  *Id*. at 23:16-21.  The Court therefore

6  permitted plaintiff the opportunity to attempt to make out a First Amendment claim

7  that the DADT policy permitted discharge on the basis of speech alone.  *Id*. at

8  23:23-25.

9       The government has moved for summary judgment because LCR has failed

10  to carry its threshold burden of establishing associational standing and because

11  LCR's substantive due process and First Amendment claims fail as a matter of law.

12  That motion is fully briefed, and the Court heard oral argument on

13  April 26, 2010.  On May 27, 2010, the Court denied defendants' motion as it

14  relates to standing.  (Doc. 170).  The Court has yet to rule, however, on whether

15  defendants are entitled to summary judgment on plaintiff's due process and First

16  Amendment claims.

17  **B.   Elements Required to Establish Plaintiff's Claims**

18       **1.   Associational Standing**

19       Before the Court may proceed and consider the merits, it must first ensure

20  that it has subject-matter jurisdiction.  The power of federal courts extends only to

21  Cases and Controversies, *see* U.S. Const. art. III, § 2, and a litigant's standing to

22  sue is "'an essential and unchanging part of the case-or-controversy requirement.'"

23  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S.

24  Ct. 2130 (1992) (citation omitted).

25       "The party seeking to invoke the jurisdiction of the court has the burden of

26  alleging specific facts sufficient to satisfy" the requirements of standing.  *Schmier*

27  *v. U.S. Court of Appeals*, 279 F.3d 817, 821 (9th Cir. 2002).  And it must do so as

28

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW                    2

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

of the "time of the lawsuit's commencement, and the [Court] must consider the facts as they existed at the time the complaint was filed." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 850 (9th Cir. 2007) (citing *Lujan*, 504 U.S. at 569 n. 4); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Serv*., 528 U.S. 167, 180, 145 L. Ed. 2d 610, 120 S. Ct 693 (2000).

As set forth in the government's summary judgment briefing and the government's supplemental brief regarding the question of standing, LCR lacks associational standing to pursue its challenge because it has failed to show as a threshold matter that any of its members "would otherwise have standing to sue in their own right," *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977), when it filed suit on October 12, 2004.

Defendants respectfully disagree with the Court's conclusions regarding standing in its Order of May 27, 2010.  In particular, defendants disagree with the Court's ruling that plaintiff need not establish associational standing at the outset of the litigation and assert that the Court's ruling is contrary to established Supreme Court precedent.

Moreover, although LCR's articles of incorporation do not say that creating a class of honorary members is "prohibited," *see* Doc. 170 at 25, they clearly state that the organization "shall have one membership class."  This statement connotes an ongoing condition; the articles do not merely say that "one membership class is hereby created" or that the organization "has one membership class," but that it "*shall* have one membership class."  Thus, creating an additional class of membership (such as honorary membership) would require amending the articles of incorporation.  Similarly, although the District of Columbia Nonprofit Corpora-tion Act provides that membership classes and their qualifications "shall be set forth in the articles of incorporation or the bylaws," *see* D.C. Code § 29-301.12,

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    that simply means that a corporation may choose to state such provisions in one

2    document or the other, not that the bylaws can add other membership classes when

3    the articles of incorporation provide for only one.  *See* Doc. 170 at 25.  Further,

4    although the Act permits incorporators to "elect to set forth [provisions] in the

5    articles of incorporation designating the class or classes of members," *see* D.C.

6    Code § 29-301.30(5), that only means that no such provisions are required, not that

7    they are non-binding if included.  *See* Doc. 170 at 25.  As noted in defendants'

8    earlier filing, provisions in a nonprofit corporation's bylaws must not be

9    "inconsistent with its articles of incorporation."  *See* D.C. Code § 29-301.05(12).

10       Finally, by using the declaration of Martin Meekins to support its standing,

11   plaintiff is necessarily using Mr. Meekins' testimony to "support its claims," *see*

12   Doc. 170 at 8, such that plaintiff had an obligation to provide his identity under

13   Fed. R. Civ. P. 26(a)(1)(A)(i).  *See ESN, LLC v. Cisco Sys., Inc.*, 685 F. Supp. 2d

14   631, 648 (E.D. Tex. 2009) (holding that document used to support standing should

15   have been disclosed under Rule 26(a)(1)).  To the extent the Court overlooks this

16   deficiency, defendants accordingly renew the request made at the summary

17   judgment hearing and in defendants' supplemental brief addressing standing (*see*

18   Doc. 166, at 9-10 n. 5) to depose Mr. Meekins (and to receive all documents

19   relating to the timing of  "Lt. Col. Doe's" membership in LCR), so as to properly

20   prepare for the cross-examination of Mr. Meekins, who has been identified as a

21   trial witness by plaintiff.

22       Plaintiff has filed a witness list that identifies five witnesses in an attempt to

23   carry its burden of establishing standing (Doc. 173).  Standing is a fundamental,

24   threshold requirement for plaintiff's causes of action, and it is the Court's

25   institutional obligation to ensure that it has subject-matter jurisdiction before it

26   proceeds to consider the merits.  To the extent this case is not stayed and proceeds

27   to trial, the Court should accordingly bifurcate proceedings and first require

28

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW                    4

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  plaintiff to carry its burden of establishing associational standing before it proceeds
2  to the merits.[2]

3       ## 2.      **Burden of Proof Regarding Facial Due Process Claim**

4       Even if LCR could establish standing, a "facial challenge to a legislative Act
5  is . . . the most difficult challenge to mount successfully, since the challenger must
6  establish that no set of circumstances exists under which the Act would be valid."
7  *United States v. Salerno*, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 107 S. Ct 2095
8  (1987).  Here, the Ninth Circuit has held that, based upon justifications offered by
9  the military, Congress could have rationally determined in 1993 that the statute
10 "further[ed] military effectiveness by maintaining unit cohesion, accommodating
11 personal privacy and reducing sexual tension."  *Philips v. Perry*, 106 F.3d 1420,
12 1429 (9th Cir. 1997).  And for the reasons set forth in previous briefing and
13 argument in this case, *Phillips* remains controlling authority even after the
14 Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003).

15      As noted above, moreover, the Court has ruled that LCR's challenge is
16 governed by the most deferential form of review available – the rational basis test
17 (Doc. 83 at 16:27-17:4).  In determining whether a law satisfies rational basis
18 review, the court "must answer two questions: (1) Does the challenged legislation
19 have a legitimate purpose? and (2) Was it reasonable for the lawmakers to believe
20 that use of the challenged classification would promote that purpose?"  *Western &*
21 *Southern Life Ins. Co. v. State Bd. of Equalization*, 451 U.S. 648, 668, 68 L. Ed. 2d
22 514, 101 S. Ct. 2070 (1981).

23      The Ninth Circuit has recently reaffirmed that the DADT statute has a
24 legitimate purpose.  *See Witt v. Dep't of Air Force*, 527 F.3d 806, 821 (9th Cir.
25 2008) ("applying heightened scrutiny to DADT in light of current Supreme Court

26 _____

27      [2]  While defendants do not at present anticipate calling witnesses on the question of
28 standing, defendants reserve the right to call witnesses identified on plaintiff's witness list.

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW                    5

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   precedents, it is clear that the government advances an important governmental

2   interest").  And with respect to the second question, the Supreme Court has made it

3   clear that "whether *in fact*" a law "will accomplish its objectives is not the

4   question." *Western & Southern Life Ins. Co.*, 451 U.S. at 671-72 (emphasis in

5   original).  The question, instead, is whether Congress "*rationally could have*

6   *believed*" that the statute "would promote its objective.  *Id.* (emphasis in original).

7   The Ninth Circuit has already recognized in *Philips* that Congress could have

8   rationally found in 1993 that the policy "further[s] military effectiveness by

9   maintaining unit cohesion, accommodating personal privacy and reducing sexual

10  tension." *Philips*, 106 F.3d at 1429.  The Ninth Circuit in *Philips* concluded that

11  the Court of Appeals could not say that "the Navy's concerns are based on 'mere

12  negative attitudes, or fear, unsubstantiated by factors which are properly

13  cognizable' by the military," nor could it say that the rationale for the policy "lacks

14  any 'footing in the realities' of the Naval environment in which Philips served."

15  *Id.* (*internal quotation to Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 448

16  (1985)).  The Court should likewise defer to Congress' findings.

17      "The constitutional power of Congress to raise and support armies and to

18  make all laws necessary and proper to that end is broad and sweeping," *United*

19  *States v. O'Brien*, 391 U.S. 367, 377, 20 L. Ed. 2d 672, 88 S. Ct. 1673 (1968), and

20  that "'judicial deference . . . is at its apogee' when Congress legislates under its

21  authority to raise and support armies." *Rumsfeld v. Forum for Academic & Inst.*

22  *Rights, Inc.*, 547 U.S. 47, 58, 164 L. Ed. 2d 156, 126 S. Ct. 1297 (2006) (quoting

23  *Rostker v. Goldberg*, 453 U.S. 57, 70, 69 L. Ed. 2d 478, 101 S. Ct. 2646 (1981)).

24  Indeed, the Supreme Court has recognized the judiciary's limitations in matters of

25  military policy:

26

27

28

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW                    6

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    [I]t is difficult to conceive of an area of governmental activity in

2    which the courts have less competence.  The complex, subtle, and

3    professional decisions as to the composition, training, equipping, and

4    control of military force are essentially professional military

5    judgments, subject always to civilian control of the Legislative and

6    Executive Branches.

7    *Gilligan v. Morgan*, 413 U.S. 1, 10, 37 L. Ed. 2d 407, 93 S. Ct. 2440 (1973).

8    These principles mandate judgment in favor of defendants.  To the extent the Court

9    rules otherwise and proceeds to trial, these principles equally apply to any trial on

10   the merits.[3]

11                    **3.    Burden of Proof Regarding Facial First Amendment Claim**

12          With respect to plaintiff's First Amendment challenge, the Court previously

13   has held that the DADT statute and implementing regulations are consistent with

14   the First Amendment to the extent they permit the military to use statements as

15   admissions of a propensity to engage in homosexual acts.  (Doc. 83 at 21:4-22:27).

16   The Court further held, however, that "[d]ischarge on the basis of statements not

17   used as admissions of a propensity to engage in 'homosexual acts' would appear to

18   be discharge on the basis of speech rather than conduct, an impermissible basis."

19   *Id*. at 23:16-21.  The Court therefore permitted plaintiff the opportunity to attempt

20   to make out a First Amendment claim that the DADT policy permits a discharge on

21   the basis of speech alone.  *Id*. at 23:23-25.  As set forth in the government's motion

22   for summary judgment, this claim should now be rejected.

23          As an initial matter, plaintiff has steadfastly maintained throughout this

24   litigation that it brings facial constitutional claims, including a facial First

25   Amendment claim.  *See*, *e.g.*, Doc. No. 79, at 5 (representing that "Log Cabin

26   _____

27          [3]  Indeed, as explained in defendants' supplemental brief addressing the standard of

28   review (Doc. 172), these principles would also apply under a heightened standard of review.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  Republicans has not advanced an 'as-applied' claim'").  The Court suggested that

2  DADT might be unconstitutional to the extent it required the military to discharge

3  service members based on statements alone, and stated that it could not "determine

4  from the face of" LCR's complaint "whether Nicholson was, or Doe could yet be,

5  discharged based on statements alone."  (Doc. 83 at 23: 23-25).  To the extent the

6  Court was suggesting that LCR could assert an as-applied First Amendment claim

7  on behalf of its members, LCR has said in any event that it is not bringing an as-

8  applied claim.  The claim should thus be rejected on that basis alone.

9     And even if LCR were to change its position (which it has not suggested it

10  intends to do in any of its briefs filed to date, and which it should otherwise be

11  estopped from doing), plaintiff has no standing to bring such a claim even if it

12  wanted to.  Plaintiff claims standing here on the basis of "associational standing,"

13  which requires plaintiff to demonstrate that (1) at least one of its members would

14  have standing in his own right to challenge the policy; (2) the interests sought to be

15  protected by the suit are germane to the organization's purpose; and (3) the claim

16  asserted and the relief requested do not require the members to participate

17  individually in the lawsuit.  *See Hunt*, 432 U.S. at 343.  An as-applied challenge

18  would necessarily require the participation in the suit of the individuals–in this

19  case Nicholson and Doe–to whom the policy was allegedly misapplied.  *See*

20  *Washington Legal Found.* v. *Legal Found. of Washington*, 271 F.3d 835, 849-50

21  (9th Cir. 2001).  Neither individual makes any claim of misapplication of the

22  statute or regulations in their affidavits or, in the case of Mr. Nicholson, at

23  deposition, and no such allegation is contained in the Original Complaint or First

24  Amended Complaint.  That is because neither the statute nor the regulations

25  implementing the DADT policy permit the use of a statement for a purpose other

26  than as an admission of a propensity to engage in homosexual acts.

27

28

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW

8

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   Plaintiff appears to recognize this in its proposed findings of fact and law
2   and now attempts to challenge DADT on overbreadth grounds.  The Court,
3   however, has already explicitly rejected LCR's overbreadth claim.  In its June 9,
4   2009 order, the Court specifically addressed LCR's claim that DADT is overly
5   broad: "Plaintiff's contention DADT is overbroad and over-inclusive, regulating
6   even private speech, is unavailing: private speech can be employed as an
7   admission."  (Doc. 83 at 22:17-19).  In fact, the Ninth Circuit has also already
8   affirmatively rejected an overbreadth challenge to DADT.  In *Holmes v. California*
9   *Army Nat. Guard*, 124 F.3d 1126. (9th Cir. 1997), the Court was confronted with a
10  claim that DADT "reaches constitutionally-protected speech, and covers
11  expressive behavior that is likewise protected by the First Amendment." *Holmes*,
12  124 F.3d at 1136.  The Court rejected the claim relying on the reasoning articulated
13  in *Pruitt v. Cheney*, 963 F.2d 1160 (9th Cir.1991), a case that involved an
14  overbreadth challenge to the homosexual conduct policy that preceded DADT.
15  The *Holmes* Court explained that "[a]lthough *Pruitt* involved the old policy, its
16  reasoning-'Pruitt's admission, like most admissions, was made in speech, but that
17  does not mean that the [F]irst [A]mendment precludes the use of the admission as
18  evidence of the facts admitted'-applies equally to the application of the "don't
19  ask/don't tell" policy." *Holmes*, 124 F.3d at 1136 (quoting *Pruitt*, 963 F.2d at
20  1164).  Because the same reasoning applies in this case, the Court was correct to
21  reject LCR's overbreadth claim.  The government is thus entitled to judgment as a
22  matter of law with respect to Plaintiff's First Amendment claim.

23  **C.   Key Evidence in Opposition to Plaintiff's Claims**

24  As stated, plaintiff has the initial burden of establishing associational
25  standing and that issue must be proven before the Court proceeds to the merits.  To
26  the extent the Court reaches the merits at trial, the only appropriate material to
27  consider with respect to plaintiff's due process claim is the statute and its findings,

28

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW            9

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

as well as the statute's legislative history, including the extensive hearings where Congress received testimony from dozens of individuals on a number of topics related to DADT, including, among other things, issues associated with unit cohesion, sexual tension, privacy and the experience of foreign militaries.  It is well-established that the government has "no obligation to produce evidence to sustain the rationality of a statutory classification." *Heller v. Doe*, 509 U.S. 312, 320, 125 L. Ed. 2d 257, 113 S. Ct. 2637 (1993).  Rather, it is the one challenging Congress' judgment that "must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker." *Vance v. Bradley*, 440 U.S. 93, 111, 59 L. Ed. 2d 171, 99 S. Ct. 939 (1979).  "Only by faithful adherence to this guiding principle of judicial review," the Supreme Court has cautioned, "is it possible to preserve to the legislative branch its rightful independence and its ability to function." *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 365, 35 L. Ed. 2d 351, 93 S. Ct. 1001 (1973).[4]

Moreover, even if the Court were to apply a heightened level of scrutiny, the Supreme Court has rejected reliance upon evidence outside of the statute and legislative history to support a constitutional challenge that is governed by heightened review.  *See Goldman v. Weinberger*, 475 U.S. 503, 509, 89 L.Ed.2d 478, 106 S. Ct. 1310 (1986) (rejecting expert testimony in context of constitutional challenge to military policy regarding the wearing of yarmulka, and holding that such evidence has no relevance in the context of a constitutional challenge to military policy).

Regardless of the level of scrutiny the Court ultimately adopts, moreover, because the facial constitutionality of DADT is a question of law, consideration of

_____

[4]  As noted in defendants' supplemental brief regarding the standard of review (Doc. 172 at 13), even under a heightened standard of review, evidence would be inappropriate.

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW
10
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    "facts" beyond the statute and legislative history is inappropriate.  *See U.S. v.*

2    *Lujan*, 504 F.3d 1003, 1006 (9th Cir. 2007) ("[T]he constitutionality of a federal

3    statute [is] a question of law that we review *de novo*."); *Gable v. Patton*, 142 F.3d

4    940, 944 (6th Cir. 1998) ("Because the four provisions are challenged with regard

5    to facial constitutionality, thus implicating only issues of law, neither plaintiff nor

6    defendants contest the appropriateness of summary judgment."); *MDK, Inc. v.*

7    *Village of Grafton*, 277 F. Supp. 2d 943, 947 (E.D. Wisc. 2003) ("A facial

8    challenge alleges that the law cannot constitutionally be applied to anyone, ***no***

9    ***matter what the facts of the particular case may be***.") (emphasis added) (citing

10   *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 133 n.10, 120 L. Ed. 2d

11   101, 112 S. Ct. 2395 (1992)); *Sanitation & Recycling Indust., Inc. v. City of New*

12   *York*, 928 F. Supp. 407, 419 (S.D.N.Y. 1996) ("a facial challenge is made in a

13   'factual vacuum'; any factual determinations are ***irrelevant***") (emphasis added)

14   (quoting *Gen. Offshore Corp. v. Farrelly*, 743 F.Supp. 1177, 1187 (D.V.I 1990)).

15   Thus, a "facial challenge must challenge the ***language*** rather than the ***application***

16   ***and enforcement*** of a statute."  *See Utah Women's Clinic, Inc. v. Leavitt*, 844 F.

17   Supp. 1482, 1488 (D. Utah 1994) (emphasis added), *dismissed in part, reversed*

18   *and remanded in part on other grounds*, 75 F.3d 564 (10th Cir. 1996).

19        Accordingly, in deciding LCR's facial claims, the Court "***must be careful***

20   ***not to go beyond the statute's facial requirements*** and speculate about

21   'hypothetical' or 'imaginary' cases."  *Wash. State Grange v. Wash. State*

22   *Republican Party*, 552 U.S. 442, 449-450, 170 L. Ed. 2d 151, 128 S. Ct. 1184

23   (2008) (citing *U.S. v. Raines*, 362 U.S. 17, 22, 4 L. Ed. 2d 524, 80 S. Ct. 519

24   (1960)) (emphasis added).  It is precisely for this reason that courts have rejected

25   the submission of evidence in consideration of a facial constitutional challenge.

26   *See McCullen v. Coakley*, 573 F. Supp. 2d 382, 386-87 (D. Mass. 2008) (rejecting

27   parties' requests to adopt various findings of fact, and holding that "[w]hile this

28

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW

11

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   information may be important to plaintiffs' as-applied challenge, it is largely
2   irrelevant to the facial challenge."); *Morgan v. Plano Independent School Dist.*,
3   No. 04-447, 2007 WL 397494, *3 (E.D. Tex. Feb. 1, 2007) (rejecting on relevancy
4   grounds affidavit in support of challenge to facial validity of policy).

5          There is, finally, no affirmative evidence for defendants to present on the
6   First Amendment claim that the Court has permitted to proceed past a motion to
7   dismiss.  The First Amendment claim that the Court allowed to survive a motion to
8   dismiss is based upon a purported misapplication of the statute and implementing
9   regulations that can only be brought in an as-applied case–not a facial challenge, as
10  here.  And even if it could be brought, neither the statute nor implementing
11  regulations permit the use of a statement for a purpose other than to show a
12  propensity to engage in homosexual acts.  Not surprisingly, therefore, neither
13  Nicholson nor Doe have been or are threatened by such an alternative use of a
14  statement and, thus, cannot confer associational standing upon plaintiff to
15  challenge the policy on that basis.

16         Because LCR's associational standing is dependent upon the injury suffered
17  by its "members," *Hunt*, 431 U.S. at 343, LCR lacks standing to bring this type of
18  claim and the Court lacks jurisdiction to hear such a claim.  Because neither the
19  statute or regulations permit the use of a statement for a purpose other than to show
20  a propensity to engage in homosexual acts, moreover, it fails as a matter of law.

21         **D.      Summary Statement of Affirmative Defenses**
22         Not Applicable.

23         **E.      Elements Required to Establish Defendants' Affirmative Defenses**
24         Not Applicable.

25         **F.      Brief Description of Evidence in Support of Affirmative Defenses**
26         Not Applicable.

27
28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   **G.      Third Parties**

2   Not Applicable.

3   **H.      Anticipated Evidentiary Issues**

4   Defendants intend to file motions *in limine* regarding plaintiff's experts, trial

5   exhibits, and the testimony of lay witnesses plaintiff intends to present at trial.

6   **I.      Issues of Law Which are Germane to the Case**

7   These are explained above.

8   **II.**

9   **BIFURCATION OF ISSUES (16-4.3)**

10   Plaintiff has filed a witness list that identifies five witnesses in an attempt to

11   carry its burden of establishing standing (Doc. 173).  As explained above, to the

12   extent this case is not stayed and proceeds to trial, the Court should bifurcate

13   proceedings and first rule on this question before it proceeds to the merits. The

14   Court should bifurcate proceedings and resolve the issue of standing before

15   considering the merits of LCR's facial constitutional challenge.  *See Sepulveda v.*

16   *Pacific Maritime Assoc*., 878 F.2d 1137, 1138 (9th Cir. 1989) (bifurcating trial to

17   resolve issue of plaintiffs' standing before addressing the merits of plaintiffs'

18   claims); *Greener v. Cadle Co.*, 298 B.R. 82, 86 (N.D. Tex. 2003) (noting that

19   bankruptcy court "bifurcated the underlying bankruptcy action, so that it could

20   resolve the issue of standing before it tried the merits of the adversary claim."); *In*

21   *re Allan S. Katz*, No. 98-C-4860, 1999 WL 14485, at *1 (N.D. Ill. Jan. 6, 1999)

22   (holding evidentiary hearing on standing prior to adjudicating merits).  A Court

23   must first assure itself that Article III standing and subject-matter jurisdiction

24   exists before addressing the merits.  *Steel Co. v. Citizens for a Better Environment*,

25   523 U.S. 83, 94, 140 L. Ed. 2d 210, 118 S. Ct. 1003 (1998).

26

27

28

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW                13

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2

**III.**

**JURY TRIAL (16-4.4)**

3    Not applicable

4

**IV.**

**ATTORNEYS' FEES (16-4.5)**

5

6    Not applicable.

7

**V.**

**ABANDONMENT OF ISSUES (16-4.6)**

8

9    Not applicable.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PRETRIAL MEMORANDUM
OF CONTENTIONS OF FACT AND LAW                    14

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2   Dated:  June 21, 2010

3                                              Respectfully submitted,

4                                              TONY WEST
                                               Assistant Attorney General

5                                              ANDRÉ BIROTTE, JR
                                               United States Attorney

6
                                               JOSEPH H. HUNT
7                                              Director

8                                              VINCENT M. GARVEY
                                               Deputy Branch Director

9
                                               /s/ *Paul G. Freeborne*
10                                             PAUL G. FREEBORNE
                                               W. SCOTT SIMPSON
11                                             JOSHUA E. GARDNER
                                               RYAN B. PARKER
12                                             Trial Attorneys
                                               U.S. Department of Justice,
13                                             Civil Division
                                               Federal Programs Branch
14                                             20 Massachusetts Ave., N.W.
                                               Room 6108
15                                             Washington, D.C.  20044
                                               Telephone: (202) 353-0543
16                                             Facsimile: (202) 616-8202
                                               paul.freeborne@usdoj.gov
17
                                               *Attorneys for Defendants United States*
18                                             *of America and Secretary of Defense*

19

20

21

22

23

24

25

26

27

28