DAN WOODS (SBN 78638)
FERNANDO AENLLE-ROCHA (SBN 129515)
RACHEL J. FELDMAN (SBN 246394)
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329
Email:       dwoods@whitecase.com
Email:       faenlle-rocha@whitecase.com
Email:       rfeldman@whitecase.com

Attorneys for Plaintiff
Log Cabin Republicans

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LOG CABIN REPUBLICANS, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and ROBERT M. GATES, SECRETARY OF DEFENSE, in his official capacity,<br><br>Defendants. | Case No.  CV04-8425 VAP (Ex)<br><br>**DECLARATION OF MELANIE C. SCOTT IN SUPPORT OF PLAINTIFF LOG CABIN REPUBLICANS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE LAY WITNESS TESTIMONY**<br><br>Date: June 28, 2010<br>Time: 2:30 p.m.<br>Place: Courtroom of Judge Phillips |

## DECLARATION OF MELANIE C. SCOTT

I, Melanie C. Scott, declare:

1. I am an attorney admitted to practice before all courts of the State of California and the United States District Court for the Central District of California. I am an associate with the firm White & Case LLP, counsel of record for Plaintiff Log Cabin Republicans ("Log Cabin"). I submit this declaration in support of Log Cabin's opposition to Defendants' Motion *in Limine* to Exclude Lay Witness Testimony. I have personal knowledge of the facts stated herein or know of such facts from my review of the file in this case, and, if called upon to do so, could competently testify thereto.

2. At the hearing on April 26, 2010, the Court stated that it was inclined to apply the heightened standard of scrutiny adopted by the Ninth Circuit in Witt v. Dep't of the Air Force, 527 F.3d 806, 819 (9th Cir. 2008). Based on the Court's statement, Log Cabin's counsel realized the necessity of introducing testimony of former servicemembers at trial to show DADT's impact on the military and the manner of its enforcement.

3. Three weeks prior to the hearing, on April 6, 2010, I had emailed, via Facebook, Former Mjr. Michael Almy and Former Sgt. Stephen Vossler requesting they contact me to discuss their experiences under DADT so that I could determine whether they had information relevant to this case. On April 7, 2010, I spoke with Former Sgt. Vossler, and on April 8, 2010, I spoke with Former Mjr. Almy. During those conversations, Former Mjr. Almy and Former Sgt. Vossler explained their experiences in the military, and I gave them general information concerning this case. At that time, we had not decided whether fact testimony was relevant to Log Cabin's case.

- 1 -

4. Following the hearing on April 26, 2010, and our determination that lay witness testimony was important and relevant, I contacted Former Lt. Jenny L. Kopfstein, Former PO3 Joseph Christopher Rocha, and Former Ssgt. Anthony Loverde on May 6, 2010, and also Former Mjr. Almy and Former Sgt. Vossler, to inquire about their experiences under DADT. I asked them at that time whether they would be willing to participate as a testifying witness but explained that we had not yet made a final determination concerning fact witnesses.

5. On May 17, 2010, Patrick Hunnius, a former partner at White & Case, sent Defendants' counsel an email, on which I was blind copied, identifying the witnesses Log Cabin intends to call at trial, including Former Mjr. Almy, Former Lt. Kopfstein, Former SSgt. Loverde, Former PO3 Rocha, and Former Sgt. Stephen Vossler, a copy of which is attached to the Motion.

6. On May 20, 2010, Mr. Hunnius sent Defendants' counsel an email, on which I was blind copied, stating that we would not object to Defendants' deposing the fact witnesses prior to trial, a copy of which is attached to the Motion. As of today's date, Defendants have not taken any steps to schedule depositions of the fact witnesses.

7. On December 21, 2009, my office served on Defendants "Log Cabin Republicans' Notice of Deposition of United States of America and Robert M. Gates, Secretary of Defense Pursuant to F.R.C.P. 30(b)(6)" ("30(b)(6) Deposition Notice"). A true and correct copy of the 30(b)(6) Deposition Notice is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct. Executed on June 22, 2010, at Los Angeles, California.

*Melanie C. Scott*
Melanie C. Scott

LOSANGELES 870337 v2 (2K)          DECLARATION OF MELANIE C. SCOTT

**EXHIBIT A**

```
WHITE & CASE LLP
DAN WOODS (State Bar No. 78638)
PATRICK HUNNIUS (State Bar No. 174633)
PATRICK J. HAGAN (State Bar No. Pending)
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:     dwoods@whitecase.com
Email:     phunnius@whitecase.com
Email:     phagan@whitecase.com

Attorneys for Plaintiff
LOG CABIN REPUBLICANS
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOG CABIN REPUBLICANS, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA and ROBERT M. GATES, SECRETARY OF DEFENSE, in his official capacity, <br><br> Defendants. | Case No. CV 04-8425 VAP (Ex) <br><br> LOG CABIN REPUBLICANS' NOTICE OF DEPOSITION OF UNITED STATES OF AMERICA and ROBERT M. GATES, SECRETARY OF DEFENSE PURSUANT TO F.R.C.P. 30(b)(6) |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on January 25, 2010, commencing at 9:00 a.m. at the offices of White & Case LLP located at 701 Thirteenth Street, NW, Washington, District of Columbia, 20005-3807, or at such other time as the parties agree, Plaintiff LOG CABIN REPUBLICANS will take the deposition upon oral examination under oath of Defendants UNITED STATES OF AMERICA and ROBERT M. GATES, SECRETARY OF DEFENSE, pursuant to Federal Rule of Civil Procedure 30(b)(6). If the deposition is not completed on the agreed upon day, it will continue day to day, excluding weekends and holidays, as necessary, until completed. The deposition will take place before a certified court reporter authorized to administer oaths and will be recorded stenographically, by videotape, and through the instant visual display of testimony. Plaintiff reserves the right to use the videotape of the deposition at the time of trial or at such other time as may be appropriate.

This notice names a governmental agency as a deponent. Under the provisions of Rule 30(b)(6), Defendants shall identify and produce for deposition one or more officers, directors, managing agents and other persons who consent to testify on its behalf and are the officers, directors, agents or other persons most knowledgeable as to the matters set forth below.

At the deposition, testimony will be sought related to the following topics. If Defendants have an objection to providing testimony concerning any specific topic, we request that Defendants let us know of that objection well prior to the noticed date of the deposition so that we will have time to attempt to resolve the objection prior to the date of deposition. Further, we request that Defendants identify the representative who will be testifying on each topic at least five business days prior to the deposition to assist us in conducting an efficient and productive deposition.

I. <u>DEFINITIONS</u>

The following terms shall have the meanings set forth below:

1. "Defendants" means United States of America, and its current and former employees, attorneys, accountants, agents, officers, departments, and representatives.

2. "DOD" means the United States Department of Defense.

3. The term "relating to" means consisting of, constituting, concerning, referring to, embodying, comprising, reflecting, identifying, stating, dealing with, commenting on, responding to, describing, evidencing, analyzing, containing information concerning, or in any way pertaining to the subject matter of the Requests, whether directly or indirectly.

4. "Policy" shall mean the so-called "Don't Ask, Don't Tell, Don't Pursue" policy, codified as federal law in Title 10, Section 654 of the United States Code, entitled "Policy Concerning Homosexuality in the Armed Forces," and any Department of Defense regulations promulgated pursuant to Title 10, Section 654 of the United States Code, including, but not limited to, the following:

(a) the memorandum dated February 5, 1994 from Defense Secretary Les Aspin to the service secretaries and the Chairman of the Joint Chiefs of Staff entitled "Implementation of DOD Policy on Homosexual Conduct in the Armed Forces" (referred to hereinafter as the "Implementation Memorandum");

(b) DOD Directive 1304.26 entitled "Qualification Standards for Enlistment, Appointment and Induction";

(c) the memorandum from Assistant Defense Secretary Edwin Dorn to the assistant service secretaries entitled "Briefing Armed Forces Applicants" (referred to hereinafter as the "Briefing Memorandum");

(d) DOD Directive 1332.14 entitled "Enlisted Administrative Separations";

(e)   DOD Directive 1332.30 entitled "Separation of Regular Commissioned Officers";

(f)   DOD Instruction 5505.8 entitled "Investigations of Sexual Misconduct by the Defense Criminal Investigative Organizations and Other DoD Law Enforcement Organizations";

(g)   the memorandum from the Deputy Defense Secretary to the secretaries of the military departments entitled "Implementation of 'Policy Guidelines on Homosexual Conduct in the Armed Forces' in Personnel Security Investigation and Adjudication" (referred to hereinafter as the "Investigation and Adjudication Memorandum"); and

(h)   the memorandum from Assistant Defense Secretary Edwin Dorn to the assistant service secretaries entitled "Training Guidance for DOD Policy on Homosexual Conduct in the Armed Forces," and the attached "DOD Policy on Homosexual Conduct Training Plan" (referred to hereinafter collectively as the "Training Plan Memorandum").

5.   "United States Armed Forces" refers to all branches of the United States military including the Air Force, Army, Marines, Navy, National Guard, Coast Guard and any other special military forces.

II.   AREAS REGARDING WHICH PLAINTIFFS SEEK TESTIMONY

1.   The application of the Policy to women service members, including: (1) the manner in which the Policy is implemented with respect to them; (2) the manner in which allegations concerning women service members are investigated; (3) the number of women service members against whom investigations and separation proceedings are initiated as a percentage of investigations and separation proceedings initiated against all service members; and (3) the number of women service members

discharged under the Policy as a percentage of the total number of discharges pursuant to the Policy.

2. The application of the Policy to medical, linguistic, administrative, or other non-combat-assigned service members.

3. The application of the Policy to service members deployed overseas to combat theatres from 2001 to the present, such as Operation Enduring Freedom in Afghanistan and Operation Iraqi Freedom, including the total number of service members discharged or investigated pursuant to the Policy, any consideration, discussion or deliberation regarding whether to suspend either the Policy, any investigation pursuant to the Policy or any discharge proceeding initiated under the Policy.

4. The compatibility or incompatibility of gay and lesbian Americans with service in the United States Armed Forces, including the effect of the presence of such individuals, if any, on unit cohesion, combat effectiveness, unit morale, good order, discipline, and readiness to fight.

5. The effect or lack of effect of Lawrence v. Texas, 539 U.S. 558 (2003) on the Policy, the application of the Policy, or the legality of the Policy.

6. Reports, studies or analyses conducted by or on behalf of Defendants relating to the experience of the armed forces of nations other than the United States with military service by individuals with a homosexual orientation or by individuals who engage in homosexual conduct, including the consideration or evaluation of such service by those foreign states or their armed forces.

7. Reports, research, or analysis concerning United States Armed Forces personnel and homosexual conduct or homosexual orientation commissioned, requested, or received by Defendants from any person or organization, including, but not limited to, the RAND Corporation, Family Research Council, the Defense Readiness Council, the Center for Military Readiness, The Retired Officers

Association (now the Military Officers Association of America), TROA, the American Security Council Foundation, the Conservative Resource Center, Exodus International, Regeneration, the Jackson Institute, Walter Reed Army Institute of Research, PERSEREC (Defense Personnel Security Research and Education Center), Military Working Group Study, US Government Accountability Office, and the Homosexual Study Group.

8. Defendants' contention that the Policy is rationally related to a legitimate purpose.

9. Deployment of known or suspected gay or lesbian service members from the year 2001 to the present, including any policies, procedures, handbooks, rules, guidelines, or communications relating to such deployments.

10. Deployment of gay or lesbian service members who were contemporaneously either in the process of discharge proceedings for homosexual conduct or under investigation for allegedly engaging in homosexual conduct or any other alleged breach of the Policy from the year 2001 to the present.

11. The recruiting and hiring policies of private contractor corporations employed since 2002 by the United States in Iraq or Afghanistan, specifically relating to any non-discrimination policies or DOD guidelines as to those policies.

12. Statistics regarding discharges from 1994 through the present pursuant to the Policy, including: (1) the total number of service members discharged; (2) the total number of women discharged; (3) the total number of officers discharged; (4) the total number of persons discharged specified by specialty and/or category (e.g., number of translators, doctors, nurses, attorneys, linguists, mechanics, etc.); the total number of persons that contested their discharge; and (5) the number of persons that were subjected to discharge proceedings, contested their discharge, and ultimately were not discharged.

13.   The annual total number of felons, identified as such prior to enlistment, serving in the United States Armed Forces since the adoption of the policy permitting felons' service in the United States Armed Forces.

14.   The history, consideration, development, creation, authorization, reasons for authorization, adoption, and implementation of each branch of the United States Armed Forces' respective policy regarding moral waivers of prior felony convictions, including any amendments to such policies or changes in the implementation of or criteria for such policies since 2001.

15.   Polls conducted by or on behalf of the Defendants measuring public opinion regarding service by gay or lesbian individuals or persons who engage in homosexual conduct in the United States Armed Forces, including both polls that measure public opinion within the United States Armed Forces and polls measuring public opinion among United States citizens.

16.   The fiscal effect of the Policy, including any studies, reports, research or analysis regarding the expenses associated with the Policy, the costs of recruiting additional personnel to replace service members discharged pursuant to the Policy, and the costs expended training service members discharged pursuant to the Policy.

17.   The identity of the person or persons primarily responsible for the administration of the Policy either for the United States Government as a whole, the Department of Defense and/or each branch of the United States Armed Forces.

Dated:     December 21, 2009              WHITE & CASE LLP

                                          By _____
                                             Patrick Hunnius
                                          Attorneys for Plaintiff
                                          LOG CABIN REPUBLICANS

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 633 W. Fifth Street, Suite 1900, Los Angeles, CA 90071-2007. I am employed by a member of the Bar of this Court at whose direction the service was made.

On December 2/, 2009, I served the foregoing document(s) described as LOG CABIN REPUBLICANS' NOTICE OF DEPOSITION OF UNITED STATES OF AMERICA and ROBERT M. GATES, SECRETARY OF DEFENSE PURSUANT TO F.R.C.P. 30(b)(6) on the person(s) below, as follows:

| | |
|---|---|
| Roger West, AUSA First Assistant Chief<br>U.S. Department of Justice<br>United States Attorney<br>Central Division of California<br>Federal Building, Suite 7516<br>300 North Los Angeles Street<br>Los Angeles, CA 90012<br><br>Telephone: (213) 894-2461<br>Facsimile: (213) 894-7819/7385 | Tony West<br>Vincent M. Garvey<br>Paul G. Freeborne<br>U.S. Department of Justice, Civil Div.<br>Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br><br>Telephone: (202) 353-0543<br>Fax: (202) 616-8460 / (or)<br>(202) 616-8202 |

[x]   **(BY MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing at White & Case, LLP, Los Angeles, California, following our ordinary business practices. I am readily familiar White & Case's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on December 2/, 2009 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

*/s/ Cynthia Gomez*
Cynthia Gomez