TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail:  paul.freeborne@ usdoj.gov

*Attorneys for Defendants United States
of America and Secretary of Defense*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| LOG CABIN REPUBLICANS,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense,<br><br>           Defendants. | No. CV04-8425 VAP (Ex)<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES<br><br>DATE: June 28, 2010<br><br>TIME: 2:30 p.m.<br><br>BEFORE: Judge Phillips |

REPLY IN SUPPORT OF DEFENDANTS' MOTION
*IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**TABLE OF CONTENTS**

INTRODUCTION. ............................................................................................... 1

    I.    Defendants' Motion Is Procedurally Proper and Appropriate. ............... 2

    II.    LCR Has Failed To Meet Its Burden Of Establishing The Admissibility of Its Experts' Testimony. .............................................. 5

        A.    LCR's Expert Testimony Is Legally Irrelevant. .......................... 5

            1.    Evidence Is Inappropriate in a Facial Constitutional Challenge. ................................................ 5

            2.    Opinions Regarding The Motivations Behind Those That Enacted DADT is Inadmissible. .................... 8

            3.    Dr. Korb's Opinion Is An Inadmissible Legal Conclusion. ................................................................... 9

        B.    LCR Has Failed To Meet Its Burden Of Establishing The Admissibility Of Testimony Regarding The Alleged Disproportionate Impact of Female Servicemembers. ................................................................. 10

    II.    LCR Has Failed To Demonstrate That Many Of Its Experts' Opinions Are Sufficiently Reliable Under FRE 702. ........................... 10

    III.    To The Extent The Court Permits Expert Testimony, It Should Be Limited Under FRE 403. ............................................... 12

CONCLUSION . ................................................................................................ 12

# TABLE OF AUTHORITIES

## CASES

*Able v. U.S.,*
  880 F. Supp. 968 (E.D.N.Y. 1995). .................................................................. 5, 6

*Albee v. Cont'l Tire N. Am., Inc.,*
  2010 WL 1729092 (E.D. Cal. Apr. 27, 2010). .................................................. 6

*Annex Books, Inc. v. City of Indianapolis,*
  581 F.3d 460 (7th Cir, 2009). ........................................................................... 6, 7

*Beller v. Middendorf,*
  632 F.2d 788 (9th Cir. 1980). ........................................................................... 8

*Blodgett v. U.S.,*
  2008 WL 1944011 (D. Utah May 1, 2008). ..................................................... 3

*Bowers v. Hardwick,*
  478 U.S. 186, 106 S. Ct. 2841, 92 L. Ed. 2d 140 (1986). ................................. 8

*Branco v. Life Care Ctrs. of Am., Inc.,*
  2006 WL 4484727 (W.D. Wash. May 4, 2006). .............................................. 6

*City of Cleburne v. Cleburne Living Ctr.,*
  473 U.S. 432, 105, S. Ct. 3249, 87 L. Ed. 2d 313 (1985). ................................ 7

*City of Renton v. Playtime Theatres,*
  475 U.S. 41, 106 S. Ct. 925, 89 L. Ed. 2d 29 (1986). ....................................... 8

*Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,*
  2010 WL 2035800 (C.D. Cal. May 19, 2010). ................................................. 4

*Cook v. Rockwell Int'l Corp.,*
  580 F. Supp. 2d 1071 (D. Colo. 2006). ............................................................. 3

*Daubert v. Merrell Dow Pharm.,*
  509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). ............................... 4

*Defenders of Wildlife v. Bernal,*
  204 F.3d 920 (9th Cir. 2000). ........................................................................... 2

*Dubner v. City & County of San Francisco,*
  266 F.3d 959 (9th Cir. 2001). ........................................................................... 2

*EEOC v. Sears, Roebuck & Co.,*
  628 F. Supp. 1264 (N.D. Ill. 1986). .................................................................. 5

*Gable v. Patton,*
  142 F.3d 940 (6th Cir. 1998). ........................................................................... 5

*Gen. Offshore Corp. v. Farrelly,*
    743 F. Supp. 1177 (D.V.I 1990). ................................................................... 5

*Goldman v. Weinberger,*
    475 U.S. 503, 106 S. Ct. 1310, 89 L. Ed. 2d 478 (1986). .................................. 7

*Gordon v. Davenport,*
    2009 WL 322891 (N.D. Cal. 2009). ............................................................ 10

*Gulf States Util. Co. v. Ecodyne Corp.,*
    635 F.2d 517 (5th Cir. 1981). ........................................................................ 4

*Holder v. Humanitarian Law Project,*
    2010 WL 2471055 (June 21, 2010). .............................................................. 8

*Joy v. Bell Helicopter Textron, Inc.,*
    999 F.2d 549 (D.C. Cir. 1993). ...................................................................... 4

*Lawrence v. Texas,*
    539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003). ................................ 8

*Los Angeles v. Alameda Books, Inc.,*
    535 U.S. 425, 122 S. Ct. 1728, 152 L. Ed. 2d 1728 (2002). .............................. 6

*Melczer v. Unum Life Ins. Co.,*
    259 F.R.D. 433 (D. Ariz. 2009)...................................................................... 2

*Estate of Mitchell v. Gencorp, Inc.,*
    968 F. Supp. 592 (D. Kan. 1997). .................................................................. 3

*O Bar Cattle Co. v. Owyhee Feeders, Inc.,*
    2010 WL 2404306 (D. Idaho June 10, 2010). ................................................. 3

*Paine ex rel. Eilman v. Johnson,*
    2010 WL 785387 (N.D. Ill. Feb. 26, 2010). .................................................... 3

*Palmerin v. City of Riverside,*
    794 F.2d 1409 (9th Cir. 1986). ...................................................................... 2

*Philips v. Perry,*
    106 F.3d 1420 (9th Cir. 1997). ...................................................................... 9

*Playtex Prods., Inc. v. Procter & Gamble Co.,*
    2003 WL 21242769 (S.D.N.Y. May 28, 2003). .............................................. 3

*Rostker v. Goldberg,*
    453 U.S. 57, 101 S. Ct. 2646, 69 L. Ed. 2d 478 (1981). ................................... 7

*Scott v. Ross,*
    140 F.3d 1275 (9th Cir. 1998). ...................................................................... 5

*Seaboard Lumber Co. v. U.S.*,
    308 F.3d 1283 (Fed. Cir. 2002). .................................................................. 4

*Shoen v. Shoen*,
    5 F.3d 1289 (9th Cir. 1993). ....................................................................... 6

*Sperberg v. Goodyear Tire & Rubber Co.*,
    519 F.2d 708 (6th Cir.1975)......................................................................... 4

*Tan v. City & County of San Francisco*,
    2010 WL 726985 (N.D. Cal. Feb. 26, 2010). .............................................. 3

*U.S. v. Flores-Villar*,
    536 F.3d 990 (9th Cir. 2008). ...................................................................... 2

*U.S. v. Lileikes*,
    929 F. Supp. 31 (D. Ma.. 1996). .................................................................. 5

*U.S. v. Lujan*,
    504 F.3d 1003 (9th Cir.2007). ..................................................................... 5

*Verdekel v. County of Los Angeles*,
    2009 WL 4058592 (C.D. Cal. May 7, 2009). .............................................. 3

*Wang Labs., Inc. v. Mitsubishi Elecs. Amer., Inc.*,
    1993 WL 645938 (C.D. Cal. Dec. 17, 1993). .............................................. 3

*Washington v. Davis*,
    426 U.S. 229, 106 S. Ct., 89. ........................................................................ 8

**FEDERAL RULES OF EVIDENCE**

Rule 401.................................................................................................................. 11

Rule 402............................................................................................................... 1, 5

Rule 403............................................................................................................. 5, 13

Rule 702......................................................................................................... 1, 5, 11

**MISCELLANEOUS**

Manual for Complex Litigation Second § 32.23 at 271-72 (1985). ........................ 2

**INTRODUCTION**

Defendants established in their motion *in limine* that the testimony of Log Cabin Republicans' ("LCR") experts is inadmissible under Federal Rules of Evidence ("FRE") 702 and 402. Notably, rather than directly meet Defendants' objections, LCR devotes almost half of its opposition to an issue not raised in Defendants' motion – namely, LCR's experts' purported qualifications (Doc. 198 at 14). But LCR's experts' qualifications is not the subject of Defendants' motion *in limine,* and is wholly irrelevant to the Court's determination as to whether LCR's experts' testimony is both helpful to the court and otherwise reliable under FRE 702.

LCR seeks to introduce testimony from *seven* expert witnesses to challenge the wisdom of Congress in enacting DADT, and to support its legally unsupported "continued rationality" theory. In its opposition, LCR takes the contradictory position that it is not intending to adduce expert testimony to challenge the wisdom of Congress in enacting DADT, (*id.* at 3), but claims in the next breath that its experts will opine that "DADT does nothing to further the military's goals and actually undermines those goals" (*Id.* at 22). Congress found that DADT **did** further the military's goals of promoting morale, good order and discipline, and unit cohesion, however, and it is beyond peradventure that LCR's experts seek to challenge the wisdom of Congress' conclusion on this issue.[1] Ultimately, the question of the facial constitutionality of DADT is a pure question of law to be decided based upon the

---

[1] LCR's opposition proceeds from the flawed premise that the Court has ruled upon the merits of Defendants' summary judgment motion. (Doc. 198 at 1) (claiming that Defendants have "resurrect[ed] its failed motion for summary judgment"). Although the Court denied Defendants' summary judgment motion as it relates to standing, finding that triable issues of fact exist on that issue, it has requested additional briefing on the standard of review to apply to LCR's facial substantive due process claim, and has not ruled on either LCR's substantive due process or First Amendment claims.

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

congressional findings and legislative history, and LCR's experts' opinions are legally irrelevant to resolving this issue.

## I.   Defendants' Motion Is Procedurally Proper and Appropriate

LCR argues that Defendants' motion *in limine* regarding expert witnesses is (1) "procedurally improper" in that it seeks rulings on certain evidentiary issues that should instead (LCR argues) be deferred for trial; (2) improperly seeks to exclude "broad categories of evidence"; and (3) attempts to circumvent this Court's order limiting each side to three motions *in limine* (Doc. 198 at 8-9 & n.1).  These assertions are without merit; Defendants' motion is procedurally proper and seeks to promote the efficient use of the Court's time at trial.

A motion *in limine* is not, as LCR seems to believe, a rare vehicle used only for jury trials.  Rather, the Ninth Circuit has observed that "the motion *in limine* provides a useful tool for eliminating unnecessary trial interruptions. . . . 'By addressing these [evidentiary issues] before trial [through motions *in limine*], [the] judge and the attorneys may be able to give them more deliberate and careful consideration than if the issues were raised for the first time during trial, and pretrial rulings on critical evidentiary questions permit the trial to be conducted more efficiently and effectively.'" *Palmerin v. City of Riverside*, 794 F.2d 1409, 1412-13 (9th Cir. 1986) (quoting Manual for Complex Litigation Second § 32.23 at 271-72 (1985)).  The courts in this Circuit have many times entertained and granted motions *in limine* in connection with bench trials.  *See, e.g., U.S. v. Flores-Villar*, 536 F.3d 990, 994 (9th Cir. 2008); *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 922, 928 (9th Cir. 2000); *Melczer v. Unum Life Ins. Co.*, 259 F.R.D. 433, 434-36 (D. Ariz. 2009).

Nor is there any merit to LCR's contention that a motion *in limine* cannot seek to resolve issues regarding "broad categories of evidence."  Apparently, LCR's position is that only one witness and one basis for exclusion can be included in a

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES   -2-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

motion *in limine*. Such a rule would be highly inefficient and unduly limiting, particularly where a party has designated ***twenty-one*** witnesses to testify at trial.[2] This Court and other courts in this Circuit (and elsewhere) have routinely permitted parties to file a single motion *in limine* directed at broad categories of witnesses.[3] Indeed, where there is a reasonable basis for excluding a given category of witnesses, that is precisely the kind of matter that would most efficiently be decided before trial. *See Wang Labs., Inc. v. Mitsubishi Elecs. Amer., Inc.*, No. CV 92 4698 JGD, 1993

---

[2] Defendants' motion *in limine* regarding experts raises a single issue – whether LCR's proposed expert testimony is admissible under the Federal Rules of Evidence. The fact that Defendants have identified multiple reasons for the inadmissibility of LCR's experts does not somehow transform Defendants' motion into more than one motion, and LCR has identified no authority for its claimed proposition.

[3] *See O Bar Cattle Co. v. Owyhee Feeders, Inc.*, No. CV08-149-S-EJL-CWD, 2010 WL 2404306, at *4-10 (D. Idaho June 10, 2010) (one motion *in limine* to exclude (1) testimony by three expert witnesses for failure to provide expert reports, and (2) testimony by several lay witnesses as "irrelevant, cumulative, or improper expert testimony"); *Tan v. City & County of San Francisco*, No. C 08-01564 MEJ, 2010 WL 726985, at *4 (N.D. Cal. Feb. 26, 2010) (one motion *in limine* "to exclude all opinions by defense experts which were not in their reports"); *Verdekel v. County of Los Angeles*, No. CV06 01518-RT, 2009 WL 4058592, at *1 (C.D. Cal. May 7, 2009) (plaintiffs permitted to file eleven motions *in limine*, including motion "to Exclude All Non-Retained Experts from Giving Expert Testimony"); *accord Paine ex rel. Eilman v. Johnson*, No. 06 C 3173, 2010 WL 785387, at *1 (N.D. Ill. Feb. 26, 2010) (motion "to exclude all or parts of the proposed testimony of seven expert witnesses"); *Blodgett v. U.S.*, No. 2:06-CV-00565DAK, 2008 WL 1944011, at *1 n.1 (D. Utah May 1, 2008) ("motion to exclude all expert testimony"); *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1156 (D. Colo. 2006) (motion "to exclude all testimony by three lay witnesses"); *Playtex Prods., Inc. v. Procter & Gamble Co.*, No. 02 Civ. 8046 (WHP), 2003 WL 21242769, at *1 (S.D.N.Y. May 28, 2003) (motion "to exclude all or parts of the testimony of [plaintiff's three] experts"); *Estate of Mitchell v. Gencorp, Inc.*, 968 F. Supp. 592, 595-99 (D. Kan. 1997) (motion to exclude all testimony by five expert witnesses).

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES   -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  WL 645938, at *2 (C.D. Cal. Dec. 17, 1993) (rejecting "narrow view" that motions
2  *in limine* are "generally confined to very specific evidentiary issues," and eschewing
3  reliance on *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir.1975)).
4  *But cf. Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525
5  PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (asserting that
6  motions in limine should "rarely" be used to exclude "broad categories of evidence").

7  Finally, LCR's suggestion that the Court should simply allow this otherwise
8  inadmissible expert testimony into evidence because this is a bench trial has been
9  soundly rejected by the Supreme Court (Doc. 198 at 10).  The Supreme Court has
10 rejected the familiar refrain that there are sufficient safeguards against irrelevant or
11 unreliable expert testimony in the opponent's ability to present its own expert
12 testimony or to cross-examine each other's experts at trial.  *Daubert v. Merrell Dow*
13 *Pharm.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *Joy v. Bell*
14 *Helicopter Textron, Inc.*, 999 F.2d 549, 569 (D.C. Cir. 1993) (rejecting "'let it all in'
15 philosophy" of expert testimony).  The standard articulated by the Supreme Court in
16 *Daubert* must be met even in non-jury cases such as this one.  *Seaboard Lumber Co.*
17 *v. U.S.*, 308 F.3d 1283, 1302 (Fed. Cir. 2002).[4]

---

[4] LCR's reliance upon *Gulf States Util. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981), is misplaced.  In that case, the court held that it was improper for a district court to exclude evidence under FRE 403 on the basis of weighing the probative value of the evidence against the undue prejudicial effect. Of course, Defendants' motion *in limine* does not seek to have the Court engage in any such weighing.  Rather, Defendants' motion requests that the Court exercise its gate-keeping obligation and determine the threshold issue of the admissibility of LCR's expert testimony under FRE 702 and 402.

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES   -4-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## II. LCR Has Failed To Meet Its Burden Of Establishing The Admissibility of Its Experts' Testimony

### A. LCR's Expert Testimony Is Legally Irrelevant

#### 1. Evidence Is Inappropriate in a Facial Constitutional Challenge

Defendants established in their motion *in limine* that LCR's experts' testimony is not helpful to the Court in resolving any "fact in issue" with respect to LCR's facial constitutional challenge. *See* FRE 702. The reason for this is self-evident – in a facial constitutional challenge, there are no "facts in issue." Instead, the question of the facial constitutionality of DADT is a pure question of law. *See U.S. v. Lujan*, 504 F.3d 1003, 1006 (9th Cir.2007); *Gable v. Patton*, 142 F.3d 940, 944 (6th Cir. 1998); *Gen. Offshore Corp. v. Farrelly*, 743 F.Supp. 1177, 1187 (D.V.I 1990). Accordingly, consideration of "facts" beyond the statute and legislative history is inappropriate.

Notably, LCR does not address these cases or dispute Defendants' assertion that LCR's facial constitutional challenge is a pure legal question. Rather, LCR simply contends that "[e]xpert testimony frequently helps the trier of fact in cases where context matters" (Doc. 198 at 11). But in a facial constitutional challenge, context is legally ***irrelevant***.[5] Indeed, LCR fails to explain how the "historical,

---

[5] None of the cases LCR cites on pages 11-12 of its opposition regarding the propriety of expert testimony to establish "context" involve a facial constitutional challenge to a statute. *See EEOC v. Sears, Roebuck & Co.*, 628 F. Supp. 1264 (N.D. Ill. 1986) ("pattern and practice" Title VII case); *Scott v. Ross*, 140 F.3d 1275, 1286 (9th Cir. 1998) (conspiracy to deprive plaintiff of civil rights under 42 U.S.C. § 1985 and state law tort claims); *U.S. v. Lileikes*, 929 F. Supp. 31, 37 (D. Ma.. 1996) (denaturalization proceeding). Furthermore, *Able v. U.S.*, 880 F. Supp. 968 (E.D.N.Y. 1995), *vacated and remanded* 88 F.3d 1280 (2d Cir. 1996), actually undermines LCR's claim that expert evidence is appropriate. In *Able*, an as-applied challenge to DADT, the district court did not consider evidence of animus or prejudice outside of the statute and legislative history;

(continued...)

---

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES  -5-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

sociological, and psychological context matters" in a challenge to the facial validity of DADT (Doc. 198 at 12). Accordingly, LCR's contention that "[e]ach expert adds a distinct piece to the whole that, in concert, provide a better understanding of the ***facts and claims at issue***" (Doc. 198 at 12) wholly misses the mark – there simply are no facts at issue in regards to LCR's facial constitutional challenge. Accordingly, the Court's analysis of the facial validity of DADT should begin – and end – with the text of the statute and its legislative history.[6]

LCR's reliance upon *Annex Books, Inc. v. City of Indianapolis,* 581 F.3d 460 (7th Cir, 2009), to support a claimed right to present expert testimony regarding a facial constitutional challenge is misplaced (Doc. 198 at 19). *Annex* involved a First and Fourth Amendment challenge brought by owners of adult entertainment establishments to a city ordinance that placed certain restrictions upon the establishments. *Id.* The Seventh Circuit employed intermediate scrutiny to the city ordinance because the establishments sold books, and applied the test articulated by the Supreme Court in *Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 122 S. Ct.

---

[5](...continued)
indeed – there is no reference whatsoever to expert testimony in the opinion. *See Able,* 880 F. Supp. at 976-79.

[6] LCR's suggestion that the Court somehow already has ruled on the legal relevance of LCR's expert testimony by allowing limited discovery is misplaced. On July 24, 2009, the Court ruled, over Defendants' objections, that LCR was entitled to seek certain discovery in this case. *See* Doc. 91. That ruling, however, in no way establishes that the testimony of LCR's proposed experts are otherwise relevant or admissible for purposes of trial. *See Branco v. Life Care Ctrs. of Am., Inc.*, No. 05-1139, 2006 WL 4484727, *2 (W.D. Wash. May 4, 2006) ("'Relevance' under 26(b)(1) is defined more broadly than relevance for evidentiary purposes, and discoverable information need not be admissible at trial.") (citing *Shoen v. Shoen*, 5 F.3d 1289, 1299-300 (9th Cir. 1993)); *Albee v. Cont'l Tire N. Am., Inc.*, No. 09-1145, 2010 WL 1729092, *7 (E.D. Cal. Apr. 27, 2010) (recognizing distinction between admissibility at trial and discoverability).

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES   -6-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. Box 883, Ben Franklin Station
Washington, D.C. 20044
(202) 353-0543

1728, 152 L. Ed. 2d 1728 (2002), which required that the City produce "evidence that the restrictions actually have public benefits great enough to justify any curtailment of speech." *Annex Books*, 581 F.3d at 462. By its terms, the test articulated in *Almeda* has no relevance to a due process challenge to a statute pertaining to military affairs.[7]

Furthermore, LCR's attempt to downplay the substantial deference afforded to decisions by the political branches regarding the military also is without merit. Congress, rather than the courts, is to make decisions regarding the military. *See Rostker v. Goldberg*, 453 U.S. 57, 65, 101 S. Ct. 2646, 69 L. Ed. 2d 478 (1981) ("Not only is the scope of Congress' constitutional power in this area broad, but the lack of competence on the part of the courts is marked."). Principles of deference similarly govern under heightened review. *See Goldman v. Weinberger*, 475 U.S. 503, 106 S. Ct. 1310, 89 L. Ed. 2d 478 (1986). In *Goldman*, the Supreme Court expressly found expert testimony to have no relevance in the context of a First Amendment challenge to military policy, recognizing that "[w]hether or not expert witnesses" have an opinion about military policy is "quite beside the point." *Id*. at 509. Questions of military policy are to be decided by Congress and the Executive, and "they are under no constitutional mandate to abandon their considered professional judgment." *Id*.[8] While LCR suggests that such principles have since been overcome by subsequent cases, the Supreme Court reaffirmed this week that such questions are "entitled to

---

[7] LCR's reliance upon the concurring in part, dissenting in part opinion in *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 471-72 105, S. Ct. 3249, 87 L. Ed. 2d 313 (1985), similarly fails to support LCR's claimed right to present expert testimony in the context of a facial constitutional challenge (Doc. 198 at 20).

[8] LCR's claim that *Goldman* involved a military regulation rather than a statute is a distinction without a difference (Doc. 198 at 22). Moreover, LCR is challenging both the DADT statute and its implementing regulations.

deference." *Holder v. Humanitarian Law Project*, No. 08-1498, 2010 WL 2471055, at *22 (June 21, 2010). And the Court reaffirmed that courts are "not to substitute . . . [their] own evaluation of evidence for a reasonable evaluation of by the Legislative Branch.," *id*. (quoting *Rostker*, 453 U.S. at 68), in the context of foreign and military affairs.

Finally, LCR makes the odd claim that "expert testimony in this case cannot be limited to DADT's legislative history" because Congress "had no reason to deliberate over the impact of DADT upon individual rights" that it claims *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003), recognized. (Doc. 198 at 23). LCR provides no legal support for this novel proposition, and it is factually incorrect. Indeed, Congress expressly contemplated that *Bowers v. Hardwick*, 478 U.S. 186, 106 S. Ct. 2841, 92 L. Ed. 2d 140 (1986), might one day be overturned, and concluded that this would have no impact upon its conclusions regarding the necessity of enacting DADT. *See* Ex. 14, p. 287. Importantly, Congress' distinction between the criminalization of private sexual acts and public statements in the context of the military is entirely consistent with Justice Kennedy's decisions in both *Lawrence* and *Beller v. Middendorf,* 632 F.2d 788 (9th Cir. 1980)*,* which upheld the constitutionality of the policy that preceded DADT.

### 2. Opinions Regarding The Motivations Behind Those That Enacted DADT is Inadmissible

LCR's attempt to interject expert testimony about animus and the subjective motivations of members of Congress in enacting DADT is improper. Rather than address the numerous cases cited by Defendants that preclude judicial inquiry into animus beyond the statute itself in a facial challenge, LCR identifies two cases that it contends "authorizes judicial inquiry into Congressional motives and purposes." (Doc. 198 at 24) (citing *Washington v. Davis*, 426 U.S. 229, 106 S. Ct., 89 L. Ed. 2d (1986), and *City of Renton v. Playtime Theatres*, 475 U.S. 41, 106 S. Ct. 925, 89 L.

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES   -8-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. Box 883, Ben Franklin Station
Washington, D.C. 20044
(202) 353-0543

Ed. 2d 29 (1986)). Neither of these cases involved the introduction of expert testimony or "evidence" on the subjective motivations of individual legislators or to determine in any way whether the challenged law was motivated by animus, and neither case supports the admissibility of expert testimony on this issue.

More fundamentally, LCR completely ignores *Philips v. Perry*, 106 F.3d 1420, 1429 (9th Cir. 1997), which expressly rejected the notion that DADT was animated by animus towards homosexuals. *Id.* at 1429 (noting that Congress could have found the statute to be necessary in 1993 to address sexual tension, privacy, and unit cohesion and could not say that those concerns are not "based on 'mere negative attitudes, or fear, unsubstantiated by factors which are properly cognizable' by the military," nor could it [be said] that the rationale for the policy "lacks any 'footing in the realities' of the Naval environment in which Philips served."). LCR's failure to confront this binding precedent is telling, and its continued efforts to offer evidence and expert testimony concerning the subjective motivations of members of Congress and how the legislative process was purportedly motivated by animus – should thus be rejected.

### 3. Dr. Korb's Opinion Is An Inadmissible Legal Conclusion

Defendants explained in their motion *in limine* that Dr. Korb is offering the opinion that DADT is unconstitutional, and reaches this opinion by concluding that DADT is "irrational" (Doc. 178 at 16-17). LCR does not seriously dispute either that this is Dr. Korb's opinion, or that this is an improper legal conclusion. Rather, LCR claims that it "will not rely on Dr. Korb to provide legal opinions as to the constitutionality or wisdom of DADT" (Doc. 198 at 6).[9] But legal opinions are

---

[9] LCR assertsthat Dr. Korb's opinions that DADT is unconstitutional and irrational are mere "personal opinions" (Doc. 198 at 13, n.3). LCR ignores the fact that Dr. Korb unequivocally stated that his expert opinion in this case is that
(continued...)

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES     -9-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

precisely what Dr. Korb offers in this case, and LCR has failed to establish how this opinion is admissible. Dr. Korb's opinions should accordingly be excluded.

### B. LCR Has Failed To Meet Its Burden Of Establishing The Admissibility Of Testimony Regarding The Alleged Disproportionate Impact of Female Servicemembers

Defendants established in their motion *in limine* that the testimony of Drs. Embser-Herber and Hillman regarding the alleged disproportionate impact of DADT on female servicemembers has no legal relevance in a facial ***due process*** challenge. *See Gordon v. Davenport*, No. 08-3341, 2009 WL 322891,*4 (N.D. Cal. 2009) (recognizing that evidence of a disproportionate impact supports equal protection rather than due process claims.). Other than a heading in a section of its opposition that contends such testimony is "relevant and admissible," (Doc. 198 at 24), LCR is entirely silent with respect to how testimony regarding the alleged disproportionate impact of DADT on female servicemembers has the "tendency to make the existence of any fact that is ***of consequence*** . . . more or less probable" in the context of a facial due process (or First Amendment) challenge. *See* FRE 401. The Court has dismissed LCR's equal protection claim – the only claim such testimony conceivably could be relevant to – and, accordingly, testimony on the issue of the alleged disproportionate impact of female servicemembers should be excluded under FRE 702.

## II. LCR Has Failed To Demonstrate That Many Of Its Experts' Opinions Are Sufficiently Reliable Under FRE 702

Defendants explained in their motion *in limine* that the opinions of several of LCR's experts were inadmissible under FRE 702 because those opinions were

---

[9](...continued)
DADT is unconstitutional, and that his report repeatedly discusses his opinion that DADT is "irrational" (Doc. 178 at 16-17). LCR thus simply seeks to recast Dr. Korb's opinions for purposes of this motion.

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES   -10-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

insufficiently reliable. Specifically, Defendants established that many aspects of Dr. Korb's opinion lacked *any* identification of the facts and data relied upon, and Dr. Belkin's "revised" opinion concerning privacy suffered from the same deficiency (Doc. 178 at 23-24).[10] LCR has not seriously attempted to rebut this point. Rather, LCR conclusorily claims that "each expert *can* cite to large bodies of evidence underlying their opinions," and that "each expert's report describes in detail the basis for their respective opinions" (Doc. 198 at 15) (emphasis added). This is argument by assertion, and fails to address the specific deficiencies identified in Defendants' motion.

Defendants further established that Dr. Korb's opinion lacked any reliable methodology, and provided numerous citations to his deposition to support this position (Doc. 178 at 23). Defendants similarly explained that the reports of Drs. Hillman, Embser-Herbert, and Belkin fail to identify *any* method by which they reached their conclusions. *Id.*

Notably, LCR does not even attempt to respond to the specific challenges Defendants have made to Dr. Korb's lack of a reliable methodology. Rather, LCR contends that because Dr. Korb has testified as an expert in another case, he therefore has employed a sufficiently reliable method in this case. LCR cannot meet its burden

---

[10] LCR makes the inherently inconsistent argument that it was under "a duty" under Rule 26(e) to supplement Dr. Belkin's expert report based upon Defendants' questioning of him during the deposition (Doc. 198 at 5), on the one hand, but that Dr. Belkin's initial report was "comprehensive and provided adequate notice of the expected testimony on the matter," on the other (*id.*). LCR does not dispute that it was **counsel for LCR** that specifically requested that Dr. Belkin offer a new opinion concerning privacy **the night before his deposition**, and Dr. Belkin readily admitted at his deposition that his report did not address that issue (Doc. 178 at 3, n.2). LCR has provided no basis under Rule 26 to offer new opinions not contained in his original report, and the Court should strike this untimely opinion regarding privacy.

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES   -11-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

of establishing the admissibility of Dr. Korb's opinion in this case by reference to the fact that another court in another case qualified him as an expert.

Furthermore, LCR's generalized contention that each of its experts has employed reliable methodologies because of their "numerous publications, nationwide media appearances, and years of peer review" (Doc. 198 at 16) lacks factual support, and fails to address the fact that the reports of Drs. Belkin, Hillman and Embser-Herbert fail to disclose *any* method by which they reached their opinions, let alone a reliable method. Accordingly, LCR's experts should be exlcuded.

### III. To The Extent The Court Permits Expert Testimony, It Should Be Limited Under FRE 403

As Defendants explained in their motion, LCR seeks to introduce substantially cumulative testimony from its *seven* experts (Doc. 178 at 24-25). LCR contends in its opposition that Defendants have somehow "misconstrued" LCR's experts' testimony, and that the identification of topics "reflects only the questions the government asked each during their respective depositions, and not the purposes for which Log Cabin has proffered these witnesses" (Doc. 198 at 17). LCR's contention is factually incorrect. A review of LCR's experts' reports plainly reflects the cumulative nature of the opinions, and this cumulativeness has nothing to do with the questioning of these individuals during deposition. Indeed, because LCR seeks to admit its experts' reports into evidence, LCR's suggestion that it will somehow limit its experts' opinions is disingenuous.[11]

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Defendants' motion *in limine* and exclude the opinions of LCR's seven expert witnesses from trial.

---

[11] For the reasons discussed in the defendants' motion *in limine* regarding certain exhibits, LCR's experts' reports constitute inadmissible hearsay.

| | | |
|---|---|---|
| 1 | Dated: June 24, 2010 | Respectfully submitted, |
| 2 | | |
| 3 | | TONY WEST<br>Assistant Attorney General |
| 4 | | ANDRÉ BIROTTE, JR<br>United States Attorney |
| 5 | | |
| 6 | | JOSEPH H. HUNT<br>Director |
| 7 | | VINCENT M. GARVEY<br>Deputy Branch Director |
| 8 | | |
| 9 | | /s/Joshua E. Gardner |
| 10 | | PAUL G. FREEBORNE<br>W. SCOTT SIMPSON<br>JOSHUA E. GARDNER |
| 11 | | RYAN B. PARKER<br>Trial Attorneys |
| 12 | | U.S. Department of Justice,<br>Civil Division |
| 13 | | Federal Programs Branch<br>20 Massachusetts Ave., N.W. |
| 14 | | Room 6108<br>Washington, D.C.  20044 |
| 15 | | Telephone: (202) 353-0543<br>Facsimile: (202) 616-8202 |
| 16 | | paul.freeborne@usdoj.gov |
| 17 | | *Attorneys for Defendants United States of America and Secretary of Defense* |

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* REGARDING PLAINTIFF'S EXPERT WITNESSES   -13-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543