TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 353-0543
Facsimile:  (202) 616-8460
E-mail:  paul.freeborne@usdoj.gov

*Attorneys for Defendants United States of America and Secretary of Defense*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| LOG CABIN REPUBLICANS,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense,<br><br>        Defendants. | No. CV04-8425 VAP (Ex)<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE LAY WITNESS TESTIMONY<br><br><br>DATE:  June 28, 2010<br><br>TIME:  2:30 p.m.<br><br>BEFORE:  Judge Phillips |

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.     Plaintiff Failed to Disclose the Identities of Eight of its Lay Witnesses as Required by the Rules . . . . . . . . . . . . . . . . . 1

    II.    Presenting Testimony by *Six* Former Service Members Would Constitute "Needless Presentation of Cumulative Evidence" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    III.   The Designated Testimony of the 30(b)(6) Witnesses Is Irrelevant to the Extent it Constitutes the Personal Views of the Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    IV.   At Least Three Specific Areas Inquired into in the 30(b)(6) Depositions Are Irrelevant . . . . . . . . . . . . . . . . . . . . . . . . 9

    V.    Certain of the Specific Questions and Answers Designated by the Plaintiff Are Also Inadmissible for Various Reasons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

-ii-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# TABLE OF AUTHORITIES

**CASES**                           **PAGE(S)**

*Balboa Instruments, Inc. v. Gecko Electronique*, No. SA
CV 98-1053 AHS (MLGx), 2002 WL 34453502
(C.D. Cal. Mar. 20, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329 (8th Cir. 1997) . . . . . . . . . . . . 7

*Empire Home Servs., L.L.C. v. Empire Iron Works, Inc.*,
No. 05-CV-72584-DT, 2007 WL 1218717
(E.D. Mich. Apr. 23, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905
RMW, 2009 WL 230039 (N.D. Cal. Jan. 27, 2009) . . . . . . . . . . . . . . . . . . 7

*Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472,
156 L.Ed.2d 508 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Minshall v. McGraw Hill Broadcasting Co.*, Inc.,
323 F.3d 1273 (10th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*MDK, Inc. v. Village of Grafton*, 277 F. Supp. 2d 943 (E.D. Wis. 2003) . . . . . . . 6

*Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17 (D.P.R. 2009) . . . . . . . . . . . . . 4

*Planned Parenthood v. Casey,* 505 U.S. 833, 112 S. Ct. 2791,
120 L.Ed.2d 674 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Roberts v. Heim*, 130 F.R.D. 430, 438 (N.D. Cal. 1990) . . . . . . . . . . . . . . . . . . 5

*Sanitation & Recycling Indus., Inc. v. City of New York*,
928 F. Supp. 407 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Snow v. Bellamy Mfg. & Repair,* Civ. A. No. 1:94CV957JTC,
1995 WL 902210 (N.D. Ga. Sept. 26, 1995) . . . . . . . . . . . . . . . . . . . . . . 4

*Thomas v. Stephens-Lyman, Denny, Caetana, & Turner,*
No. 1:00- cv-05817-LJO-SMS PC, 2007 WL 2669497
(E.D.Cal. Sept. 7, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Washington State Grange v. Washington State Republican Party*,
552 U.S. 442 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008) . . . . . . . . . . . . . . 1

**STATUTES**

10 U.S.C. § 504 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

10 U.S.C. § 654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

-iii-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## FEDERAL RULES

Fed. R. Civ. P. 26 ................................................. 1, 2

Fed. R. Civ. P. 30 ................................................. 9

Fed. R. Civ. P. 37 ................................................. 2

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

-iv-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## INTRODUCTION

Plaintiff Log Cabin Republicans ("LCR") again admits and reiterates in its opposition to Defendants' motion to exclude lay witness testimony that "[t]his action is a facial constitutional challenge" to 10 U.S.C. § 654, the statute known as Don't Ask, Don't Tell ("DADT") (Doc. 195 at 2).  That very admission should be enough to resolve the present motion *in limine*:  As the Supreme Court has said, "[i]n determining whether a law is facially invalid, [a court] must be careful not to go beyond the statute's facial requirements." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449-50, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008).  But LCR ignores that teaching, and seeks to introduce the testimony of ten lay witnesses on the merits, including witnesses to testify regarding the application of DADT to them personally – belying LCR's own assertion that this is a *facial* challenge.  LCR's arguments in support of submitting lay witness testimony in this case are without merit.

## ARGUMENT[1]

### I. Plaintiff Failed to Disclose the Identities of Eight of its Lay Witnesses as Required by the Rules

Rule 26(a) of the Federal Rules of Civil Procedure requires a party to disclose "*the name* . . . of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).  Rule 26(e) requires a party to supplement its disclosures "*in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and

---

[1] Incorporated herein are Part I and Part II.A.1. of the Reply in Support of Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses (Doc. 203), regarding LCR's attempt to justify the submission of evidence overall in this facial challenge (Doc. 195 at 16-18) and LCR's argument that Defendants' motions *in limine* are "procedurally improper" (Doc. 195 at 8-9 & n.4).

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  if the additional or corrective information has not otherwise been made known to the
2  other parties during the discovery process or in writing." Fed. R. Civ. P. 26(E)(1)(A)
3  (emphasis added). Rule 37(c)(1) provides that a party may not use a witness at trial
4  whose identity was not disclosed "as required by Rule 26(a) or (e) . . . unless the
5  failure was substantially justified or is harmless." Thus, as this Court has said, "where
6  a party fails to disclose the identity of a witness required by either Rule 26(a) or
7  otherwise requested during discovery without substantial justification, the party may
8  not later rely on evidence from that witness . . . to support its claims or defenses"
9  (Doc. 170 at 7-8). Plaintiff has failed to abide by these requirements, and seven of its
10 designated witnesses should be excluded for this reason alone.[2]

11     LCR argues, first, that its disclosure of the names of the five former service
12 members in question – Mike Almy, Jenny Kopfstein, Anthony Loverdel, Joseph
13 Christopher Rocha, and Stephen Vossler – was timely (Doc. 195 at 11). LCR's
14 explanation as to how it timely carried out its Rule 26(a) disclosure obligations is
15 internally inconsistent. Plaintiff seeks to place upon Defendants the blame for its
16 failure to properly disclose the "name" of all individuals with discoverable
17 information, as required by Fed. R. Civ. P. 26(a), by asserting that Defendants
18 somehow "did not press Log Cabin to be any more specific," during the discovery
19 period, about the former service members it intended to call at trial (Doc. 195 at 10).
20 But LCR fails to explain how such a request would have made any difference when
21 it alleges in the very next paragraph that LCR counsel did not decide to rely on "lay
22 witness testimony until after the April 26 hearing" (Doc. 195 at 11) – over a month
23 after the close of discovery. Defendants should not be prejudiced by LCR's failure

---

[2] The parties' agreement regarding witness Craig Engle has now been finalized with the filing of the proposed Final Pretrial Order (Doc. 193-1 at 11). Thus, Defendants' argument regarding LCR's failure to disclose applies to seven witnesses: the five former service members listed in the next paragraph, as well as Jamie Ensley and C. Martin Meekins.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                -2-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  to comply with its disclosure responsibilities – or, at the very least, its alleged failure
2  to develop its litigation strategy until after the close of discovery and after the close
3  of summary judgment briefing. Defendants further note that counsel's explanation
4  appears to be contradicted by the sworn affidavit of Melanie C. Scott, in which Ms.
5  Scott states that she, in fact, contacted two of the former service members during the
6  first week of April (Doc. 195-1 ¶ 3) – well before the summary judgment hearing and
7  well before the names of the service members were provided to Defendants.  The
8  service member testimony must be excluded.  In fact, this Court was clear in its
9  decision of May 27, 2010, that "where a party fails to disclose the identity of a witness
10 as required by either Rule 26(a) or otherwise requested in discovery without
11 substantial justification, the party may not rely on evidence from that witness" (Doc.
12 170 at 7, citing *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005);
13 Fed. R. Civ. P. 37(c)(1)).[3]

14      LCR also argues, in the alternative, that even if it violated Rule 26, the violation
15 was "substantially justified and harmless" (Doc. 195 at 12).  Plaintiff makes
16 essentially five points in this regard, none of which, for the reasons stated below,
17 justifies or excuses LCR's failure to disclose the identities of these witnesses in a
18 timely manner:

19 •   "[A]ll of these witnesses are former employees of the government, each of them
20     has been involved publicly in the debate on DADT, and their positions and
21     stories are well known to Defendants" (Doc. 195 at 13).

22      Reviewing the witnesses' "stories" as told in other forums is no substitute for
23 deposing them, and would not allow Defendants to prepare adequately for cross-

---

25    [3] LCR does not controvert, and thus must be held to have conceded, Defen-
26 dants' argument that the subject witnesses regarding standing – Jamie Ensley and C.
Martin Meekins – were not properly disclosed (Doc. 195 at 11-12).  Defendants
27 respectfully continue to submit that Rule 26(a) and (e) and Rule 37(c) apply to
28 witnesses used to support standing.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY     -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  examination and impeachment at trial.  Only a deposition permits exploring a
2  witness's testimony and securing it for trial.  *See Snow v. Bellamy Mfg. & Repair*, Civ.
3  A. No. 1:94CV957JTC, 1995 WL 902210, at *4 (N.D. Ga. Sept. 26, 1995) (excluding
4  witnesses because late disclosure "prevent[ed] Plaintiff from further discovery or
5  deposition of the witnesses," such that Plaintiffs could not "conduct effective cross
6  examination"); *see also Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R.
7  2009) ("The goal of Rule 26(a) is to promote full disclosure of the facts and prevent
8  'trial by ambush,' because opposing counsel cannot adequately cross-examine without
9  advance preparation.").[4]

10  • "Defendants will have the opportunity to cross examine each witness at trial"
11  (Doc. 195 at 14).

12  Remarkably, LCR argues that any surprise to the government regarding the
13  identities of these witnesses is "curable" because Defendants will be able to cross-
14  examine each witness at trial.  Obviously, one purpose of requiring timely disclosure
15  of witnesses is to allow the opposing party to *prepare* for such cross-examination
16  beforehand by deposing the witnesses.

17  • Defendants could have deposed these witnesses after LCR identified them on
18  May 17, 2010 (Doc. 195 at 14).

19  LCR did not disclose the identities of these witnesses until well after the
20  discovery period, and only one day before the deadline for holding the pre-trial
21  conference under Rule 16.  Thus, Defendants had no right to conduct depositions at
22  that point.  Moreover, even if Defendants were permitted to conduct depositions after

---

[4] Indeed, LCR's reasoning would suggest, remarkably, that no deposition or discovery is needed whenever a potential witness has stated his or her views or described relevant facts in some public forum.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                -4-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

the close of discovery, it is not reasonable to expect Defendants to depose *five* previously undisclosed witnesses at that late date while preparing for trial.[5]

- "Defendants will have the benefit of declarations from each of Former Servicemember [sic] filed on June 23, 2010, in support of Log Cabin's supplemental briefing on the *Witt* standard" (Doc. 195 at 14-15).

Obviously, declarations are no substitute for the "give and take" of a deposition. *See Empire Home Servs., L.L.C. v. Empire Iron Works, Inc.*, No. 05-CV-72584-DT, 2007 WL 1218717, at *12 (E.D. Mich. Apr. 23, 2007) ("The essence of live depositions is the opportunity to pursue lines of inquiry through a give and take that is impossible to achieve solely through written communication."); *Roberts v. Heim*, 130 F.R.D. 430, 438 (N.D. Cal. 1990) ("[T]aking a deposition limited to written interrogatories . . . bears little resemblance to the give and take of deposition practice.").

- "[T]he Former Servicemembers will provide important firsthand testimony concerning the practical effects of DADT on servicemembers and the military" (Doc. 195 at 15).

LCR apparently believes that the alleged "importance" of these witnesses' testimony is a reason to excuse the failure to disclose their identities in a timely manner. Exactly the opposite is true: If their testimony is as "important" as LCR contends, then Plaintiff's failure is far from "harmless," and Defendants must have an adequate opportunity to prepare for their testimony at trial.

---

[5] This is especially so given that the five witnesses are in widely separated locations, thus requiring considerable travel for the depositions.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                -5-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

## II. Presenting Testimony by *Six* Former Service Members Would Constitute "Needless Presentation of Cumulative Evidence"

LCR asserts that it is "entitled" to present testimony from six former service members because "[e]ach Former Servicemember has a unique story concerning his or her personal experiences in the military and the way in which DADT impacted the member and his or her unit" (Doc. 195 at 18). As LCR recognizes, however, "[t]his action is a facial constitutional challenge to DADT" (Doc. 195 at 2). Thus, each former service member's "unique story" is irrelevant. By arguing that the testimony of six former servicemembers is not cumulative because it reflects the "unique" facts of each case, LCR runs headlong into case law precluding testimony regarding individual "facts" in a facial challenge. "A facial challenge alleges that the law cannot constitutionally be applied to anyone, *no matter what the facts of the particular case may be*," *MDK, Inc. v. Village of Grafton*, 277 F. Supp. 2d 943, 947 (E.D. Wis. 2003) (emphasis added); thus, "a facial challenge is made in a 'factual vacuum'," *Sanitation & Recycling Indus., Inc. v. City of New York*, 928 F. Supp. 407, 419 n.8 (S.D.N.Y. 1996).[6] Thus, if this is a facial challenge to DADT, as LCR insists it is, then the testimony of six former military service members must be both irrelevant and cumulative.

---

[6] The Supreme Court's decisions in *Lawrence v. Texas* and *Planned Parenthood v. Casey*, on which LCR relies in seeking to show the "practical impact" of DADT (Doc. 195 at 17-18), do not help LCR's cause in this respect. *Lawrence* was actually an *as applied* challenge; thus, obviously, the facts would have been relevant there. 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003). Although the Court in *Casey* considered such things as the likely effect of the law on low-income women, it did not consider testimony from individual women who had been affected by the law. 505 U.S. 833, 886-888, 112 S. Ct. 2791, 120 L.Ed.2d 674 (1992).

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -6-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

### III. The Designated Testimony of the 30(b)(6) Witnesses Is Irrelevant to the Extent it Constitutes the Personal Views of the Witnesses

LCR does not dispute that any questioning during the 30(b)(6) depositions that exceeded the permissible scope of inquiry under the notice of deposition constituted the "personal views of the witnesses" and "do not bind[ ] the designating party" (Doc. 195 at 19-22). Nevertheless, Plaintiff asserts, first, that a motion *in limine* is not the "proper forum" to seek a ruling on the admissibility of such questioning (Doc. 195 at 20). This Court and others in this Circuit (and elsewhere) have, however, entertained motions *in limine* to exclude deposition testimony at trial. *See, e.g., Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2009 WL 230039, at *4 (N.D. Cal. Jan. 27, 2009); *Thomas v. Stephens-Lyman, Denny, Caetana, & Turner*, No. 1:00- cv-05817-LJO-SMS PC, 2007 WL 2669497, at *4-5 (E.D.Cal. Sept. 7, 2007); *Balboa Instruments, Inc. v. Gecko Electronique*, No. SA CV 98-1053 AHS (MLGx), 2002 WL 34453502, at *2 (C.D. Cal. Mar. 20, 2002); *see also Minshall v. McGraw Hill Broadcasting Co.*, Inc., 323 F.3d 1273, 1284 (10th Cir. 2003) (observing that district court had ruled on admissibility of deposition testimony on motion *in limine*); *Dupre v. Fru-Con Engineering Inc.*, 112 F.3d 329, 336 (8th Cir. 1997) (same). Although Defendants could have waited until the time of trial to present these objections, there is nothing wrong with presenting them in a motion *in limine*, particularly where resolving them before trial would save time for the parties and the Court.

LCR next asserts that "it would be difficult, if not impossible," for the Court to resolve the relevance of these answers based on Defendants' motion and its attachments (Doc. 195 at 20). All of the deposition testimony to which Defendants object on this basis, however, is marked in Attachments 7, 8, and 9 to the instant motion, designated "IR-PT," meaning "irrelevant - personal testimony" of the witness (Docs. 180-7, 180-8, 180-9). The Court can resolve the relevance of each section so

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -7-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

marked by referring to LCR's notice of deposition and the Court's ruling on Plaintiff's motion to compel (Docs. 118-2, 127). That the parties may disagree as to whether a given question fits within the permitted scope of the 30(b)(6) depositions (Doc. 195 at 20-21) does not mean that the question cannot be resolved on this motion *in limine*.[7]

Finally, LCR argues that the deponents' testimony, even where it constitutes their personal views rather than those of the Defendants under Rule 30(b)(6) and admittedly does not "bind" the Defendants, is nonetheless relevant and admissible (Doc. 195 at 21-22). LCR asserts, for example, that Lt. Col. Jamie Scott Brady's testimony regarding his personal experiences in the military is "probative" (Doc. 195 at 22 n.6). Lt. Col. Brady's experiences and views, however, are no more relevant in this facial constitutional challenge than those of the six former service members designated by LCR as witnesses or any other present or former service member. This is, as LCR has repeatedly emphasized, a facial challenge to 10 U.S.C. § 654, and no "personal experiences" are relevant in a facial challenge to a statute.[8]

---

[7] Judge Eick permitted LCR to inquire into certain areas, but prohibited inquiry into other, closely related areas (Doc. 127). In relation to the specific deposition questions addressed in LCR's opposition (Doc. 195 at 19-20), Defendants submit that the testimony marked "IR-PT" in Attachment 7 at 40:1-3 falls within item 12 of the notice of deposition ("Statistics regarding discharges . . . pursuant to [DADT]") rather than item 1("the number of women service members discharged under the Policy as a percentage of the total number of discharges"); that the testimony so marked in Attachment 8 at 19-21, 25, 27-29, 41-45 falls within item 13 ("[t]he annual total number of felons . . . serving in the United States Armed Forces") rather than item 14 ("implementation of [the] policy regarding moral waivers of prior felony convictions"), or otherwise falls outside item 14; and that the testimony so marked in Attachment 9 at 30-31, 41-42, 76-77 explicitly states the deponent's personal views or otherwise falls outside item 6 (related to "the experience of the armed forces of nations other than the United States with military service by individuals with a homosexual orientation"). LCR chose not to appeal Judge Eick's decision.

[8] In testifying regarding his personal experiences and views, Lt. Col. Brady was necessarily not testifying as Defendants' 30(b)(b) designee, and, thus, his status as

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                    -8-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**IV.   At Least Three Specific Areas Inquired into in the 30(b)(6) Depositions Are Irrelevant**

Post-Enactment Evidence

LCR argues that "[e]vidence of post-enactment research and developments is necessary to show the effect of DADT" (Doc. 195 at 23). As noted above, however, no such evidence is necessary or appropriate in a facial challenge. Moreover, even assuming any evidence of the "effect" of the challenged statute were relevant here, much of the evidence in question does not go to that issue, but rather to other matters – specifically, post-enactment research regarding "the effect of acknowledged homosexuals on unit cohesion or unit performance" (Attachment 7 at 207, 209); the current practices of other countries in relation to open service by gays and lesbians (Attachment 7 at 248-51, 258-60; Attachment 9 at 52-60, 62-64, 67-69, 94-102); or the current practices of the United States in relation to enlistment waivers for persons convicted of felonies (Attachment 8 at 8-41, 42-70).[9] Accordingly, much of the designated testimony regarding post-enactment research and developments is irrelevant even under LCR's position.

Enlistment Waivers for Convicted Felons

In seeking evidence regarding the military's implementation of 10 U.S.C. § 504, LCR seems to take the position that the United States should allow gays and lesbians to serve if it allows some convicted felons to enlist. Plaintiff claims this is

---

such is irrelevant to the probative value (if any) of his personal testimony. In any event, consistent with Defendants' obligations under Rule 30(b)(6), Lt. Col. Brady was not designated as the person "most knowledgeable" on *any* of the topics in LCR's notice of deposition (Doc. 195 at 22 n.6), but rather simply as the person designated to testify "on [Defendants'] behalf" regarding certain topics. *See* Fed. R. Civ. P. 30(b)(6).

[9] LCR erroneously refers to 30(b)(6) witness Dennis Drogo as "Drago" throughout its opposition memorandum.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

-9-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

not its purpose, but then argues that "[i]t is not rational for the military to be concerned about a high[ly]-regarded, respected homosexual officer's impact on unit cohesion, while discounting the effect of a convicted murderer's service. Nor is it rational for the military to be willing to consider a convicted murder's 'whole person,' while discharging a homosexual based solely on the fact that he or she identifies as being a homosexual" (Doc. 195 at 24.) Either way one characterizes LCR's purpose, the bottom line is that Plaintiff seeks to challenge Congress' policy judgments in enacting DADT and 10 U.S.C. § 504. This evidence is irrelevant to the facial constitutionality of DADT.

<u>Experiences of Foreign Militaries</u>

LCR does not dispute that Congress heard extensive testimony, before enacting DADT, regarding the experiences of foreign militaries in relation to service by gays and lesbians. Plaintiff's opposition to Defendants' argument on this point illustrates the very reason why LCR's proffered evidence on this subject is irrelevant in this facial challenge: LCR contends that the testimony of 30(b)(6) witness Paul Gade "contradicts" the conclusion of the Senate Armed Services Committee regarding the experiences of foreign militaries (Doc. 195 at 24). In other words, LCR now seeks to challenge Congress' analysis of the legislative evidence on that subject and its policy judgment in enacting DADT, which Plaintiff cannot do on this facial challenge to the statute.[10]

**V.  Certain of the Specific Questions and Answers Designated by the Plaintiff Are Also Inadmissible for Various Reasons**

LCR argues that a motion *in limine* is "not the proper means to resolve" the other objections reflected in Attachments 7, 8, and 9 to Defendants' motion (Doc. 195

---

[10] In any event, LCR's assertion that the witness's testimony "contradicts" the Committee's conclusion is incorrect as a factual matter, as clarified by testimony given later during the deposition (Doc. 180-9 at 117-18).

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY                -10-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

at 25). Nothing prohibits submitting such objections in a motion *in limine*, however, and resolving them on this motion would save valuable time and resources at trial.

## CONCLUSION

For these reasons and for those stated in Defendants' opening memorandum, Defendants respectfully request that the Court grant Defendants' motion *in limine* and exclude the testimony of lay witnesses described in the motion.

Dated:  June 24, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

ANDRÉ BIROTTE, Jr.
United States Attorney

JOSEPH H. HUNT
Director

VINCENT M. GARVEY
Deputy Branch Director


/s/ W. Scott Simpson
_____
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 353-0543
Facsimile:  (202) 616-8460
E-mail:  paul.freeborne@usdoj.gov

*Attorneys for Defendants United States of America and Secretary of Defense*

REPLY IN SUPPORT OF DEFENDANTS'
MOTION *IN LMINE* TO EXCLUDE
LAY WITNESS TESTIMONY

-11-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543