TONY WEST
Assistant Attorney General
ANDRE BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@ usdoj.gov

*Attorneys for Defendants United States
of America and Secretary of Defense*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| LOG CABIN REPUBLICANS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense, <br><br> Defendants. | No. CV04-8425 VAP (Ex) <br><br> DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE CERTAIN OF PLAINTIFF'S PROPOSED EXHIBITS <br><br> DATE: June 28, 2010 <br><br> TIME: 2:30 p.m. <br><br> BEFORE: Judge Phillips |

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

**TABLE OF CONTENTS**

2

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3

I.    Defendants' Motion Is Proper and Appropriate  . . . . . . . . . . . . . . . . 1

4

II.   LCR Has Identified No Reason for the Court to Delay
      Ruling on the Admissibility of LCR's Proposed Exhibits  . . . . . . . . 2

5

6

III.  LCR Has Not Met Its Burden of Establishing Admissibility  . . . . . . 3

7

      A.    LCR Has Not Shown That Its Proposed Exhibits Are
            Relevant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8

      B.    LCR Has Not Shown That Its Exhibits Fall Within
            Exceptions to the Hearsay Rule  . . . . . . . . . . . . . . . . . . . . . . 4

9

10

            1.    The Advocacy Documents Are Inadmissible . . . . . . . . . 4

11

            2.    Proposed Exhibits Relating to Individuals
                  Discharged Under DADT Were Not Properly
                  Disclosed and Are Not Party Admission  . . . . . . . . . . . 6

12

13

            3.    The Contractor Documents Are Inadmissible  . . . . . . . 8

14

            4.    The Media and Polling Documents Are
                  Inadmissible . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

# TABLE OF AUTHORITIES

2

## CASES

3

*Alvord-Polk, Inc. v. F. Schumacher & Co.,*
  37 F.3d 996 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4

5

*Annex Books, Inc. v. City of Indianapolis,*
  581 F.3d 460 (7th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6

*Burrows v. Orchid Island Trustees, LLC,*
  2010 WL 2179108 (S.D. Cal 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7

*Candle Corp. V. Boole & Babbage, Inc.,*
  1985 WL 1087794 (C.D. Cal 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8

9

*Chemtool, Inc. v. Lubrication Techs., Inc.,*
  148 F.3d 742 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

10

*Costantino v. Herzog,*
  203 F.3d 164 (2d Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11

12

*Gable v. Patton,*
  142 F.3d 940 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

13

*General Offshore Corp. v. Farrelly,*
  743 F.Supp. 1177 (D.V.I 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

14

15

*Gibson v. County of Riverside,*
  181 F.Supp.2d 1057 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 12

16

*Harris v. Itzhaki,*
  183 F.3d 1043 (9th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17

18

*Lizotte v. Praxair, Inc.,*
  640 F.Supp.2d 1335 (W.D. Wash. 2009) . . . . . . . . . . . . . . . . . . . . . . 8

19

*Lockheed Martin Corp. v. U.S.,*
  50 Fed. Cl. 550 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

20

21

*Los Angeles News Serv. v. CBS Broad., Inc.,*
  305 F.3d 924 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22

*Metropolitan-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
  454 F. Supp. 2d 966 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 8

23

24

*Morgan v. Plano Independent School District,*
  2007 WL 397494 (E.D. Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

25

*O Bar Cattle Co. v. Owyhee Feeders, Inc.,*
  2010 WL 2404306 (D. Idaho June 10, 2010) . . . . . . . . . . . . . . . . . . . . 2

26

27

*Pacific Gas & Electric Co. v. United States,*
  73 Fed. Cl. 333 (Fed. Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

*Palmerin v. City of Riverside,*
    794 F.2d 1409 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Rotec Industrial v. Mitsubishi Corp.,*
    215 F.3d 1246 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sea-Land Service, Inc. v. Lozen Intern., LLC.,*
    285 F.3d 808 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sugar Assoc. v. McNeil-PPC, Inc.,*
    2008 WL 4755611 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Connors,*
    825 F.2d 1384 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Johnson Controls, Inc.,*
    713 F.3d 1541 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Lujan,*
    504 F.3d 1003 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Martinez,*
    588 F.3d 301 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Via Waves Communications, LLC v. ARC Phone Canada, Inc.,*
    2004 WL 5486633 (C.D. Cal 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Whiteway v. Fedex Kinkos Office & Print Serv., Inc.,*
    2010 WL 1980229 (N.D. Cal 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yankee Atomic Electric Co. v. United States,*
    2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) . . . . . . . . . . . . . . . . . . . . . 9

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rule 37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## MISCELLANEOUS

Manual for Complex Litigation Second § 32.23 at 271-72 (1985) . . . . . . . . . . . . . 3

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# INTRODUCTION

Defendants establish that certain of Log Cabin Republicans' ("LCR") proposed exhibits are not relevant to the issues before the Court, contain inadmissible hearsay, were not properly disclosed, and lack foundation. Rather than responding to these objections, LCR devotes a significant portion of its Opposition urging the Court to defer ruling on the admissibility of its exhibits until trial, an approach that would saddle the trial with evidentiary disputes and waste valuable trial time.

Even when LCR finally turns to discussing the objections to its proposed exhibits, it fails to meet its burden of showing admissibility. First, LCR has not established that its proposed exhibits are relevant to the purely legal question presented by its facial challenge. Second, LCR has not carried its burden of demonstrating that the myriad hearsay statements in its proposed exhibits fall within recognized exceptions to the hearsay rule. Finally, LCR has not shown that its failure to timely disclose trial exhibits relating to individual service members was substantially justified or is harmless.

Because LCR has failed to meet its burden of showing the admissibility of its proposed exhibits, the Court should grant Defendants' motion.

## I.   Defendants' Motion Is Proper and Appropriate

LCR accuses Defendants of violating the Court's June 3, 2010 Order by challenging the admissibility of multiple exhibits and raising various grounds for exclusion in a single motion *in limine* (Doc. 194 at 4). Those accusations are unfounded and inconsistent with the language of the Court's order and common practice in the Ninth Circuit and Central District of California.

In its June 3 Order, the Court limited the parties "to no more than three motions *in limine* per side" ( Doc. 171 at 2). The Court did not direct the parties as to how the motions should be organized or what they should address. On June

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS                    -1-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5
6
7
8

18, Defendants complied with the Court's order by filing motions *in limine* to exclude LCR's proposed expert testimony, proposed lay witness testimony, and certain of its proposed exhibits.  Defendants motions are proper under the Court's order and consistent with the case law in the Central District of California and Ninth Circuit.[1] *See, e.g., Via Waves Communications, LLC v. ARC Phone Canada, Inc.*, 2004 WL 5486633, *6 (C.D. Cal 2004); *Burrows v. Orchid Island Trs, LLC*, 2010 WL 2179108, 1 (S.D. Cal 2010); *O Bar Cattle Co. v. Owyhee Feeders, Inc.*, 2010 WL 2404306, at *4-10 (D. Idaho June 10, 2010).

9
10
11
12
13
14
15
16
17
18

LCR also argues that Defendants' motion does not provide the Court or the parties with an adequate opportunity to consider and respond to Defendants' evidentiary objections   (Doc. 194 at 6).   This argument miscasts Defendants' motion.  In their motion, Defendants grouped documents that raise similar legal issues for ease of discussion and the convenience of the Court and parties.  For example, LCR's experts' reports are similar in nature, and Defendants' objection to their admissibility raises similar issues.  In addition, Defendants' motion included a table that set forth specific objections to each exhibit.  Contrary to LCR assertion, Defendants' motion has provided a clear opportunity for both the parties and the Court to address the admissibility of LCR's proposed exhibits.

19
20

## II.   LCR Has Identified No Reason for the Court to Delay Ruling on the Admissibility of LCR's Proposed Exhibits

21
22
23
24

LCR also devotes a significant portion of its Opposition to urging the Court to wait until trial to rule on the admissibility of more than 300 proposed exhibits.  LCR's suggestion is unnecessary, impracticable, and contrary to the purpose of motions *in limine*.

25
26
27
28

[1] Tellingly, LCR does not cite to even one case in the two pages it devotes to claiming that Defendants' motions *in limine* are inappropriate.

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS                -2-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5
6
7
8
9
10
11
12

LCR would have the Court expend substantial trial time deciding issues that are properly before the Court now.  Ruling on the admissibility of over 300 proposed exhibits as they are introduced would waste valuable trial time and "clutter up" the trial of this case.  See *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986) (motions *in limine* "are useful tools to resolve issues which would otherwise 'clutter up' the trial.").  Waiting until trial to determine admissibility will also leave the Court with less time to consider the important evidentiary issues raised by Defendants' motion.  *See id.* at 1413 ("'By addressing these [evidentiary issues] before trial [through motions *in limine* ], judge and the attorneys may be able to give them more deliberate and careful consideration than if the issues were raised for the first time during trial.'") (quoting Manual for Complex Litigation Second § 32.23 at 271-72 (1985)).

13
14
15

Motions *in limine* provide the Court with the opportunity to streamline trials by "ruling in advance on the admissibility of evidence."  FRCP 16(c)(2)(C).  The Court should take that opportunity here and rule now on Defendants' motion.

16

**III.   LCR Has Not Met Its Burden of Establishing Admissibility**

17

**A.   LCR Has Not Shown That Its Proposed Exhibits Are Relevant**

18
19
20
21
22
23
24
25
26
27

LCR has the burden of establishing by a preponderance of the evidence that each of its proposed exhibits is relevant,  *U.S. v. Connor*s, 825 F.2d 1384, 1390 (9th Cir. 1987); *Sugar Assoc.*, 2008 WL 4755611, at *1 (citing *Bourjaily v. U.S.*, 483 U.S. 171, 175 (1987)), and it has not met that burden here.  As Defendants established in their motion, the question of whether DADT is facially constitutional is a pure question of law, and the consideration of evidence outside of the statute and legislative history is thus inappropriate.  *See U.S. v. Lujan*, 504 F.3d 1003, 1006 (9th Cir. 2007); *Gable v. Patton*, 142 F.3d 940, 944 (6th Cir. 1998); *Gen. Offshore Corp. v. Farrelly*, 743 F.Supp. 1177, 1187 (D.V.I 1990).  LCR does not address these cases, much less explain why it is entitled to introduce evidence in

28

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS                    -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3

support of its facial constitutional challenge.[2]   As there are no questions of fact before the Court, LCR cannot establish that its exhibits are relevant or otherwise admissible.  FRE 401, 402.

4
5

> **B.     LCR Has Not Shown That Its Exhibits Fall Within Exceptions to the Hearsay Rule**

6
7
8
9
10
11

LCR has the burden of establishing that a particular hearsay exception applies to each level of hearsay contained within the exhibits it seeks to introduce at trial.  *See Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924 (9th Cir. 2002), *as amended by* 313 F.3d 1093 (9th Cir. 2002).   In its Opposition, LCR addresses only a limited number of Defendants' hearsay objections, and fails to show that its exhibits are subject to any recognized hearsay exceptions.

12

> **1.     The Advocacy Documents Are Inadmissible**

13
14
15
16

The Advocacy Documents contain hearsay and hearsay within hearsay and can neither be admitted into evidence as exhibits nor read into evidence as learned treatises.   *See* FRE 803(18).   LCR acknowledges that many of the Advocacy Documents "may not ultimately be admissible as exhibits."  (Doc. 194 at 14).

17
18

19
20
21
22

[2] LCR's reliance on *Annex Books, Inc. v. City of Indianapolis*, 581 F.3d 460 (7th Cir. 2009), for the proposition that evidence is appropriate in this case is misplaced.   Because *Annex* involved a First Amendment challenge subject to intermediate scrutiny, the test applied in *Annex* is irrelevant to LCR's substantive due process claim.

23
24
25
26
27
28

LCR's citation to *Morgan v. Plano Independent School District*, 2007 WL 397494 (E.D. Tex. 2007), is equally unavailing.  In *Plano*, a court faced with a facial challenge to school district policies allowed the school district to submit a transcript from a school board meeting at which the board heard testimony concerning the challenged policies.  *Id.* at 3. As the transcript was equivalent to the legislative history of the challenged policies, *Plano* does not support LCR's claim that evidence outside of the statute and legislative history is appropriate in facial challenges.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   LCR argues instead that it intends to have its seven expert witnesses read the
2   Advocacy Documents into the record under the guise of learned treatises  (Doc.
3   194 at 14).    As set forth in Defendants' Motion, however, the Advocacy
4   Documents do not qualify as learned treatises   (Doc. 179 at 17,18).    The
5   Committee Notes to FRE 803(18) explain that a learned "treatise is written
6   primarily and *impartially* for professionals, subject to scrutiny and exposure for
7   inaccuracy, with the reputation [of the writer] at stake." *See, e.g., Costantino v.*
8   *Herzog*,  203 F.3d 164, 173 (2d Cir.2000);  *U.S. v. Martinez*,  588 F.3d 301, 312
9   (6th Cir. 2009).  The Advocacy Exhibits clearly do not fit this description.

10      Although LCR takes issue with Defendants' use of the term "Advocacy
11  Documents" to describe documents created by its experts, that is exactly what they
12  are.  Five of LCR's seven expert witnesses are affiliated with the Palm Center,[3] an
13  advocacy organization seeking the repeal of DADT.  As Dr. Korb explained at his
14  deposition:

15          Q.    The Palm Center is another organization that is
16          seeking to repeal Don't Ask, Don't Tell?
17          A.  That's correct.
18          Q.  They're an advocacy group in favor of the repeal of
19          Don't Ask, Don't Tell?
20          A. That's correct.
21   Deposition of Lawrence Korb, 130: 7-12 (Exhibit 1).[4]  Another of LCR's experts,
22  Palm Center Director Aaron Belkin, provided further evidence that the Palm
23  Center is an advocacy group when he described who funds the Center:

24  _____

25      [3] LCR expert witnesses Belkin, Frank, Hillman, Embser-Herbert, and Korb
26  are all affiliated with the Palm Center. *See* www.palmcenter.org.

27      [4] Dr. Korb also admitted that he is a "strong advocate for the repeal of Don't
28  Ask, Don't Tell."  Deposition of Lawrence Korb, 39:5-8 (Exhibit 1).

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS                    -5-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5

> Q. Who funds the Palm Center?
>
> A. We get probably 97, 98 percent of our money from
> ten, plus or minus, sources that are basically stable from
> year to year. These include gay rights foundations and
> private donors, most of whom are wealthy gay men.

6  Deposition of Aaron Belkin, 117:6-11 (Exhibit 2).  Thus LCR's own witnesses
7  have acknowledged that the Palm Center is an advocacy organization funded by
8  advocates for the repeal of DADT and that it has an interest in the outcome of this
9  litigation.[5]   As such, the documents it produces are not impartial within the
10 meaning of FRE 803(18) and thus do not constitute learned treaties.

11
12
13

**2.   Proposed Exhibits Relating to Individuals Discharged Under DADT Were Not Properly Disclosed and Are Not Party Admission**

14  On June 12, 2010, nearly three months after the discovery cutoff and only
15 six days before the deadline for motions *in limine*, LCR disclosed for the first time
16 to Defendants approximately 50 documents regarding individuals who were
17 discharged under DADT that it now seeks to introduce as trial exhibits.  FRCP
18 37(c)(1) provides that "If a party fails to provide information . . . as required by
19 Rule 26(a) or (e), the party is not allowed to use that information . . . to supply
20 evidence . . . at a trial unless the failure was substantially justified or is harmless."
21 LCR has not and cannot make that showing here.

22  In an attempt to justify its untimely disclosure, LCR characterizes the
23 individual service member documents as "government documents" and argues that
24 Defendants have not been prejudiced because the documents have "always been in
25 the possession of the Defendants"  (Doc. 194 at 14).  Yet Rules 26(a) and (e) do

26
27
28

[5] Unsurprisingly, five of LCR's seven expert witness –Belkin, Frank, Korb, Hillman and Ember-Herbert– are affiliated with the Palm Center.

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS          -6-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

not exempt from the disclosure requirement documents that are in the possession of other parties. *See Whiteway v. Fedex Kinkos Office & Print Serv., Inc.*, 2010 WL 1980229, *6 (N.D. Cal 2010) (excluding exhibits that plaintiff failed to disclose during discovery and rejecting the justification that the defendant already had the documents). The existence of such an exemption would be particularly prejudicial to the federal government because of its size and the sheer number of documents in its possession. As LCR has not provided a substantial justification for its last minute disclosure and cannot show that there is no prejudice to Defendants, the service member documents should be excluded under Rule 37(c)(1).

Yet even if the Court were inclined to excuse LCR's untimely disclosure, the service member documents contain hearsay statements and are inadmissible. In its Opposition, LCR appears to argue that the service member statements are not hearsay because they are party admissions under FRE 801(d)(2)(D) (Doc. 194 at 8). Under that Rule, a statement is not hearsay if it is offered against a party and is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." FRE 801(d)(2)(D). Rule 801(d)(2)(D), however, "'requires the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment.'" *Sea-Land Service, Inc. v. Lozen Intern., LLC.*, 285 F.3d 808, 821 (9th Cir. 2002) (quoting *Harris v. Itzhaki*, 183 F.3d 1043, 1054 (9th Cir.1999)). "When a court is evaluating whether such a foundation has been established, '[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" *Id.* (quoting FRE 801(d)(2)).

LCR argues that the service member statements it seeks to introduce as exhibits are party admissions because they were written by service members on government letter head (Doc. 194 at 8-9). LCR does not, however, provide any

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS                    -7-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4

evidence, outside of the statements themselves, that the service members who created the documents did so within the scope of their employment.  Without more than the statements themselves, LCR has not met its burden of showing that the service member documents are party admissions.

5

### 3.   The Contractor Documents Are Inadmissible

6
7
8
9
10
11
12
13

LCR also contends that the Contractor Documents are party admissions because they contain the name of the government agencies that commissioned the creation of the documents  (Doc. 194 at 9-13).[6]   Yet that is not sufficient to show that the contractor documents are party admissions.   Under FRE 801(d)(2)(D), LCR must establish by a preponderance of the evidence that the contractors had authority to make statements on behalf of the government.   *See Lizotte v. Praxair, Inc.*, 640 F.Supp.2d 1335, 1338 (W.D. Wash. 2009).  Because LCR has and cannot make this showing, the Contractor Documents do not qualify as party admissions.[7]

14

LCR's reliance upon the Court of Federal Claims' decision in *Pacific Gas &*

15
16
17
18
19
20
21
22

[6] The two cases relied on by LCR are inapposite to the admissibility of contractor documents.  (Doc. 194 at 10).  In *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 974 (C.D. Cal. 2006), the court admitted power point presentations and business plans that bore a company's name and logo as party admissions. Neither party claimed that the documents were created by contractors, and the court did not analyze them as contractor documents.  *Id.* Likewise in *Alvord-Polk, Inc. v. F. Schumacher & Co.*, 37 F.3d 996, 1005 n.6 (3d Cir. 1994), the court explicitly concluded that the articles in question had been written by party employees and did not analyze them as contractor documents.

23
24
25
26
27
28

[7] Two of the Contractor Documents LCR seeks to introduce are **drafts** of the RAND Report (Exhibits 193 and 199).  While Defendants have not lodged objections to the admissibility of the final RAND Report (LCR proposed exhibit 8), which LCR has acknowledged was submitted to Congress (Doc. 198 at 7), the draft reports contain hearsay (as set forth above), are irrelevant, and lack guarantees of trustworthiness. *See Candle Corp. V. Boole & Babbage, Inc.*, 1985 WL 1087794, *6 (C.D. Cal 1985) ("... [T]he trustworthiness of an unsigned draft [document] which was not approved is especially troublesome.").

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   *Electric Co. v. U.S.*, 73 Fed. Cl. 333, 438 (Fed. Cl. 2006), is misplaced, and
2   actually supports Defendants' position that LCR has failed to meet its burden of
3   establishing the admissibility of the contractor exhibits in this case.  In *PG&E*, the
4   Court adopted the reasoning of a previous decision from the Court of Federal
5   Claims, *Yankee Atomic Elec. Co. v. U.S.*, No. 98-126C, 2004 WL 2450874 (Fed.
6   Cl. Sept. 17, 2004), which concluded that documents created by the Department of
7   Energy's Management and Operations ("M&O") contractor constituted "public
8   records" under FRE 803(8).   The Court's conclusion turned upon the unique
9   relationship between the M&O contractor and the government in the context of the
10  development of a national repository for the nation's spent nuclear fuel, and noted
11  that the contractor, in many respects, acted as the alter ego of the government:

12          [t]hese   contractors   were   retained   under   unique
13          circumstances  to  perform  DOE's  function,  provided
14          critical and essential data and input to DOE, and operate
15          and manage the national laboratories for and on behalf of
16          DOE.   In a very real sense, these contractors performed
17          DOE's statutory mission, or at a minimum provided the
18          technical input to perform the same.

19  PG&E, 73 Fed. Cl. at 438-39  (noting that "the contractor documents 'indicate that
20  the  contractor  personnel  who  operate  DOE  facilities  are  functionally
21  indistinguishable from the DOE employees who request and use their research or
22  drafting input.  They are more akin to contract employees of DOE.'").  In this case,
23  LCR does not assert –and, indeed, there is no evidence– to establish that the
24  Department of Defense's contractors who drafted the Contractor Documents either
25  operate and manage the agency, or that they perform the agency's statutory

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS                          -9-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

mission.   Accordingly, there is no factual basis upon which LCR may establish the public records exception concerning the Contractor Documents.[8]

Furthermore, to the extent it could be asserted that the Court in *PG&E* found that the mere fact of a contractor relationship is sufficient to establish that statements by the contractor constitute party-admissions under FRE 801(d), that decision would not be in accord with precedent from the United States Court of Appeals for the Federal Circuit.  Although the Federal Circuit has found that "an agency relationship can be created by contract," it has determined that "not all contracts create agency relationships and not all conduct creates agency relationships." *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1256 (Fed. Cir. 2000) (quoting *Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 745 (7th Cir. 1998)).   The focus in determining whether the relationship between contracting parties creates an agency relationship "focuse[s] on contract provisions [and] not day-to-day Government involvement in the performance of the subcontract." *Lockheed Martin Corp. v. U.S.*, 50 Fed. Cl. 550, 558-59 (2001) (citing *U.S. v. Johnson Controls, Inc.*, 713 F.3d 1541, 1551 (Fed. Cir. 1983)), aff'd, 48 Fed. Appx. 752 (Fed. Cir. 2002).  Specifically, the test for determining agency "requires an interpretation of the contract" and findings that "(1) the prime contractor was acting as a purchasing agent for the Government; (2) the agency relationship between the Government and the prime contractor was established by clear contractual consent; and (3) the contract stated that the Government would be directly liable to the vendors for the purchase price." *Lockheed*, 50 Fed. Cl. at 562. In short, barring evidence that the Department of Defense contractors were subject

---

[8] LCR is not calling any Department of Defense witnesses in this case live, and the testimony LCR seeks to designate from Defendants Rule 30(b)(6) witnesses do not establish the public records exception, or any other exception, to the hearsay rule.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   to the control of the Government, or "authorized to speak" on behalf of the agency

2   under FRE 801(d)(2)(C), the contractor exhibits at issue are inadmissible.

3          **4.    The Media and Polling Documents Are Inadmissible**

4          LCR contends that the Media and Polling Documents, including the Zogby

5   Poll, are not hearsay because they are not offered for their truth (Doc. 194 at 15).

6   Yet in the next sentence, LCR states that the Media and Polling Documents are

7   being offered to show, among other things, "that attitudes towards homosexuals

8   have changed from when Congress enacted DADT." (*Id*).  The Zogby Poll is only

9   evidence that attitudes have changed if it truly depicts current attitudes toward

10  homosexuals.   The same is true of the other Media and Polling Documents.

11  Because the Media and Polling Documents, including the Zogby Poll, contain out-

12  of-court statements offered for their truth, they should be excluded pursuant to the

13  hearsay rule.

14         LCR also asserts that even if the Zogby Poll is hearsay, it is sufficiently

15  reliable to be admitted under the residual exception as applied in *Gibson v. County*

16  *of Riverside*, 181 F.Supp.2d 1057 (C.D. Cal. 2006) (Doc. 194 at 15-16).   The

17  Zogby Poll, however, suffers from some of the same deficiencies found in the

18  survey that was excluded in *Gibson*.   In *Gibson*, the Court noted that the survey

19  lacked hallmarks of reliability because, among other things, the questions on the

20  survey were written by an attorney for the County.  *Id.* at 1068.  Similarly, the

21  Zogby Poll was commissioned by the Palm Center, which, as discussed above, is

22  an advocacy group for repeal of DADT, and the Palm Center's Director Aaron

23  Belkin played a role in drafting the poll questions.  Belkin Deposition, 140:8-9;

24  141:15-16 (Exhibit 2).  As an advocates for repeal of DADT both commissioned

25  the Zogby Poll and helped draft its questions, the poll fails to meet the

26

27

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3

requirements to fall within the residual exception.[9]  *See Gibson*, 181 F. Supp.2d at 167-168 (excluding survey designed and executed by defendant county and its attorneys).

4

### CONCLUSION

5
6
7
8

Defendants have established that LCR's proposed exhibits are inadmissible. LCR has failed to rebut Defendants' objections.  Accordingly, the Court should grant Defendants' Motion to Exclude Certain of LCR's proposed exhibits.

Dated: June 24, 2010

9

Respectfully submitted,

10

TONY WEST
Assistant Attorney General

11
12

ANDRÉ BIROTTE, JR
United States Attorney

13

JOSEPH H. HUNT
Director

14

VINCENT M. GARVEY
 Deputy Branch Director

15
16

*/s/Ryan B. Parker*

17
18
19
20
21
22
23
24

PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
Trial Attorneys
U.S. Department of Justice,
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8202
paul.freeborne@usdoj.gov
Attorneys for Defendants United
State of America and Secretary of
Defense

25
26
27
28

[9] While the custodial authentication of the Zogby Poll may be relevant to laying a foundation for the document, it does not cure the deficiencies that prevent the poll from being admissible under the residual exception. (Doc. No. 194, 15).

DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO EXCLUDE CERTAIN
OF PLAINTIFF'S PROPOSED EXHIBITS          -12-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543