TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail: paul.freeborne@usdoj.gov

*Attorneys for Defendants United States
of America and Secretary of Defense*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| LOG CABIN REPUBLICANS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA AND ROBERT M. GATES, Secretary of Defense, <br><br> Defendants. | No. CV04-8425 VAP (Ex) <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT** |

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
PROPOSED JUDGMENT

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................. 1

OBJECTIONS ................................................................................................... 3

I. OBJECTION 1: BECAUSE OF THE UNIQUE CONSIDERATIONS INVOLVED WHEN THE FEDERAL GOVERNMENT IS ENFORCING AND DEFENDING THE CONSTITUTIONALITY OF A LAW, PLAINTIFF'S PROPOSED WORLDWIDE AND MILITARY-WIDE INJUNCTION IS UNTENABLE ................................ 3

    A. Any Injunction Should Be Limited to Plaintiff and Its Members ............................................................................................. 3

    B. Plaintiff's Proposed Injunction Would Foreclose the United States from Litigating the Constitutionality of DADT in Other Courts ...................................................................... 6

    C. Plaintiff's Proposed Injunction Also Improperly Seeks to Prevent the Government From Making the Showing Permitted by the Ninth Circuit in <u>Witt</u> .................................... 8

    D. Plaintiff's Proposed Injunction Impermissibly Seeks to Effectively Negate Courts of Appeals' Rulings Upholding DADT ........................................................................................... 8

II. OBJECTION 2: PLAINTIFF'S PROPOSED INJUNCTION SEEKS TO EXTEND BEYOND ENJOINING DADT ............................. 9

III. OBJECTION 3: NO INJUNCTION SHOULD BE ENTERED OR MADE EFFECTIVE UNTIL THE GOVERNMENT HAS HAD AN OPPORTUNITY TO CONSIDER THE TERMS OF ANY INJUNCTION AND TO MOVE FOR A STAY .............................. 10

IV. OBJECTION 4: LCR IS NOT ENTITLED TO EAJA FEES ................... 13

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT

-i-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

Able v. United States,
 155 F.3d 628 (2d Cir. 1998) .................................................................................. 1

Bowen v. Kendrick,
 483 U.S. 1304, 108 S. Ct. 1, 97 L. Ed. 2d 787 (1987) ..................................... 12

Bresgal v. Brock,
 843 F.2d 1163 (9th Cir. 1987) .............................................................................. 4

Califano v. Yamasaki,
 442 U.S. 682, 99 S.Ct. 2245, 61 L.Ed.2d 176 (1979) ......................................... 4

Chappell v. Wallace,
 462 U.S. 296, 103 S. Ct. 2362, 76 L. Ed. 2d 586 (1983) .................................... 4

Cook v. Gates,
 528 F.3d 42 (1st Cir. 2008) ................................................................................... 1

De Arellano v. Weinberger,
 788 F.2d 762 (D.C. Cir. 1986) ............................................................................. 5

Gilligan v. Morgan,
 413 U.S. 1, 93 S. Ct. 2440, 37 L. Ed. 2d 407 (1973) .......................................... 4

Gonzales v. Free Speech Coalition,
 408 F.3d 613 (9th Cir. 2005) .............................................................................. 13

Hurley v. Kincaid,
 285 U.S. 95, 52 S. Ct. 267, 76 L. Ed. 637 (1932) ............................................... 5

INS v. Hibi,
 414 U.S. 5  94 S. Ct. 19, 38 L. Ed. 2d 7 (1973) ............................................. 6, 7

Lara v. Cinemark USA, Inc.,
 207 F.3d 783 (5th Cir. 2000) ................................................................................ 9

League of Women Voters of Cal. v. FCC,
 798 F.2d 1255 (9th Cir.1986) ............................................................................ 13

Meinhold v. Dep't of Defense
 510 U.S. 939, 144 S. Ct. 374, 126 L. Ed. 2d 324 (1993) .............................. 5

Monsanto v. Geertson Seed Farms,
 130 S. Ct. 2743, 177 L. Ed. 2d 461 (2010) ......................................................... 4

National Center for Immigrants Rights v. INS,
 743 F.2d 1365 (9th Cir. 1984) .............................................................................. 4

New Motor Vehicle Bd. v. Orrin W. Fox Co.,
 434 U.S. 1345, 98 S. Ct. 359, 54 L. Ed. 2d 349 (1977) ................................... 12

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
PROPOSED JUDGMENT

-ii-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  Orloff v. Willoughby,
      345 U.S. 83, 73 S. Ct. 534, 97 L. Ed. 2d 842 (1953) .......................................... 4
2
   Richenberg v. Perry,
3     97 F.3d 256 (8th Cir. 1996) ................................................................................. 1

4  Rostker v. Goldberg,
      453 U.S. 57 101 S. Ct. 2646, 69 L. Ed. 2d 478 (1981) ....................................... 1
5
   Schmidt v. Lessard,
6     414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974) ........................................... 6

7  Stormans, Inc. v. Selecky,
      586 F.3d 1109 (9th Cir. 2009) ............................................................................ 4
8
   Thomasson v. Perry,
9     80 F.3d 915 (4th Cir. 1996) ............................................................................. 1, 7

10 United States v. AMC Entertainment,
      549 F.3d 760 (9th Cir. 2008) ........................................................................... 8, 9
11
   United States v. Mendoza,
12    464 U.S. 154 104 S. Ct. 568, 78 L. Ed. 2d 379 (1984) ............................... 6, 7, 8

13 Virginia Society for Human Life, Inc. v. Federal Election Comm'n,
      263 F.3d 379 (4th Cir. 2001) ........................................................................... 7, 8
14
   Virginian Ry. Co. v. Sys. Fed'n No. 40,
15    300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937) ............................................. 12

16 Walters v. Nat'l Ass'n of Radiation Survivors,
      468 U.S. 1323, 105 S. Ct. 11, 82 L. Ed. 2d 908 (1984) .................................... 12
17
   Witt v. Dep't of Air Force,
18    527 F.3d 806 (9th Cir. 2008) ................................................................... 2, 8, 13

19 Zepeda v. United States INS,
      753 F.2d 719 (9th Cir. 1984) .............................................................................. 4
20

21 **STATUTES**

22 10 U.S.C. § 654 ............................................................................................... ssim

23 28 U.S.C. § 2412 ................................................................................................ 13

24

25 **RULES OF CIVIL PROCEDURE**

26 Rule 65(d)..................................................................................................... 6, 10

27

28

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
PROPOSED JUDGMENT                                    -iii-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**LEGISLATIVE MATERIAL**

H.R. Rep. No. 1418, 96th Cong., 2d Sess. 10 89 ................................................. 13

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
PROPOSED JUDGMENT                                    -iv-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# INTRODUCTION

After more than six years of litigation during which time plaintiff Log Cabin Republicans ("LCR") sought only to vindicate the rights of its members, LCR has now filed a proposed judgment that seeks a worldwide, military-wide injunction of the "Don't Ask, Don't Tell" (DADT) statute.

As the Supreme Court has made clear, the United States is not a typical defendant, and a court must exercise caution before entering an order that would limit the ability of the government to enforce a law duly enacted by Congress, or defend its constitutionality in other tribunals. This is especially true where, as is the case here, the law at issue has been found constitutional in numerous other courts throughout the country. See Cook v. Gates, 528 F.3d 42, 65 (1st Cir. 2008); Able v. United States, 155 F.3d 628, 631-36 (2d Cir. 1998); Richenberg v. Perry, 97 F.3d 256, 260-63 (8th Cir. 1996); Thomasson v. Perry, 80 F.3d 915, 926-34 (4th Cir. 1996) (en banc). Caution is even more appropriate where the law involves regulation of our military, an area where the Supreme Court has instructed courts to proceed with substantial deference to military judgment. See, e.g., Rostker v. Goldberg, 453 U.S. 57, 70, 101 S. Ct. 2646, 69 L. Ed. 2d 478 (1981).

Against this backdrop, LCR's proposed injunction in untenable. Because any injunction in this case must be limited to plaintiff LCR and the claims it asserts on behalf of its members – and cannot extend to non-parties – plaintiff's requested world-wide injunction of the statute fails as a threshold matter. A military-wide injunction would, moreover, prohibit the consideration of similar challenges in other courts and would freeze the development of important questions of law in violation of the Supreme Court's clear direction that, in cases in which the United States is a defendant, the United States must be allowed to continue to advance legal arguments even after they have been rejected by a particular circuit.

Even within the Ninth Circuit, a military-wide injunction on all discharges would effectively render the Ninth Circuit's recent decision in Witt v. Dep't of Air

1  Force, 527 F.3d 806 (9th Cir. 2008), a legal nullity.  Witt affords the government
2  the opportunity to develop the record to show that individual discharges are
3  necessary upon a showing that the discharge of a particular servicemember
4  "significantly furthers the government's interest and whether less intrusive means
5  would achieve substantially the government's interest."  Id. at 821.  By enjoining
6  all discharges, plaintiff's proposed injunction would effectively preclude any such
7  showing and prevent the as-applied adjudications the Ninth Circuit contemplated in
8  Witt.  Finally, binding Ninth Circuit precedent limits the authority of the district
9  court to issue injunctive relief that would restrict the government's enforcement of
10  DADT throughout the entire country, as such an order would fail to afford due
11  respect to the rulings of a sister circuit that has rejected the claims that would form
12  the basis for the district court's order of injunctive relief.  The Court should thus
13  reject the broad scope of plaintiff's proposed injunction.
14       Plaintiff's proposed injunction also attempts to sweep broadly to include not
15  only DADT, but to bring within this Court's judgment (and contempt power) any
16  claim in which any employee of the United States government is alleged to have
17  taken action based upon a servicemember's (or a prospective servicemember's)
18  sexual orientation.  Because plaintiff has only challenged DADT, any injunction
19  must necessarily be limited to the DADT statute.
20       And regardless of the scope of the injunction that the Court ultimately
21  adopts, the government should be afforded a reasonable amount of time to consider
22  the terms of the injunction and to move for an appropriate stay before an injunction
23  is made effective.  As the Court is aware, both the Executive and Legislative
24  branches are actively examining the DADT law and policy.  A court should not
25  compel the Executive to implement an immediate cessation of the seventeen year-
26  old policy without regard for any effect such an abrupt change might have on the
27  military's operations, particularly at a time when the military is engaged in combat
28  operations and other demanding military activities around the globe.

Finally, plaintiff's request to submit an application under the Equal Access to Justice Act (EAJA) should be rejected; the government's defense of a duly enacted statute was "substantially justified." Any such application is thus futile as a matter of law.

## OBJECTIONS

**I.   OBJECTION 1: BECAUSE OF THE UNIQUE CONSIDERATIONS INVOLVED WHEN THE FEDERAL GOVERNMENT IS ENFORCING AND DEFENDING THE CONSTITUTIONALITY OF A LAW, PLAINTIFF'S PROPOSED WORLDWIDE AND MILITARY-WIDE INJUNCTION IS UNTENABLE**

   **A.   Any Injunction Should Be Limited to Plaintiff and Its Members**

Throughout the six years of litigation, plaintiff has only ever purported to assert the rights of its own members. See Doc. No. 170 at ¶ 6 ("Many of Plaintiff's members are lesbian or gay members of the United States Armed Forces. . . ."); id. at ¶ ¶ 7-8 (discussing "Plaintiff's members"); id. at ¶ ¶ 43, 48, 56 ("As a result of the defendant's implementation and enforcement of the [DADT] Policy and the DOD Regulations, *Plaintiff's members* have suffered injury and will suffer further irreparable harm to their constitutional rights. . . .") (emphasis added); id. at ¶ ¶ 44, 49, 57 ("Plaintiff's members have no adequate remedy at law."). Therefore, plaintiff should not be allowed to assert the rights of third parties for the first time through a proposed judgment. This Court's ruling, which concludes with a statement that "Plaintiff has demonstrated it is entitled to the relief *sought on behalf of its members*," Doc. No. 232 at 85 (emphasis added), further supports this argument.

The Supreme Court has made clear that, absent a recognized exception, "litigation is conducted by and on behalf of the individual named parties only." Califano v. Yamasaki, 442 U.S. 682, 700–01, 99 S. Ct. 2245, 61 L. Ed. 2d 176 (1979). Any injunction issued in this case "should [thus] be no more burdensome

to the defendant than necessary to provide complete relief to the plaintiff." Id. at 702; see also Monsanto v. Geertson Seed Farms, 130 S. Ct. 2743, 2761, 177 L. Ed. 2d 461 (2010) (invalidating nationwide injunction where less burdensome remedy was available to redress parties' harm); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1140 (9th Cir. 2009) ("Injunctive relief . . . must be tailored to remedy the specific harm alleged.").

As a general rule district courts may not extend injunctive relief to nonparties where no class action has been certified, except in the narrow circumstance where that relief is incidentally necessary to give the named parties a complete remedy. Zepeda v. United States INS, 753 F.2d 719, 727-730 & n.1 (9th Cir. 1984) (holding that, in the absence of class certification, preliminary injunctive relief may cover only the named plaintiffs); see also National Center for Immigrants Rights v. INS, 743 F.2d 1365, 1371-72 (9th Cir. 1984) (same).[1] These strictures apply with particular force in considering whether to enjoin military operations. As the Supreme Court has repeatedly recognized, "judges are not given the task of running the Army," Orloff v. Willoughby, 345 U.S. 83, 93, 73 S. Ct. 534, 97 L. Ed. 2d 842 (1953), and "it is difficult to conceive of an area of governmental activity in which the courts have less competence," Gilligan v. Morgan, 413 U.S. 1, 10, 93 S. Ct. 2440, 37 L. Ed. 2d 407 (1973). Therefore, the Supreme Court has instructed civilian courts to "hesitate long before entertaining a suit which asks the court to tamper with . . . the military establishment." Chappell v. Wallace, 462 U.S. 296, 300, 103 S. Ct. 2362, 76 L. Ed. 2d 586 (1983).

As the Supreme Court has made clear, "where large public interests are concerned, and the issuance of an injunction may seriously embarrass the

---

[1] Although Zepeda and National Center for Immigrants Rights both involved preliminary injunctions, the same principles are applicable to permanent injunctions. See Bresgal v. Brock, 843 F.2d 1163, 1170-1171 (9th Cir. 1987).

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT         -4-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

accomplishment of important governmental ends, a court of equity acts with caution and *only upon clear showing that its intervention is necessary in order to prevent an irreparable injury*." Hurley v. Kincaid, 285 U.S. 95, 104 n.3, 52 S. Ct. 267, 76 L. Ed. 637 (1932) (emphasis added). Because LCR has not and cannot demonstrate that the sweeping injunction it seeks is necessary to remedy its claims, an injunction imposing far-reaching restrictions on the armed forces would thus be manifestly improper under both the general rule and the Supreme Court's further admonitions in the military context. See also De Arellano v. Weinberger, 788 F.2d 762, 764 (D.C. Cir. 1986) (en banc) (per curiam) (where it was "doubtful" that equitable relief was essential to remedy plaintiffs' claims, it was improper to issue "extraordinary" injunction that "intrudes into the conduct of foreign and military affairs").

Indeed, the Ninth Circuit previously has narrowed a nationwide injunction of the Department of Defense's pre-DADT policy regarding homosexuality. In Meinhold v. Dep't of Defense, plaintiff challenged that policy as assertedly unconstitutional. See 808 F. Supp. 1455 (C.D. Cal. 1993). After the district court entered a military-wide injunction against application of the policy, see id. at 1458-59, the Supreme Court immediately stayed the injunction pending appeal, to the extent that it "grant[ed] relief to persons other than" the individual plaintiff. 510 U.S. 939, 144 S. Ct. 374, 126 L. Ed. 2d 324 (1993). Similarly, after holding that the plaintiff's claim had merit, the Ninth Circuit struck down the injunction as overbroad to the extent that it extended to non-party service members. 34 F.3d 1469, 1480 (9th Cir. 1994) ("relief can be obtained by directing the Navy not to apply its regulation to Meinhold"). The Court should likewise reject a military-wide injunction here.

And because defendants do not know the names of LCR's *bona fide* members, party-specific relief is impossible to fashion here. The terms of an injunction must be set forth "specifically" and "describe in reasonable detail . . .

the act or acts restrained or required" so as to protect parties such as defendants here from unknowingly violating a court order. Fed. R. Civ. P. 65(d)(1)(B), (C). "[T]he specificity provisions of Rule 65(d) are no mere technical requirements," since "basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." Schmidt v. Lessard, 414 U.S. 473, 476, 94 S. Ct. 713, 38 L. Ed. 2d 661 (1974) (per curiam). By its terms, plaintiff's proposed injunction requires defendants to "immediately suspend and discontinue any investigation, or discharge, separation, or other proceeding, that may have commenced under 10 U.S.C. § 654 and/or its implementing regulations" upon the issuance of the injunction. Doc. No. 233 at 2:27-3:1. But without the names of LCR's members, defendants would have no way of knowing whether a particular servicemember who is subject to the actions set forth is in fact a *bona fide* LCR member. Without such basic information, party-specific relief is impossible to fashion with the specificity required by Rule 65(d)(1)(B). Moreover, given that an open-ended injunction would be tantamount to a nationwide injunction, this Court should limit relief to current LCR members.

### B. Plaintiff's Proposed Injunction Would Foreclose the United States from Litigating the Constitutionality of DADT in Other Courts

Plaintiff's sweeping injunction is particularly inapt given that the United States is a defendant in a constitutional challenge to a statute. The Supreme Court has clearly instructed lower courts to bear in mind that "the Government is not in a position identical to that of a private litigant, both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates." United States v. Mendoza, 464 U.S. 154 159, 104 S. Ct. 568, 78 L. Ed. 2d 379 (1984)(citing INS v. Hibi, 414 U.S. 5, 8, 94 S. Ct. 19, 38 L. Ed. 2d 7 (1973) (per curiam)). The Court further noted that, "because the proscriptions of the United States Constitution are so generally directed at governmental action, many constitutional questions *can arise only in*

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT  -6-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

*the context of litigation to which the government is a party*." Id. at 60 (emphasis added).

     Whereas enjoining the actions of a private party leaves intact the ability of other entities that are covered by a challenged law to litigate whether their actions are permissible, an order enjoining the federal government from enforcing DADT anywhere effectively precludes any further consideration of the law's constitutionality by any court other than the Ninth Circuit or the Supreme Court. For this reason, in Mendoza, the Supreme Court rejected the application of nonmutual collateral estoppel against the Government because such a rule "would substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue." 464 U.S at 160.  Central to the Court's decision was the recognition that "[a]llowing only one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari." Id.  Indeed, the Court concluded that if the Government were given only one opportunity to litigate a particular issue, the Court "would have to revise its practice of waiting for a conflict to develop before granting the government's petitions for certiorari." Id. (citing Sup. Ct. R. 17.1).

    If this Court were to enjoin all discharges under DADT throughout the world, it would not only effectively overrrule the decisions of numerous other circuits that have upheld DADT, but also preclude consideration of similar challenges by courts in other circuits that have not addressed the issue (not to mention other district judges in the Central District of California) prior to any decision by the Ninth Circuit.  This Court "would in effect be imposing [its] view of the law on all the other circuits." Virginia Society for Human Life, Inc. v. Federal Election Comm'n, 263 F.3d 379, 394 (4th Cir. 2001).  Such a result would plainly conflict with the Supreme Court's decision in Mendoza and would unjustifiably elevate this Court, and ultimately the Ninth Circuit, to a status of first

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT               -7-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

among equals. See id at 393 (limiting injunctive relief to plaintiff, and rejecting request to enjoin similar enforcement actions against other parties in other parts of the country).

### C. Plaintiff's Proposed Injunction Also Improperly Seeks to Prevent the Government From Making the Showing Permitted by the Ninth Circuit in Witt

Plaintiff's injunction is also at odds with Witt, because barring all discharges would prevent the government from making the showing that the Ninth Circuit's decision in Witt expressly permits. Witt affords the government the opportunity to develop a record to show that individual discharges are necessary upon a showing that a discharge of a particular service member "significantly furthers the government's interest and whether less intrusive means would achieve substantially the government's interest." Witt, 527 F.3d at 821. Because the military-wide injunction proposed by plaintiff would enjoin all discharges, the Court would effectively preclude any such showing and render the Witt decision a nullity since no further discharges could be undertaken and adjudicated.

### D. Plaintiff's Proposed Injunction Impermissibly Seeks to Effectively Negate Courts of Appeals' Rulings Upholding DADT

Finally, the Ninth Circuit's decision in United States v. AMC Entertainment, 549 F.3d 760, 770 (9th Cir. 2008), also precludes this Court from entering an injunction in the form proposed by plaintiff. In AMC, a divided panel of the Ninth Circuit ruled that principles of comity barred the district court from ordering AMC to modify movie theaters in the Fifth Circuit, which had previously held that the ADA required theaters only to provide wheelchair users with an unobstructed view of the screen, rather than a "line of sight" comparable to other moviegoers. Id. at 770-71 & n.5 (discussing Lara v. Cinemark USA, Inc., 207 F.3d 783, 788-89 (5th Cir. 2000)). Although the United States advanced a different view before the Ninth Circuit, the AMC decision is binding on this Court. Therefore, just as

"principles of comity . . . constrain[ed] the district court [in AMC] from enjoining theaters within the Fifth Circuit," this court may not issue an injunction that "would cause substantial conflict with the established judicial pronouncements" of a sister circuit that has squarely rejected the constitutional claims that would form the basis of any injunctive relief from this court.

## II.   OBJECTION 2:  PLAINTIFF'S PROPOSED INJUNCTION SEEKS TO EXTEND BEYOND ENJOINING DADT

In addition to seeking a permanent injunction against the enforcement of the DADT statute and implementing regulations, plaintiff's proposed injunction broadly seeks to preclude "the defendants the United States of America and the Secretary of Defense, their agents, servants, officers, employees, and attorneys, and all persons acting in participation or concert with them or under their direction or command," from "taking any actions whatsoever, or permitting any person or entity to take any action whatsoever against gay or lesbian servicemembers, or prospective servicemembers, that in any way affects, impedes, interferes with, or influences their military status, advancement, evaluation, duty assignment, duty location, promotion, enlistment or reenlistment based upon their sexual orientation[.]"  Doc. No. 233 at 2:16-26.

Plaintiff's proposed language is not limited to the enforcement of DADT, but appears to subject all employees of the United States government to contempt and enforcement in this Court based on claims relating to *any* actions "based upon" a servicemember's (or a "prospective servicemember's") sexual orientation. Yet, plaintiff has only challenged the DADT statute and implementing regulations in this case, and any injunction must necessarily be limited to the enforcement of that statute and implementing regulations.  In any event, these additional provisions are vague and likewise fail to comply with the particularity requirements of Rule 65(d).  Accordingly, defendants object to the overly broad injunction proposed by plaintiff, as it covers substantially more conduct than discharges under the DADT

statute and implementing regulations.

### III. OBJECTION 3: NO INJUNCTION SHOULD BE ENTERED OR MADE EFFECTIVE UNTIL THE GOVERNMENT HAS HAD AN OPPORTUNITY TO CONSIDER THE TERMS OF ANY INJUNCTION AND TO MOVE FOR A STAY

Plaintiff also seeks an injunction that would require the government to "immediately suspend and discontinue any investigation or discharge, separation, or other proceeding, that may have been commenced" under the statute. Doc. No. 233 at 2:27-3:1. Contrary to plaintiff's repeated suggestions that the Court can simply order the immediate cessation of DADT without any disruption of the military's operations, the Secretary of Defense has stated that, to be successful in implementing a change to the DADT law and policy, the Department of Defense must "understand all issues and potential impacts associated with repeal of the law and how to manage implementation in a way that minimizes disruption to a force engaged in combat operations and other demanding military activities around the globe." Memorandum for the General Counsel and Commander, U.S. Army Europe re Comprehensive Review on the Implementation of a Repeal of 10 U.S.C. § 654, dated Mar. 2, 2010 ("Comprehensive Review Memorandum"), attached as exhibit 1. To that end, the Secretary has established a high-level working group within the Department of Defense to assess the impacts that a change in the law and policy may have on military readiness, military effectiveness, unit cohesion, recruiting and retention, and family readiness and to develop a plan of action to support the implementation of a repeal. See id. Among other things, the working group is charged with determining appropriate changes to existing DoD policies and regulations, including issues regarding personnel management, leadership and training, facilities, investigations, and benefits, that may be necessary should a change to the DADT law and policy occur, and developing recommendations for military leadership to educate and train the force in the event of repeal. See id.

Entering an injunction with immediate effect would frustrate the ability of the Department of Defense to develop necessary policies, regulations, and training and guidance to accommodate a change in the DADT law and policy. An injunction with immediate effect will put DoD in the position where it must implement *ad hoc* potentially inadequate policies at a time when the military is in the midst of active combat operations.

Such an injunction is all the more improper at a moment when the political branches are thoroughly engaged in considering the repeal of the DADT statute in a manner consistent with military operations. The working group's comprehensive review, and the process associated with it, has the support of the President, Secretary of Defense, and Chairman of the Joint Chiefs of Staff, among other senior civilian and military officials, and is specifically referenced in identical provisions regarding repeal of DADT contained in the versions of the National Defense Authorization Act for 2011 (2011 NDAA) currently being considered by the Congress. Under these provisions, repeal of the DADT statute would be effective 60 days after the issuance of a written certification, signed by the President, the Secretary of Defense, and the Chairman of the Joint Chiefs of Staff, stating –

(A) That the President, the Secretary of Defense, and the Chairman of the Joint Chiefs of Staff have considered the recommendations contained in the [working group's] report and the report's proposed plan of action;

(B) That the Department of Defense has prepared the necessary policies and regulations to exercise the discretion provided by the repeal of § 654; and

(C) That the implementation of necessary policies and regulations pursuant to the discretion provided by the repeal of § 654 is consistent with the standards of military readiness, military effectiveness, unit cohesion, and recruiting and retention of the Armed Forces.

A version of the 2011 NDAA containing this provision has passed the House of

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
PROPOSED JUDGMENT                                    -11-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Representatives, and an identical provision is contained in the 2011 NDAA that was reported out of the Senate Armed Services Committee. While, as of the submission of this filing, the full Senate has not yet proceeded to debate on the bill (and, indeed, a motion to do so failed on September 21), the 2011 NDAA may well come up before the full Senate prior to the end of the current Congress. In light of the working group's review and the legislation pending in the Congress, the Court should defer entry of any injunction for a reasonable time so as not to interfere with the ongoing and advanced efforts of the political branches.

Finally, the stay of the injunction would allow the government to carry out the statutory policy of Congress, which "is in itself a declaration of the public interest which should be persuasive." Virginian Ry. Co. v. Sys. Fed'n No. 40, 300 U.S. 515, 552, 57 S. Ct. 592, 81 L. Ed. 789 (1937). Given the presumptive constitutional validity of an act of Congress, the interim invalidation of a statute itself causes recognized injury warranting a stay. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1351, 98 S. Ct. 359, 54 L. Ed. 2d 349 (1977) (Rehnquist, J., in chambers); see also Walters v. Nat'l Ass'n of Radiation Survivors, 468 U.S. 1323, 1324, 105 S. Ct. 11, 82 L. Ed. 2d 908 (1984) (Rehnquist, J., in chambers). Because of this harm, "[i]t has been the unvarying practice of th[e Supreme] Court . . . [to] decide on the merits all cases in which a single district judge declares an Act of Congress unconstitutional. In virtually all of these cases the Court has [accordingly] granted a stay if requested to do so by the Government." Bowen v. Kendrick, 483 U.S. 1304, 1304, 108 S. Ct. 1, 97 L. Ed. 2d 787 (1987) (Rehnquist, J., in chambers).

## IV.   OBJECTION 4: LCR IS NOT ENTITLED TO EAJA FEES

Finally, plaintiff has requested that the Court enter a judgment allowing it to apply to recover from the United States its attorneys' fees under the EAJA, 28 U.S.C. § 2412. Plaintiff's request is inconsistent with Ninth Circuit precedent and should be rejected. The EAJA provides that in an action against the United States,

a prevailing party, other than the United States, is entitled to recover attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "'The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made.'" League of Women Voters of Cal. v. FCC, 798 F.2d 1255, 1257 (9th Cir. 1986) (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, reprinted in 1980 U.S. Code Cong. & Ad. News 4984, 4989).

As an initial matter, the Ninth Circuit has observed that "the defense of a congressional statute from constitutional challenge will usually be substantially justified." Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005) (quoting League of Women Voters, 798 F.2d at 1259). DADT is a duly enacted congressional statute, and the Department of Justice acted reasonably in defending it. The Ninth Circuit has also recognized that the presence of novel legal issues and a history of successfully defending a statute are objective indicia of reasonableness. Gonzales, 408 F.3d at 615. Both of these *indicia* demonstrate the reasonableness of the government's position in this case. First, this suit presents the novel legal issue of how the Ninth Circuit's Witt decision applies in a facial, rather than as-applied, challenge to DADT.[2] Second, as discussed above, the government has successfully defended the constitutionality of DADT each time it has been challenged, dating back to when the statute was enacted in 1993. Because the government in this case defended a duly enacted congressional statute

---

[2] The Court recognized the novelty of this issue in its order Denying Defendants' Motion for Summary Judgment. Doc. No. 212, at 7 ("Although the *Witt* court stated that 'this heightened scrutiny analysis is as-applied rather than facial,' see Witt, 527 F.3d at 819, it did not address what standard of review would apply to a facial challenge to the DADT Policy.").

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JUDGMENT                -13-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

that it had successfully defended in every previous constitutional challenge, and because this case presents a novel legal issue, the government was substantially justified in defending DADT, and plaintiff is not entitled to attorneys' fees under EAJA.

Dated: September 23, 2010

Respectfully submitted,

TONY WEST
Assistant Attorney General

ANDRÉ BIROTTE, JR
United States Attorney

JOSEPH H. HUNT
Director

VINCENT M. GARVEY
Deputy Branch Director

 /S/ Paul G. Freeborne
PAUL G. FREEBORNE
W. SCOTT SIMPSON
JOSHUA E. GARDNER
RYAN B. PARKER
Trial Attorneys
U.S. Department of Justice,
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Room 6108
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8202
paul.freeborne@usdoj.gov

*Attorneys for Defendants United States of America and Secretary of Defense*