1   DAN WOODS (State Bar No. 78638)
2   EARLE MILLER (State Bar No. 116864)
    AARON KAHN (State Bar No. 238505)
3   WHITE & CASE LLP
    633 W. Fifth Street, Suite 1900
4   Los Angeles, CA  90071-2007
    Telephone:  (213) 620-7700
5   Facsimile:   (213) 452-2329
6   Email:       dwoods@whitecase.com
    Email:       emiller@whitecase.com
7   Email:       aakahn@whitecase.com

8   Attorneys for Plaintiff
    Log Cabin Republicans
9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  LOG CABIN REPUBLICANS, a non-        Case No.  CV 04-8425 VAP (Ex)
    profit corporation,
14                                       **RESPONSE OF PLAINTIFF LOG**
                                         **CABIN REPUBLICANS TO**
15              Plaintiff,               **DEFENDANTS' OBJECTIONS TO**
                                         **PROPOSED JUDGMENT AND**
16         vs.                           **PERMANENT INJUNCTION**

17  UNITED STATES OF AMERICA and
    ROBERT M. GATES, SECRETARY           Judge:     Hon. Virginia A. Phillips
18  OF DEFENSE, in his official capacity,
                                         Complaint filed:   October 12, 2004
19              Defendants.              Trial Date:  July 13, 2010

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION ............................................................................... 1

II.    OBJECTION 1 SHOULD BE OVERRULED: A WORLDWIDE INJUNCTION IS APPROPRIATE ...................................................... 2

     A.     Limiting the Scope of an Injunction to Log Cabin's Current Members Will Not Afford Complete Relief ........................ 4

     B.     The Court's Order Should Foreclose the Government From Relitigating the Constitutionality of DADT in Multiple Venues on an As-Applied Basis ......................................... 6

     C.     The Fact That Other Courts Have Not Invalidated DADT Does Not Affect This Court's Jurisdiction to Issue a Worldwide Injunction ................................................................. 6

III.   OBJECTION 2 SHOULD BE OVERRULED: THE PROPOSED INJUNCTION COVERS ONLY DADT ........................... 8

IV.   OBJECTION 3 SHOULD BE OVERRULED: A STAY IS INAPPROPRIATE WHILE DADT CONTINUES TO CAUSE HARM DAILY TO HOMOSEXUAL SERVICEMEMBERS ................... 9

V.     OBJECTION 4 SHOULD BE OVERRULED: NO EAJA FEE REQUEST HAS YET BEEN MADE ......................................... 11

VI.   CONCLUSION ..................................................................... 12

LOSANGELES 880470 (2K)

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

Able v. United States,
    155 F.3d 628 (2d Cir. 1998) ................................................................ 7

ACLU v. Gonzales,
    478 F. Supp. 2d 775 (E.D. Pa. 2007),
    aff'd sub nom. ACLU v. Mukasey, 534 F.3d 181 (3d Cir. 2008) ........ 3

Ali v. Ashcroft,
    213 F.R.D. 390 (W.D. Wash.), aff'd, 346 F.3d 873 (9th Cir. 2003) .... 3

Arellano v. Weinberger,
    788 F.2d 762 (D.C. Cir. 1986) ............................................................ 5

Bresgal v. Brock,
    843 F.2d 1163 (9th Cir. 1987) ......................................................... 2, 3

Califano v. Yamasaki,
    442 U.S. 682, 99 S.Ct. 2545, 61 L. Ed. 2d 176 (1979) .................... 2, 4

Chappell v. Wallace,
    462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1973) ..................... 5

Cook v. Gates,
    528 F.3d 42 (1st Cir. 2008) ................................................................. 7

Gilligan v. Morgan,
    413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973) ........................... 5

Gonzales v. Free Speech Coalition,
    408 F.3d 613 (9th Cir. 2005) ............................................................. 11

Gorbach v. Reno,
    219 F.3d 1087 (9th Cir. 2000) (en banc) ............................................ 3

Hornbeck Offshore Services, LLC v. Salazar,
    696 F. Supp. 2d 627 (E.D. La. 2010) ................................................. 4

Hurley v. Kincaid,
    285 U.S. 296, 103 S.Ct. 2440, 37 L.Ed.2d 586 (1983) ..................... 5

Lawrence v. Texas,
    539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) ................... 7

League of Women Voters v. FCC,
    798 F.2d 1255 (9th Cir. 1986) ........................................................... 12

Meinhold v. Department of Defense,
    34 F.3d 1469 (9th Cir. 1994) .............................................................. 5

LOS ANGELES 880470 (2K)

*Meinhold v. Department of Defense,*
    123 F.3d 1275 (9th Cir. 1997)................................................................11

*Mendenhall v. Nat'l Transp. Safety Bd.,*
    92 F.3d 871 (9th Cir. 1996)..................................................................11

*Monsanto v. Geertson Seed Farms,*
    __U.S. __, 130 S.Ct. 2743, 177 L. Ed. 2d 461 (2010) ..............................4

*National Center for Immigrants Rights v. INS,*
    743 F.2d 1365 (9th Cir. 1984) ...............................................................5

*NRDC v. Evans,*
    279 F. Supp. 2d 1129 (N.D. Cal. 2003),
    aff'd sub nom. NRDC v. Gutierrez, 457 F.3d 904 (9th Cir. 2006) ..............3

*Orloff v. Willoughby,*
    345 U.S. 83, 73 S.Ct. 534, 97 L.Ed.2d 842 (1953) ...................................5

*Richenberg v. Perry,*
    97 F.3d 256 (8th Cir. 1996) ...................................................................7

*Rothe Development Corp. v. Department of Defense,*
    545 F.3d 1023 (Fed. Cir. 2008),
    on remand 606 F. Supp. 2d 648 (W.D.Tex 2009) ...................................3

*Sherley v. Sebelius,*
    704 F. Supp. 2d 63 (D.D.C. 2010)..........................................................3

*Stormans, Inc. v. Selecky,*
    586 F.3d 1109 (9th Cir. 2009) ...............................................................5

*Thomasson v. Perry,*
    80 F.3d 915 (4th Cir. 1996) ...................................................................7

*United States v. $12,248 U.S. Currency,*
    957 F.2d 1513 (9th Cir. 1997)................................................................11

*United States v. AMC Entertainment, Inc.,*
    549 F.3d 760 (9th Cir. 2008) .................................................................7

*United States v. Marolf,*
    277 F.3d 1156 (9th Cir. 2002) ...............................................................11

*Virginia Society for Human Life, Inc. v. FEC,*
    263 F.3d 379 (4th Cir. 2001) .................................................................5

*Witt v. Department of the Air Force,*
    527 F.3d 806 (9th Cir. 2008) ............................................................5, 6

*Zepeda v. INS,* 753 F.2d 719 (9th Cir. 1984)............................................5

- iii -
RESPONSE OF PLAINTIFF LCR TO DEFENDANTS' OBJECTIONS
TO PROPOSED JUDGMENT AND PERMANENT INJUNCTION

1

# **FEDERAL STATUTES**

2   28 U.S.C. § 2412...................................................................................................11

3   29 U.S.C. § 1801...................................................................................................2

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE OF PLAINTIFF LCR TO DEFENDANTS' OBJECTIONS
TO PROPOSED JUDGMENT AND PERMANENT INJUNCTION

LOSANGELES 880470 (2K)

# I.

# INTRODUCTION

The government's objections fail to recognize the implications of its loss at trial. Indeed, the tenor of the objections suggests that the government believes the Court conducted a mock trial in July, or rendered an advisory opinion. But as this Court has recognized since the subject first arose, the Court's authority to enjoin the Department of Defense from enforcing the Don't Ask, Don't Tell statute and policy ("DADT") is not limited to this District, or this Circuit.

> **MR. FREEBORNE**: With regard to the last point, this Court's jurisdiction would only extend to this district. They are asking for nationwide relief, which this Court would not even have the power to effectuate a nationwide injunction. This is not a class action; this is a case brought within this district.
>
> **THE COURT**: But how in the world could -- if the plaintiffs succeed in this case on the relief that they are seeking, are you suggesting that an injunction would be only directed to service members serving within the Ninth Circuit?
>
> **MR. FREEBORNE**: Your Honor, this Court does not have nationwide jurisdiction to issue an injunction.
>
> **THE COURT**: Are you suggesting that, theoretically, if a district court orders that any regulation or federal law is unconstitutional, it only applies in the district where the Court sits?
>
> **MR. FREEBORNE**: Well, Your Honor, we can put that issue aside. I just note that I think that --
>
> **THE COURT**: That's because I think you are incorrect.

Transcript of Proceedings, Status Conference of February 18, 2010, at 26:23-27:16.

The Court was absolutely right. Longstanding Ninth Circuit authority holds that "there is no bar against class-wide, and nationwide relief in federal district or

- 1 -

1  circuit court when it is appropriate." <u>Bresgal v. Brock</u>, 843 F.2d 1163, 1170 (9th

2  Cir. 1987).  Nationwide relief – even an injunction protecting persons other than

3  prevailing parties in the lawsuit – is appropriate *"if such breadth is necessary to*

4  *give prevailing parties the relief to which they are entitled."* <u>Id</u>. at 1170-71

5  (emphasis in original).  Such breadth is appropriate here, where only a worldwide

6  injunction will safeguard the constitutional rights of military personnel following

7  the facial invalidation of DADT.

## II.

## OBJECTION 1 SHOULD BE OVERRULED:

## A WORLDWIDE INJUNCTION IS APPROPRIATE

11  As <u>Bresgal</u> noted, "[t]he Supreme Court has held that a federal agency is not

12  necessarily entitled to confine any ruling of a court of appeals to its immediate

13  jurisdiction." <u>Bresgal</u>, 843 F.2d at 1170.  The Supreme Court addressed the

14  question in the context of a class action, holding in <u>Califano v. Yamasaki</u>, 442 U.S.

15  682, 99 S.Ct. 2545, 61 L. Ed. 2d 176 (1979), that though "nationwide class actions

16  may have a detrimental effect by foreclosing adjudication by a number of different

17  courts and judges … we decline to adopt the extreme position that such a class may

18  never be certified." 442 U.S. at 702-03, <u>quoted in</u> <u>Bresgal</u>, 843 F.2d at 1170.

19  <u>Califano</u> thus expressly rejects the government's argument here that a

20  worldwide injunction should not be entered because it "would foreclose the United

21  States from litigating the constitutionality of DADT in other courts."  And the

22  principle of <u>Califano</u> is by no means limited to class actions.  <u>Bresgal</u> itself was

23  brought by an association of migrant agricultural workers, and individual workers,

24  who sued to force the Secretary of Labor to enforce the Migrant and Seasonal

25  Agricultural Workers Protection Act, 29 U.S.C. § 1801 <u>et seq.</u>, for their benefit,

26  when the Secretary took the position that the act did not cover them.  The Ninth

27  Circuit held that the district court had the power to issue an injunction directed to

28  the Secretary of Labor requiring him to enforce the act against forestry labor

1   contractors.  Rejecting another argument the government makes here, that an

2   injunction in an associational case should only run in favor of the members of the

3   association, the Ninth Circuit held that the district court "could hardly require

4   enforcement of [the act] on anything other than a nationwide basis ... [t]he Act

5   cannot be enforced only against those contractors who have dealings with the

6   named plaintiffs, or against those contractors only insofar as they have dealings

7   with named plaintiffs." Bresgal, 843 F.2d at 1171.  Thus, the district court was

8   within its discretion to order nationwide relief, and because the Secretary of Labor

9   was a party, an injunction against him requiring nationwide enforcement was

10  appropriate. Id.

11      Since Califano and Bresgal, numerous district courts have issued, and circuit

12  courts have affirmed, nationwide injunctions against the government in both

13  associational and individual actions, and in cases implicating both constitutional

14  considerations and merely statutory construction.  See, e.g., ACLU v. Gonzales,

15  478 F. Supp. 2d 775 (E.D. Pa. 2007), aff'd sub nom. ACLU v. Mukasey, 534 F.3d

16  181 (3d Cir. 2008) (invalidating on Constitutional grounds and permanently

17  enjoining enforcement of the Child Online Protection Act); Sherley v. Sebelius, 704

18  F. Supp. 2d 63 (D.D.C. 2010) (enjoining all government funding of stem cell

19  research); NRDC v. Evans, 279 F. Supp. 2d 1129 (N.D. Cal. 2003), aff'd sub nom.

20  NRDC v. Gutierrez, 457 F.3d 904 (9th Cir. 2006) (enjoining Navy's peacetime use

21  of sonar system as violating federal law); Rothe Development Corp. v. Department

22  of Defense, 545 F.3d 1023 (Fed. Cir. 2008), on remand 606 F. Supp. 2d 648 (W.D.

23  Tex. 2009) (finding section of the National Defense Authorization Act of 1987

24  facially unconstitutional and enjoining Department of Defense from enforcing it);

25  Ali v. Ashcroft, 213 F.R.D. 390 (W.D. Wash.), aff'd, 346 F.3d 873 (9th Cir. 2003)

26  (permanently enjoining the Immigration and Naturalization Service from removing

27  Somali natives or nationals in the United States to Somalia); Gorbach v. Reno, 219

28  F.3d 1087 (9th Cir. 2000) (en banc) (affirming injunction enjoining Attorney

1    General and INS, nationwide, from implementing regulations allowing

2    administrative denaturalization); <u>Hornbeck Offshore Services, LLC v. Salazar</u>, 696

3    F. Supp. 2d 627 (E.D. La. 2010) (enjoining moratorium on offshore oil drilling in

4    the Gulf of Mexico and in the Pacific – lands located within Fifth, Ninth, and

5    Eleventh Circuits), <u>remanded on limited grounds</u>, No. 10-30585, 2010 WL 3219469

6    (5th Cir. Aug. 16, 2010).

7        **A.    Limiting the Scope of an Injunction to Log Cabin's Current**

8                   **Members Will Not Afford Complete Relief**

9            The government's first argument objecting to a worldwide injunction against

10   DADT is that such an injunction should be limited to Log Cabin Republicans and

11   its current members (who, in an appalling Catch-22, the government implies should

12   be specifically identified as "*bona fide* LCR members").  This objection should be

13   summarily rejected.  This case was never litigated or tried on the basis that Log

14   Cabin sought to invalidate DADT only for its own members; on the contrary, this

15   case was brought as a facial challenge.  <u>Bresgal</u>, <u>ACLU v. Gonzales</u>, and similar

16   cases teach that when a district court enters an injunction against a government

17   agency invalidating (or, as in <u>Bresgal</u>, ordering enforcement of) a federal statute,

18   the injunction runs in favor of all persons affected by the statute, not merely those

19   persons who happen to be members of an association that brought the lawsuit.

20           Cases the government cites in its objections where courts have disapproved a

21   nationwide injunction, or one that goes beyond the immediate parties to the lawsuit,

22   have done so in heed of <u>Califano</u>'s admonition that the relief granted should not be

23   "more burdensome than necessary to redress the complaining parties," 442 U.S. at

24   702.  Thus, for example, in <u>Monsanto v. Geertson Seed Farms</u>, __ U.S. __, 130 S.Ct.

25   2743, 177 L. Ed. 2d 461 (2010), *vacatur* of an agency determination was sufficient

26   to redress the claimed statutory violation and prohibit the challenged acts, without

27   the necessity of an injunction to the same effect.

28

1    The constitutional cases the government cites where injunctions were limited
2    in personal or geographical scope, <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109 (9th
3    Cir. 2009), <u>Meinhold v. Department of Defense</u>, 34 F.3d 1469 (9th Cir. 1994), and
4    <u>Virginia Society for Human Life, Inc. v. FEC</u>, 263 F.3d 379 (4th Cir. 2001)
5    ("<u>VSHL</u>"), do not control the result here because they were as-applied challenges.
6    In such cases, of course, an injunction covering the named plaintiff alone
7    "adequately protects it from the feared prosecution," <u>VSHL</u>, 263 F.3d at 393.
8        In this case, where the Court has found DADT unconstitutional on its face,
9    an injunction that covers only Log Cabin's members, or only extends to the
10   boundaries of the Central District of California, would not provide complete redress
11   of the Constitutional violations complained of.  In a facial challenge brought by an
12   associational plaintiff seeking to vindicate the rights of a nationwide – indeed,
13   worldwide – class of individuals, a worldwide injunction is necessary to give the
14   plaintiff its relief.  "Nationwide injunctions are appropriate if necessary to afford
15   relief to the prevailing party."  <u>VSHL</u>, <u>id.</u>, citing <u>Bresgal</u>.[1]

---

[1] The other cases the government cites in this section of its brief are all inapposite.
<u>Zepeda v. INS</u>, 753 F.2d 719 (9th Cir. 1984) and <u>National Center for Immigrants
Rights v. INS</u>, 743 F.2d 1365 (9th Cir. 1984) arose on appeals from preliminary
injunctions, not on the merits; the Ninth Circuit in <u>Bresgal</u> expressly stated that "the
logic behind [those cases] cannot control here," 843 F.2d at 1170.  <u>Orloff v.
Willoughby</u>, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed.2d 842 (1953) did not involve an
injunction; <u>Gilligan v. Morgan</u>, 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973)
held that imposing an injunction on the Ohio National Guard in the wake of the
Kent State incident would involve the court in a nonjusticiable political question;
and <u>Chappell v. Wallace</u>, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983)
involved a claim for damages, not injunctive relief.  As with all of the military-
deference cases the government cites, it bears repeating that "deference does not
mean abdication" and Congress cannot subvert the guarantees of the Due Process
Clause merely because it is legislating in the area of military affairs, <u>Witt</u>, 527 F.3d
at 821; indeed, the Court in <u>Chappell</u> stated that "[t]his Court has never held, nor do
we now hold, that military personnel are barred from all redress in civilian courts
for constitutional wrongs suffered in the course of military service."  462 U.S. at
304.  Finally, <u>Hurley v. Kincaid</u>, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed 637 (1932)
denied an injunction because the plaintiff had an adequate remedy at law; and <u>De
Arellano v. Weinberger</u>, 788 F.2d 762 (D.C. Cir. 1986) denied an injunction on
mootness grounds, since the conduct sought to be enjoined had already ceased.

- 5 -

LOSANGELES 880470 (2K)

1      **B.**    **The Court's Order Should Foreclose the Government From**

2                 **Relitigating the Constitutionality of DADT in Multiple Venues on**

3                 **an As-Applied Basis**

4         The government's next two arguments are that a worldwide injunction would

5 bar it from taking second, third, and fourth bites at the apple by litigating DADT's

6 constitutionality in other courts, and from presenting the individual arguments that

7 Witt v. Department of the Air Force, 527 F.3d 806 (9th Cir. 2008), contemplates for

8 as-applied challenges.  Again, the Court should dismiss these objections because

9 that is precisely the point of a facial challenge:  to force a single determination that

10 DADT is unconstitutional, and short-circuit the thousands of as-applied challenges

11 that the government would apparently prefer to litigate from one end of the country

12 to the other.

13         As noted above, Log Cabin brought this case as a facial challenge.  The

14 government vigorously defended it as such, and put Log Cabin to its proof on that

15 basis.  Log Cabin accepted that burden and prevailed.  Entering the requested

16 injunction in no way offends the holding of Witt, as the Witt court was only

17 presented with an as-applied challenge.  The government cites no case where a

18 court sustaining a *facial* constitutional challenge to a statute has limited the

19 protections of its order to the particular parties before it, in its particular judicial

20 district, because no case has reached such an absurd result.

21      **C.**    **The Fact That Other Courts Have Not Invalidated DADT Does**

22                 **Not Affect This Court's Jurisdiction to Issue a Worldwide**

23                 **Injunction**

24         Finally – and somewhat contradictorily, in light of its previous argument

25 complaining that a worldwide injunction would impede its ability to continue to

26 forum-shop for a favorable result – the government argues that because courts in

27 other circuits have not invalidated DADT, this Court is foreclosed from now doing

28

RESPONSE OF PLAINTIFF LCR TO DEFENDANTS' OBJECTIONS
TO PROPOSED JUDGMENT AND PERMANENT INJUNCTION

LOSANGELES 880470 (2K)

1    so.[2]  The single case the government cites for this proposition is <u>United States v.</u>

2    <u>AMC Entertainment, Inc.</u>, 549 F.3d 760 (9th Cir. 2008).  That case is readily

3    distinguishable and does not require this Court to limit injunctive relief here to the

4    confines of this District.

5         <u>AMC Entertainment</u> was not a constitutional case; it was a statutory

6    construction case dealing with requirements for compliance with the Americans

7    With Disabilities Act.  The Ninth Circuit reversed a district court's injunction that

8    required "conduct by AMC in the Fifth Circuit's geographic area that the Fifth

9    Circuit rejected ... not only does the Fifth Circuit not require such conduct, it

10   specifically 'judicially repudiated' [such requirements] when considering the same

11   arguments the district court now enforces in its injunction."  549 F.3d at 773.  The

12   Ninth Circuit stated that "[p]rinciples of comity require that, once a sister circuit

13   has spoken to an issue, that pronouncement is the law of that geographical area.

14   Courts in the Ninth Circuit should not grant relief that would cause substantial

15   interference with the established judicial pronouncements of such sister circuits."

16   <u>Id</u>.  Whatever may be the merits of such an approach in the context of statutory

17   construction – where, for example, our legal system tolerates differing rules in

18   different circuits for issues of the law of bankruptcy, securities, antitrust, tax, and

19   the like – it can hold no sway on issues of constitutional rights.  The government

20   surely does not mean to contend that the holding of <u>Cook v. Gates</u> applies only

21   within the jurisdiction that decided it, such that DADT is constitutional only in the

22   First Circuit and open to question everywhere else.  Such a contention is as illogical

23

24   [2] The cases from other circuits that the government cites are <u>Cook v. Gates</u>, 528
     F.3d 42 (1st Cir. 2008); <u>Able v. United States</u>, 155 F.3d 628 (2d Cir. 1998);
25   <u>Richenberg v. Perry</u>, 97 F.3d 256 (8th Cir. 1996); and <u>Thomasson v. Perry</u>, 80 F.3d
     915 (4th Cir. 1996) (en banc).  All of these cases except <u>Cook</u> predate the Supreme
26   Court's decision in <u>Lawrence v. Texas</u>, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d
     508 (2003), and therefore are not relevant here.  And <u>Cook</u> was decided on an
27   appeal from a motion to dismiss, without the benefit of the extensive evidence that
28   this Court heard and considered at a full trial.

- 7 -
RESPONSE OF PLAINTIFF LCR TO DEFENDANTS' OBJECTIONS
TO PROPOSED JUDGMENT AND PERMANENT INJUNCTION

as the contention that the government does make, which is that following the trial of this case DADT is unconstitutional only within the confines of the Central District of California, and perfectly sound everywhere else. Americans' Constitutional rights do not spring into existence, or vanish, as they cross a district boundary.

An individual's Constitutional rights must outweigh considerations of comity, and principles of comity do not compel this Court to acquiesce in another court's erroneous failure to find that DADT violates the Constitution, or to treat another plaintiff's failure to sustain its burden on a facial challenge as forever settling the question. This Court's decision invalidating DADT was based on the <u>Witt</u> standard which controls the decisions of courts in this Circuit. Though the First Circuit in <u>Cook v. Gates</u> disagreed with <u>Witt</u>, the government may not now be heard to complain that <u>Witt</u> compels the outcome here. The government had the opportunity to seek Supreme Court review of the <u>Witt</u> decision and declined to do so. It must be held to the consequences of that conscious tactical decision.

## III.

## OBJECTION 2 SHOULD BE OVERRULED:
## THE PROPOSED INJUNCTION COVERS ONLY DADT

The government objects to the portion of plaintiff's proposed form of injunction that enjoins defendants and their agents "from taking any actions whatsoever, or permitting any person or entity to take any action whatsoever, against gay or lesbian servicemembers, or prospective servicemembers, that in any way affects, impedes, interferes with, or influences their military status, advancement, evaluation, duty assignment, duty location, promotion, enlistment or reenlistment based upon their sexual orientation" (Proposed Judgment at 2:22-26).

That language is taken verbatim from the amended permanent injunction entered on September 30, 1993 in <u>Meinhold v. Department of Defense</u>, Case No. CV 92-6044 TJH in this District. For the Court's reference, a copy of that

- 8 -

document is attached as Attachment A; the pertinent language appears at 2:23-3:1.

Log Cabin is not requesting the Court to enjoin conduct that is extraneous to actions

that would be taken under DADT, such as, for example, sexual harassment or

sexual misconduct that is already covered under other provisions of military law

and regulations.  To the extent that this language could be read to do so, that was

not Log Cabin's intent in proposing it.  To address the government's objection on

this point, Log Cabin suggests that the phrase "under color of law or military

regulation" be added so that that portion of the injunction would read "from taking

any actions whatsoever, or permitting any person or entity to take any action

whatsoever, against gay or lesbian servicemembers, or prospective servicemembers,

under color of law or military regulation, that in any way affects, impedes,

interferes with, or influences their military status, advancement, evaluation, duty

assignment, duty location, promotion, enlistment or reenlistment based upon their

sexual orientation."

## IV.

## OBJECTION 3 SHOULD BE OVERRULED:

## A STAY IS INAPPROPRIATE WHILE DADT CONTINUES TO

## CAUSE HARM DAILY TO HOMOSEXUAL SERVICEMEMBERS

On at least three prior occasions, the government has asked the Court to stay

this action or the trial because Congress and the military were engaged in

considering a repeal of DADT.  On all three occasions, the court rejected the

government's requests.  See Minute Order, November 24, 2009 [Docket No. 100];

Minute Order, March 4, 2010 [Docket No. 114]; Order Denying Defendant's

Motion for Summary Judgment, July 6, 2010, at 18-23 [Docket No. 212].  As is its

habit, the government neglects to mention these prior rulings.

Nothing has changed since the Court rejected the government's most recent

request for a stay on July 6, 2010.  If anything, the Senate vote on September 21

only shows that the Court was correct in declining to stay the trial because

- 9 -

RESPONSE OF PLAINTIFF LCR TO DEFENDANTS' OBJECTIONS
TO PROPOSED JUDGMENT AND PERMANENT INJUNCTION

1   Congress still has not voted to repeal DADT, no vote is scheduled or imminent,

2   passage of the pending bill remains uncertain, and the pending bill only provides

3   for conditional repeal.

4           In addition, the government is <u>not</u> asking for a stay pending appeal.[3]  Instead,

5   it is asking the Court to "defer" entry of any injunction for an unspecified

6   "reasonable time."  In its November 24, 2009 minute order, the Court rejected a

7   similar claim, holding:

8                   Furthermore, Defendants cite no authority for the proposition

9                   that district courts should stay litigation concerning the

10                  constitutionality of federal laws for an indefinite period merely

11                  because the legislative and executive branches have expressed

12                  doubts concerning the continued wisdom of the challenged laws.

13                  Indeed, such a rule would allow Congress effectively to insulate

14                  federal laws from constitutional challenge merely by continually

15                  holding hearings concerning those laws.  This Court declines to

16                  adopt such a rule, and finds that Defendants have not

17                  demonstrated that a stay of this action is appropriate.

18          Finally, and most troubling, the government's request for a stay ignores the

19  ongoing harm that would be suffered by current and prospective homosexual

20  members of our armed forces during the indefinite stay period that the government

21  requests.  The Court has ruled that DADT violates these individuals' Constitutional

22  rights.  It is sad and disappointing that the government asks these men and women

23  to continue to serve our country bravely, patriotically, and silently to protect the

24  constitutional rights of all Americans, while it asks the Court to deny theirs

25  indefinitely.

26

27  ─────────────────

28  [3] Presumably for political reasons, Objection 3 studiously avoids any mention of a
    possible appeal.

- 10 -

1

## V.

## OBJECTION 4 SHOULD BE OVERRULED:

## NO EAJA FEE REQUEST HAS YET BEEN MADE

The proposed judgment states that plaintiff merely may <u>apply</u> for an award of attorneys' fees under the EAJA, 28 U.S.C. § 2412.  Ample authority would support such an award.  "If the government's position violates the Constitution, a statute, or its own regulations, a finding that the government was substantially justified would be an abuse of discretion."  <u>Meinhold v. Department of Defense</u>, 123 F.3d 1275, 1278 (9th Cir. 1997); <u>see also</u> <u>United States v. $12,248 U.S. Currency</u>, 957 F.2d 1513, 1517 n.5 (9th Cir. 1997) ("if . . . a <u>due process</u> violation is not enough to trigger a finding that the government was not 'substantially justified' under the EAJA, the EAJA would amount to nothing but a hollow statutory shell offering little of substance to prevailing parties" (emphasis in original)); <u>United States v. Marolf</u>, 277 F.3d 1156, 1162 (9th Cir. 2002) (citing <u>$12,248 U.S. Currency</u> for proposition that a due process violation cannot be substantially justified); <u>Mendenhall v. Nat'l Transp. Safety Bd.</u>, 92 F.3d 871, 874 (9th Cir. 1996) ("A finding that an agency's position was substantially justified when the agency's position was based on violations of the Constitution, federal statute or the agency's own regulations, constitutes an abuse of discretion").

But Log Cabin is not now asking for an award of attorneys' fees.  It is premature to even request fees until a judgment is entered and becomes final. Objection 4 only prematurely argues the merits of an EAJA motion that has not been filed by arguing that the government's position was substantially justified in this case.  While plaintiff disagrees with the government on this point, this is not the time or place to litigate the issue; that issue can be litigated if and when plaintiff does apply for EAJA fees.[4]

---

[4] The cases cited by the government do not compel a different result.  Both of the cited cases (<u>Gonzales v. Free Speech Coalition</u>, 408 F.3d 613 (9th Cir. 2005) and

- 11 -

1

## VI.

2

## CONCLUSION

3      Only an injunction binding the United States and the Department of Defense

4  wherever they have servicemembers subject to DADT will adequately protect the

5  thousands of men and women whose Constitutional rights are daily violated by that

6  policy.  Full relief here requires nothing less than a worldwide injunction, and the

7  Court should enter judgment for Log Cabin and such a permanent injunction.

8

9  Dated:    September  24 , 2010          WHITE & CASE LLP

10

11                                   By: _____

12                                        Earle Miller
                                         Attorneys for Plaintiff
13                                        Log Cabin Republicans

14

15

16

17

18

19

20

21

22

23

24

25

26  League of Women Voters v. FCC, 798 F.2d 1255 (9th Cir. 1986)) deny EAJA fees
27  under the facts and circumstances of those cases.  They do not stand for the
    proposition that plaintiff in this case could not recover EAJA fees as a matter of
28  law, as the government contends.

- 12 -

RESPONSE OF PLAINTIFF LCR TO DEFENDANTS' OBJECTIONS
TO PROPOSED JUDGMENT AND PERMANENT INJUNCTION

LOSANGELES 880470 (2K)