# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-08425-VAP (Ex)                    Date:  October 12, 2010

Title:      LOG CABIN REPUBLICANS -*v*- UNITED STATES OF AMERICA and
            ROBERT M. GATES, SECRETARY OF DEFENSE
===========================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                        None Present
        Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                       DEFENDANTS:

        None                              None

PROCEEDINGS:        ORDER GRANTING PERMANENT INJUNCTION (IN
                    CHAMBERS)

        On September 9, 2010, the Court issued its Memorandum Opinion ruling in
favor of Plaintiff Log Cabin Republicans ("Plaintiff" or "Log Cabin") on the first and
second claims in its First Amended Complaint, holding the "Don't Ask, Don't Tell"
Act, 10 U.S.C. § 654, violates the First and Fifth Amendments to the United States
Constitution.  The Court directed Plaintiff to submit a proposed judgment with
preliminary injunction, and set a deadline for Defendants to submit any objections to
the same.  (Mem. Op. at 85.)

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

Accordingly, Plaintiff timely submitted its "Request for Judgment and Permanent Injunction" ("Request for Permanent Injunction" or the "Request") on September 16, 2010.  On September 23, 2010, Defendants United States of America and Robert M. Gates, Secretary of Defense (collectively, "Defendants"), filed "Objections to Request for Judgment and Permanent Injunction" ("Objections" or "Defs.' Objections").  Plaintiff filed a response to the Objections ("Response") on September 24, 2010, and an Amended Proposed form of Judgment and Permanent Injunction ("Amended Request" or "Amd. Req.") on October 7, 2010.  Having considered the evidence presented during trial and the papers the parties submitted in support of and in opposition to the Request for Permanent Injunction, the Court GRANTS Plaintiff's Request in part, for the reasons set forth below.

## I. BACKGROUND AND PROCEDURAL HISTORY

The parties tried the case to the Court from July 13 through 16 and July 20 through 23, 2010.  The Court issued a Memorandum Opinion on September 9, 2010, finding the Don't Ask, Don't Tell Act ("Don't Ask, Don't Tell," the "Act," or "DADT") unconstitutional on its face under the First and Fifth Amendments to the United States Constitution.  The Court concluded, "Plaintiff is entitled to the relief sought in its First Amended Complaint: a judicial declaration to that effect and a permanent injunction barring further enforcement of the Act."  (Mem. Op. at 1.)

After Plaintiff filed the Request for Permanent Injunction (Doc No. 233), Defendants filed the following objections to Plaintiff's Request: (1) Plaintiff's proposed injunction is overbroad because it (a) should be limited to Plaintiff and its members, (b) "would foreclose the United States from litigating the constitutionality of DADT in other courts," (c) "improperly seeks to prevent the government from making the showing permitted by the Ninth Circuit in Witt,"[1] and (d) "impermissibly seeks to effectively negate Courts of Appeals' rulings upholding DADT"; (2) Plaintiff's proposed injunction "seeks to extend beyond enjoining DADT"; (3) "no injunction

_____

[1] Witt v. Dep't of Air Force, 527 F.3d 806, 819 (9th Cir. 2008) (holding the Don't Ask, Don't Tell Act constitutes an intrusion "upon the personal and private lives of homosexuals, in a manner that implicates the rights identified in Lawrence," and is subject to heightened scrutiny.).

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

should be entered or made effective until the Government has had an opportunity to consider the terms of any injunction and move for a stay"; and (4) "Log Cabin is not entitled to EAJA [Equal Access to Justice Act] Fees."  (Doc. No. 235 (Defs.' Objections) at i.)  Plaintiff filed its Response on September 24, 2010 (Doc. No. 236) and an Amended Request on September 28, 2010 (Doc. No. 238).  On September 29, 2010, Defendants filed a "Supplement to Objections."  (Doc. No. 239.)

## II.  ANALYSIS

### A.   Plaintiff Is Entitled to a Permanent Injunction

"The requirements for the issuance of a permanent injunction are 'the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law.'"  American-Arab Anti-Discrimination Comm. v. Reno, 70 F.3d 1045, 1066-67 (9th Cir. 1995) (quoting LaDuke v. Nelson, 762 F.2d 1318, 1322 (9th Cir. 1985), modified, 796 F.2d 309 (9th Cir. 1986)).

Plaintiff established at trial that the Don't Ask, Don't Tell Act irreparably injures servicemembers by infringing their fundamental rights and violating (a) the substantive due process rights guaranteed under the Fifth Amendment to the United States Constitution, and (b) the rights to freedom of speech and to petition the Government for redress of grievances guaranteed by the First Amendment to the United States Constitution.  (See Mem. Op. at 12-13, 74, 83, 85; see American-Arab Anti-Discrimination Comm., 70 F.3d at 1071 (holding that violations of procedural due process and First Amendment rights constitute irreparable harm).)  Furthermore, there is no adequate remedy at law to prevent the continued violation of servicemembers' rights or to compensate them for violation of their rights.  See American-Arab Anti-Discrimination Comm., 70 F.3d at 1071 (holding there is no adequate remedy at law for "denial of legalization based on a constitutional violation").

Defendants do not contend Plaintiff has not satisfied these requirements for issuance of a permanent injunction.  In fact, Defendants do not address the requirements in their Objections.

Thus, Plaintiff is entitled to a permanent injunction barring enforcement of the

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                        Page 3

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

Don't Ask, Don't Tell Act.

## B.    Defendants' Objections to Plaintiff's Proposed Injunction
### 1.    Defendants' Objections to the Breadth of the Injunction
#### a.    The Proposed Injunction Does Not Bind Non-Parties

Defendants first argue that the Court cannot enjoin the United States military from enforcing the Act because such an injunction would be overbroad.  (Defs.' Objections at 3.)  Defendants contend the injunction should be limited to Plaintiff and its members because Plaintiff "has only ever purported to assert the rights of its own members. . . . Therefore, [P]laintiff should not be allowed to assert the rights of third parties for the first time through a proposed judgment."  (<u>Id.</u>)  According to Defendants, the proposed injunction would "extend injunctive relief to nonparties." (<u>Id.</u> at 4.)

This argument attempts to transform Plaintiff's challenge into an as-applied attack on the Act, which squarely contradicts Defendants' position throughout this litigation.  (<u>See, e.g.</u>, Doc. No. 186 (Defs.' Mem. of Cont. Fact & Law) at 1 ("no trial is necessary or appropriate on plaintiff's <u>facial challenge</u>.") (emphasis added), 5 ("Burden of Proof Regarding Facial Due Process Claim . . . . a '<u>facial challenge</u> to a legislative Act is . . . the most difficult challenge to mount successfully. . . .'") (emphasis added), 7 ("Burden of Proof Regarding <u>Facial</u> First Amendment Claim . . . . plaintiff has steadfastly maintained throughout this litigation that it brings <u>facial constitutional claims</u>, including a <u>facial</u> First Amendment claim.") (emphasis added); Doc No. 188 (Defs.' Proposed Findings of Fact & Conclusions of Law) at 6 ("Because resolution of LCR's <u>facial</u> substantive due process claim is a pure question of law . . . .") (emphasis added).)

As Plaintiff correctly points out, it challenged the Act on its face, not as applied to it or its members.  (Resp. at 4-5.)  Therefore, its entitlement to relief is not constrained as Defendants suggest, and the Court is not limited to granting a remedy that would affect only Plaintiff and its members.  The Court found the Act unconstitutional on its face; accordingly, the resulting remedy should be as broad as necessary to achieve the relief Plaintiff sought.  Furthermore, Plaintiff's proposed injunction does not bind nonparties as Defendants suggest; instead, it binds the actual, named Defendants in this action -- the United States of America and Robert

MINUTES FORM 11                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 4

M. Gates, in his official capacity as Secretary of the Department of Defense -- both of whom fully participated in and litigated this lawsuit.

The remedy Plaintiff sought and obtained here was invalidation of the Don't Ask, Don't Tell Act.  The nature of the remedy stems from the nature of the challenge -- here, a facial challenge.  As set forth below, courts may invalidate a statute in its entirety pursuant to a facial challenge, though partial invalidation is preferred where possible.

In Bresgal v. Brock, 843 F.2d 1163 (9th Cir. 1987), the Ninth Circuit held a district court did not abuse its discretion in ordering what was, in effect, nationwide relief.  There, plaintiff migrant workers sought a declaratory judgment that the Migrant and Seasonal Agricultural Workers Protection Act applied to forestry workers and an injunction requiring the Secretary of Labor to enforce the Act in the industry.  In analyzing the appropriate scope of the injunction, the Bresgal court noted, "The Supreme Court has held that a federal agency is not necessarily entitled to confine any ruling of a court of appeals to its immediate jurisdiction."  Id. at 1170 (discussing Califano v. Yamasaki, 442 U.S. 682, 702 (1979), which held there are no legal limits on the geographical scope of a class action brought in federal district court).  "Thus there is no bar against class-wide, and nationwide relief in federal district or circuit court when it is appropriate."  Bresgal, 843 F.2d at 1170 (citations omitted).

Defendants' argument that nationwide relief is available only in class actions fails.  There are numerous instances where district courts have granted nationwide relief in non-class actions.  See, e.g., Earth Island Inst. v. Pengilly, 376 F. Supp. 2d 994 (E.D. Cal. 2005) (invalidating five Forest Service regulations and issuing a nationwide injunction against their application), aff'd, 490 F.3d 687 (9th Cir. 2007), rev'd on other grounds, Summers v. Earth Island Inst., 129 S. Ct. 1142 (2009); Coyne Beahm, Inc. v. FDA, 966 F. Supp. 1374, 1400-01 (M.D.N.C. 1997) (issuing injunction preventing the FDA from enforcing regulations on tobacco products), rev'd on other grounds, Brown & Williamson Tobacco Corp. v. FDA, 153 F.3d 155 (4th Cir. 1998), aff'd, 529 U.S. 120 (2000); Finley v. Nat'l Endowment for the Arts, 795 F. Supp. 1457, 1476 (C.D. Cal. 1992) (granting summary judgment on plaintiff's facial challenge to the National Foundation on the Arts and the Humanities Act of 1965 and enjoining its enforcement), aff'd, 100 F.3d 671 (9th Cir. 1996), rev'd on other

grounds, 524 U.S. 569 (1998); Hodel v. Va. Surface Min. & Reclamation Ass'n, Inc., 483 F. Supp. 425 (D.C. Va. 1980) (finding Surface Mining Control and Reclamation Act unconstitutional and permanently enjoining the Secretary from enforcing various provisions of the Act), rev'd on other grounds, 452 U.S. 264 (1981); see also Brubaker Amusement Co., Inc. v. United States, 304 F.3d 1349 (Fed. Cir. 2002) (noting that where a party challenges a regulation's facial validity, total invalidation is an appropriate remedy).

### b.  Severability

Generally, however, an injunction "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiff."  (Defs.' Objections at 3-4 (citing Califano, 442 U.S. at 702).)  Accordingly, partial, rather than total, invalidation is "the normal rule," and invalid provisions should be severed from valid provisions whenever possible.  Ayotte v. Planned Parenthood of N. New England, 546 U.S. 320, 329, 331 (2006) (holding, in response to a facial challenge to a statute's constitutionality, courts should issue a narrower remedy whenever possible); United States v. AMC Entm't, Inc., 549 F.3d 760, 774-75 (9th Cir. 2008) (Wardlaw, J., concurring in part and dissenting in part) (hereinafter "AMC Entm't (9th Cir.)") ("district courts within our circuit commonly issue nationwide injunctions where the 'injunction . . . is tailored to the violation of law that the Court already found -- an injunction that is no broader but also no narrower than necessary to remedy the violations." (citing California ex rel. Lockyer v. USDA, 468 F. Supp. 2d 1140, 1144 (N.D. Cal. 2006))); Golden Door, Inc. v. Odisho, 437 F. Supp. 956, 968 (N.D. Cal. 1977), aff'd, 646 F.2d 347 (9th Cir. 1980), abrogated on other grounds by Japan Telecom, Inc. v. Japan Telecom Am. Inc., 287 F.3d 866 (9th Cir. 2002) ("Plaintiff's market area, and hence the sphere of its reputation, are nationwide.  Accordingly, it is entitled to nationwide protection against confusion and dilution.  The scope of the injunction must therefore be nationwide."); see Alaska Airlines, Inc. v. Brock, 480 U.S. 678, 684-86 (1987) (setting out rules governing severability of federal statutes); Sabri v. United States, 541 U.S. 600, 608-09 (2004); Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 501-03 (1985); Regan v. Time, Inc., 468 U.S. 641, 653 (1984) (plurality opinion) (adopting presumption of severability); United States v. Raines, 362 U.S. 17, 21 (1960); Champlin Refining Co. v. Corp. Comm'n, 286 U.S. 210, 234 (1932); Richard H. Fallon et al., Hart and Wechsler's The Federal Courts and the

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

Federal System 162-65 (6th ed. 2009) (describing severability doctrine as applied to federal statutes).

In accordance with these principles, the Court considers whether the Act contains constitutional provisions that are "separable" or "severable" from the unconstitutional portions.  Though the Government objected to the breadth of Plaintiff's proposed injunction, it never addressed the possibility of severance.  Nevertheless, the Court has considered severability sua sponte and finds it impossible to sever the unconstitutional provisions of the Act for the reasons discussed below.

"The standard for determining the severability of an unconstitutional provision is well established:  Unless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law."  Alaska Airlines, 480 U.S. at 684 (quoting Buckley v. Valeo, 424 U.S. 1, 108 (1976) (per curiam)); accord Time, 468 U.S. at 653; INS v. Chadha, 462 U.S. 919, 931-32 (1983); United States v. Jackson, 390 U.S. 570, 585 (1968).  "Congress could not have intended a constitutionally flawed provision to be severed from the remainder of the statute if the balance of the legislation is incapable of functioning independently."  Alaska Airlines, 480 U.S. at 684 (citing Hill v. Wallace, 259 U.S. 44, 70-72 (1922) (holding the Future Trading Act nonseverable because valid and invalid provisions were so intertwined that the court would have to rewrite the law to allow it to stand)).  Thus, the severability doctrine depends upon whether the court can formulate a satisfying limiting principle to constrain the statute.  See Ayotte, 546 U.S. at 331.  If not, severing unconstitutional applications is not an option and the court must resort to full invalidation.  See id.

Here, severing the unconstitutional provisions of the Act would not leave a fully operative law because the invalid provisions are so intertwined with any valid provisions that a limiting construction is not feasible.  The Act provides that any member of the United States military who engages in "homosexual conduct" is subject to discharge unless the servicemember is able to demonstrate that he or she does not have a propensity to engage in "homosexual conduct."  See 10 U.S.C. §

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                     Page 7

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

654; see Department of Defense Directives 1332.14 (1993), 1332.30 (1997), 1304.26 (1993); Department of Defense Instruction 1332.14 (2008) (incorporating March 29, 2010, changes), 1332.30 (2008) (incorporating March 29, 2010, changes). The Act defines "homosexual conduct" as sexual acts with persons of the same sex, admissions that one is homosexual or bisexual, and attempts to marry a person of the same sex.  10 U.S.C. § 654.  In its Memorandum Opinion, the Court found it unconstitutional to discharge servicemembers on the basis of their homosexuality. As the Act entirely pertains to the discharge of servicemembers on the basis of homosexual conduct, it is unconstitutional in its totality.  Formulating a constitutional statute would require the Court to rewrite the Act.

The Supreme Court has cautioned courts against rewriting a statute in an attempt to salvage it.  Ayotte, 546 U.S. at 329-30.  Instead, courts should "impose a limiting construction on a statute only if it is 'readily susceptible' to such a construction." Reno v. ACLU, 521 U.S. 844, 884-85 (1997) (citation omitted).  Such susceptibility may turn on the availability of a "clear line" supported by statutory text or legislative intent that the Court could use to trim a statute to constitutional confines.  Id.; see also City of Chicago v. Morales, 527 U.S. 41, 55 (1999) (plurality opinion) (finding severability impossible where "vagueness permeates the text of [a criminal] law").  Here, there is no saving provision in the language of the Act itself nor any evidence of legislative intent that would allow the Court to narrow the statute to constitutional confines.  Further, the unconstitutional nature of the Act permeates the text of the statute.  Thus, total invalidation is the narrowest remedy available for the relief sought here.

### c.   Effect of Injunction on Defendants' Ability to Defend the Act in Other Courts

Next, Defendants argue that the proposed injunction is improper because it (1) prevents Defendants from defending the constitutionality of the Don't Ask, Don't Tell Act in other courts, and (2) prevents "the government  from making the showing permitted by the Ninth Circuit in Witt."  (Defs.' Objections at 8.)  These contentions either ignore the nature of Plaintiff's challenge or misstate the consequences of this injunction.

MINUTES FORM 11                                        Initials of Deputy Clerk ___md___
CIVIL -- GEN                          Page 8

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

To the extent that Defendants' reference to "other courts" is intended to refer to other district courts, Defendants are correct that this injunction will prevent them from defending the constitutionality of the Don't Ask, Don't Tell Act. As discussed above, the proper remedy for the relief sought here is complete invalidation of the Don't Ask, Don't Tell Act. As such, Defendants are bound by this Court's ruling. Further, if Defendants' objection is that they will be unable to defend current or future as-applied challenges, Defendants once again fail to recognize the nature of Plaintiff's challenge. Plaintiff did not prevail on an as-applied challenge, which would have rendered the Act unconstitutional as applied to it but not affected the constitutionality of the Act overall. Rather, Plaintiff challenged the constitutionality of the Act on its face and requested an order permanently enjoining the Act's enforcement. As the Court deems this remedy proper, Defendants are unable to defend the Act in as-applied challenges. Likewise, if Defendants' objection is that they will be unable to defend current or future facial challenges to the Act, the same reasoning applies. To the extent that Defendants' reference to "other courts" indicates higher courts, Defendants' recourse, if they wish to defend the Act further, is to appeal this Court's ruling.

Defendants next argue that the Court should not issue a nationwide injunction because other circuit courts have found the Act constitutional. Defendants cite no case in which a court finding a federal statute unconstitutional on its face has limited its ruling to a particular judicial district. Defendants instead cite four circuit cases holding the Don't Ask, Don't Tell Act constitutional: Cook v. Gates, 528 F.3d 42 (1st Cir. 2008); Able v. United States, 155 F.3d 628 (2d Cir. 1998); Richenberg v. Perry, 97 F.3d 256 (8th Cir. 1996); and Thomasson v. Perry, 80 F.3d 915 (4th Cir. 1996) (en banc). The fact that courts in other circuits have not invalidated the Don't Ask, Don't Tell Act does not prevent this Court from doing so. Able, Richenberg, and Thomasson all predate the Supreme Court's decision in Lawrence v. Texas, 539 U.S. 558 (2003), which recognized a fundamental right to "an autonomy of self that includes freedom of thought, belief, expression, and certain intimate conduct." 539 U.S. at 562. Cases that predate Lawrence are not relevant to this inquiry because the Court's decision here relied upon the Ninth Circuit's holding in Witt, which adopted the heightened level of scrutiny announced in Lawrence. See Witt, 527 F.3d at 819 (holding the Don't Ask, Don't Tell Act constitutes an intrusion "upon the

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                          Page 9

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

personal and private lives of homosexuals, in a manner that implicates the rights identified in <u>Lawrence</u>," and is subject to heightened scrutiny).  Defendants chose not to appeal <u>Witt</u> and accordingly are bound by it.

As for <u>Cook</u>, its disposition is distinguishable from this case because <u>Cook</u> arose after the district court granted a motion to dismiss, not on the merits after a trial, as here.  Furthermore, as discussed more fully in its Memorandum Opinion, the Court finds <u>Cook</u>'s reasoning unpersuasive.  For example, in affirming dismissal of a facial due process challenge to the Don't Ask, Don't Tell Act, the <u>Cook</u> court presented two "circumstances under which the Act would be valid."  <u>See Cook</u>, 528 F.3d at 56 (holding the Act is constitutional on its face because it provides for separation of a servicemember "who engages in a public homosexual act or who coerces another person to engage in a homosexual act." (citing <u>United States v. Salerno</u>, 481 U.S. 739, 745 (1987))).  Those examples are bases for discharge of any servicemember, whether the conduct in question is homosexual or heterosexual. (<u>See</u> Mem. Op. at 15-16 (noting that "the <u>Cook</u> decision provide[d] no citation to any provision of the Don't Ask, Don't Tell Act specifically listing either of its examples as grounds for discharge under that legislation.").)

**d.   Comity**

The Court next turns to Defendants' argument that comity prevents the Court from issuing a nationwide injunction.  As noted above, of the four circuit cases holding the Don't Ask, Don't Tell Act constitutional, <u>Cook</u> is the only case decided after <u>Lawrence</u> and accordingly the only one relevant here.  The doctrine of comity is a "prudential consideration" that arises when there is a tension between courts having concurrent jurisdiction over the same matter.  <u>See Pennsylvania v. Union Gas Co.</u>, 491 U.S. 1, 23-29 (1989) (Stevens, J., concurring), <u>rev'd on other grounds</u>, <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44 (1996); Erwin Chemerinsky, <u>Federal Jurisdiction</u> 39-40, n.28 (5th Ed. 2007) (citing Paul Finkelman, <u>An Imperfect Union: Slavery, Federalism and Comity</u> 4 (1981) (defining comity as "the courtesy or consideration that one jurisdiction gives by enforcing the laws of another, granted out of respect and deference rather than obligation.")).  The doctrine of comity is not a rule of law, but rather is grounded in equitable considerations of respect, goodwill, cooperation, and harmony among courts.  <u>See Danforth v. Minnesota</u>, 552 U.S. 264,

278-280, n.15 (2008) (discussing comity in the context of habeas corpus); Younger v. Harris, 401 U.S. 37 (1971) (holding that comity prevents federal courts from enjoining pending state court proceedings); Cornfeld v. Investors Overseas Servs., Ltd., 471 F. Supp. 1255, 1258-62 (D.C.N.Y. 1979) (international comity); Chemerinsky, Federal Jurisdiction, supra, at 39-40, n.28.  Though comity often arises in the context of federalism and the attendant deference federal courts owe state courts, the Ninth Circuit also has invoked the doctrine to encourage deference among federal courts.  See generally AMC Entm't (9th Cir.), 549 F.3d at 760.

    In AMC Entertainment, the United States brought suit against a national movie theater owner alleging that some of its theaters violated Americans with Disabilities Act ("ADA") regulations.  232 F. Supp. 2d 1092 (C.D. Cal. 2002) (hereinafter "AMC Entm't (C.D. Cal.)").  The district court granted the government's motion for summary judgment and issued a nationwide injunction requiring the defendants to comply with the ADA regulations, and the defendants appealed.  Id.

    The Ninth Circuit began its analysis by recognizing that district courts have the power to issue nationwide injunctions.  AMC Entm't (9th Cir.), 549 F.3d at 770-71 ("Once a court has obtained personal jurisdiction over a defendant, the court has the power to enforce the terms of the injunction outside the territorial jurisdiction of the court, including issuing a nationwide injunction." (citing Steele v. Bulova Watch Co., 344 U.S. 280, 289 (1952) ("the District Court in exercising its equity powers may command persons properly before it to cease or perform acts outside its territorial jurisdiction"); United States v. Oregon, 657 F.2d 1009, 1016 n.17 (9th Cir. 1981) ("When a district court has jurisdiction over all parties involved, it may enjoin the commission of acts outside of its district."))).

    Nevertheless, the divided Ninth Circuit panel went on to hold that the district court abused its discretion by issuing a nationwide injunction because "the principles of comity" should have constrained the court from enjoining defendants' theaters in the Fifth Circuit, which previously had held defendants' theaters did not violate the ADA.  AMC Entm't (9th Cir.), 549 F.3d at 772-73 (observing that the Fifth Circuit "judicially repudiated" the reasoning adopted by the district court "when considering the same arguments" enforced in the district court's injunction).  The panel held:

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

Principles of comity require that, once a sister circuit has spoken to an issue, that pronouncement is the law of that geographical area. Courts in the Ninth Circuit should not grant relief that would cause substantial interference with the established judicial pronouncements of such sister circuits. To hold otherwise would create tension between circuits and would encourage forum shopping.

Id. at 773.

AMC Entertainment is distinguishable from the present case because the former turns on statutory construction, not on fundamental constitutional rights. As Plaintiff argues, "Whatever may be the merits [of comity] in the context of statutory construction -- where, for example, our legal system tolerates differing rules in different circuits for issues of the law of bankruptcy, securities, antitrust, tax, and the like -- it can hold no sway on issues of constitutional rights." (Resp. at 7.) The Court agrees that the fundamental constitutional rights at issue here must trump considerations of comity. To hold otherwise would create an untenable result in which Defendants could, pursuant to the Act, discharge servicemembers in Maine, Massachusetts, and New Hampshire, but not elsewhere. The doctrine of comity is rooted in equity; here, the balance of equities decisively tips in favor of upholding the fundamental constitutional rights protected by the First and Fifth Amendments to the United States Constitution.

## 2.    Defendants' Objection to Specific Language in the Injunction

Defendants object that certain language in Plaintiff's proposed injunction would enjoin conduct that is extraneous to the Don't Ask, Don't Tell Act. The specific language to which Defendants object enjoins Defendants and their agents "from taking any actions whatsoever, or permitting any person or entity to take any action whatsoever, against gay or lesbian servicemembers, or prospective servicemembers, that in any way affects, impedes, interferes with, or influences their military status, advancement, evaluation, duty assignment, duty location, promotion, enlistment or reenlistment based upon their sexual orientation." (Amd. Req. at 2.) Defendants argue this language "appears to subject all employees of the United States government to contempt and enforcement in this Court based on claims relating to any actions 'based upon' a servicemember's (or a 'prospective

MINUTES FORM 11                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 12

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

servicemember's') sexual orientation."  (Defs.' Objections at 9 (emphasis in original).)

In its Response and Amended Request for Injunction, Plaintiff clarifies that its injunction was not intended to extend beyond the Don't Ask, Don't Tell Act to enjoin extraneous conduct such as sexual harassment or sexual misconduct that are already covered under other provisions of military law and regulations.  (Resp. at 9.) To address Defendants' concern, Plaintiff suggests adding the phrase "under the color of law or military regulation."  (Id.)

The Court finds this modification does not sufficiently constrain the language of the injunction to the confines of the Act and accordingly sustains Defendants' objection.

### 3. Defendants' Objection That No Injunction Should Be Entered or Made Effective Until the Government Has Had an Opportunity to Consider the Terms of Any Injunction and Move for a Stay

Defendants next object that "no injunction should be entered or made effective until the Government has had an opportunity to consider the terms of any injunction and move for a stay."  (Defs.' Objections at 10-12.)  Defendants have requested a stay in this action on three previous occasions.  The Court has rejected each request.  Defendants do not raise new arguments here, instead arguing "the political branches are thoroughly engaged in considering the repeal of the DADT statute" and reiterating the political nature of this issue and the challenges the military will face in complying with the invalidation of DADT.  (Id. at 11.)

Furthermore, Defendants have not requested a stay pending appeal nor do they provide an estimate of how much time they need to consider the terms of the injunction and move for a stay.  Instead, Defendants merely request the Court indefinitely defer entry of the injunction.  (See id. at 10-12)  As the Court previously noted, "Defendants cite no authority for the proposition that district courts should stay litigation concerning the constitutionality of federal laws for an indefinite period merely because the legislative and executive branches have expressed doubts concerning the continued wisdom of the challenged laws."  (Doc. No. 100 (November 24, 2009, Minute Order Denying Motion to Certify Order for Interlocutory Appeal and

for Stay) at 5.)  The Court has provided Defendants sufficient opportunity to consider the terms of Plaintiff's proposed injunction and request a stay.  They have failed to do so.  For these reasons and those set forth in the Court's previous rulings on the issuance of a stay, the Court declines to delay entry of the injunction.

### 4.     Defendants' Objection to Log Cabin's Request to Apply for Equal Access to Just Act ("EAJA") Fees

The Court disregards Defendants' objection that Plaintiff is not entitled to EAJA fees because Plaintiff has not yet moved for fees but instead has only requested permission to apply for such fees.  Defendants' arguments regarding whether or not Plaintiff is entitled to fees are more properly directed towards such an application, if one is filed.  Thus, the Court grants Plaintiff's request to file an application for EAJA fees.

### III.  CONCLUSION

For the forgoing reasons, the Court:

(1) DECLARES that the act known as "Don't Ask, Don't Tell"[2] infringes the fundamental rights of United States servicemembers and prospective servicemembers and violates (a) the substantive due process rights guaranteed under the Fifth Amendment to the United States Constitution, and (b) the rights to freedom of speech and to petition the Government for redress of grievances guaranteed by the First Amendment to the United States Constitution;

(2) PERMANENTLY ENJOINS Defendants United States of America and the Secretary of Defense, their agents, servants, officers, employees, and attorneys, and all persons acting in participation or concert with them or under their direction or

---

[2]  Codified in statute at 10 U.S.C. § 654 and implemented by regulations comprising Department of Defense Directives 1332.14 (1993), 1332.30 (1997), and 1304.26 (1993), as modified by Department of Defense Instructions 1332.14 (2008) (incorporating March 29, 2010, changes) and 1332.30 (2008) (incorporating March 29, 2010, changes).

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 12, 2010

command, from enforcing or applying the "Don't Ask, Don't Tell" Act and implementing regulations, against any person under their jurisdiction or command;

(3) ORDERS Defendants United States of America and the Secretary of Defense immediately to suspend and discontinue any investigation, or discharge, separation, or other proceeding, that may have been commenced under the "Don't Ask, Don't Tell" Act, or pursuant to 10 U.S.C. § 654 or its implementing regulations, on or prior to the date of this Order;

(4) GRANTS Plaintiff Log Cabin Republicans' request to apply for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(5) GRANTS Plaintiff Log Cabin Republicans' request to file a motion for costs of suit, to the extent allowed by law.

**IT IS SO ORDERED.**