**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-08425-VAP (Ex)                                      Date:  October 19, 2010

Title:   LOG CABIN REPUBLICANS -v- UNITED STATES OF AMERICA and ROBERT M. GATES, SECRETARY OF DEFENSE
=================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:

ATTORNEYS PRESENT FOR DEFENDANTS:

   None

   None

PROCEEDINGS:   ORDER DENYING DEFENDANTS' <u>EX PARTE</u> APPLICATION FOR ENTRY OF AN EMERGENCY STAY (IN CHAMBERS)

   Defendants' <u>Ex Parte</u> Application for the Entry of an Emergency Stay ("Application") (Doc. No. 253), filed October 14, 2010, came before the Court for hearing on October 18, 2010.  Plaintiff filed its opposition ("Opposition") on October 15, 2010.  Having considered the papers filed in support of, and in opposition to, the Application, as well as the arguments advanced by counsel at the hearing, the Court DENIES the Application for the following reasons as well as those set forth on the record at the hearing.

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 19, 2010

## I.  ANALYSIS

The suspension of equitable or injunctive relief ordered by a district court during the pendency of an appeal is authorized by Federal Rule of Civil Procedure 62(c).  A party seeking a stay of an injunction bears the burden of demonstrating existence of the same elements as one seeking a preliminary injunction:  (1) likelihood of success on the merits; (2) likelihood the proponent will suffer irreparable harm absent a stay; (3) that issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) that the stay is in the public interest. See Nken v. Holder, 556 U.S. ___, 129 S. Ct. 1749, 1760-61 (2009) (citing Winter v. Natural Res. Def. Council, 555 U.S. ___, ___, 129 S. Ct. 365 (2008) (establishing standard for preliminary injunction and holding a moving party must show the existence of all four factors)); Golden Gate Rest. Ass'n v. City & County of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The first two factors "are the most critical." Nken, 129 S. Ct. at 1757.

"A stay is not a matter of right, even if irreparable injury might otherwise result," and the propriety of issuing a stay depends on the circumstances of the particular case.  Nken, 129 S. Ct. at 1760-61.  The decision to grant or deny a stay is committed to the trial court's sound discretion. Id. at 1761.

Turning to the circumstances present here, the Court first notes Defendants had an opportunity to, but did not, present any of the evidence or arguments now advanced before the injunction issued.  When the Court issued its Memorandum Opinion on September 9, 2010, it set out a briefing schedule regarding the form of the injunction.  Although Defendants objected to the issuance of the injunction and its scope, they provided no evidence regarding the alleged disruption or need to revise "dozens of policies and regulations," as described in the Declaration of Clifford L. Stanley ("Stanley Declaration"), Under Secretary of Defense for Personnel and Readiness.  (See Stanley Decl. ¶¶ 22-26, 35-36.)

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 19, 2010

Furthermore, to the extent Defendants now submit evidence in the form of the Stanley Declaration, that evidence is conclusory and unpersuasive. It is belied by the uncontroverted evidence presented at trial regarding the Don't Ask, Don't Tell Act's effect on military readiness and unit cohesion.[1]

The Court's injunction affects the discharge and separation from service of members of the armed forces pursuant to the Don't Ask, Don't Tell Act. The injunction would not impede the Defendants' stated goals of amending policies and regulations and developing education and training programs. Though the Stanley Declaration identifies some general categories of regulations – housing, benefits, re-accession, military equal opportunity, anti-harassment, standards of conduct, and rights and obligations of the chaplain corps – it fails to identify the specific policies and regulations or why they must be changed in light of the Court's injunction. The injunction does not affect benefits, for example, and the Uniform Code of Military Justice governs harassment issues.

Further, the statements in the Stanley Declaration are vague, and belied by the evidence at trial that Defendants chose not to rebut. For example, the evidence presented by Plaintiff regarding housing and the negative effect the Don't Ask, Don't Tell Act had on military readiness and unit cohesion. So, to the extent Defendants now argue that stopping discharge under the Act will harm military readiness and unit cohesion, they had the chance to introduce evidence to that effect at trial. Defendants did not do so. The evidence they belatedly present now does not meet their burden to obtain a stay.

Turning to the first factor identified in Nken, Defendants have not demonstrated a "likelihood" of success on the merits nor have they made a showing that their appeal presents a "serious legal question." See Winter, 129 S. Ct. at 375 (rejecting the Ninth Circuit's "possibility" standard); Golden Gate Rest. Ass'n, 512 F.3d at 1115-

---

[1] Defendants also submit as an exhibit the copy of an interview with President Obama from Rolling Stone. (See Stanley Decl., Ex. A.) This evidence is hearsay not subject to an exception, including the residual exception for evidence having "equivalent circumstantial guarantees of trustworthiness." See Fed. R. Evid. 803, 804, 807. Accordingly, the Court has not considered it.

MINUTES FORM 11                                                Initials of Deputy Clerk __ md__
CIVIL -- GEN                                  Page 3

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 19, 2010

16 (discussing the standard for "serious legal question").  Defendants' continued reliance on four out-of-circuit cases holding the Don't Ask, Don't Tell Act constitutional is misplaced; as the Court has pointed out previously, Able v. United States, 155 F.3d 628 (2d Cir. 1998); Richenberg v. Perry, 97 F.3d 256 (8th Cir. 1996); and Thomasson v. Perry, 80 F.3d 915 (4th Cir. 1996) (en banc), all predate the Supreme Court's decision in Lawrence v. Texas, 539 U.S. 558 (2003), which recognized a fundamental right to "an autonomy of self that includes freedom of thought, belief, expression, and certain intimate conduct."  539 U.S. at 562.  Cases decided before Lawrence are not relevant to this case because the Court's decision relies upon the Ninth Circuit's holding in Witt v. Dep't of Air Force, 527 F.3d 806 (9th Cir. 2008), which adopted the heightened level of scrutiny announced in Lawrence.  See Witt, 527 F.3d at 819 (holding the Don't Ask, Don't Tell Act constitutes an intrusion "upon the personal and private lives of homosexuals, in a manner that implicates the rights identified in Lawrence," and is subject to heightened scrutiny).  Defendants chose not to appeal Witt and accordingly are bound by it.

   Defendants also argue they meet the burden here by citing to Cook v. Gates, 528 F.3d 42 (1st Cir. 2008).  Cook is distinguishable, however.  There, the district court granted a motion to dismiss, rather than ruling after a trial on the merits, as here.  Furthermore, as discussed more fully in its Memorandum Opinion, the Court finds Cook's reasoning unpersuasive.  For example, in affirming dismissal of a facial due process challenge to the Don't Ask, Don't Tell Act, the Cook court presented two "circumstances under which the Act would be valid."  See Cook, 528 F.3d at 56 (holding the Act is constitutional on its face because it provides for separation of a servicemember "who engages in a public homosexual act or who coerces another person to engage in a homosexual act" (citing United States v. Salerno, 481 U.S. 739, 745 (1987))).  Those examples are bases for discharge of any servicemember, whether the conduct in question is homosexual or heterosexual.  (See Mem. Op. at 15-16 (noting that "the Cook decision provide[d] no citation to any provision of the Don't Ask, Don't Tell Act specifically listing either of its examples as grounds for discharge under that legislation").)  Thus, Defendants have not shown a likelihood of success on appeal.

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 19, 2010

     The second Nken factor examines whether Defendants are likely to be irreparably harmed if a stay is not issued.  Defendants argue invalidation of a statute "irreparably injures the Government and itself constitutes sufficient grounds for a stay."  (Application at 5 (citing New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1351 (1997) (Rehnquist, J., in chambers); Coal. for Econ. Equity v. Wilson, 122 F.3d 718, 719 (9th Cir. 1997) (citing New Motor Vehicle in denying emergency motions for stay of mandate pending petition to the Supreme Court for writ of certiorari)).)  Defendants have not shown, however, a likelihood they will suffer irreparable harm.  As noted above, the injunction requires Defendants to cease investigating and discharging servicemembers pursuant to the Act.  It does not affect Defendants' ability to revise their policies and regulations nor to develop training and education programs, the only activities specifically mentioned in the Stanley Declaration.  Furthermore, Defendants merely conclude, without explanation, that "confusion and uncertainty" will result if the injunction remains in place.  Thus, Defendants have failed to establish they are likely to suffer irreparable injury if a stay is not granted.

     The third Nken factor considers whether the requested stay would substantially injure the other parties interested in the proceeding.  Defendants do not explicitly address this factor in their Application, instead arguing "the harms to Defendants . . . outweigh any harm to servicemembers that may result from a stay."  (Application at 12.)  As Plaintiff correctly points out, the injury to interested parties here is violation of the constitutional rights of servicemembers to due process and freedom of speech and to petition the government, rights which were vindicated during the course of the trial.  See Goldie's Bookstore, Inc. v. Superior Court, 739 F.3d 466, 472 (9th Cir. 1984) (noting a presumption of harm where a plaintiff has shown a violation of a constitutional right).  As discussed more fully in the Court's Order Granting Permanent Injunction on October 12, 2010, Plaintiff established at trial that the Don't Ask, Don't Tell Act irreparably injures servicemembers by infringing their fundamental rights, and there is no adequate remedy at law to prevent the continued violation of those rights.  (See Doc. No. 249 at 3 (citing American-Arab Anti-Discrimination Comm. v. Reno, 70 F.3d 1045, 1071 (9th Cir. 1995) (holding there is no adequate remedy at law for "denial of legalization based on a constitutional violation")).)  As a stay would force Defendants to continue violating

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS v. UNITED STATES OF AMERICA and ROBERT M. GATES
MINUTE ORDER of October 19, 2010

servicemembers' constitutional rights, the third factor strongly weighs against granting a stay.

Finally, the Court must consider whether a stay would serve the public interest. See Golden Gate Rest. Ass'n, 512 F.3d at 116 (noting the analysis of where the public interest lies is a separate and additional consideration from that of irreparable injury). Defendants argue a stay favors preserving the status quo and would prevent "confusion and uncertainty." (Application at 12.) Nevertheless, "[m]aintaining the status quo is not a talisman." Golden Gate Rest. Ass'n, 512 F.3d at 1116. Defendants suggest the public interest is identical to Defendants' interest in defending the constitutionality of its statutes, arguing invalidation of a statute itself "constitutes sufficient grounds to enter a stay." (Application at 5-6 (citing New Motor Vehicle Bd., 434 U.S. at 1351; Coal. for Econ. Equity v. Wilson, 122 F.3d at 719).) The Court's analysis of the public interest is not so narrow, however. As discussed above, the evidence at trial showed that the Don't Ask, Don't Tell Act harms military readiness and unit cohesion, and irreparably injures servicemembers by violating their fundamental rights. The public has an interest in military readiness, unit cohesion, and the preservation of fundamental constitutional rights. While Defendants' interests in preventing the status quo and enforcing its laws are important, these interests are outweighed by the compelling public interest of safeguarding fundamental constitutional rights. The evidence Defendants submitted with this Application has not demonstrated otherwise. Thus, Defendants have not met their burden in showing the public interest here lies in issuing a stay.

## II.  CONCLUSION

None of the factors the Court weighs in considering whether to enter a stay favors granting a stay here. Accordingly, the Court DENIES Defendants' Application for a Stay.

**IT IS SO ORDERED.**