1  James E. Pietrangelo, II
2  *Pro Se*
   P.O. Box 548
3  Avon, OH 44011
4  802-338-0501

Lodged (proposed)
SEE dkt

FILED
CLERK, U.S. DISTRICT COURT

MAR - 9 2011

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

8
9              **UNITED STATES DISTRICT COURT**
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10                  **EASTERN DIVISION**

11  **LOG CABIN REPUBLICANS, a**      )    No. CV04-8425 VAP (Ex)
12  **non-profit corporation**        )
                                      )    PIETRANGELO'S
13              Plaintiff,            )    (1) NOTICE OF MOTION AND
14  v.                                )    MOTION FOR RELIEF;
                                      )
15                                    )
16  **UNITED STATES OF AMERICA**      )    (2) MEMORANDUM OF POINTS
    **and ROBERT M. GATES**           )    AND AUTHORITIES;
17  **SECRETARY OF DEFENSE,**         )
18  **in his official capacity**      )    (3) DECLARATION OF JAMES E.
                                      )    PIETRANGELO, II; and
19              Defendants.           )
                                      )    (4) PROPOSED ORDER
20                                    )
21                                    )    Hearing Date: April 11, 2011
22                                    )    Time: 2:00 p.m.
                                      )    Judge: Virginia Phillips
23                                    )    Courtroom: 2
24
25          **TO THE HONORABLE COURT AND TO ALL PARTIES**
26          PLEASE TAKE NOTICE that on Monday, April 11, 2011, at 2:00 p.m., or as
27  soon thereafter as this matter may be heard in the above-entitled Court located at 3470
28  Twelfth Street, Riverside, CA 92501, James E. Pietrangelo, II ("Pietrangelo"),

                                    1

PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

pursuant to 28 U.S.C. §§ 2201 and 2202 and FRCP 57 and 71, this Court's inherent powers, and 18 U.S.C. § 401, hereby moves the Court for the following further relief in aid and execution of the Court's October 8, 2010 decision (Doc. 250) and October 12, 2010 Declaratory Judgment (Doc. 252):

1.   a finding and declaration that Defendants[1] knowingly, deliberately, and/or maliciously continued/continue to enforce (including against Pietrangelo) "Don't Ask, Don't Tell" despite the Court's declaring "Don't Ask, Don't Tell" unconstitutional and despite "Don't Ask, Don't Tell" being unconstitutional, even as admitted by Defendants;

2.   a fine to be paid to the Court, and/or a finding and declaration of a fine, of $1,000,000 per day, jointly and severally against Defendants and also against Defendant Robert M. Gates and other agents of Defendant United States *in their personal capacities*, to the extent that there is no immunity, each day that Defendants and their agents continue to enforce "Don't Ask, Don't Tell" in any way, and/or $1,000,000 per each instance that Defendants and their agents continue to enforce "Don't Ask, Don't Tell" in any way including by refusing to reinstate/accession Pietrangelo and provide him back-pay and back-promotions from October 2004;

3.   an award of damages to be paid to Pietrangelo, and/or a finding and declaration of an award of damages, of $10,000.00 per day, jointly and severally against Defendants and also against Defendant Robert M. Gates and other agents of Defendant United States *in their personal capacities*, to the extent that there is no immunity, each day that Defendants and their agents continue to enforce "Don't Ask, Don't Tell" in any way, including

---

[1] And/or specific individual agents of theirs, such as Secretary of the Army John McHugh, who continue to enforce "Don't Ask, Don't Tell" including against Plaintiff. This same caveat applies to each relief listed hereafter.

PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

by refusing to reinstate/accession Pietrangelo and provide him back-pay and back-promotions from October 2004;

4. a finding and declaration that Defendants are in abuse and/or civil contempt of the Court's October 8, 2010 decision and October 12, 2010 Declaratory Judgment, and further an award of damages to be paid to Pietrangelo, and/or a finding and declaration of an award of damages, of $10,000.00 per day, jointly and severally against Defendants and also against Defendant Robert M. Gates and other agents of Defendant United States *in their personal capacities*, each day that Defendants and said agents continue to enforce "Don't Ask, Don't Tell" against Pietrangelo in any way including by refusing to reinstate/accession Pietrangelo and provide him back-pay and back-promotions from October 2004;

5. a finding and declaration, and/or a criminal prosecution, that Defendants are in abuse and/or criminal contempt of the Court's October 8, 2010 decision and October 12, 2010 Declaratory Judgment, and further an award of damages to be paid to Pietrangelo, and/or a finding and declaration of an award of damages, of $10,000.00 per day, jointly and severally against Defendants and also against Defendant Robert M. Gates and other agents of Defendant United States *in their personal capacities*, each day that Defendants and said agents continue to enforce "Don't Ask, Don't Tell" against Pietrangelo in any way including by refusing to reinstate/accession Pietrangelo and provide him back-pay and back-promotions from October 2004;

6. an order that Defendants appear before the Court within 14 days, or such time as the Court deems prompt, and account for the reinstatement/accession status of every discharge by Defendants under "Don't Ask, Don't Tell" ever, of every refusal/denial of

3

reinstatement/accession/retention by Defendants as to any homosexual and/or perceived/known homosexual since October 8/12, 2010, and of every attempt or application to be reinstated/accessioned/retained by any homosexual and/or perceived/known homosexual since October 8/12, 2010;

7. an order barring Defendants, their agents, and attorneys from appearing before the Court in other cases in a plaintiff or prosecutorial capacity, until Defendants stop enforcing "Don't Ask, Don't Tell" including against Pietrangelo in any way and until Defendants reinstate/accession Pietrangelo and provide him back-pay and back-promotions from October 2004;

8. once the Ninth Circuit stay of the Court's injunction is lifted, an order enjoining Defendants from in any way enforcing "Don't Ask, Don't Tell" or its discharge of Pietrangelo thereunder against Pietrangelo, and an order requiring Defendants to immediately reinstate/accession Pietrangelo and provide him back-pay and back-promotions from October 2004; and

9. any and all other relief that the Court deems just and proper;

on the grounds that Defendants continue to enforce "Don't Ask, Don't Tell" including by refusing to reinstate/accession Pietrangelo and provide him back-pay and back-promotions from October 2004 and by refusing to reinstate/accession other homosexuals—all of whom (including Pietrangelo) are otherwise qualified to serve in the Armed Forces—solely because of their (including as to Pietrangelo) homosexuality, thereby irreparably harming them (including Pietrangelo), as more fully explained herein. This motion is based on Pietrangelo's accompanying Memorandum of Points and Authorities, and Declaration, and the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion. Pietrangelo requests a hearing on this motion.

4

1    March 4, 2011.                      Respectfully submitted,

2

3                                        *James E. Pietrangelo, II*

4                                        JAMES E. PIETRANGELO, II

5                                        *Pro Se*
                                         P.O. Box 548
6                                        Avon, OH 44011
                                         (802) 338-0501
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5

PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................ii

**Facts**.................................................................................................1

1. Pietrangelo is homosexual and a member of Plaintiff.............................1
2. The Court's decision and Declaratory Judgment declared "Don't Ask, Don't Tell" unconstitutional.....................................................................1
3. Defendants continue to enforce "Don't Ask, Don't Tell" against Pietrangelo, by refusing to reinstate him or newly access him solely because he is homosexual, and thereby continue to irreparably harm him.................................................................................................1

**Argument & Law**..............................................................................1

1. The Court should not tolerate Defendants' conduct................................1
2. The Court has several sources of authority to sanction Defendants' conduct..............................................................................................1
   a.   28 U.S.C § 2202 allows "further relief".....................................2
   b.   The Court's inherent powers allow relief ................................6-7
3. The Court can and should sanction Defendants' conduct even while the appeal is pending because Defendants' conduct is unnecessary, arbitrary, and malicious...................................................................8

1

# TABLE OF AUTHORITIES

2 CASES                                                               Page

3
Alcoa S.S. Co. v. Velez,......................................................................4
4       285 F.Supp. 123 (D. P.R. 1968)
5 American-Arab Anti-Discrimination Comm. v. Reno,.............................1
        70 F.3d 1045 (9th Cir. 1995)
6 Atchison, Topeka & Sante Fe Ry. v. Hercules, Inc.,.............................7
7       146 F.3d 1071 (9th Cir. 1998)
Besler v. United States Dep't of Agric.,..........................................3
8       639 F.2d 453 (8th Cir. 1981)
9 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,............2
        403 U.S. 388, 91 S. Ct. 1999 (1971).
10 Blueford v. Prunty,.........................................................................2
11      108 F.3d 251 (9th Cir. 1997)
12 Burford Equip. Co. v. Centennial Ins. Co.,.....................................6
        857 F.Supp. 1499 (M.D. Ala. 1994)
13 Chambers v. NASCO, Inc.,...............................................................6
14      501 U.S. 32, 111 S.Ct. 2123 (1991)
Crane v. Poetic Products Ltd.,.........................................................4
15      351 Fed.Appx. 516 (2d Cir. 2009)
16 Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.,........2,4
        255 F.2d 518 (2nd Cir. 1958)
17 Gant v. Grand Lodge of Texas,......................................................3
18      12 F.3d 998 (10th Cir. 1993)
19 Goldstein v. Cox,...........................................................................5
        396 U.S. 471, 90 S.Ct. 671 (1970)
20 Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,.............................3,5
21      843 F.2d 546 (D.C. Cir. 1988)
Kaspar Wire Works, Inc. v. Leco Eng'g & Mach, Inc.,........................3
22      575 F.2d 530 (5th Cir. 1979)
23 Matter of Thorp,............................................................................5
        655 F.2d 997 (9th Cir. 1981)
24 Nat'l Fire Ins. Co. of Hartford v. Bd. of Pub. Instruction of Madison..............3
25      Cty., Fla., 239 F.2d 370 (5th Cir. 1956)
26 Nat'l Presto Industries, Inc. v. Dazey Corp.,..................................7
        107 F.3d 1576 (Fed.Cir. 1997)
27 Ready Transp., Inc. v. AAR Mfg., Inc.,..........................................7
28      627 F.3d 402 (9th Cir. 2010)

ii

<u>Scales v. Scales</u>,...................................................................................4
    297 F.2d 219 (5th Cir. 1961)
<u>SEC v. Pension Fund of America</u>,.................................................7
    No. 10-10464, 2010 U.S. App. LEXIS 19388  (11th Cir. Sept. 15, 2010)
<u>Sistare v. Sistare</u>,
    218 U.S. 1, 30 S.Ct. 682 (1910)......................................................4
<u>United States v. Olmstead</u>,..........................................................7
    277 U.S. 438, 277 S.Ct. 438 (1928)
<u>Witt v. Dep't of the Air Force</u>,.....................................................3
    527 F.3d 806 (9th Cir. 2008)


## STATUTES & RULES

28 U.S.C. § 2201....................................................................1
28 U.S.C. § 2202....................................................................2
FRCP 57................................................................................2
FRCP 71................................................................................2


## OTHER AUTHORITIES

*Black's Law Dictionary* (7th ed.)...............................................7
Jill Laster, "Gay officer prepares to retire in October,"..................9
    www.airforcetimes.com, Feb. 17, 2011
Jim Garamone, "'Don't Ask' repeal training set to begin,".............9
    Armed Forces Press Service, Feb. 18, 2011
Statement of the Attorney General on Litigation Involving the...........3
    Defense of Marriage Act, February 23, 2011

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

## Facts

Pietrangelo is homosexual, and a member of Plaintiff, Log Cabin Republicans. See hereto-attached Exhibit 1 (*Declaration of James E. Pietrangelo, II*) at ¶¶ 3-4. In October 2004, Defendants discharged Pietrangelo from their Armed Forces under "Don't Ask, Don't Tell" and solely because he is homosexual. See *id.* at ¶ 5. Since October 15, 2010, Defendants have refused, under "Don't Ask, Don't Tell" and solely because Pietrangelo is homosexual, Pietrangelo's repeated demands to reinstate him and provide him back-pay and back-promotions from October 2004, and to otherwise newly accession him. See *id.* at ¶ 6. Thus, Defendants have violated, and continue to violate, the Court's October 8, 2010 decision and October 12, 2010 Declaratory Judgment, in which the Court declared that "'Don't Ask, Don't Tell' violates the Fifth and First Amendments," see, *e.g.*, Doc. 250 at 1; Doc. 252 at 2, and therefore irreparably harmed/harms individuals like and including Pietrangelo, see *id.*; Doc. 249 at 3; American-Arab Anti-Discrimination Comm. v. Reno, 70 F.3d 1045, 1071 (9th Cir. 1995).

## Argument & Law

As a matter of rule of law and justice, the Court should—nay must—address Defendants' violations of the Court's decision and Declaratory Judgment and thus Defendants' irreparably harming Pietrangelo and must provide him relief therefrom. The Court has several sources of authority for the relief Pietrangelo requests. Section 2201 of United States Code Title 28 states:

> In a case of actual controversy within its jurisdiction, except with respect
> to Federal taxes other than actions brought under section 7428 of the
> Internal Revenue Code of 1986, a proceeding under section 505 or 1146
> of title 11, or in any civil action involving an antidumping or
> countervailing duty proceeding regarding a class or kind of merchandise

1

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Section 2202 of United States Code Title 28 states:

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

FRCP 57 allows courts to issue declaratory judgments under 28 U.S.C. ¶ 2201. FRCP 71 states: "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."

Thus, the Court may grant *anything* it deems "further necessary or proper relief" based on its October 8, 2010 decision and October 12, 2010 Declaratory Judgment. This includes but is not limited to non-injunctive relief including but not limited to damages including damages against Robert M. Gates and other individual agents of Defendant United States in their personal capacities.[1] See, *e.g.*, Edward B. Marks

---

[1] The Court already has Gates as a named Defendant and other federal individuals as part of named Defendant United States before it, and FRCP 71 allows enforcement against non-parties as well. Moreover, damages against federal officials—other than certain executive officials like the President—in their personal capacities are not precluded by sovereign immunity. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). Nor is there a Feres issue, because Pietrangelo was a civilian at the time that Defendants refused to reinstate/accession him in 2010-2011. Pietrangelo's constitutional rights were/are "clearly established," see, *e.g.*, Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997), not only by virtue of the Court's binding decision and Declaratory Judgment in

2

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

1   Music Corp. v. Charles K. Harris Music Publishing Co., 255 F.2d 518, 522 (2nd Cir.

2   1958) (damages available under § 2202 even though not sought in the complaint);

3   Kaspar Wire Works, Inc. v. Leco Eng'g & Mach, Inc., 575 F.2d 530, 537 (5th Cir.

4   1979) ("the prevailing party [in a declaratory judgment action] may seek further relief

5   in the form of damages or an injunction") (brackets original); Nat'l Fire Ins. Co. of

6   Hartford v. Bd. of Pub. Instruction of Madison Cty., Fla., 239 F.2d 370, 376 and 376

7   fn. 11 (5th Cir. 1956) (citing § 2202 for the proposition that "the Federal Declaratory

8   Judgment Act contemplates that all necessary or proper relief based on the declaratory

9   judgment *should* be granted") (emphasis added); Besler v. United States Dep't of

10  Agric., 639 F.2d 453, 455 (8th Cir. 1981) (damages available); Gant v. Grand Lodge of

11  Texas, 12 F.3d 998, 1003 (10th Cir. 1993) (damages available); Horn & Hardart Co. v.

12  Nat'l Rail Passenger Corp., 843 F.2d 546, 548-549 (D.C. Cir. 1988) (damages

13  available) (relief "request[ed] may not be 'necessary' to effectuate … the ruling, [but]

---

17  October 2010, and the Ninth Circuit's binding decision in Witt v. Dep't of the Air

18  Force, 527 F.3d 806 (9th Cir. 2008), but because Defendants themselves have admitted
    that "Don't Ask, Don't Tell" is unconstitutional. See  Statement of the Attorney

19  General on Litigation Involving the Defense of Marriage Act, February 23, 2011,
    available    on    the    U.S.    Department    of    Justice's    website    at

20  http://www.justice.gov/opa/pr/2011/February/11-ag-222.html    ("After    carefully

21  consideration, including a review of my recommendation, the President has concluded
    that given a number of factors, including a documented history of discrimination,

22  classifications based on sexual orientation should be subject to a more heightened

23  standard of scrutiny.   The President has also concluded that Section 3 of DOMA, as
    applied to legally married same-sex couples, fails to meet that standard and is therefore

24  unconstitutional.   Given that conclusion, the President has instructed the Department

25  not to defend the statute in such cases.   I fully concur with the President's
    determination."); Ninth Circuit Appeal No. 10-56634, Docket Entry 58, February 25,

26  2011 Government Brief for the Appellants, *passim* and at 1-2 (specifically *not* arguing

27  that "Don't Ask, Don't Tell" is constitutional, *i.e.*, specifically not appealing the

28  Court's decision and Declaration that "Don't Ask, Don't Tell" is unconstitutional).

3

the plain language of the Declaratory Judgment Act does not require this degree of stringency. The relief need only be proper.") (citations omitted).

Courts have long recognized such relief "at the foot of the judgment." See Sistare v. Sistare, 218 U.S. 1, 1 fn.1, 30 S.Ct. 682 (1910) ("Ordered, adjudged and decreed that the plaintiff have leave to apply from time to time for such orders at the foot of this judgment as may be necessary for its enforcement and for the protection and enforcement of her rights ...."); Scales v. Scales, 297 F.2d 219, 224 (5th Cir. 1961) ("'The Court, without detracting from the finality of this judgment, retains jurisdiction, so far as that may be done, to enter further orders and directions at the foot of the judgment as may be proper and necessary to further the execution of the judgment.'").

Indeed, the power to issue non-injunctive relief in aid and execution of a declaratory judgment is a logical corollary of the judgment itself. "The principal general purpose of a declaratory judgment is to clarify and settle disputed legal relationships and to relieve uncertainty, insecurity and controversy." Crane v. Poetic Products Ltd., 351 Fed.Appx. 516, 518 (2d Cir. 2009). To allow a party or others to completely thumb its nose at a declaratory judgment would entirely frustrate the declaration and amount to a judicial sanction of the very conduct the court refused to sanction. The court issuing the declaratory judgment would be nothing more than a sinecure issuing an advisory opinion—utterly impotent to represent rule of law.

That the Court may issue further relief to Pietrangelo is true even though Pietrangelo's specific situation was not presented to the Court prior to its decision and Declaratory Judgment. See, e.g., Edward B. Marks Music Corp., 255 F.2d at 522 (2nd Cir. 1958) ("any additional facts which might be necessary to support such relief can be proved on the hearing provided in the section or in an ancillary proceeding if that is necessary"); Alcoa S.S. Co. v. Velez, 285 F.Supp. 123, 123 (D. P.R. 1968) (same).

4

1     It is also true that the Court may grant further relief to Pietrangelo even though

2  the case is on appeal.[2] See Matter of Thorp, 655 F.2d 997, 998 (9th Cir. 1981) ("The

3  district court is divested of authority to proceed further with respect to such matters,

4  except in aid of the appeal, or to correct clerical mistakes, or in *aid of execution of a*

5  *judgment that has not been superseded, until the mandate has been issued by the court*

6  *of appeals*.") (emphasis added); Horn & Hardart Co. v. Nat'l Rail Passenger Corp.,

7  843 F.2d 546, 548 (D.C. Cir. 1988), *cert. denied*, 488 U.S. 849 (1988) ("First,

8  appellant-Horn & Hardart's argument that the district court lost jurisdiction once its

9  initial judgment was appealed to this court is mistaken. The 'further relief' provisions

10  of both state and federal declaratory judgment statutes clearly anticipate ancillary or

11  subsequent coercion to make an original declaratory judgment effective. Neither a

12

_____

13  [2]While the Ninth Circuit stayed the Court's order of injunctive relief, it did not stay the
14  Court's underlying decision or Declaratory Judgment. See Appeal No. 10-56634,
   Docket Entry 3-1, Government's Emergency Motion for Stay Pending Appeal, *passim*
15  and at ii-iii, 1-3, 5-6, 12-15, 17-20 (requesting stay only of "order" of "injunction");
16  Appeal No. 10-56634, Docket Entry 24, Circuit Order granting requested stay of only
   order of injunction, *passim* ("Appellant's motion to stay the district court's October 12,
17  2010, *order* pending appeal is GRANTED.") (emphasis added) ("On October 12,
18  2010, the district court entered a permanent *injunction* enjoining the enforcement or
   application of an Act of Congress known as the 'Don't Ask, Don't Tell Act,' codified
19  at 10 U.S.C. § 654.") (emphasis added) ("The government argues that the district
20  court's plenary *order*–mandating that its *injunction* be given immediate worldwide
21  effect–will seriously disrupt ongoing and determined efforts by the Administration to
   devise an orderly change of policy.") (emphasis added) ("The government persuasively
22  adds that '[t]he district court's *injunction* does not permit sufficient time for such
23  appropriate training to occur, especially for commanders and servicemen serving in
   active combat.'") (emphasis added). The Court's decision was its Amended & Final
24  Memorandum Opinion, and Findings of Fact and Conclusions of Law, on October 8,
25  2010. That decision was not denominated an "order." The Court's judgment was its
26  Judgment and Permanent Injunction of October 12, 2010. That document, by its bi-
   partite title and differentiated paragraphs, obviously had two parts, a declaration and an
27  order. Only the order part was stayed. See Goldstein v. Cox, 396 U.S. 471, 478, 90
28  S.Ct. 671 (1970) (jurisdiction of courts of appeal is narrowly construed).

5

completed appeal, *see McNally v. American States Insurance Co.*, 339 F.2d 186, 187, 188 (6th Cir. 1964) (per curiam), nor a considerable period of delay after the trial court ruling, *see Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.*, 255 F.2d 518 (2d Cir.), *cert. denied*, 358 U.S. 831, 3 L. Ed. 2d 69, 79 S. Ct. 51 (1958), terminates this authority. Section 2202's retained authority, commentators have noted, 'merely carries out the principle that every court, with few exceptions, has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective.' Borchard, Declaratory Judgments 441 (2d ed. 1941); *see also Rincon Band of Mission Indians v. Harris*, 618 F.2d 569, 575 (9th Cir. 1980). To rule otherwise would allow the party against whom a declaratory judgment is rendered to nullify her adversary's right to § 2202 relief merely by lodging an appeal.") (footnote numbers omitted); Burford Equip. Co. v. Centennial Ins. Co., 857 F.Supp. 1499, 1502 (M.D. Ala. 1994) ("the district court retains jurisdiction if the right for further relief is reserved by statute. In the present case, the plaintiffs and intervenors seek further relief under 28 U.S.C.A. § 2202, the Declaratory Judgment Act.").

The Supreme Court in Chambers v. NASCO, Inc., 501 U.S. 32, 43-48, 111 S.Ct. 2123 (1991), also held that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." (Citations omitted.)  These powers, being broad and encompassing any power that is necessary to exercise any other power, include but are not limited to the power of a court "to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates," "to control admission to its bar and to discipline attorneys who appear before it," "to punish for contempts," and "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.*  It is clear from the Supreme Court's own enumeration of inherent powers that while a court's contempt powers are

6

robust and the more well-know, its other powers are not redundant but stand-alone and are equally as robust. For example, a court has plenary power to prevent an abuse of the judicial process. See, *e.g.*, <u>Atchison, Topeka & Sante Fe Ry. v. Hercules, Inc.</u>, 146 F.3d 1071, 1074 (9th Cir. 1998) (recognizing inherent power to dismiss an action to sanction abusive conduct such as judge-shopping or failure to prosecute); <u>Ready Transp., Inc. v. AAR Mfg., Inc.</u>, 627 F.3d 402, 405 (9th Cir. 2010) (recognizing inherent power to strike improper paper from docket to avoid abuse of judicial process); <u>SEC v. Pension Fund of America</u>, No. 10-10464, 2010 U.S. App. LEXIS 19388 at * 7 (11th Cir. Sept. 15, 2010) ("We also pass no judgment on whether the district court could exercise its inherent powers—separate and apart from contempt proceedings—to sanction Solera for his failure to comply with the district court's order to attend the show cause hearing.").

A court's inherent contempt-powers also include the power to adjudge contempt for disobedience of its judgment as well as of its orders. See <u>Nat'l Presto Industries, Inc. v. Dazey Corp.</u>, 107 F.3d 1576, 1581, 1583 (Fed.Cir. 1997) ("Even after a final judgment a district court retains ongoing jurisdiction [under its contempt power] to consider violations of its orders *and* judgment.") ("This source of jurisdiction includes the so-called contempt power, the power of the court to enforce its own orders *and* judgments.") (emphases added). Correspondingly, Congress has also expanded a court's contempt powers to include punishing disobedience of its "decree." See 18 U.S.C. § 401; 28 U.S.C. §§ 2201 and 2202 ("decree"); *Black's Law Dictionary* (7th ed.) at 419.

Thus, the Court may grant *anything* it deems necessary to exercise its power to issue its decision and Declaratory Judgment, including protecting that decision and Declaratory Judgment from evisceration and abuse by Defendants' completely brazenly ignoring them and acting contrary to them. See <u>United States v. Olmstead</u>,

7

277 U.S. 438, 485, 277 S.Ct. 438 (1928) ("Decency, security and liberty alike demand that government officials shall be subjected to the rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our government is the potent, omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the government becomes a lawbreaker, it breeds contempt for the law, it invites every man to come a law unto himself. It invites anarchy.").

The fact that the Ninth Circuit has temporarily stayed injunctive relief in this case should not prevent the Court from granting Pietrangelo the relief he seeks, for two reasons. First, as the Court itself found in denying Defendants' motion for stay at the district level, Pietrangelo and others situated like him are being severely harmed by Defendants' violations—including harm beyond just the "technicality" of their constitutional rights being violated. Pietrangelo and thousands of others like him are personally decimated by their being denied employment and service in the Armed Forces solely because they are homosexual. Such decimation cannot be allowed to continue, even for a second. If we are to call ourselves a nation of laws and justice, it cannot be said that even a single day further of Pietrangelo's and others' having to wait for the benefits of full-citizenship, including being able to earn a living and being treated with respect in terms of the Armed Forces, is acceptable.

Second, Defendants' violations are deliberate, malicious, arbitrary, and unnecessary. Not only do Defendants themselves assert that "Don't Ask, Don't Tell" is unconstitutional and wrong, see *supra*; see, also, Doc. 250 at 65-66, but Defendants could, *right now*, easily and effortlessly and without any problem reinstate/accession Pietrangelo and others like him, and therefore comply with the Court's decision and Declaratory Judgment—in fact they could have done so immediately after the decision and Declaratory Judgment were issued.

8

For example, as the Court itself found in its decision, homosexual servicemembers have long been harmoniously and efficiently serving in Defendants' Armed Forces, and some serving openly without being discharged by Defendants. For another example, Defendants have currently, voluntarily complied with the Court's decision and Declaratory Judgment as to some other known/open homosexuals desiring to be reinstated/accessioned/retained, including LTC Victor Fehrenbach, whose discharge Defendants just terminated in January 2011, allowing him to serve or to continue to serve until October 2011 when he retires, see Jill Laster, "Gay officer prepares to retire in October," www.airforcetimes.com, Feb. 17, 2011.  For another example, Defendants themselves have already made and are already making preparations to admit open homosexuals to their Armed Forces later this year. See, *e.g.*, Jim Garamone, "'Don't Ask' repeal training set to begin," Armed Forces Press Service, Feb. 18, 2011; Appeal No. 10-56634, Docket Entry 58, February 25, 2011, Government Brief for the Appellants, at 12-13 (Defendants outlining preparations for repeal this year).

Defendants thus have simply *chosen* in regard to Pietrangelo and others like him to flaunt the very essence of the Court's decision and Declaratory Judgment, under a brazenly tyrannical view that *Defendants* decide who in this country enjoys constitutional protections and who does not—and not the Constitution or courts. The Court must, by any means possible and legal left to it now, punish that view. Pietrangelo has just as much right to serve now as LTC Fehrenbach does.[3]

---

[3] Indeed, Defendants are here caught enforcing their long-time, egregiously arbitrary practice and view that because Fehrenbach was "outed" to his command by someone else but Pietrangelo "outed" himself to his command, Pietrangelo somehow deserves to be punished.  Pietrangelo has also been a vocal critic of "Don't Ask, Don't Tell" and of its continued enforcement by the Obama Administration both prior to and after the Congressional conditional-"repeal" of "Don't Ask, Don't Tell" in December 2010. Pietrangelo was active in high-visibility protests including in front of the White House

9

Defendants' Armed Forces have long had a cherished mantra, "Leave No Man Behind." This country simply cannot leave behind those Americans—including both those 14,000+ individuals previously discharged under "Don't Ask, Don't Tell" as well as homosexual first-time applicants—who want to serve their country *now*.

For these reasons, the Court should grant Pietrangelo's motion and relief. March 4, 2011.                                 Respectfully submitted,


                                                    *James E. Pietrangelo II*
                                                    JAMES E. PIETRANGELO, II
                                                    *Pro Se*
                                                    P.O. Box 548
                                                    Avon, OH 44011
                                                    (802) 338-0501


### LOCAL RULE 3-7 CERTIFICATION

Pietrangelo sought the consent to this motion of all the parties in the case by on February 18, 2011, calling the number provided in court documents for Dan Woods, attorney for Plaintiff, and Paul Freeborne, attorney for Defendants.   Pietrangelo reached voicemail for both attorneys and left a message briefly explaining his motion and asking to confer in person via phone to obtain consent. On the same day, Wood's colleague Earl Miller called Pietrangelo back and, after discussion, declined to consent.  Neither Mr. Freeborne nor anyone else from the Department of Justice called Pietrangelo back, though in a phone call on March 4, 2011, Pietrangelo confirmed that Mr. Freeborne had received the message.

---

personally criticizing President Obama himself.  Fehrenbach was less critical if not not critical at all.   Thus, Defendants are deliberately embracing the very heart of the constitutionally repugnant free-speech-violation of "Don't Ask, Don't Tell."   The Court should sanction Defendants for this alone.

10

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

## PROOF OF SERVICE

I declare under penalty of perjury of the laws of the United States of America that I served a copy of the foregoing *Notice of Motion and Motion for Relief* and attached documents on all known parties to the case by mailing *via* first-class U.S. Mail postage-prepaid, a copy of same on March 7, 2011, to:

WHITE & CASE LLP
DAN WOODS (State Bar No. 78638)
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700;
Attorneys for Plaintiff

U.S. DEPARTMENT OF JUSTICE
PAUL G. FREEBORNE
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Attorneys for Defendants,

and that on that same day but by U.S. Priority Mail I mailed this original foregoing *Notice of Motion and Motion for Relief* for filing to the Clerk's office, 3470 Twelfth St., Riverside, CA 92501, with one copy of same to the Chambers of Judge Phillips.

*James E. Pietrangelo, II*
JAMES E. PIETRANGELO, II

11

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

# DECLARATION OF JAMES E. PIETRANGELO, II

I, JAMES E. PIETRANGELO, II, declare as follows:

1. I am a beneficiary of the Court's October 8, 2010 decision and October 12, 2010 Declaratory Judgment in the above-captioned case, and make this Declaration in support of my *Notice of Motion and Motion for Relief.*

2. I have personal knowledge of, and am competent to testify to, the facts stated herein, having personally experienced them, and therefore I make this declaration on personal knowledge.

3. I am homosexual.

4. I am a member of the Log Cabin Republicans.

5. In October 2004, Defendants discharged me from their Armed Forces under "Don't Ask, Don't Tell" and solely because I am homosexual.

6. Since October 15, 2010, Defendants have refused, under "Don't Ask, Don't Tell" and solely because I am homosexual, my repeated demands to reinstate me and provide me back-pay and back-promotions from October 2004, and to otherwise newly accession me.

Following this Court's October 8, 2010 decision and October 12, 2010 Declaratory Judgment, I, on or about October 15, 2010, contacted Defendants' agent, Secretary of the Army John McHugh, by letter and demanded that Defendants reinstate me to my position at the time of my discharge, an Army captain judge-advocate in a

1

combat billet, and provide me back-pay and back-promotions from time of discharge, October 2004.   Thereafter, having received no answer from Defendants, including through Secretary McHugh, I called Secretary McHugh's office, and was told by a sergeant only that my demand had been referred to the appropriate authority for consideration.

On or about February 16, 2011, I, still having received no response from Defendants to my demand, contacted their office responsible for the assignment of Army captains judge-advocate, the Personnel, Plans, and Training Office (PPTO), in/outside of Washington, D.C.  I spoke on the telephone with LTC Warren Wells, explaining to Wells my demand as priorly made to Secretary McHugh, repeating that demand to Wells, and asking Wells to inform the Army judge-advocate leadership of that demand.

On or about February 17, 2011, I also contacted Defendants' office responsible for the recruitment of Army captains judge-advocate, the Judge Advocate Recruiting Office (JARO), office in/outside of Washington, D.C.  I spoke on the telephone with a Ms. Karen Horton, indicating to her that I had been discharged under "Don't Ask, Don't Tell" as a judge advocate and that in light of the Court's <u>Log Cabin</u> decision I was applying to be reinstated.  After putting me on hold, Ms. Horton told me that a LTC (Sebastian?) Edwards of JARO would research the issue of "Don't Ask, Don't Tell" reinstatement, and would call me back.

2

DECLARATION OF JAMES E. PIETRANGELO, II
IN SUPPORT OF PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

On or about February 17, 2011, I also contacted Defendants' Army recruiting office in the Court's district. I spoke on the telephone with a sergeant Ortiz, indicating to her that I had been discharged under "Don't Ask, Don't Tell" and that I was applying to reenlist. She told me that my application would be held off from processing, based solely on "Don't Ask, Don't Tell" still being in force.

On or about February 18, 2011, LTC Edwards of JARO called me. He said that "Don't Ask, Don't Tell" was still law, and that I could not apply until that law was actually repealed.

To date, I still have not been reinstated/accessioned by Defendants to their Armed Forces, nor have I received any back-pay or back-promotions from them.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true.

March 4, 2011.                                                Respectfully submitted,


*James E. Pietrangelo, II*
JAMES E. PIETRANGELO, II
*Pro Se*
P.O. Box 548
Avon, OH 44011
(802) 338-0501

DECLARATION OF JAMES E. PIETRANGELO, II
IN SUPPORT OF PIETRANGELO'S NOTICE OF MOTION
AND MOTION FOR RELIEF

3