DAN WOODS (SBN: 78638)
EARLE MILLER (SBN: 116864)
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
Email:    dwoods@whitecase.com
Email:    emiller@whitecase.com

Attorneys for Plaintiff
Log Cabin Republicans

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOG CABIN REPUBLICANS, a non-profit corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA and LEON E. PANETTA, SECRETARY OF DEFENSE, in his official capacity,<br><br>            Defendants. | Case No.  CV 04-8425 VAP (Ex)<br><br>**STIPULATION REGARDING PROCEDURE FOR HEARING OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Date:     February 27, 2012<br>Time:     2:00 p.m.<br>Ctrm:     2 |

Pursuant to Local Rule 7.1, Plaintiff Log Cabin Republicans ("Log Cabin") and Defendants United States of America and Leon E. Panetta, Secretary of Defense ("Defendants" or the "government" and, collectively with Log Cabin, the "Parties") hereby enter into this Stipulation in light of the following:

A. In this action challenging the constitutionality of the "Don't Ask, Don't Tell" law and policy, 10 U.S.C. § 654 (former) and its implementing regulations ("DADT"), this Court, following trial, entered declaratory and injunctive relief on October 12, 2010 in favor of Log Cabin declaring DADT unconstitutional under the Fifth and First Amendments, and enjoined its continued enforcement. This Court dismissed Log Cabin's equal protection claim.

B. The government appealed this Court's judgment. On September 29, 2011 the Ninth Circuit Court of Appeals issued its opinion, <u>Log Cabin Republicans v. United States</u>, 658 F.3d 1161 (9th Cir. 2011), holding that the case was moot due to the intervening Congressional repeal of DADT which became effective on September 20, 2011. The Court of Appeals vacated the "judgment, injunction, opinions, orders, and factual findings" of this Court and remanded the matter with instructions to dismiss the complaint. The Court of Appeals did not rule on the merits of the matter. Log Cabin's petition for rehearing or rehearing *en banc* was denied on November 9, 2011.

C. Log Cabin intends to file a motion for an award of attorney's fees and expenses pursuant to (1) the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and (2) Fed. R. Civ. P. 37. The motion will request an award of fees under EAJA, at EAJA statutory rates, for the entire litigation; and an award of fees under Fed. R. Civ. P. 37(c), at Log Cabin's attorneys' regular hourly rates, for certain activity during the time period January 28, 2010 through the conclusion of the trial on July 23, 2010. Log Cabin also intends to seek expenses under EAJA and Fed. R. Civ. P. 37(c). The government intends to contest Log Cabin's entitlement to any award of attorney's fees and expenses under EAJA and Fed. R. Civ. P. 37(c).

D.  If Log Cabin is found to have prevailed on either theory of recovery, the determination of the amount of attorney's fees to award will require a review and an analysis of Log Cabin's attorneys' monthly billing statements for a period of time in excess of seven years (as the complaint was filed in October 2004), reflecting approximately 12,000 hours of attorney and other legal professional time. However, the necessity for such a determination is dependent upon a finding by the Court that Log Cabin is entitled to an award under either EAJA or Rule 37. The determination of the amount of expenses Log Cabin would be entitled to would also require the Court to review voluminous documentation.

E.  The parties have met and conferred regarding the Motion and wish to avoid undue consumption of Court time and to streamline the hearing and determination of the Motion. The parties believe that it would be appropriate and would promote judicial efficiency for the Court to bifurcate the hearing of the Motion, such that the Court would first determine *whether* Log Cabin is entitled to an award of attorney's fees and expenses under either or both of the theories it advances. If, and only if, Log Cabin were to prevail would it be necessary to entertain the question of the amount of fees and expenses. The parties thus agree to defer any consideration of the quantum of fees and expenses Log Cabin would be entitled to receive until the Court first issues its decision on eligibility. In doing so, the Government preserves its right to make appropriate objections to the amount of fees and expenses Log Cabin claims.

NOW THEREFORE, in consideration of the foregoing, the Parties, through their undersigned counsel, hereby agree, and request the Court's approval, as follows:

1.  Log Cabin's motion for an award of attorney's fees and expenses shall be set for hearing on February 27, 2012. Log Cabin shall file and serve its Motion and supporting papers no later than January 12, 2012. The government shall file and serve its opposition no later than February 6, 2012. Log Cabin shall file and

1  serve any reply no later than February 13, 2012.

2      2.    Log Cabin's Motion will make the necessary showings and allegations required by 28 U.S.C. § 2412(d)(1)(B), and include a summary of its claim, including total hours and amounts claimed by phase of the case, but need not at this time attach its attorneys' detailed billing records or documentation regarding claimed expenses. Those records and documentation will, however, be available to the Court if requested. If the Court requests such records and documentation, they will also be made available to the Government for review.

    3.    At the hearing on February 27, 2012 (or at such time thereafter as the Court may appoint), the Court will determine whether Log Cabin is entitled to an award of attorney's fees and expenses under EAJA, Fed. R. Civ. P. 37, or both.

    4.    If the Court rules that Log Cabin is entitled to an award of attorney's fees and expenses under either EAJA, Fed. R. Civ. P. 37, or both, the Court shall set forth a schedule for further proceedings regarding the amount of fees and expenses that may be appropriate.

Dated: January 6, 2012

WHITE & CASE LLP

By: */s/ Dan Woods*
    Dan Woods
Attorneys for Plaintiff
Log Cabin Republicans

Dated: January 6, 2012

UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION, FEDERAL PROGRAMS BRANCH

By: */s/ Paul Freeborne*
    Paul Freeborne
Attorneys for Defendants
United States of America and Leon E. Panetta, Secretary of Defense