TONY WEST
Assistant Attorney General
ANDRE BIROTTE, Jr.
United States Attorney
JOSEPH H. HUNT
VINCENT M. GARVEY
PAUL G. FREEBORNE
RYAN B. PARKER
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 353-0543
Facsimile: (202) 616-8460
E-mail:  paul.freeborne@usdoj.gov

*Attorneys for Defendants United States
of America and Secretary of Defense*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| LOG CABIN REPUBLICANS, | No. CV04-8425 VAP (Ex) |
| Plaintiff, | |
| v. | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT & FED. R. CIV. P. 37 |
| UNITED STATES OF AMERICA AND LEON E. PANETTA, Secretary of Defense, | |
| Defendants. | Judge:  Hon. Virginia A. Phillips |
| | Date:  February 27, 2012 |
| | Time:  2:00 p.m. |
| | Ctrm:  2 |

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

 BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   Proceedings Before Judge Schiavelli . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  Proceedings Before this Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     A.   The Government's Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . 3

     B.   Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     C.   The Government's Summary Judgment Motion . . . . . . . . . . . . . . . 6

III. Appellate Proceedings, Repeal of DADT, and Final Decision . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

I.   LCR Is Not Entitled to Fees under EAJA . . . . . . . . . . . . . . . . . . . . . . . . . 9

     A.   LCR Is Not A Prevailing Party . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

          1.   LCR Cannot Rely on the Court's Vacated Judgment
               and Injunction to Establish Prevailing Party Status . . . . . . . . 10

          2.   LCR Did Not Receive the Relief It Sought . . . . . . . . . . . . . . 13

     B.   The Government's Defense Was Substantially Justified . . . . . . . . . 15

          1.   The Government's Standing Arguments
               Were Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

          2.   The Government's Merits Arguments Were Reasonable . . . . 17

II.  LCR Is Also Not Entitled to Fees under Rule 37(c)(2) . . . . . . . . . . . . . . . 22

     A.   LCR Cannot Rely on the Court's Vacated Findings of Fact . . . . . . 23

     B.   LCR Has Not Proven in This Litigation the Truth of a Matter that
          the Government Denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

     C.   Rule 37(c)(2)'s Exceptions Apply Here . . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37        i

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

Able v. United States,
    88 F.3d 1280 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Able v. United States,
    155 F.3d 628 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Al-Harbi v. INS,
    284 F.3d 1080 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Armster v. U.S. Dist. Court,
    817 F.2d 480 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Barry v. Bowen,
    884 F.2d 442 (9th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Bay Area Peace Navy v. United States,
    914 F.2d 1224 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Bresgal v. Brock,
    637 F. Supp. 278 (D. Or. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,
    532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) . . . . . . . . . . . . 9, 15

Califano v. Yamasaki,
    442 U.S. 682, 99 S. Ct. 2545, 61 L. Ed. 2d 176 (1979) . . . . . . . . . . . . . . 20

Californians for Alternatives to Toxics v. United States Forest Serv.,
    2007 WL 2993132 (E.D. Cal. Oct. 11, 2007) . . . . . . . . . . . . . . . . . . . . . 12

Carbonell v. INS,
    429 F.3d 894 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Commodities Futures Trading Comm'n v. Frankwell Bullion Ltd.,
    99 F.3d 299 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Cook v. Gates,
    528 F.3d 42 (1st Cir. 2008), cert. denied, 129 S. Ct. 2763 (2009)   18, 19, 24, 25

Cooper v. United States R.R. Ret. Bd.,
    24 F.3d 1414 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Edwards v. McMahon,
    834 F.2d 796 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

F.C.C. v. League of Women Voters,
    468 U.S. 364, 104 S. Ct. 3106, 82 L.Ed. 2d 278 (1984) . . . . . . . . . . . . . . 10

Foster v. Tourtellotte,
    704 F.2d 1109 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          ii

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Gonzales v. Free Speech Coal.,
    408 F.3d 613 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17, 18

Grace v. Burger,
    763 F.2d 457 (D.C. Cir. 1985), cert. denied, 474 U.S. 1026 (1985) . . . . . . . . 17

Hewitt v. Helms,
    482 U.S. 755, 107 S. Ct. 2672, 96 L. Ed. 654 (1987) . . . . . . . . . . . . . . . . . . 11

Holmes v. California Army Nat'l Guard,
    124 F.3d 1126 (9th Cir. 1997), cert. denied, 525 U.S. 1067 (1999) . . . . . . . . 19

Kali v. Bowen,
    854 F.2d 329 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

Kiareldeen v. Ashcroft,
    273 F.3d 542 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Lawrence v. Texas,
    539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003) . . . . 3, 4, 5, 6, 19, 21

League of Women Voters of Cal. v. F.C.C.,
    798 F.2d 1255 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15, 17

Log Cabin Republicans v. U.S.,
    131 S.Ct. 589, 178 L. Ed. 2d 430 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Log Cabin Republicans v. U.S.,
    658 F.3d 1162 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 10, 12, 13, 23

Log Cabin Republicans v. U.S.,
    10-56634, Dkt. No. 5 (9th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 14

Love v. Reilly,
    924 F.2d 1492 (9th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Marchand v. Mercy Med. Ctr.,
    22 F.3d 933 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Mattingly v. United States,
    939 F.2d 816 (9th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Meinhold v. Dep't. of Defense,
    123 F.3d 1275 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Minor v. United States,
    797 F.2d 738 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Monsanto Co. v. Geertson Seed Farms,
    130 S. Ct. 2743, 1772 L. Ed. 461 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Oregon v. Natural Desert Ass'n v. Lohn,
    522 F. Supp. 2d 1295 (D. Or. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37

iii

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Pierce v. Underwood,
    487 U.S. 552, 108 S.Ct. 2541, 101 L. Ed. 2d 490  (1988)  . . . . . . . . . . . . . . 18

Rhodes v. Stewart,
    488 U.S. 1, 109 S. Ct. 202, 102 L. Ed. 2d 1 (1988)  . . . . . . . . . . . . . . . . . . 11

Richenberg v. Perry,
    97 F.3d 256 (8th Cir. 1996), cert. denied, 522 U.S. 807 (1997) . . . . . . . . 18, 19

Rostker v. Goldberg,
    453 U.S. 57, 101 S. Ct. 2646, 69 L. Ed. 2d 478 (1981)  . . . . . . . . . . . . . 2, 5, 18

Rumsfeld v. Forum for Academic & Inst. Rights, Inc.,
    547 U.S. 47 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Sole v. Wyner,
    551 U.S. 74, 127 S. Ct. 2188, 167 L. Ed. 2d 1069 (2007)  . . . . . . . . . . . . . . 10

Summers v. Earth Island Inst.,,
    555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)  . . . . . . . . . . . . . . . . 16

Thomasson v. Perry,
    80 F.3d 915 (4th Cir.), cert. denied, 519 U.S. 948 (1996)  . . . . . . . . . . . 18, 19

United States v. Marolf,
    277 F.3d 1156 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 21

United States v. Menominee Tribal Enter.,
    2010 WL 2465505 (E.D. Wis. 2010)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

United States v. Nat'l Medical Enters., Inc.,
    792 F.2d 906 (9th Cir.1986)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

United States v. Nordic Village, Inc.,
    503 U.S. 30, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992)  . . . . . . . . . . . . . . . 25

United States v. Rubin,
    97 F.3d 373 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Watson v. County of Riverside,
    300 F.3d 1092 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Wayte v. United States,
    470 U.S. 598, 105 S.Ct. 1524, 84 L. Ed. 2d 547 (1985) . . . . . . . . . . . . . . . . 19

White v. New Hampshire Dep't. of Emp't Sec.,
    455 U.S. 445, 102 S. Ct. 1162, 71 L. Ed. 325 (1982) . . . . . . . . . . . . . . . . . . 10

Wilderness Soc., Inc., v. Rey,
    622 F.3d 1251 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Wisconsin v. Mitchell,
    508 U.S. 476, 113 S. Ct. 2194, 124 L. Ed. 2d 436 (1993)  . . . . . . . . . . . . . . 19

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          iv

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Witt v. Dep't of the Air Force</u>,
   527 F.3d 806 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 19, 21

## STATUTES

10 U.S.C. § 654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2 ,7, 8, 18, 19

10 U.S.C. 654(a)(13-15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

10 U.S.C. § 654(a)(15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

28 U.S.C. 1292(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. 2412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §2412(d)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

## RULES

Fed. R. Civ. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Fed. R. Civ. P. 37(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Fed. R. Civ. P. 37(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 24

Fed. R. Civ. P. 37(c)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

**INTRODUCTION**

Log Cabin Republicans ("LCR") has filed an application for $2,125,968.03 in attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412, and $2,283,239.64 in sanctions under Fed. R. Civ. P. 37(c ).  But LCR is not entitled to any EAJA fees or discovery sanctions, and thus its application should be denied.

LCR claims prevailing party status under EAJA based upon the issuance of the Court's judgment and injunction.  That claim should be rejected because neither the judgment nor the injunction survived final judgment in this case, and both have now been vacated to avoid any prejudice to the Government.  LCR also seeks discovery sanctions under Rule 37(c)(2) regarding certain requests for admission that concerned whether 10 U.S.C. § 654 ("Section 654") furthered national security.  LCR claims that it was forced to prove the "truth" of such requests at trial.  Contrary to LCR's assertion, however, the Court never rendered findings in that regard.  Even if the Court had made such findings, moreover, any such findings have now been vacated pursuant to the final decision in this case.  And even if such findings had not been vacated, the Government's responses were appropriate and do not entitle LCR to discovery sanctions under Rule 37.

Although LCR seeks to brush aside and ignore the Court of Appeals' final decision, the Ninth Circuit unequivocally has vacated the judgment, injunction, opinions, orders, and factual findings in this case.  Log Cabin Republicans v. U.S., 658 F.3d 1162, 1168 (9th Cir. 2011).  In so doing, the Ninth Circuit admonished LCR that it could not use the Court's vacated judgment collaterally.  The Court explained that because mootness deprived the Government of its right to appellate review, giving the vacated rulings or findings any effect would harm the Government.  But LCR's motion for attorney's fees and expenses is an attempt to use the district court's vacated rulings and findings collaterally, and thus should be rejected.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -1-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    Even setting aside the Ninth Circuit's clear ruling on this matter, LCR is not

2    entitled to the fees it now seeks.  LCR repeatedly asserts that the Government acted

3    unreasonably in relying upon the statute and legislative history in defending

4    against LCR's facial challenge to section 654 and in responding to LCR's

5    discovery requests.  The Government, however, was defending a congressional

6    statute and it is well-established that "the defense of a congressional statute from

7    constitutional challenge will usually be substantially justified."  <u>League of Women</u>

8    <u>Voters of Cal</u>. v. <u>F.C.C.</u>,798 F.2d 1255, 1258 (9th Cir. 1986).  There are no

9    exceptional circumstances in this case that would warrant a departure from this

10   general rule. Indeed, every court of appeals to have considered similar facial

11   challenges to the statute has done so based upon the statute and legislative history,

12   recognizing "that the Constitution itself requires [judicial] deference to

13   congressional choice" on matters of military policy.  <u>Rostker</u> v. <u>Goldberg</u>, 453 U.S.

14   57, 67, 101 S. Ct. 2646, 69 L. Ed. 2d 478 (1981).  Accordingly, the Court should

15   find that LCR is not entitled to an award under EAJA or Rule 37(c)(2).

16                                 **BACKGROUND**

17   **I.    Proceedings Before Judge Schiavelli**

18        LCR filed its original complaint on October 12, 2004, alleging facial

19   substantive due process, equal protection, and free speech challenges to the "Don't

20   Ask, Don't Tell" ("DADT") statutory policy, 10 U.S.C. § 654.  Dkt No. 1.  The

21   case was then assigned to the Honorable George P. Schiavelli.  <u>Id</u>.

22        On December 13, 2004, the Government moved to dismiss the case, arguing

23   that LCR lacked standing and failed to state a valid legal claim.  Dkt. No. 9.  Judge

24   Schiavelli issued an order, dated March 22, 2006, concluding that LCR lacked

25   standing to sue because it failed to identify a member who had been injured under

26   the policy.  Dkt. No. 24. Judge Schiavelli thus dismissed the action, but permitted

27   LCR leave to file an amended complaint in an attempt to establish its standing.  <u>Id</u>.

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -2-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    On April, 28, 2006, LCR filed its First Amended Complaint, Dkt. No. 25,

2    and attempted to establish associational standing through Mr. Nicholson, an

3    alleged member of LCR who had been discharged from the Army under DADT,

4    and an anonymous Mr. Doe, who claimed to be a member of LCR and a Lieutenant

5    Colonel in the United States Army Reserves.  Id.  The Government then filed a

6    renewed motion to dismiss, arguing that LCR still lacked standing to sue and had

7    failed to state claims upon which relief could be granted.  Dkt. No. 29.

8    **II.    Proceedings Before this Court**

9        After the Government's motion was briefed and argued, the case was

10   transferred to this Court on October 8, 2008.  Dkt. No. 65.  The Court then ordered

11   the parties to submit additional briefing regarding the effect of the Ninth Circuit's

12   decision in Witt v. Dep't of the Air Force, 527 F.3d 806, 819 (9th Cir. 2008),

13   which had been decided following the parties' briefing, Dkt. No. 66.

14       **A.    The Government's Motion to Dismiss**

15       On June 9, 2009, the Court granted the Government's motion to dismiss

16   regarding LCR's equal protection claim, but found that LCR established

17   associational standing and alleged substantive due process and First Amendment

18   claims that could survive dismissal.  Dkt. No. 83.  Regarding standing, the Court

19   found that LCR had associational standing to challenge DADT on behalf of both

20   former and current  members of the armed forces based upon the declaration of Mr.

21   Nicholson, who had been discharged under the policy (and thus was no longer a

22   current member of the armed forces), and the "general assertions that other

23   members [of LCR] would suffer similar harm[.]" Dkt. No. 83 at 13:22-14:16.

24       The Court also ruled that LCR's facial challenge to DADT could proceed

25   based upon the Ninth Circuit's decision in Witt, which held that an as-applied

26   substantive due process challenge to the policy could proceed in light of the

27   Supreme Court's decision in Lawrence v. Texas, 539 U.S. 558, 123 S. Ct. 2472,

28   156 L. Ed. 2d 508 (2003).  The Court ruled that nothing in Witt forbade facial

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37        -3-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    substantive due process challenges to the DADT statute.  The Court also disagreed

2    with the Government's argument that other binding Ninth Circuit precedent

3    precluded LCR from bringing a facial substantive due process challenge to DADT.

4    Dkt. No. 83 at 14:18-18:17.

5        The Court further determined that LCR's First Amendment challenge could

6    proceed.  The Court recognized that DADT was consistent with the First

7    Amendment to the extent it permitted the military to use statements as admissions

8    of a propensity to engage in homosexual conduct.  Dkt. No. 83 at 21:4-22:27.  The

9    Court held, however, that "[d]ischarge on the basis of statements not used as

10   admissions of a propensity to engage in 'homosexual acts' would appear to be

11   discharge on the basis of speech rather than conduct, an impermissible basis."  Id.

12   23:1-24:6.  The Court thus permitted LCR's  freedom of speech claim to proceed

13   to the extent that the policy permitted discharge on the basis of speech alone.  Id. at

14   24:5-6.

15        **B.    Discovery**

16        The Government then asked the Court to prohibit LCR from taking

17   discovery, given that LCR's facial constitutional challenge did not depend on the

18   application of fact.

19        As noted, in its June 9, 2009 decision, the Court permitted LCR's

20   substantive due process challenge to proceed but recognized that LCR would "not

21   be able to rely upon Witt's heightened scrutiny standard as the Ninth Circuit

22   limited this standard to as-applied challenges."  Dkt. No. 83 at 16:26 - 17:3.  The

23   Government argued that legislative choices subject to rational basis (1) are not

24   subject to courtroom fact finding, but instead are based upon the statute and

25   legislative history, particularly here where judicial deference was required in the

26   area of military deference, and (2) are to be based upon the reasons Congress could

27   have considered at the time of enactment but not subject to challenge based upon

28   changed circumstances.  Dkt. No. 86 at 1:8-4:10.  The Court ruled that the

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   Supreme Court and Circuit precedent relied upon by the Government indeed

2   foreclosed discovery in equal protection cases, but held that such authority did not

3   preclude discovery in substantive due process cases, in light of <u>Lawrence</u>.  Dkt.

4   No. 91.

5          The Government then moved the Court to certify its June 9, 2009 Order for

6   interlocutory appeal, Dkt. No. 93, in part, to avoid the time, expense, and burden of

7   potentially unnecessary discovery and fact proceedings.  LCR opposed the

8   Government's motion, Dkt. No. 96, and the Court denied the motion, Dkt. No. 100.

9          Consistent with its reading of Supreme Court and Ninth Circuit authority,

10  the Government defended the policy based upon the statutory findings and

11  legislative history.  Plaintiffs took a different tact, propounding hundreds of

12  document requests, interrogatories, and requests for admission.  The requests for

13  admission asked, among other things, for the Government to admit that the policy

14  "does not contribute to our national security," "weakens our national security," and

15  "discharging members pursuant to DADT weakens our national security." <u>See</u> Dkt.

16  No. 119-1, at 1-3.  The Government objected to such requests on the ground that an

17  unqualified response was not possible, given President Obama's stated opposition

18  to the policy.  Accordingly, it provided the respective views of the Administration

19  (acknowledging the President's statements in favor of repeal) and Congress (as

20  articulated in the statute and legislative history).  After being ordered by the Court

21  to provide an unqualified response, Dkt. No. 158, consistent with its position that

22  facial constitutional challenges are to be governed by the policy rationale at the

23  time of enactment, Dkt. No. 135-1, and guided by the principles of deference set

24  forth in <u>Rostker</u>, the Government ultimately denied the requests based upon

25  Congress' previous judgment that the policy was necessary.

26       **C.    The Government's Summary Judgment Motion**

27         Following LCR's expansive discovery, the Government filed a motion for

28  summary judgment, arguing that LCR continued to lack standing and that it was

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -5-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   entitled to judgment as a matter of law on LCR's substantive due process and First

2   Amendment claims.  Dkt. No. 136.  On April, 21, 2010, after the motion was fully

3   briefed, the Court provided the parties with its tentative ruling that the Court was

4   inclined to dismiss the case because LCR lacked standing.  *See* Dkt. No. 165.

5       On May 27, 2010, the Court issued a decision, departing from its tentative

6   ruling and denying the Government's motion to the extent it was based on LCR's

7   lack of standing.  Dkt. No. 170 at 11:16-26:2.  The Court also changed its previous

8   ruling on the appropriate standard of review for LCR's substantive due process

9   claim.  The Court ruled that it was now inclined to review LCR's substantive due

10  process claim under Witt's heightened standard of review, Dkt. No. 170 at 26:4-21,

11  not rational basis.  The Court denied the Government's motion for summary

12  judgment, Dkt. No. 212, and the matter then proceeded to a two-week bench trial.

13      On a number of occasions, including its motion for an interlocutory appeal,

14  at various status conferences, in its supplemental brief in support of its motion for

15  summary judgment, and at the pretrial conference, the Government sought to stay

16  this action to allow congressional review of the policy and because bills pending in

17  Congress to repeal DADT could potentially render the case moot. These repeated

18  requests were opposed by LCR, and ultimately were denied.

19      Following trial, the Court declared that DADT violated the free speech and

20  substantive due process rights of current and prospective service members.  Dkt.

21  No. 251.  Under the Witt standard of heightened scrutiny, the Court acknowledged

22  the "important governmental interest" in military readiness and unit cohesion.  Dkt.

23  No. 250 at 48:15-19.  The court held, however, that the statute "adversely

24  affect[ed] the Government's interests in military readiness and unit cohesion."  Id.

25  at 56:11-12.  The court further held, contrary to Congress' determination, that

26  DADT was "not necessary to further the Government's interest in military

27  readiness."  Id. at 72:17-18.  The court also ruled on LCR's free speech challenge,

28  concluding that Section 654 was an impermissible content-based restriction

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -6-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    because it permitted discharge based on a service member's admission that he or

2    she was gay or lesbian. Id. at 79-85.  The Court then permanently enjoined the

3    "United States of America and the Secretary of Defense, their agents, servants,

4    officers, employees, and attorneys, and all persons acting in participation or

5    concert with them or under their direction or command, from enforcing or

6    applying" Section 654 and its implementing regulations "against any person under

7    their jurisdiction or command."   Dkt. No. 252.  The Court further ordered the

8    "United States of America and the Secretary of Defense immediately to suspend

9    and discontinue any investigation, or discharge, separation, or other proceeding,

10   that may have been commenced" under Section 654 and its implementing

11   regulations.  Id.

12       On October 14, 2010, the Government moved for a stay pending appeal, as

13   well as an administrative stay pending resolution of the Government's stay motion.

14   LCR opposed the Government's motion, and the Court denied it on October 19,

15   2010. Dkt. No. 326.

16   **III.   Appellate Proceedings, Repeal of DADT, and Final Decision**

17       On October 20, 2010, the Government moved in the court of appeals for a

18   stay pending appeal, as well as a temporary stay pending resolution of the

19   Government's stay motion.  That same day, the court of appeals granted a

20   temporary stay. Log Cabin Republicans v. U.S., 10-56634, Dkt. No. 5 (9th Cir.).

21   On October 25, 2010, Log Cabin filed a response in opposition to a stay pending

22   appeal. Id. at Dkt. No. 9-1.   On November 1, 2010, the court of appeals granted

23   the Government's motion for a stay pending appeal. Id. at Dkt. No. 24.

24       A panel majority held that the Government had satisfied the standard for a

25   stay pending appeal because the Government's appeal raised serious legal

26   questions; the declaration of a federal statute as unconstitutional tipped the balance

27   of hardships in the Government's favor; the deference traditionally afforded to

28   legislative judgments about military policy counseled careful consideration of the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -7-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

appeal's merits; and recognized that the Court's decision was arguably at odds with the decisions of four courts of appeals. Id.  The panel majority concluded that "the [G]overnment's colorable allegations that the lack of an orderly transition in policy will produce immediate harm and precipitous injury are convincing." Id. at 5-6.  It further concluded that "the public interest in ensuring orderly change of this magnitude in the military–if that is what is to happen–strongly militates in favor of a stay." Id. at 6.

Congress then passed the Don't Ask, Don't Repeal Act of 2010, Pub. L. No. 111-321, 124 Stat. 3515 (2010), which called for the orderly repeal of Section 654, following the issuance of appropriate certifications from the President, Secretary of Defense, and the Chairman of the Joint Chiefs of Staff of the Armed Services.

On July 6, 2011, the Court of Appeals temporarily lifted the stay, Dkt. No. 316, but quickly reinstated the stay of this Court's injunction sixteen days later, on July 22, 2011, Dkt. No. 320, save only that portion of the Court's injunction that enjoined the Government "from investigating, penalizing, or discharging anyone from the military pursuant to [DADT]." Id. at 3. At this juncture, LCR argued for the permanent, wholesale reinstatement of the Court's previous injunction, asserting that the "on-again, off-again status of the District Court's injunction benefits no-one and plays havoc with the constitutional rights of American servicemembers." Log Cabin Republicans v. U.S., 10-56634, Dkt. No. 116, at 1 (9th Cir.).

On September 20, 2011, while the parties' cross-appeals were pending, DADT was officially repealed.  On September 29, 2011, the Ninth Circuit issued an opinion concluding that the case had become moot and vacating "the district court's judgment, injunction, opinions, orders, and factual findings–indeed, all of its past rulings. . . ." Log Cabin Republicans, 658 F.3d at 1168.  The Ninth Circuit also explained that LCR could not use the Court's judgment collaterally.  Id.  The Court further explained that "[b]ecause the case is moot and the United States may

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37      -8-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    not challenge further the district court's rulings and findings, giving these rulings

2    and findings any effect would wrongly harm the United States." Id. (emphasis

3    added).

4          LCR objected to the ultimate vacatur imposed by the court of appeals in its

5    final decision; LCR argued that the injunction should be left in place so the

6    Government could not "reinstate the policy," Log Cabin Republicans v. U.S., 10-

7    56634, Dkt. Nos. 129, at 8; 131, at 9-10  (9th Cir.), and because DADT has various

8    "collateral consequences" that remain even after appeal, Id. at Dkt. Nos. 129, at

9    10-14; 131, at 11-12.  The Court of Appeals rejected LCR's arguments and vacated

10   the Court's  injunction.  Log Cabin Republicans, 658 F.3d at 1168.

11                                    **ARGUMENT**

12   **I.    LCR Is Not Entitled to Fees under EAJA**

13        **A.    LCR Is Not A Prevailing Party**

14        LCR seeks over $2.12 million in attorney's fees and expenses for obtaining

15   an injunction and judgment that did not survive to final judgment and were

16   subsequently vacated.  The Court should deny LCR's EAJA application.

17         Under EAJA, LCR has the threshold burden of establishing that it is eligible

18   for fees.  Love v. Reilly, 924 F.2d 1492, 1494 (9th Cir.1991).  To carry that

19   burden, LCR must show that it is a "prevailing party," 28 U.S.C. § 2412(d)(1)(A),

20   which requires it to satisfy two criteria: (1) "[it] must achieve a 'material alteration

21   of the legal relationship of the parties;' and (2) "that alteration must be 'judicially

22   sanctioned.'"  Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005) (quoting

23   Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532

24   U.S. 598, 604-05, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)).  LCR cannot satisfy

25   these criteria here.

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -9-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2

### 1.    LCR Cannot Rely on the Court's Vacated Judgment and Injunction to Establish Prevailing Party Status

3

4

5

6

LCR asserts that it is a "prevailing party because on October 12, 2010, this Court entered judgment in its favor, affording it the complete relief it had sought." Dkt. No. 326 at 7:27-28.  The final decision mooting this case forecloses LCR's argument.

7

8

9

10

11

12

13

14

The Supreme Court has held that "[p]revailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." Sole v. Wyner, 551 U.S. 74, 83, 127 S. Ct. 2188, 167 L. Ed. 2d 1069 (2007) (emphasis added).  This principle is operative here because the Ninth Circuit's final decision vacated the Court's injunction, as well as the Court's "judgment . . . opinions, orders, and factual findings–indeed, all of its past rulings." Log Cabin Republicans, 658 F.3d at 1168.

15

16

17

18

19

20

21

22

23

24

25

26

27

Moreover, the court of appeals expressly forbade the collateral use of this Court's "judgment, injunction, opinions, orders, and factual findings – indeed, all of its past rulings." Id. LCR's motion for attorney's fees and expenses is such a collateral proceeding, see e.g., White v. New Hampshire Dep't. of Emp't Sec., 455 U.S. 445, 451-52, 102 S. Ct. 1162, 71 L. Ed. 325 (1982) (concluding that request for attorney's fees raised legal issues "collateral to" and "separate from" the decision on the merits); F.C.C. v. League of Women Voters, 468 U.S. 364, 373-374, n. 10, 104 S. Ct. 3106, 82 L.Ed. 2d 278 (1984) (describing issue of attorney's fees as "wholly collateral" to judgment on the merits), and thus LCR may not obtain fees based on the Court's vacated rulings and findings.   "Those now-void legal rulings and factual findings," the Ninth Circuit has held, "have no precedential, preclusive, or binding effect." Log Cabin Republicans, 658 F.3d at 1168.

28

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

At best, the judgment and injunction entered by this Court – relief that was stayed by the Court of Appeals – were merely interim rulings that did not endure to final judgment.  See Hewitt v. Helms, 482 U.S. 755, 760-61, 762, 107 S. Ct. 2672, 96 L. Ed. 654 (1987) ("even legal holdings en route to a final judgment" are "not the stuff of which legal victories are made").  Where intervening events moot the case "before judgment issue[s]," so that entry of final judgment "afford[s] the plaintiff no relief whatsoever," plaintiffs have not prevailed and thus are ineligible for fees.  Rhodes v. Stewart, 488 U.S. 1, 4, 109 S. Ct. 202, 102 L. Ed. 2d 1 (1988).  Neither the plaintiff, nor any of its members, benefitted in a real world sense from the judgment entered by this Court.  See  Rhodes, 488 U.S. at 4 (a judgment "will constitute relief . . . if, and only if, it affects the behavior of the defendant toward the plaintiff" at the time the final judgment is entered).

Watson v. County of Riverside, 300 F.3d 1092 (9th Cir. 2002), upon which LCR heavily relies, see Dkt. No. 326 at 9:6-15; 11:8-24, is inapposite because the preliminary injunction in Watson, unlike the permanent injunction here, was not (and could not) be similarly undone.  Watson, a former deputy sheriff, brought suit against the County of Riverside alleging that the County violated his constitutional rights by detaining him and compelling him to write a report concerning an incident in which he had allegedly used excessive force.  Id. at 1093-94.  Watson sought money damages and an injunction prohibiting the County from using the report during his administrative discharge proceedings.  Id. at 1094.  The Court entered the preliminary injunction Watson sought and two years later granted summary judgment to the County on all issues except one.  Id.  Because the discharge hearings had come and gone, the parties agreed that the issue was moot and the case was dismissed.  Id.

Watson then brought a petition for attorney's fees, claiming that he was a prevailing party based on the entry of the preliminary injunction.  Id.  The district court granted Watson's petition, and the County appealed to the Ninth Circuit.  Id.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -11-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

at 1094-95.  The Ninth Circuit recognized that receiving a preliminary injunction does not automatically make a litigant a prevailing party, but nonetheless concluded that Watson qualified as a prevailing party because his claim for injunctive relief was not rendered moot "after the preliminary injunction had done its job." Id. at 1096 (emphasis added).  Watson received a preliminary injunction that prohibited the County from introducing the police report at Watson's disciplinary hearing.  And, indeed, the police report was not used at Watson's hearing.  That relief could not subsequently be undone by the court of appeals, as the judgment and injunction were here.[1]

The other cases LCR relies upon, see Dkt. No. 326 at 8:10-11:24, similarly involved relief that afforded the party the very thing sought in the litigation and was relief that could not later be undone. See Carbonell, 429 F.3d at 900 n. 5 (recognizing that stay of deportation was the "primary purpose" of plaintiff's lawsuit and that the benefit obtained through the stay could not be undone when deportation proceeding was rendered moot); Californians for Alternatives to Toxics v. United States Forest Serv., 2007 WL 2993132, at * 3 (E.D. Cal. Oct. 11, 2007) (recognizing that plaintiffs obtained "the results they sought, in obtaining an injunction against defendants' use of the Record of Decision and Environmental Impact Statement at issue" and that victory was not later "undone"); Oregon v. Natural Desert Ass'n v. Lohn, 522 F. Supp. 2d 1295, 1299 (D. Or. 2007) (finding that plaintiff was prevailing party because judgment entered prior to Government's

---

[1]  In addition, in Watson, the County could have filed an interlocutory appeal as a matter of right, challenging the court's entry of the preliminary injunction, see 28 U.S.C. 1292(a)(1), but choose not to do so.  The County was thus not denied its right, as here, to appellate review.  In this case, the Government appealed the Court's judgment and injunction, and mootness "deprived the United States of the review to which it is entitled."  Log Cabin Republicans, 658 F.3d at 1168.  Because the Government was deprived of its right to appellate review, giving the Court's judgment and injunction "any effect would wrongly harm the United States."  Id.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -12-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

issuance of new superceding documents rendering the case moot "had done its job" and could not be undone).

In its motion, LCR argues that "[t]he Ninth Circuit expressly stated that it was vacating this Court's rulings only 'to clear the path completely for any future litigation,' such that those rulings could not be used collaterally in offense by other litigants." Dkt. No. 326 at 21:6-10.  The limitations "only" and "by other litigants" are not in the Ninth Circuit opinion.  The Ninth Circuit was clear that LCR cannot use the district court's judgment collaterally: "Because Log Cabin has stated its intention to use the district court's judgment collaterally, we will be clear:  It [not just "other litigants"] may not.  Nor may its members or anyone else." Log Cabin Republicans, 658 F.3d at 1168.

This Court's judgment specifically granted "Log Cabin Republicans' request to apply for attorneys' fees."  Dkt. No. 254-1 at 2:22-24.  That was the only collateral relief LCR obtained in the judgment.  Thus, when the Ninth Circuit prohibited LCR from using "the district court's judgment collaterally," it necessarily was prohibiting an award of attorney's fees.  That conclusion is reinforced by the Ninth Circuit's explanation of its order.  The Court of Appeals reasoned, "Because the case is moot and the United States may not challenge further the district court's rulings and findings, giving those rulings and findings any effect would wrongly harm the United States." Log Cabin Republicans, 658 F.3d at 1168.  There surely is no harm more tangible to the United States from the collateral proceedings related to this case than awarding fees and expenses against it in any amount – let alone the over $3 million in fees and expenses LCR requests. Dkt No. 326 at 23.

### 2.    LCR Did Not Receive the Relief It Sought

Even if LCR somehow could claim prevailing status based on the temporary and ephemeral benefit its members received from the Court's now-vacated injunction, it has failed to present any evidence that the LCR members it was

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37       -13-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

permitted to sue on behalf of in this lawsuit – Mr. Nicholson or Lt. Col. "John Doe" – benefitted from the Court's fleeting injunction.  Indeed, during most of the time the appeal was pending in this case, the injunction was stayed and could not have benefitted LCR or its members.  LCR acknowledged that it was not benefitting from the injunction when it attempted three separate times – once in the Supreme Court and twice in the Ninth Circuit – to have the stay vacated.  See Log Cabin Republicans v. U.S., 131 S.Ct. 589, 178 L. Ed. 2d 430; (2010);  Log Cabin Republicans v. U.S., 10-56634, Dkt. Nos. 9-1, 107-1 (9th Cir.)

Even when the Ninth Circuit ultimately lifted the stay, it only did so in part, and by the time the stay was partially lifted, the Government was on the verge of completing the repeal process, mitigating any benefit LCR or its members might have received from the injunction.  See id. at Dkt. No. 124.  Moreover, at that juncture, LCR expressly disclaimed any benefit to Mr. Nicholson, Mr. Doe, or anyone else, arguing that the "on-again, off-again status of the District Court's injunction benefits no-one and plays havoc with the constitutional rights of American servicemembers."  Log Cabin Republicans v. U.S., 10-56634, Dkt. Nos. 116 at 1 (9th Cir.) (emphasis added).

LCR further acknowledged that it did not receive the relief it sought when it asked the Ninth Circuit to leave the injunction in place even though DADT had been repealed.  Id. at Dkt. Nos. 129, 131.  Specifically, LCR argued that the injunction should be left in place so the Government could not reinstate the policy, id. at Dkt. Nos. 129, at 8; 131, at 9-10, and because DADT has various "collateral consequences" that remain even after appeal, id. at Dkt. Nos. 129, at 10-14; 131 at 11-12.  The Court ultimately rejected LCR's arguments and vacated the injunction. After arguing to the Ninth Circuit that the injunction was still needed and should be left in place, LCR cannot now make a credible argument to this Court that the injunction served its purpose and provided LCR with the relief it sought.

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

LCR thus has failed to carry its burden of establishing "prevailing party" status, and its request for an EAJA award should be denied on that basis.[2]

**B.     The Government's Defense Was Substantially Justified**

Even if LCR could sustain its threshold burden of showing prevailing party status, an award under EAJA is not proper here where the Government's defense in a civil action is "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The test for whether the Government is substantially justified is one of "reasonableness." Gonzales v. Free Speech Coal., 408 F.3d 613, 618 (9th Cir. 2005) (citing League of Women Voters of Cal., 798 F.2d at 1257). "Substantially justified does not mean 'justified to a high degree,' but rather 'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person." Id. "Put another way, substantially justified means there is a dispute over which "reasonable minds could differ." Id. The Government's arguments regarding standing and the merits were reasonable.

**1.     The Government's Standing Arguments Were Reasonable**

LCR based its standing upon the alleged injuries to two individuals it claimed as members, Mr. Nicholson and an unidentified John Doe. It was reasonable for the Government to argue that neither individual had standing to sue in his own right.

Mr. Nicholson was not a member of Log Cabin at the time that this suit was commenced, nor did he satisfy Log Cabin's criteria for membership at trial (Mr. Nicholson admitted he was not even a Republican). To have standing to seek the

---

[2]  LCR's assertion that is entitled to an EAJA award based upon a catalyst theory, see Dkt. 326 at 9:19-25, is also without merit.  Recovery on that basis has been affirmatively rejected by the Supreme Court in Buckhannon. 532 U.S. at 604 (rejecting the catalyst theory and explaining that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.").  However the Court thus views LCR's request for an EAJA award, it should be denied, as LCR is not a prevailing party under EAJA.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -15-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5
6
7
8
9
10
11

prospective, permanent injunction that it sought from this Court, moreover, LCR had the burden of demonstrating that its members have a prospective interest in precluding further enforcement of DADT.  <u>Summers</u> v. <u>Earth Island Inst.</u>, 555 U.S. 488, 495, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009)(denying standing to organization based on an individual who asserted "past injury rather than imminent future injury").  Although the Court relied upon Mr. Nicholson's testimony that he intended to seek reinstatement had DADT been invalidated, "[s]uch 'some day' intentions–without any description of concrete plans [to seek reinstatement into the military] . . .  do not support a finding of the 'actual or imminent' injury that [the] cases require."  <u>Summers</u>, 555 U.S. at 496 (internal quotation marks omitted); <u>Wilderness Soc., Inc.</u>, v. <u>Rey</u>, 622 F.3d 1251, 1256 (9th Cir. 2010).[3]

12
13
14
15
16
17
18
19
20
21
22

        LCR also failed to present evidence that Doe was or has been a member of LCR, nor put forward any allegation on Doe's part that he faced any realistic prospect of discharge under DADT.  While we understand that the Court found that LCR could survive summary judgment on this issue, based upon the declaration of Doe, Dkt. No. 170 at 17:25-16, the Government presented at a minimum reasonable arguments that LCR lacked standing to pursue this case.  Indeed, this Court issued a tentative ruling expressing an inclination to dismiss the case because LCR lacked standing.  <u>See</u> Dkt. No. 126.  Such a ruling would have ended the case before the Court was forced to reach the merits of LCR's constitutional challenges. Because the Government was substantially justified in challenging LCR's standing, the Court should deny LCR's motion on that additional basis.

23
24
25
26
27
28

        [3] Since the repeal of DADT, Mr. Nicholson has publicly stated that he is "considering going to law school and trying to become an officer" and has no concrete plans to apply to be reinstated to the military.  <u>See</u> James Dao, *Discharged for Being Gay, Veterans Seek to Re-enlist*, N.Y. Times, Sept. 4, 2011, available at http://www.nytimes.com/2011/09/05/us/05reenlist.html?pagewanted=all.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37        -16-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2.    **The Government's Merits Arguments Were Reasonable**

2
The Government also presented reasonable arguments on the merits.  Courts

3
have identified a number of factors that should be considered in determining

4
whether the Government's position was substantially justified.  All favor a finding

5
that the Government's defense of the DADT policy in this case was substantially

6
justified.

7
As the Ninth Circuit recognized in <u>League of Women Voters of California</u> v.

8
<u>F.C.C.</u>,  798 F.2d 1255, 1258-60 (9th Cir.1986), even though the defense of an Act

9
of Congress is not *per se* reasonable, it will almost always be "substantially

10
justified" under the EAJA, so long as the constitutionality of the underlying statute

11
"is a question upon which reasonable minds could differ." <u>Gonzales</u> v. <u>Free Speech</u>

12
<u>Coalition</u>, 408 F.3d 613, 618 (9th Cir. 2005); <u>see</u> <u>United States</u> v. <u>Marolf</u>, 277 F.3d

13
1156, 1161 (9th Cir. 2002) ("Substantially justified means justified in the main –

14
that is, justified to a degree that could satisfy a reasonable person") (internal

15
quotations omitted). In providing a mechanism for private parties to recover

16
attorney's fees against the Government in certain limited circumstances, Congress

17
did not intend to chill vigorous Government advocacy in complex or unsettled

18
areas of law where the Government's prospects for success on the merits are

19
uncertain.  "In enacting the EAJA, it is implausible that Congress intended to

20
penalize the government for defending the constitutionality of its own enactments

21
through the imposition of attorney fee liability." <u>Kiareldeen</u> v. <u>Ashcroft</u>, 273 F.3d

22
542, 550-51 (3d Cir. 2001).  "Therefore, situations in which the government's

23
defense of the constitutionality of a federal statute fails the 'substantially justified'

24
test should be exceptional." <u>Grace</u> v. <u>Burger</u>, 763 F.2d 457, 458 n.5 (D.C. Cir.

25
1985), <u>cert</u>. <u>denied</u>, 474 U.S. 1026 (1985).  This is not such a case.

26
The Supreme Court has noted, moreover, that, in deciding whether the

27
Government's position is substantially justified, "a string of losses can be

28
indicative; and even more so a string of successes." <u>Pierce v. Underwood</u>, 487

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37    -17-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1  U.S. 552, 569, 108 S.Ct. 2541, 01 L.Ed.2d 490 (1988); <u>accord</u> <u>Free Speech</u>

2  <u>Coalition</u>, 408 F.3d at 618-20.  Prior to defending against the facial challenge in

3  this case, the Government had repeatedly and successfully defended the

4  constitutionality of DADT, <u>see</u> <u>e.g.</u> <u>Cook v. Gates</u>, 528 F.3d 42, 65 (1st Cir. 2008),

5  <u>cert</u>. <u>denied</u>, 129 S. Ct. 2763 (2009); <u>Able</u> v. <u>United States</u>, 155 F.3d 628, 636 (2d

6  Cir. 1998); <u>Richenberg</u> v. <u>Perry</u>, 97 F.3d 256, 262 (8th Cir. 1996), <u>cert</u>. <u>denied</u>, 522

7  U.S. 807 (1997); <u>Thomasson</u> v. <u>Perry</u>, 80 F.3d 915, 934 (4th Cir.) (en banc), <u>cert</u>.

8  <u>denied</u>, 519 U.S. 948 (1996).  In light of these successes, the Government was

9  substantially justified  in defending the statute before this Court.

10      Indeed, the Government was proceeding to defend this matter on appeal at

11  the time the case was rendered moot, and it acted reasonably in doing so.  It is well

12  established that "'judicial deference . . . is at its apogee' when Congress legislates

13  under its authority to raise and support armies." <u>Rumsfeld</u> v. <u>Forum for Academic</u>

14  <u>& Inst. Rights, Inc.</u>, 547 U.S. 47, 58 (2006) (quoting <u>Rostker</u>, 453 U.S. at 70), and

15  the Government could properly and reasonably rely on that deference to mount a

16  defense of the statute.  And while Congress enacted the DADT Repeal Act calling

17  for the potential and orderly repeal of the statute after the Court's ruling, the

18  Government also properly defended that enactment on appeal under the same

19  principles of judicial deference that apply to matters of military policy.  In

20  opposing heightened scrutiny in this case, defendants relied on arguments similar

21  to those that had repeatedly prevailed before courts of this Circuit and other courts.

22  Even after <u>Lawrence</u>, the only court of appeals to rule on whether Section 654 was

23  facially constitutional upheld the statute on the basis of the deference traditionally

24  afforded to the Legislative and Executive Branches in the military context.  <u>See</u>

25  <u>Cook</u>, 528 F.3d at 60; <u>cf</u>. <u>Witt</u>, 527 F.3d at 821-822.[4]   In light of the legal

26

27      [4] In addition, four Ninth Circuit Judges, who voted for *en banc* review of the
   Court's Decision in <u>Witt</u>, 527 F.3d 806, noted that challenges to DADT are

28  distinguishable from <u>Lawrence</u>.  <u>Witt</u> v. <u>Air Force</u>, 548 F.3d at 1265-81.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37        -18-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1    authority supporting this point, including other judicial decisions in this Circuit,

2    the Government's position  cannot be characterized as without substantial

3    justification.

4        The Government also had a reasonable basis to believe that it would have

5    prevailed on its appeal of the Court's ruling on LCR's First Amendment claim. The

6    Government contended that Section 654 created a rebuttable presumption that an

7    individual who identifies himself or herself as gay or lesbian intends or has a

8    propensity to engage in homosexual conduct (for which conduct the service

9    member may be discharged).  The Supreme Court has recognized that "[t]he First

10   Amendment . . . does not prohibit the evidentiary use of speech . . . to prove motive

11   or intent."  Wisconsin v. Mitchell, 508 U.S. 476, 489, 113 S. Ct. 2194, 124 L. Ed.

12   2d 436 (1993); Wayte v. United States, 470 U.S. 598, 611, 105 S.Ct. 1524, 84 L.

13   Ed. 2d 547 (1985).  For that reason, all of the courts of appeal to have considered

14   such challenges have uniformly concluded that Section 654 does not violate the

15   First Amendment.  See Able v. United States, 88 F.3d 1280, 1296 (2d Cir. 1996));

16   Holmes v. California Nat'l Guard, 124 F.3d 1126, 1136 (9th Cir. 1997), cert.

17   denied, 525 U.S. 1067 (1999); Richenberg, 97 F.3d at 262-263; Thomasson, 80

18   F.3d at 931-934.

19       The Government, finally, presented reasonable arguments on the scope of

20   relief afforded by the Court.  The Court's injunction, which enjoined application of

21   Section 654 to any member of the military anywhere in the world, rather than to

22   just the two individuals whose interests the Court found LCR had standing to

23   represent, amounted to classwide relief where none was even sought by LCR.  The

24   Government's position was based on the well-founded principle that injunctive

25   relief is an extraordinary remedy and "should be no more burdensome to the

26   defendant than necessary to provide complete relief to the plaintiffs."  Califano v.

27   Yamasaki, 442 U.S. 682, 702, 99 S. Ct. 2545, 61 L. Ed. 2d 176 (1979); see

28   Monsanto Co. v. Geertson Seed Farms, 130 S. Ct. 2743, 2760, 1772 L. Ed. 461

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37        -19-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

(2010) (narrowing injunction in part because the plaintiffs "do not represent a class, so they could not seek to enjoin such an order on the ground that it might cause harm to other parties").

The Government's position thus was firmly supported throughout.  But even had the Government ultimately lost on the merits of its appeal (which, as stated, did not occur here), such a loss itself  "does not raise a presumption that its position was not substantially justified."  Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988).  See also H.R. Rep. No. 96-1418, at 11 (1980), reprinted in 1980 U.S.C.C.A.N. 4984, 4989-90; Cooper v. United States R.R. Ret. Bd., 24 F.3d 1414, 1416 (D.C. Cir. 1994) (explaining that whether the Government's position is substantially justified is analytically distinct from whether its merits position was right or wrong).  In Kali, for example, the Ninth Circuit affirmed a finding that the Government was substantially justified under the EAJA even though every court to have considered the merits of the Government's position had rejected it.  Kali, 854 F.2d at 334 & n.5.  Likewise, in Bay Area Peace Navy v. United States, 914 F.2d 1224 (9th Cir. 1990), the Ninth Circuit held that the district court had abused its discretion in awarding attorney's fees under the EAJA because, although the Coast Guard's 75-yard security zone violated the First Amendment, it was not unreasonable for the Government to try to uphold that policy in litigation.  Id. at 1230-31.  See also Al-Harbi v. INS, 284 F.3d 1080 (9th Cir. 2002) (rejecting Government position but denying attorney's fees under EAJA); United States v. Rubin, 97 F.3d 373 (9th Cir. 1996) (same).

Moreover, the Government recognizes that the Court in this action was presented with a number of novel and complex issues. In light of the Ninth Circuit's decision in Witt, the Court was confronted with determining the correct standard of review for LCR's substantive due process claim following that decision.  The Court concluded first that the heightened standard of review from Witt did not apply and that the case was governed by rational basis, and then

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -20-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

determined later that the heightened standard of review in <u>Witt</u> applied.  The novelty of the issues presented in <u>Witt</u> further underscores the reasonableness of the Government's position, as courts have determined that the Government's position is substantially justified where, "the question of law is unresolved and of unclear resolution,"  <u>Kali</u>, 854 F.2d at 330-31, or where there is "no case law directly to the contrary." <u>Armster</u> v. <u>U.S. Dist. Court</u>, 817 F.2d 480, 483 (9th Cir. 1987).  <u>Accord</u> <u>Commodities Futures Trading Comm'n</u> v. <u>Frankwell Bullion Ltd.</u>, 99 F.3d 299, 306 (9th Cir. 1996) (case of first impression); <u>Edwards</u> v. <u>McMahon</u>, 834 F.2d 796, 802-03 (9th Cir. 1987) (case of first impression); <u>Minor</u> v. <u>United States</u>, 797 F.2d 738, 739 (9th Cir. 1986) (Government was substantially justified in "test case" presenting statutory issues "not 'subject to resolution by clear, controlling precedent'"); <u>Foster</u> v. <u>Tourtellotte</u>, 704 F.2d 1109, 1113 (9th Cir. 1983) (per curiam) (Government was substantially justified in the "complete absence of helpful precedent."); <u>Bresgal</u> v. <u>Brock</u>, 637 F. Supp. 278, 279 (D. Or. 1985) (Government's position substantially justified where no court has directly ruled on the question and statute is ambiguous).

The cases cited by plaintiffs are not the contrary.  <u>Meinhold</u> v. <u>Dept. of Defense</u>, 123 F.3d 1275 (9th Cir. 1997), for example, <u>see</u> Dkt. 326 at 12:24-13:3, addressed the question of the misapplication of the DADT regulations, and the court in <u>Meinhold</u> "express[ed] no opinion" regarding whether a fee award would be appropriate in as-applied challenge to the DADT regulations, 123 F.3d at 1280, much less a facial challenge to the policy, as here.  <u>United States</u> v. <u>Marolf</u>, 277 F.3d 1156 (9th Cir. 2002), which LCR also relies on, is similarly distinguishable, as it also did not involve a facial challenge to a statute.  LCR has not cited, and the Government has not located, even one case where EAJA fees were awarded based on the Government's defense of a facial challenge to an Act of Congress.

The Government repeatedly sought to stay this case so the political branches could address the DADT statute and this controversy.  Rather than join the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -21-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Government's motions for a stay so the parties and the Court could preserve their time and resources, LCR doggedly opposed a stay and charged ahead with expansive discovery and a two-week trial. To the extent LCR incurred fees or other expenses, the Court should not now require the Government to shoulder that expense. LCR's motion for such an award under EAJA should be denied.

## II.    LCR Is Also Not Entitled to Fees under Rule 37(c)(2)

LCR's request for almost $2.3 million in sanctions under Rule 37(c)(2) is similarly flawed.

Under Rule 37(c)(2), if a party fails to admit a request for admission and the matter at issue in the request is later proved "true," the requesting party can seek its reasonable expenses, including attorney's fees, incurred in developing that proof, and the court must order such expenses unless "(A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." During the course of this litigation, LCR propounded three related RFAs, numbered 3, 4, and 5: (3) admit that DADT does not contribute to our national security; (4) admit that DADT weakens our national security; and (5) admit that discharging service members pursuant to DADT weakens our national security. The Government ultimately denied each of these RFA's based on Congress' conclusion when enacting DADT that the policy was necessary to ensure military capability. *See* 10 U.S.C. 654(a)(13-15). LCR now claims that it proved the "truth" of these requests and is entitle to fees and expenses under Rule 37(c)(2). That argument should be rejected.

### A.    LCR Cannot Rely on the Court's Vacated Findings of Fact

LCR cannot establish that it is entitled to a discovery sanction under Rule 37(c)(2) based on the Court's factual findings because those findings have been

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37    -22-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1
2
3
4
5
6
7

vacated.[5]  As explained above, the Ninth Circuit explicitly vacated the District Court's "factual findings" and explained that "giving those rulings or findings any effect would wrongly harm the United States."  <u>Log Cabin Republicans</u>, 658 F.3d at 1168. Here, LCR is asking the Court to give the vacated factual findings the effect of rendering LCR eligible for fees under Rule 37(c)(2).  LCR's  motion for fees under Rule 37(c)(2) is inconsistent with the Ninth Circuit order and, accordingly, should be denied on that basis.

8
9

**B.     LCR Has Not Proven in This Litigation the Truth of a Matter that the Government Denied**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Even if LCR could escape the ruling of the Ninth Circuit, it nevertheless is not entitled to fees under Rule 37(c)(2) because it cannot show that it proved matters that the Government denied in RFAs.  LCR bases its motion for fees on RFAs 3, 4, and 5, each of which addressed DADT's effect on national security: (3) Admit that DADT does not contribute to our *national security*; (4) Admit that DADT weakens our *national security*; and (5) Admit that discharging service members pursuant to DADT weakens our *national security*.  Yet, the Court never issued a factual finding addressing DADT's effect on national security.  LCR's motion underscores this fact.  Rather than point to a specific factual finding that is directly on point, LCR catalogues dozens of the Court's factual findings, none of which directly addresses DADT's effect on national security.  Dkt. No. 326, at 16:2-16.  Because the Court did not issue a factual finding addressing DADT's effect on national security, LCR cannot show that it proved in this litigation a matter that the Government denied in an RFA, and its motion for fees under Rule 37(c)(2) should be denied on this threshold ground.  <u>See</u> <u>United States v. Menominee Tribal Enter.</u>, 2010 WL 2465505, *9 (E.D. Wis. 2010) (rejecting

26
27
28

---

[5] As set forth below, the Court made no specific factual findings regarding national security that would have proved the truth of the matter denied by the government in any event.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37     -23-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1   defendants' Rule 37 fee request because "the jury verdict in the Defendants' favor

2   does not specifically speak to the matters set forth in Defendants' requests").

3   **C.    Rule 37(c)(2)'s Exceptions Apply Here**

4       Even when Rule 37 is applicable, however, it contains four exceptions that

5   apply when  "(A) the request was held objectionable under Rule 36(a); (B) the

6   admission sought was of no substantial importance; (C) the party failing to admit

7   had a reasonable ground to believe that it might prevail on the matter; or (D) there

8   was other good reason for the failure to admit."  Exceptions C and D apply in this

9   case.

10      Under subsection (C), fees are not appropriate if  "the party failing to admit

11  had a reasonable ground to believe that it might prevail on the matter."  As the

12  Ninth Circuit has noted, the "true test" under this exception "is not whether a party

13  prevailed at trial but whether he acted reasonably in believing that he might

14  prevail.'"  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994)

15  (quoting Fed. R. Civ. P. 37(c), Advisory Committee Notes on 1970 Amendment).

16  The Government acted reasonably in believing that it would prevail on the matter

17  addressed in LCR's RFAs.  As noted above, LCR's RFAs 3, 4, and 5 addressed the

18  impact of the DADT policy on national security.  While President Obama made

19  statements indicating that he believed that DADT harmed national security, and the

20  Government acknowledged those statements in its responses to LCR's RFAs, the

21  First Circuit in Cook had determined that Congress in enacting DADT had reached

22  the opposite conclusion: "[T]here is a detailed legislative record concerning

23  Congress' reasons for passing the Act. This record makes plain that Congress

24  concluded, after considered deliberation, that the Act was necessary to preserve the

25  military's effectiveness as a fighting force, 10 U.S.C. § 654(a)(15), and thus, *to*

26  *ensure national security.*"  Cook, 528 F.3d at 60 (emphasis added).  The First

27  Circuit then relied on Congress' conclusion to rule for the Government on the

28  plaintiffs' substantive due process challenges.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37        -24-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

Here, the Government attempted to explain that the executive and legislative branches had differing views with respect to DADT's impact on national security, but the Court ordered the Government to provide an unequivocal response. The Government based its response to LCR's RFAs on Congress' determinations at the time it enacted DADT, and thus denied the RFAs. The Government's position was in accord with the case law and the consistent position it had taken in defending other DADT cases, including <u>Cook</u>. Accordingly, the Government had a reasonable belief that it might prevail on the matter.

For the very same reasons, the exception to Rule 37(c) set forth in Subsection (D) also applies. Because of the differing views of the executive branch and legislative branch when it enacted DADT, and the existing case law supporting the Government's position, "there was other good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2)(D).[6]

## CONCLUSION

For the foregoing reasons, the Court should deny LCR's motion for fees and expenses.

---

[6] Even if LCR were eligible for attorney's fees under Rule 37, it has not pointed to an "unequivocally expressed" waiver of sovereign immunity or "establish[ed] unambiguously that the waiver extends to monetary claims." <u>United States</u> v. <u>Nordic Village, Inc.</u>, 503 U.S. 30, 34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992); <u>but see United States</u> v. <u>Nat'l Medical Enters., Inc.</u>, 792 F.2d 906, 910-11 (9th Cir.1986) (upholding penalty against Government imposed under Fed. R. Civ. P. 37(b) without addressing sovereign immunity); <u>Mattingly</u> v. <u>United States</u>, 939 F.2d 816, 818 (9th Cir.1991) (finding waiver of sovereign immunity for Fed. R. Civ. P. 11); <u>Barry</u> v. <u>Bowen</u>, 884 F.2d 442, 444 (9th Cir.1989) (same).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37          -25-

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543

1

2    Dated: February 6, 2012                    Respectfully submitted,

3                                               TONY WEST
                                                Assistant Attorney General

4                                               ANDRÉ BIROTTE, JR
                                                United States Attorney

5
                                                JOSEPH H. HUNT
6                                               Director

7                                               VINCENT M. GARVEY
                                                Deputy Branch Director

8
                                                /s/ Ryan B. Parker
9                                               PAUL G. FREEBORNE
                                                RYAN B. PARKER
10                                              U.S. Department of Justice,
                                                Civil Division
11                                              Federal Programs Branch
                                                20 Massachusetts Ave., N.W.
12                                              Room 6108
                                                Washington, D.C.  20044
13                                              Telephone: (202) 353-0543
                                                Facsimile: (202) 616-8202
14                                              paul.freeborne@usdoj.gov

15                                              *Attorneys for Defendants United
                                                States of America and Secretary of
16                                              Defense*

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION  FOR AN
AWARD OF ATTORNEY'S FEES AND EXPENSES UNDER THE
EQUAL ACCESS TO JUSTICE ACT AND FED. R. CIV. P. 37

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS BRANCH
P.O. BOX 883, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 353-0543