# PRIORITY SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   CV 04-08425-VAP (Ex)                    Date:  March 15, 2012

Title:   LOG CABIN REPUBLICANS -*v*- UNITED STATES OF AMERICA and
         ROBERT M. GATES, SECRETARY OF DEFENSE, in his official
         capacity
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                         None Present
        Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

        None                               None

PROCEEDINGS:        MINUTE ORDER GRANTING PLAINTIFF'S MOTION FOR
                    ATTORNEYS' FEES (IN CHAMBERS)

        Before the Court is a Motion for Attorneys' Fees ("Motion") filed by Plaintiff Log
Cabin Republicans ("Plaintiff")**.**  (Doc. No. 326.)  After considering the papers and
arguments in support of, and in opposition to, the Motion, the Court GRANTS the
Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY
        On September 9, 2010, this Court ruled in favor of Plaintiff on the first and
second claims in its First Amended Complaint, finding the "Don't Ask, Don't Tell" Act

("the Act" or "Don't Ask, Don't Tell"), 10 U.S.C. § 654,[1] violated the First and Fifth Amendments to the United States Constitution.[2]  (Doc. No. 232.)  Plaintiff, a nonprofit corporation whose membership includes current, retired, and former homosexual members of the U.S. armed forces, challenged as "restrictive, punitive, . . . discriminatory," and unconstitutional the Don't Ask, Don't Tell policy of Defendants United States of America and Robert M. Gates ("Defendants"), including both the statute codified at 10 U.S.C. § 654 and the implementing Department of Defense regulations.  (See First Am. Compl. ("FAC") (Doc. No. 25).)

## A.    Permanent Injunction

On October 12, 2010, the Court ruled that Plaintiff was entitled to a permanent injunction, having established at trial that the Don't Ask, Don't Tell Act irreparably injured servicemembers by infringing their fundamental rights and violating (a) the substantive due process rights guaranteed under the Fifth Amendment to the United States Constitution, and (b) the rights to freedom of speech and to petition the Government for redress of grievances guaranteed by the First Amendment to the United States Constitution.  (See Oct. 12, 2010, Order ("Oct. 12 Order") (Doc. No. 249) at 3; Am. Mem. Op. (Doc. No. 250) at 85.)  The Court found there was no adequate remedy at law to prevent the continued violation of servicemembers' rights or to compensate them for violation of their rights, and therefore granted Plaintiff's

---

[1] Codified in statute at 10 U.S.C. § 654 and implemented by regulations comprising Department of Defense Directives 1332.14 (1993), 1332.30 (1997), and 1304.26 (1993), as modified by Department of Defense Instructions 1332.14 (2008) (incorporating March 29, 2010, changes) and 1332.30 (2008) (incorporating March 29, 2010, changes), and repealed (September 20, 2011, by the Don't Ask, Don't Tell Repeal Act of 2011, Pub. L. No. 111-321, 124 Stat. 3515 (2010)).

[2] The Court issued its Amended & Final Memorandum Opinion on October 12, 2010, finding Plaintiff had established standing to bring and maintain the suit on behalf of its members, had demonstrated the Don't Ask, Don't Tell Act violated the constitutional rights of its members, and therefore had demonstrated it was entitled to a permanent injunction barring further enforcement of the Act.  (Am. Mem. Op. (Doc. No. 250) at 1.)

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

Request for a Permanent Injunction, in part.  (Oct. 12 Order at 3.)

On October 12, 2010, the Court also issued its Amended & Final
Memorandum Opinion, reiterating its finding that Plaintiff had established standing to
bring and maintain the suit on behalf of its members, had demonstrated the Don't
Ask, Don't Tell Act violated the constitutional rights of its members, and therefore
was entitled to a permanent injunction barring further enforcement of the Act.  (Am.
Mem. Op. at 1.)  The Court entered the injunction on October 12, 2010.

The permanent injunction enjoined Defendants and their agents, servants,
officers, employees, and attorneys from enforcing or applying the Don't Ask, Don't
Tell Act and its implementing regulations against any person under their jurisdiction
or command.  (Id. at 14-15.)  The Court found that the complete invalidation of the
Don't Ask, Don't Tell Act prevented Defendants from defending the constitutionality
of the Don't Ask, Don't Tell Act in other courts.  (Id. at 9.)  The Court also ordered
Defendants to suspend immediately and discontinue any investigation, or discharge,
separation, or other proceeding, that may have been commenced under the Don't
Ask, Don't Tell Act, or its implementing regulations.[3]  (Id. at 15.)

## B.    Defendants' Application to Stay
On October 14, 2010, Defendants filed an "Emergency Application to Stay
Pending Appeal" the Court's October 12, 2010, judgment and permanent injunction.
(Doc. No. 253.)  Defendants concurrently entered a Notice of Appeal.  (Doc. No.
254.)  Defendants argued the injunction would irreparably harm the public interest in
a strong and effective military because it would require "an immediate and dramatic
change in policy," without allowing sufficient time to refashion the military's policy in
an "orderly and comprehensive way."  (Appl. to Stay (Doc. No. 253) at 4-5.)
Defendants noted that "[t]he President, Secretary of Defense, and Chairman of the
Joint Chiefs of Staff have all announced their support for a repeal of [the Don't Ask,
Don't Tell Act]," but that the administration believed the repeal should be done in "an

_____

[3] In its order granting the permanent injunction, the Court also granted
Plaintiff's request to file an application for EAJA fees.  (Oct. 12 Order at 15.)

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

orderly way."[4]  (Id. at 6.)

In their Application, Defendants stressed the widespread effects of ending the Don't Ask, Don't Tell Act.  Defendants noted that "thousands of military personnel have enforced the [Don't Ask, Don't Tell] statutory policy for many years," and thus, the end of the policy would require extensive training and instruction.  (Id.)  The end of the policy, Defendants asserted, would also need to be communicated to "millions of personnel at issue," and the injunction would "operat[e] precipitously and directly on all military and civilian Defense Department personnel throughout the world."  (Id. at 9-10.)

The Court rejected Defendants' cataclysmal predictions, and denied their Application for Stay on October 20, 2010.  (Doc. No. 261.)  The Court noted that Defendants provided no evidence demonstrating the alleged disruption or need to revise "'dozens of policies and regulations.'"  (Oct. 20, 2010, Order (Doc. No. 261) at 2 (quoting Stanley Decl. ¶¶ 22-26, 35-36).)  The Court also found that the injunction would not impede Defendants' stated goals of amending policies and regulations and developing education and training programs.  (Id. at 3.)  The Court noted that Defendants had presented no evidence at trial to show that a cessation of the discharge of military personnel under the Don't Ask, Don't Tell policy would harm military readiness and unit cohesion, and that the "vague and conclusory" evidence belatedly presented in the Application did not meet Defendants' burden to obtain a stay.  (Id.)

The Court next addressed the four factors laid out in Nken v. Holder to

---

[4] Defendants did not elaborate on what an "orderly way" of repealing the Act necessitated, other than endorsing the "thorough study and plan" the Department of Defense Comprehensive Review Working Group was completing.  (Appl. for Stay at 6.)

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

determine whether to grant a stay.[5]  556 U.S. 418, ___, 129 S. Ct. 1749, 1760-61 (2009).  The Court found that Defendants had not demonstrated a "likelihood" of success on the merits, that their appeal presented a "serious legal question," or a likelihood they would suffer irreparable harm.  (Oct. 20, 2010, Order at 3-4.)  The Court also found that a stay would force Defendants to continue violating servicemembers' constitutional rights, and hence substantially injure the other parties interested in the proceeding.  (Id. at 5-6.)  Finally, the Court found Defendants had not met their burden in showing the public interest weighed in favor of issuing a stay.  (Id. at 6.)  The evidence at trial showed that the Don't Ask, Don't Tell Act harmed military readiness and unit cohesion, and irreparably injured servicemembers by violating their fundamental rights - each of which constituted a harm the public had a compelling interest in ending.  (Id.)

## C.    Appeal of the Application to Stay

Defendants filed a Notice of Appeal on October 14, 2010.  (Doc. No. 254.)  On October 20, 2010, the Ninth Circuit stayed temporarily this Court's October 12 Order enjoining enforcement of Don't Ask, Don't Tell.  Log Cabin Republicans v. United States, No. 10-56634, 2010 WL 4136210 (9th Cir. Oct. 20, 2010).

On November 1, 2010, the Ninth Circuit entered a stay halting the permanent injunction, finding persuasive Defendants' arguments that the changes required to implement a new policy would require an orderly transition not possible under an immediate injunction.  (Doc. No. 284.)  The court summarized Defendants' argument that "a successful and orderly change in policy of this sort will not only require new policies, but proper training and the guidance of those affected by the change."  (Id. at 2-3.)

The Ninth Circuit then articulated three reasons for granting the stay.  First, the presumption that an Act of Congress is constitutional created "an equity in favor of

---

[5] These factors include: (1) the proponent's likelihood of success on the merits; (2) the likelihood the proponent will suffer irreparable harm absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Nken, 129 S. Ct. at 1760-61.

MINUTES FORM 11                                    Initials of Deputy Clerk __md__
CIVIL -- GEN                      Page 5

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

the government when balancing the hardships in a request for a stay pending appeal." (Id. at 3 (citing Bowen v. Kendrick, 483 U.S. 1304 (1987)).) Second, judicial deference should be "'at its apogee'" when reviewing Congressional judgment bearing on military capability and readiness. (Id. at 4 (quoting Rumsfeld v. Forum for Academic & Institutional Rights, 547 U.S. 47, 58 (2006)).) Third, as this Court's analysis and conclusions arguably contradicted decisions in other Circuit Courts of Appeal, principles of comity required that the Court not grant relief that would substantially interfere with "'the established judicial pronouncements of such sister circuits.'" (Id. at 4-5 (quoting United States v. AMC Entm't, Inc., 549 F.3d 760, 773 (9th Cir. 2008)).)

On July 6, 2011, the Ninth Circuit lifted the November 1, 2010, stay on this Court's judgment and permanent injunction, finding that Defendants could no longer satisfy the standard for issuance of a stay, and noting that Defendants no longer contended that the Don't Ask, Don't Tell Act was constitutional. Log Cabin Republicans v. United States, Nos. 10–56634, 10–56813, 2011 WL 2637191, at *1 (9th Cir. July 6, 2011).[6]

On July 15, 2011, the Ninth Circuit reinstated temporarily the November 1, 2010, stay in part. This order, however, included a critical exception providing for partial equitable relief: this Court's judgment would continue in effect "insofar as it enjoin[ed] [Defendants] from investigating, penalizing, or discharging anyone from the military pursuant to the Don't Ask, Don't Tell policy." Log Cabin Republicans v. United States, Nos. 10–56634, 10–56813, 2011 WL 2982102, at *1 (9th Cir. July 15, 2011). On July 22, 2011, after receiving additional briefing, the Ninth Circuit made

this reinstatement permanent during the pendency of the appeal. (July 22, 2011 Order (Doc. No. 320).)

_____

[6] The Ninth Circuit noted that Defendants did not contend that the Don't Ask, Don't Tell Act was constitutional, and in fact, the government had recently taken the position that classification based on sexual orientation should be subject to heightened scrutiny. Log Cabin, 2011 WL 2637191, at *1.

MINUTES FORM 11                                    Initials of Deputy Clerk __md__
CIVIL -- GEN                    Page 6

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

## D.   Judgment Found Moot and Vacated

On September 29, 2011, the Ninth Circuit found the final repeal of the Don't Ask, Don't Tell Act on September 20, 2011, rendered the case moot.  Log Cabin Republicans v. United States, 658 F.3d 1162 (9th Cir. 2011).  As the repeal gave Log Cabin "everything" its complaint "hoped to achieve," there was no longer "'a present, live controversy of the kind that must exist'" for the court to reach the merits.  Id. at 1166 (quoting Chem. Producers & Distribs. Ass'n v. Helliker, 463 U.S. 871, 876 (9th Cir. 2006)).

The court then followed the "'established' practice when a civil suit becomes moot on appeal" and vacated this Court's judgment, injunction, opinions, orders, and factual findings, and remanded for dismissal of the complaint.  Id. at 1167 (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)).

# II. LEGAL STANDARD AND ANALYSIS

## A.   EAJA Fees

"Section 204(d) of the Equal Access to Justice Act (EAJA), codified in 28 U.S.C. § 2412(d), provides in pertinent part that 'a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified.'"  Astrue v. Ratliff, 560 U.S. ___, 130 S. Ct. 2521, 2524 (2010).  This stands as a unique exception to the "American Rule" that "each litigant bear [her] own attorney's fees."  Id. at 2525 (citations and internal quotations omitted).

The parties do not dispute that this case falls within the scope of the EAJA because it is a civil suit in which Plaintiff sought declaratory and injunctive relief against the enforcement of the Don't Ask, Don't Tell Act.  (Mot. at 7.)  Plaintiff


argues it is entitled to attorneys' fees under the EAJA because it was the prevailing

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

party, and Defendants' position was not substantially justified.[7]  (Mot. at 6.)

Defendants contend, however, that Plaintiff is not entitled to fees under the EAJA because Plaintiff has not met its burden of establishing that it is a prevailing party.  (Opp'n at 9-14.)  Defendants argue Plaintiff must show not only that it achieved a "material alteration of the legal relationship of the parties," but must also satisfy the additional criteria that the "alteration must be judicially sanctioned." (Opp'n at 9 (citing Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005)).)  And, since the Ninth Circuit vacated this Court's judgment and injunction, finding this Court's past rulings have no precedential, preclusive, or binding effect on any future litigation, Plaintiff cannot rely on relief obtained under the permanent injunction for the "collateral proceeding" of moving for attorneys' fees.  (Opp'n at 10.)

## 1.    Prevailing Party

A litigant must meet two criteria to qualify as a prevailing party: 1) she must achieve a material alteration of the legal relationship of the parties; and 2) that alteration must be judicially sanctioned.  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-05 (2001); Carbonell, 429 F.3d at 898.

### a.    Material Alteration of the Legal Relationship of the Parties

Relying on Carbonell, Plaintiff argues that the injunctive relief provided in this Court's October 12 Order, which halted investigations and discharge of servicemembers under the Don't Ask, Don't Tell policy pending appeal, constituted a

"material alteration in the legal relationship between the parties," and therefore permits the award of attorneys' fees.  (Mot. at 8.)

———————————————

[7] Plaintiff also claims it meets the other requirements for an award of attorneys' fees and expenses under the EAJA because it is an organization whose net worth did not exceed $7 million, and which had fewer than 500 employees, at the time the case was filed.  (Mot. at 6 (citing 28 U.S.C. § 2412(d)(2)(B)).)  Defendants do not dispute this and the Court finds Plaintiff meets the requirements of 28 U.S.C. § 2412(d)(2)(B).  (See Decl. of Clarke Cooper (Doc. No. 326-3) ¶ 3.)

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

In Carbonell, the Ninth Circuit found that an alien was a "prevailing party" for purposes of obtaining EAJA fees because a court-sanctioned voluntary stipulation, which stayed his deportation, "awarded him a substantial portion of the relief he sought," even though the underlying action for ineffective assistance of counsel ultimately was dismissed.  429 F.3d at 895-97.  The court found that the plaintiff satisfied the "material alteration" prong because before the district court issued its order incorporating the stipulated stay, the INS had the authority to deport the plaintiff immediately.  Id. at 899.  The court reasoned the stipulation materially altered the legal relationship between the parties "because the defendants were required to do something directly benefitting the plaintiff[ ] that they otherwise would not have had to do," i.e., refrain from deporting the plaintiff.  Id. at 900 (citations omitted).  Here, as in Carbonell, when this Court entered the injunction it directly benefitted Plaintiff by – even temporarily – preventing the military from doing something it was otherwise authorized to do: investigating or discharging service members for violating the Act.[8]

Defendants nevertheless attempt to distinguish Carbonell.  They argue the relief afforded in that case – the stay of the plaintiff's deportation – could not be nullified later when the deportation proceeding was rendered moot, unlike the relief provided here which was merely temporary.  (Opp'n at 12.)  Defendants' argument fails, however, because the relief provided in this case became permanent with the final repeal of the Act on September 20, 2011.  The investigations and discharges that had ceased after the lift of the stay on July 6, 2011, could not be reinitiated when the case was rendered moot since the Don't Ask, Don't Tell Act had been completely repealed.  Log Cabin, 658 F.3d at 1165.  In other words, Defendants

───────────────────

[8] Even assuming the Ninth Circuit's final opinion vacating this Court's judgment and previous orders applies to tangential effects of this Court's orders, the Ninth Circuit's lift and reimposition of the stay satisfies the "material alteration" prong; when it lifted and subsequently reinstated the stay, the Ninth Circuit barred Defendants from "investigating, penalizing, or discharging anyone from the military pursuant to the Don't Ask, Don't Tell policy."  Log Cabin, 2011 WL 2982102, at *1. This provided a benefit to Plaintiff by preventing Defendant from doing something it was otherwise authorized to do.

MINUTES FORM 11                                    Initials of Deputy Clerk __md__
CIVIL -- GEN                        Page 9

could never "undo" the retention of servicemembers who otherwise might have been discharged under the Don't Ask, Don't Tell policy.  Hence, the relief gained during the pendency of the injunction could never be nullified.

Defendants also attempt to distinguish Carbonell, by arguing that the "primary purpose" of this suit was not achieved.  (Opp'n at 12-13.)  But, just as the stay of the deportation was the "primary purpose" of the plaintiff's lawsuit in Carbonell, so was the pursuit of equitable relief in this case.  So important to Plaintiff was the injunctive relief preventing investigation and discharge of servicemembers that Plaintiff continued to file requests to lift the stay even after Defendants abandoned their defense of the Act, and Congress signed the repeal of the Don't Ask, Don't Tell Act into law.  The argument that this was not a "primary purpose" of the litigation flies in the face of the record here.

Plaintiff also relies on a case involving the attorneys' fees provision of 42 U.S.C. § 1988,[9] in which the Ninth Circuit affirmed an award of attorneys' fees for a plaintiff who obtained a preliminary injunction, but recovered no other relief sought in the lawsuit.  (Mot. at 9 (citing Watson v. Cnty. of Riverside, 300 F.3d 1092, 1093 (9th Cir. 2002)).)  There, the Ninth Circuit found the plaintiff was a "prevailing party" even though the underlying case had become moot and the claim for permanent injunctive relief was not decided on the merits.  Watson, 300 F.3d at 1096.  The court reasoned that because the preliminary injunction "accomplished one of the main purposes of his lawsuit," the plaintiff was a prevailing party even though the case

_____

[9] In Perez-Arellano v. Smith, 279 F.3d 791, 794 (9th Cir. 2002), the Ninth Circuit applied the Supreme Court's interpretation of "prevailing party" in Buckhannon - a case involving the fee-shifting provisions of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12205 - to the fee shifting provision in the EAJA. The court reasoned that "the Supreme Court's express rule of decision sweeps more broadly and its reasoning is persuasively applicable to an award of attorney's fees under the EAJA."  Id.  This Court therefore finds it appropriate to consider precedent interpreting the term "prevailing party" in 42 U.S.C. § 1988
actions for purposes of ruling on this Motion for Attorneys' Fees under the EAJA.

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

was "not decided on the merits" and "was rendered moot." Id. Watson is applicable here. As stated above, four courts' orders – this Court's October 12 Order, and the Ninth Circuit's July 6, 15 and 22 Orders – prevented Defendants from investigating or discharging service members under the Act even though the case was ultimately rendered moot and not decided on the merits; hence, Plaintiff accomplished one of the main purposes of its suit.

Defendants attempt to distinguish Watson by arguing that the relief provided there became permanent. (Opp'n at 11-12.) Defendants contend that in Watson, the relief granted in the preliminary injunction - prohibiting the defendant from introducing a police report at the plaintiff's disciplinary hearing - "'had done its job'" and could not be nullified even though the plaintiff's constitutional challenge was ultimately moot. (Id. at 12 (quoting Watson, 300 F.3d at 1096).)

As discussed above, however, the injunctive relief in the three month period leading up to the final repeal of the Act was permanent. Since the Repeal Act permanently ended investigation and discharge of servicemembers under the Don't Ask, Don't Tell policy, those servicemembers retained as a result of the injunctive relief would never face discharge under the Act. Thus, Plaintiff prevailed by obtaining a permanent benefit from this temporary injunctive relief.

Next, Defendants attempt to distinguish Watson by noting that there, the County could have filed an interlocutory appeal of the preliminary injunction, even though it did not. (Opp'n at 12.) The County therefore was not denied appellate review of the injunction. (Id.) Defendants argue that mootness here denied Defendants "the review to which [they are] entitled." (Opp'n at 12 (citing Log Cabin, 658 F.3d at 1168).) Thus, to give any effect to this Court's judgment and injunction would "wrongly harm" Defendants. (Id.)

Defendants' argument is, in essence, that a court can never award attorneys' fees in cases where an appellate court has not had the opportunity to review the injunctive relief creating the "prevailing party" status. In other words, according to Defendants, there must be a merits ruling on the equitable relief. But, the Ninth

MINUTES FORM 11                              Initials of Deputy Clerk __md__
CIVIL -- GEN                    Page 11

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

Circuit has held in several instances that "a final judgment on the merits is not a condition precedent to obtaining the status of a 'prevailing party.'"  UFO Chuting of Haw. Inc. v. Smith, 508 F.3d 1189, 1197 (9th Cir. 2007) (quoting Hanrahan v. Hampton, 446 U.S. 754, 756-57 (1980) (per curiam)); see also Paulson v. City of San Diego, 475 F.3d 1047 (9th Cir. 2007) (remanding case to district court to determine whether the plaintiffs were entitled to attorneys' fees where the appeals were mooted by the passage of legislation and the relevant district court order was vacated); Carbonell, 429 F.3d 894; Watson, 300 F.3d 1092; Martinez v. Wilson, 32 F.3d 1415, 1421-22 n.8 (9th Cir. 1992) (for attorneys' fees under § 1988, "[t]hat a decision favorable to a section 1983 plaintiff is later vacated as moot does not alter the plaintiff's status as a prevailing party provided the plaintiff achieved that status before the case was rendered moot"); Williams v. Alioto, 625 F.2d 845 (9th Cir. 1980).  Accordingly, Defendants' argument lacks merit.

Furthermore, nothing in the Ninth Circuit's reasoning in Watson suggests the court based its determination of "prevailing party" status on the availability of appellate review for the grant of equitable relief.  See generally Watson, 300 F.3d 1092.  Moreover, finding that Plaintiff is a "prevailing party" for purposes of obtaining fees under the EAJA does not deprive Defendants of their right to appellate review, as in determining whether Plaintiff is a "prevailing party," the Court looks only to whether there was a material alteration, and whether this alteration was the result of some judicial action, not the merits of the Court's judgment or injunction order.  Carbonell, 429 F.3d at 898-99.  Thus, the determination of prevailing party status does not rest on the collateral application of a judgment on the merits.  Id. at 899.

Additionally, Defendants had the opportunity to appeal their Application to Stay, and the Ninth Circuit addressed the merits of this Application four times.  See Log Cabin, 2010 WL 4136210;  Log Cabin, 2011 WL 2637191; Log Cabin, 2011 WL 2982102;  Log Cabin, 2011 WL 2683238.  It was this Application that determined whether or not injunctive relief would prevent servicemembers' investigation and discharge pending appeal, and it is this relief that forms the basis for Plaintiff's claim of a material alteration in the legal relationship of the parties.  Thus, even if a merits decision were a prerequisite to EAJA fees (which it is not), a finding that Plaintiff is a prevailing party for purposes of EAJA fees does not deprive Defendants of appellate

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

review on the merits of Plaintiff's claims.

As set forth above, the Court finds the lift of the stay on July 6, 2011, and the critical exception to the partial reinstatement of the stay on July 15, 2011, materially altered the legal relationship of the parties. When the Court of Appeals lifted the stay it "'force[d] the defendant[s] to do something [they] otherwise would not have to do,'" namely, halt the investigation, discipline, and discharge of servicemembers under the Don't Ask, Don't Tell Act. Richard S. v. Dep't of Developmental Servs., 317 F.3d 1080, 1087 (9th Cir. 2003) (quoting Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir. 2000)).

Even though Congress passed the Repeal Act on December 22, 2010, the lift of the stay on July 6, 2011, still materially affected the legal relationship of the parties. Neither party argues the Repeal Act offered the same relief provided in the injunction. Nor did it. Rather, the Repeal Act specified Don't Ask, Don't Tell would remain in full force and effect until 60 days after the prerequisites to repeal were satisfied. See Don't Ask, Don't Tell Repeal Act of 2010, Pub. L. No. 111–321, 124 Stat. 3515 (2010). These prerequisites included: 1) receipt by the Secretary of Defense of a report determining the impact of repeal; and 2) certification by the President, Secretary of Defense, and Chairman of the Joint Chiefs of Staff that they had considered the report's recommendations and were prepared to implement the repeal. Id. Hence, absent the injunction, nothing prevented Defendants from investigating and discharging servicemembers under the Don't Ask, Don't Tell policy until its final repeal on September 20, 2011.

Thus, when the Court of Appeals lifted the stay on this Court's permanent injunction on July 6, 2011, and then only partially reinstated it on July 15, 2011, Defendants were required to do something benefitting the Plaintiff that they otherwise would not have had to do.[10]  "[F]or the pertinent period of time" - the three

_____

[10] The subsequent enforcement proceeding of a permanent injunction on its own may also confer a material alteration in the parties' legal relationship. See Orantes-Hernandez v. Holder, 713 F. Supp. 2d 929, 944-47 (C.D. Cal. 2010) (citing
(continued...)

months preceding the final repeal - Plaintiff obtained a crucial part of the equitable relief it sought.  Carbonell, 429 F.3d at 901.  That the case was rendered moot "does not affect the fact that for the pertinent time period [Plaintiff] obtained the desired relief."  Williams, 625 F.2d at 847-48.  Nor does Plaintiff's failure to obtain all the relief sought alter its status as a prevailing party; the test is whether the Plaintiff prevailed "on any significant issue in litigation which achieved some of the benefit sought in bringing suit."  Carbonell, 429 F.3d at 901 n.5 (citing Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)) (internal quotations omitted).  When "a party . . . achieves the objective of its suit by means of an injunction issued by the district court[, it] is a prevailing party in that court, notwithstanding the fact that the case becomes moot, through no acquiescence by the defendant, while the order is on appeal."  Dahlem v. Bd. of Educ. of Denver Public Schs., 901 F.2d 1508, 1512 n.8 (10th Cir. 1990).

The facts presented here are also similar to those in Williams, where the plaintiff obtained a preliminary injunction to prevent the San Diego Police Department from engaging in allegedly discriminatory investigative practices while investigating a series of murders.  625 F.2d at 847.  While the appeal of the preliminary injunction was pending, the Department completed its investigation.  Id. Even though the Ninth Circuit dismissed the case as moot on appeal and vacated the preliminary injunction, it still found that plaintiffs were "prevailing parties" under 42 U.S.C. § 1988, having won the preliminary injunction.  Id. at 847-48 ("Our previous dismissal of the appeal as moot and vacation of the district court judgment does not affect the fact that for the pertinent time period appellees obtained the desired relief, upon findings by the district court that the original guidelines were unconstitutional.").

---

[10](...continued)
S.F. NAACP v. S.F. Unified Sch. Dist., 284 F.3d 1163, 1166 (9th Cir. 2002); Del. Valley, 478 U.S. at 561; Cody v. Hillard, 304 F.3d 767 (8th Cir. 2002); Plyler v. Evatt, 902 F.2d 273, 280-81 (4th Cir. 1990)).  In Orantes-Hernandez, the district court found that where a defendant moves to dissolve a permanent injunction in a later proceeding, plaintiff's successful defense will confer prevailing party status.  Id. at 947.

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

Here, the Ninth Circuit's partial lift of the stay provided a significant benefit to Plaintiff as it resulted in the halt of all investigations and discharges under the Act. The limited injunctive relief therefore constituted a material alteration in the legal relationship between the parties.  This material alteration provided a benefit to Plaintiff that was not nullified when the Ninth Circuit found the Act's repeal rendered the case moot and vacated the judgment and injunction.

**b.    Judicially Sanctioned**

"Recovery of attorney's fees requires a 'court-ordered change in the legal relationship between' the parties, in which the legal change that the plaintiff claims to have caused is 'judicially sanctioned.'"  Labotest, Inc. v. Bonta, 297 F.3d 892, 895 (9th Cir. 2002) (quoting Buckhannon, 532 U.S. at 604-05).  Such judicial sanction could take the form of an "'enforceable judgment[ ] on the merits' or a 'court-ordered consent decree[ ].'"  Carbonell, 429 F.3d at 898 (quoting Buckhannon, 532 U.S. at 604).  The Ninth Circuit has clarified, however, that the forms of "judicial action" that could render a litigant a prevailing party are not limited to the above, which merely stand as "examples" of the type of relief sufficient to convey prevailing party status.  Carbonell, 429 F.3d at 898.  Other examples of judicially-sanctioned relief include granting a preliminary injunction, see Watson, 300 F.3d at 1096, and a legally enforceable settlement agreement, see Richard S., 317 F.3d at 1086.  Even if a party does not obtain permanent injunctive relief, "a preliminary injunction issued by a judge carries all the 'judicial imprimatur' necessary to satisfy the standard of a 'prevailing party' under Buckhannon."  Watson, 300 F.3d at 1096.  Thus, a party does not need to obtain relief that is an enforceable judgment on the merits to qualify as a prevailing party.  Carbonell, 429 F.3d at 899.

Here, despite the Ninth Circuit's order vacating this Court's judgment, the relief creating the material alteration of the legal relationship of the parties was the result of "judicial sanction," first by this Court in its October 12 Order, and then thrice when the Court of Appeals lifted the stay on July 6, 2011, and then reinstated the stay with

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

the aforementioned critical exception.[11]  Though this Court's initial judgment and injunction were rendered moot by the repeal, the material alteration of the parties' legal relationship could not be characterized as anything but the result of judicial imprimatur.

    **2.**    **Substantially Justified**

    Once a party shows it is a "prevailing party" within the meaning of the EAJA, the burden shifts to the government to show that its position was substantially justified.  28 U.S.C. § 2412(d)(1)(A); Scarborough v. Principi, 541 U.S. 401, 408 (2004).  The government's "position" includes the action on which the civil litigation is based, as well as the positions the government takes during the litigation.  28 U.S.C. § 2412(d)(2)(D); Or. Natural Res. Council v. Madigan, 980 F.2d 1330, 1331 (9th Cir. 1992); Sampson v. Charter, 103 F.3d 918, 921 (9th Cir. 1996) (citing Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987)).  "The government's position must be 'substantially justified' at 'each stage of the proceedings.'"  Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991)).  Specifically, Defendants must show they were "substantially justified" in opposing the benefit which rendered the plaintiff the prevailing party.[12]

―――――――――――

    [11] Though the Court of Appeals vacated this Court's judgment, injunction, and orders, this does not erase the "judicial imprimatur" that conveyed the benefit on Plaintiff.  Even if it did, and this Court only considered the Ninth Circuit's decision to lift the stay, this on its own would signify a "judicial imprimatur," since servicemembers were entitled to rely on the Ninth Circuit's order to avoid discharge by Defendants.  The Ninth Circuit's language in its order also indicates the lifting of the stay was to act as a judicially enforceable mandate: "The circumstances and balance of hardships have changed, and appellants/cross-appellees can no longer satisfy the demanding standard for issuance of a stay."  Log Cabin, 2011 WL 2637191, at *1.  In vacating this Court's judgment and injunction, the Ninth Circuit did not erase the effect of its own orders.

    [12] For instance, in Flores, a case involving an appeal of a Social Security claim to a district court, the plaintiff became the "prevailing party" at the time her case was

(continued...)

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

See Flores v. Shalala, 49 F.3d 562, 569 & 572 n.15 (9th Cir. 1995).

Here, the Court considers Defendants' position opposing the material alteration of the legal relationship of the parties - the partial injunctive relief - to determine whether Defendants were substantially justified.[13]  To meet their burden, Defendants must establish that their conduct had "'a reasonable basis both in law and fact.'"  Id. at 569 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Defendants fail to meet this burden because their position in opposing the lift of the stay was not "justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565.  For example, in July 2011, at the same time that Defendants argued against lifting the stay, they had dropped any claim the Don't Ask, Don't Tell Act in its original form was constitutional.  Log Cabin, 2011 WL 2683238, at *1.  In fact, Defendants' position reversed so dramatically during the course of the litigation that by July 2011, they supported applying heightened scrutiny to classifications based on sexual orientation in other contexts, a position they objected to throughout trial.  Log Cabin, 2011 WL 2637191, at *1.

Defendants opposed lifting the stay even though "[t]he President, the Secretary of Defense, and the Chairman of the Joint Chiefs of Staff have now certified that the implementation of repeal of Don't Ask, Don't Tell is consistent with

---

[12](...continued)
remanded for further administrative proceedings.  49 F.3d at 569.  The government therefore had to show its position opposing remand was substantially justified – not its initial position opposing benefits.  See id. ("As the prevailing party, Flores is entitled to attorney's fees unless the Secretary shows that her position with respect to the issue on which the court based its remand was 'substantially justified.'")

[13] The Court need not address the government's justification in the underlying action, as a finding that either the government's underlying conduct or its litigation position was not substantially justified is sufficient to support a fee award under the EAJA.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

the standards of military readiness, military effectiveness, unit cohesion, and recruiting and retention of the armed forces."  (July 22, 2011 Order at 2-3.)  In their brief, Defendants advocated against the provision of any injunctive relief, including partially lifting the stay to prevent investigation, discipline, and discharge of servicemembers.  (Brief for Appellant, Log Cabin, (No. 10-56634) "Corrected Emergency Mot. Under Circuit Rule 27-3 for Recons. of Order Lifting Stay of Worldwide Inj.," July 15, 2011.)  Indeed, Defendants defended the discharge process, noting that a "more rigorous process" for evaluating discharges had been put in place, and that only one servicemember had been discharged since passage of the Repeal Act.  Id. at 3.

       The Court finds this position does not pass the reasonableness test.  Defending the continuing harm effectuated under an unconstitutional enforcement of an act does not have a reasonable basis in law.  See, e.g., Meinhold v. U.S. Dep't of Def., 123 F.3d 1275, 1278-79 (9th Cir. 1997) ("If the government's position violates the Constitution, a statute, or its own regulations, a finding that the government was substantially justified would be an abuse of discretion.") (citing Mendenhall v. Nat. Transp. Safety Bd., 92 F.3d 871, 874 (9th Cir. 1996)); Yang v. Shalala, 22 F.3d 213 (9th Cir. 1994) (government's position defending the unconstitutional application of the Social Security Act was not substantially justified).  The unconstitutional discharge of even one servicemember perpetuates a harm to that person that is irreparable.

       Despite Defendants' position that the "more rigorous process" for discharging servicemembers under the Don't Ask, Don't Tell policy provided sufficient protection, the Ninth Circuit left in place the injunctive relief preventing investigation, discipline, and discharge of servicemembers during the repeal process.  (See Jul. 22, 2011, Order at 3.)


       Defendants also contend their arguments regarding standing and the merits of Plaintiff's constitutional claims were reasonable and therefore "substantially justified."  (Opp'n at 15.)  Defendants cite to the Ninth Circuit's decision in League of

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

Women Voters of California v. FCC, 798 F.2d 1255, 1258-60 (9th Cir. 1986), to argue that the defense of an Act of Congress will almost always be "substantially justified," if the constitutionality of the underlying statute "is a question upon which reasonable minds could differ."  (Opp'n at 17 (quoting Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 1986)).)  Defendants argue that in the case of the Don't Ask, Don't Tell Act, a string of successes in defending the Act substantially justified their defense of the policy in this case.  (Opp'n at 17 (citing Pierce v. Underwood, 487 U.S. 552, 569 (1988)).)  Defendants stress that whether the government was substantially justified under the EAJA is analytically distinct from whether its merits position was ultimately vindicated.  (Opp'n at 20.)

While Defendants are correct that the EAJA analysis is distinct from a merits analysis, this does not help their argument.[14]  Defendants' burden is broader than merely showing they were substantially justified in defending the action.  Defendants must show that their positions during the course of litigation were also substantially justified.  See Corbin, 149 F.3d at 1052.  This they cannot do.  In opposing the lift of the stay, Defendants advocated for continued enforcement of Don't Ask, Don't Tell, even though Congress had passed the Repeal Act and Defendants no longer defended Don't Ask, Don't Tell as constitutional.[15]  The partial lift of the stay

_____

[14] The Court does not address whether Defendants' position on the merits of Plaintiff's constitutional claims were substantially justified, but notes that Plaintiff argues in its Motion and Reply that Defendants failed to show their arguments on the substantive constitutional issues had a reasonable basis in fact and in law.  (See Mot. at 12-13; Reply at 7-11.)

[15] At the hearing, Defendants argued they never ceased defending Don't Ask, Don't Tell as constitutional.  The record belies this claim.  In considering the lift of the stay, the Ninth Circuit noted Defendants only defended the Repeal Act as constitutional and no longer defended Don't Ask, Don't Tell.  Log Cabin, 2011 WL 2683238, at *1 ["[I]t appears . . . that the United States is not prepared to defend the constitutionality of 10 U.S.C. § 654, . . . (i.e., Don't Ask, Don't Tell).  The Government argues only that the Don't Ask, Don't Tell Repeal Act . . . is constitutional."); see also
(continued...)

MINUTES FORM 11                              Initials of Deputy Clerk __md__
CIVIL -- GEN                    Page 19

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

ultimately had no effect other than preventing investigation, discipline, and discharge of servicemembers pending the complete repeal of the Act.  In opposing even this form of partial injunctive relief, Defendants were not "justified to a degree that could satisfy a reasonable person."  Pierce, 487 U.S. at 565.

Though the Court need not inquire further for purposes of granting EAJA fees, the Court nevertheless notes that several of Defendants' positions during trial also fail the reasonableness test.  For instance, Defendants objected to nearly every exhibit Plaintiff sought to introduce into evidence, as well as to nearly all the testimonial evidence offered.  (Am. Mem. Op. at 16.)  Defendants maintained that the only evidence the Court could consider in ruling on a facial constitutional challenge was the statute itself and the legislative history; according to Defendants, all other evidence was irrelevant.  (Id.)

This position, however, did not have a reasonable basis in law.  Defendants relied on United States v. O'Brien, 391 U.S. 367 (1968), but there, the Supreme Court specifically pointed to two cases, Grosjean v. American Press Co., 297 U.S. 233 (1936), and Gomillion v. Lightfoot, 364 U.S. 339 (1960), noting that they "stand, not for the proposition that legislative motive is the proper basis for declaring a statute unconstitutional, but that the inevitable effect of a statute on its face may render it unconstitutional." O'Brien, 391 U.S. at 394.  Defendants also relied on City of Las Vegas v. Foley, 747 F.2d 1294 (9th Cir. 1984), to support their position; there, however, the Ninth Circuit described the following types of evidence appropriately considered by a court asked to determine a First Amendment challenge:

--------------------

[15](...continued)
(July 22, 2011 Order at 3 ("In its briefs, the government does not contend that 10 U.S.C. § 654 is constitutional.").)  Thus, in the midst of the litigation, Defendants decided to cease arguing the merits of the act at issue, and instead, chose to argue the constitutionality of an entirely different act.  This is akin to defending the constitutionality of the Clean Water Act, 33 U.S.C. §§  1251 et seq., finding it is too difficult, see generally Rapanos v. United States, 547 U.S. 715 (2006), and instead arguing the Federal Meat Inspection Act, 21 U.S.C. §§ 601 et seq., is constitutional.

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

objective indicators as taken from the face of the statute, the effect of the statute, comparison to prior law, facts surrounding enactment of the statute, the stated purpose, and the record of the proceedings.

Foley, 747 F.2d at 1297 (citations omitted).[16]

Hence, one of Defendants' authorities (O'Brien) did not support Defendants' position at trial, and the other (Foley) directly controverted their position. Accordingly, Defendants' position at trial was not reasonable.

Moreover, apart from the Act itself and its legislative history, Defendants offered no evidence and produced no witnesses. (Am. Mem. Op. at 20.) Thus, there was no evidence other than the legislative history to support Defendants' argument that the Don't Ask, Don't Tell Act furthered the government's interest in unit cohesion and military readiness. (Am. Mem. Op. at 49.) Defendants' position therefore was not reasonable in light of the facts before the Court. See Pierce, 487 U.S. at 565 ("substantially" justified position requires at least a "genuine dispute" of fact).

###     3.     Special Circumstances

A court may decline to award plaintiffs attorneys' fees if it finds that "special circumstances make an award unjust." See 28 U.S.C. § 2412(d)(1)(A). The Ninth Circuit has held that special circumstances are present when the government argues for "a novel but credible extension or interpretation of the law," Hoang Ha v. Schweiker, 707 F.2d 1104, 1106 (9th Cir. 1983), when its action concerns an issue

---

[16] These holdings regarding the admissibility of broad categories of testimonial and documentary evidence are echoed in the authorities considering facial challenges on due process grounds. See, e.g., Lawrence v. Texas, 539 U.S. 558 (2003); Reno v. Flores, 507 U.S. 292, 309 (1993); Tucson Woman's Clinic v. Eden, 379 F.3d 531, 556-57. (9th Cir. 2004); L.A. Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 707 (9th Cir. 1992); see generally, Guggenheim v. City of Goleta, 582 F.3d 996 (9th Cir. 2009).

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

on which "reasonable minds could differ," <u>League of Women Voters</u>, 798 F.2d at
1260, or when the action involves an "important and doubtful question," <u>Minor v.
United States</u>, 797 F.2d 738, 739 (9th Cir. 1986).

Defendants do not argue a special circumstance exists here.  As the burden
falls on the government to show such a circumstance exists, <u>Love v. Reilly</u>, 924 F.2d
1492, 1495 (9th Cir. 1991), this factor does not weigh against awarding attorneys'
fees here.

As Plaintiff has shown it is a prevailing party within the meaning of the EAJA,
and Defendants fail to establish their positions throughout the litigation and trial of
this case were substantially justified, the Court finds Plaintiff is entitled to attorneys'
fees under the EAJA.

## B.   Attorneys' Fees Under Rule 37
As the Court finds an award of attorneys' fees to Plaintiff appropriate under the
EAJA, the Court does not address Plaintiff's argument that it is entitled to fees under
Federal Rule of Civil Procedure 37.

## C.   Amount of Attorneys' Fees
"[T]he EAJA provides that attorney's fees 'shall be based upon prevailing
market rates for the kind and quality of the services furnished,' but 'shall not be
awarded in excess of [$125.00 adjusted for inflation] per hour unless the court
determines that an increase in the cost of living or a special factor, such as the
limited availability of qualified attorneys for the proceedings involved, justifies a
higher fee.'"  <u>Pierce</u>, 487 U.S. at 571 (citing 28 U.S.C. § 2412(d)(2)(A)).

As the parties have agreed to bifurcate the issue of the amount of the
attorneys' fees award, the Court does not rule at this time on whether an increase in
the cost of living or any special factors warrant an upward adjustment from the
hourly rate available under the statute.  The Court also defers ruling on whether
Plaintiff is entitled to fees for the entirety of the litigation or for only the limited

CV 04-08425-VAP (Ex)
LOG CABIN REPUBLICANS, a non-profit corporation v. UNITED STATES OF AMERICA and DONALD H. RUMSFELD, SECRETARY OF
DEFENSE, in his official capacity
MINUTE ORDER of March 15, 2012

success achieved through the partial lifting of the stay.[17]

## III. CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion for Attorneys' Fees, and DIRECTS the parties to meet and confer and submit a stipulation to the Court providing a briefing schedule regarding the amount and reasonableness of the fees.

**IT IS SO ORDERED.**

---

[17] Where a party achieves partial or limited success, the court must consider (1) whether "the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded," and (2) whether "the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).